IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK L. BUNCE,<br><br>    Plaintiff,<br><br>vs.<br><br>VISUAL TECHNOLOGY INNOVATIONS, INC.<br><br>and<br><br>MATHU G. RAJAN,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>: Civil Action<br>:<br>: Case No. 2:23-cv-01740<br>:<br>:<br>:<br>:<br>:<br>: |

**REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f) and this Court's Order Scheduling Hearing, counsel for the parties conferred and submit the following report of their meeting for the court's consideration:

**I.      Basic Information**

Names of counsel for Plaintiff(s) who will participate in the Rule 16 Conference:

    Michael D. Homans, Michael P. Kohler (remotely from Tennessee, if permitted)

Names of counsel for Defendant(s) who will participate in the Rule 16 Conference:

    Raja Rajan for both Defendants

For each party, does counsel have full authority to settle this case at the Rule 16 Conference?

Yes.

1

If not, list name(s) of any client or proxy with such authority who will either attend the conference or remain on call during the conference:

Date parties held the Rule 26(f) Conference:  September 18, 2023

Please check off all that apply:

[ x ]   Jury Trial Requested-Defendant will request          [ x ]   Non-Jury Trial Requested-
                                                                    Plaintiff does not request a jury trial

[ ]   Magistrate referral requested                          [ ]   Arbitration

## II.   Discussion of Claims, Defenses, Relevant Issues, and Likely Motions

Please specify the basis for federal jurisdiction in this case, and discuss whether the parties contest jurisdiction or venue. Briefly summarize the central claims and defenses—you can assume that the court is familiar with the pleadings. Importantly, parties should outline facts and issues necessary to understanding potential motions or discovery issues. **Parties should also attach critical documents to this report for the court to review ahead of the Rule 16 Conference**.

### A.   Jurisdiction and Venue

Basis of jurisdiction:

   Diversity, 28 U.S.C. Section 1332(a)(2)

Do the parties contest subject matter jurisdiction, personal jurisdiction, or venue?

   No.

### B.  Claims

Plaintiff Bunce asserts a breach of contract claim against corporate Defendant VTI, and fraud in the inducement and unjust enrichment claims against individual Defendant Rajan.

### C.  Relief Requested and Amount in Controversy

A judgement declaring VTI breached its contract with Bunce and an award of $1,050,000 plus interest, fees and costs, and punitive damages. In the alternative, a judgment declaring Bunce is

entitled to rescind his contracts with VTI and an award of $1,050,000 plus interest, fees and costs. Also:
- A judgment declaring that Bunce is entitled to recover from Rajan damages for fraudulent inducement in an amount to be proved at trial and awarding him no less than $1,050,000.
- A judgment declaring that Bunce is entitled to recover from Rajan damages for unjust enrichment in an amount to be proved at trial and awarding him no less than $1,050,000.
- A judgment that Rajan engaged in conduct that is outrageous, malicious, and in wanton disregard of Bunce's rights, therefore entitling Bunce to recover from Rajan punitive damages in an amount to be proved and awarded at trial.
- A judgment awarding Bunce's fees and costs in this action, including without limitation his reasonable attorneys' fees and costs.
- An award to Bunce of pre-judgment and post-judgment interest.
- Such other relief as the Court deems just and appropriate.

### D. Defenses

This case is based on investment(s) that Plaintiff Mark Bunce made in a company called Visual Technology Innovations, Inc. ("**VTI**"), a Defendant in this case.  The Plaintiff's purpose was to help restart a technology project in the area of 3D without glasses ("**3D Project**").  The 3D Project was developed and commercialized by another company called Stream TV Networks, Inc. ("**Stream TV**").  Defendant Mathu Rajan is the Chief Executive Officer of VTI but also of the other entity Stream TV.

Plaintiff Mark Bunce invested to help VTI and Defendant Mathu Rajan re-acquire the 3D assets that were wrongly taken from Stream TV but expected his loans to be short-term only as he relied upon an impending investment from Timothy McCarthy ("**McCarthy**") and his company Burlington Resources Asia, Limited ("**Burlington**").  Burlington had already committed that he would invest in VTI a substantial sum of money from which Plaintiff Mark Bunce expected his money would be returned/repaid.  Attachment 3 of the Complaint of Plaintiff Mark Bunce specifies the intention of the loan/investment as all requirements that Plaintiff demanded are in writing.  The Delaware Supreme Court ruled unanimously, sitting *en banc*, that the justification to take the 3D technology/assets from Stream TV was invalid. *Stream TV Networks, Inc., v. Seecubic, Inc.,* 279 A.3d 323 (Del. 2022).   In spite of that fact, McCarthy and Burlington did not invest any monies in VTI ignoring their promises in writing.

Defendants will countersue Plaintiff and bring third-party claims against Burlington and McCarthy depending on the outcome of the pending motion to dismiss.  The complete defenses will be in the formal Answer but a summary of them are:

The contracts, after the first loan, and the amendments thereto were based on duress.   The contracts were based on misrepresentation and therefore invalid.  The contracts of Plaintiff were executed by him based on the misrepresentation and false promises of Timothy McCarthy and his liability should be an offset.  McCarthy/Burlington is responsible for any alleged harm to Plaintiff.

### E. Amending Pleadings

Do the parties need a deadline to amend pleadings to add claims or additional parties?

> Yes, within 30 days of the Court's decision on the pending Motion to Dismiss.

### F. Anticipated Motions

List all threshold motions and dispositive motions that each party has already filed or plans to file. For each motion, specify (1) the applicable Rule that forms the basis for the motion, and (2) summarize the issue.

1. Defendants filed a Motion to Dismiss and/or Stay Litigation on July 10, 2023. The applicable Rule that forms the basis for this motion is Fed. R. Civ. P. 12(b)(6). Defendants have also asked for a stay based on the the pending bankruptcy proceeding entitled *In re Stream TV Networks, Inc., et. al.,* in the United States Bankruptcy Court for the Eastern District of Pennsylvania at 23-10763 MDC ("Stream TV Bankruptcy"). Defendants assert that the Stream TV Bankruptcy may help resolve the instant lawsuit.

Proposed timeline for filing dispositive motions: April 12, 2024

## III. <u>Discovery</u>

### A. Informal Disclosure

Will initial disclosures listed in Rule 26(a)(1) be complete before the Rule 16 Conference?

> Yes, parties will complete initial disclosures no later than October 11, 2023.

Have the parties formed any other agreements as to timing, form, and scope of informal disclosures *not required* in Rule 26(a)(1)?

> Parties will complete fact discovery no later than March 8, 2024, subject to alteration based on the third parties that may be brought into the suit.

### B. Formal Discovery

The parties anticipate that discovery should be completed within 120-150 days of the Rule 16 Conference (assuming it is scheduled in October or November of 2023).

> If the parties anticipate a discovery period exceeding 90 days past the Rule 16 conference date, please explain why: Discovery will include the November-December holiday period, Plaintiff resides outside of the United States, and, depending on the outcome of the Motion to Dismiss, defendants may seek to add other parties to the litigation.

Do the parties need to conduct discovery in phases to prepare for the filing of motions or for settlement discussions?

No.

Does either side anticipate the use of experts? Not at this time.

> If yes, what is the proposed deadline for expert discovery?[1]
>
> Do the parties expect that they will need to depose any expert witnesses? Not at this time.
>
> Normally, the court expects all expert reports to be submitted simultaneously. If the parties propose to stagger the production of expert reports, please explain why:

Note that Judge Scott expects that the parties will reach an agreement on how to conduct electronic discovery. If the parties cannot reach an agreement before the Rule 16 scheduling conference, the court will enter an order incorporating default standards. The default order can be viewed at Judge Scott's Judge's Info webpage (link). The parties shall discuss the parameters of their anticipated e-discovery at the Rule 26(f) conference, and parties must come to the Rule 16 conference prepared to address e-discovery.

Please identify any other anticipated discovery issues that should be addressed at the Rule 16 Conference, including:
- claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D);
- limitations on discovery or protective orders needed; and
- any disputes regarding electronic discovery or agreements regarding electronic discovery that deviate from the court's standard order.

None.

---

[1] Note that Judge Scott's policies and procedures require that parties file all expert reports and CVs at least seven (7) days before a final pretrial conference.

## IV. Settlement or Early Resolution

The parties must familiarize themselves with Local Rule 53.3 before responding.

What is the outcome of the parties' discussions about early resolution through alternative dispute resolution (ADR) or mediation?

The parties are not ready at this time to proceed with early resolution through ADR but may consider it after the Motion to Dismiss is decided, initial discovery is exchanged, and they exchange settlement proposals.

What is the outcome of the parties' discussions about proceeding before a Magistrate Judge for final disposition?[2].

The parties do not agree to this option at this time.

Is a settlement conference likely to be helpful?

Yes, at a later time after completing substantial discovery.

## V. Trial Date

A firm date will be scheduled at or shortly after the pre-trial conference. Please either list below or come to the Rule 16 Conference ready with any dates in the three (3) to nine (9) months following the Rule 16 Conference date that present irreversible scheduling conflicts for counsel or the parties. Irreversible scheduling conflicts include pre-paid vacation and planned medical or family leave.

## VI. Other Matters

Discuss any other matters not addressed above that parties would like to discuss at the Rule 16 Conference.

Defendants would like to discuss choice of law---the documents that Plaintiff executed specify that Nevada law applies not Pennsylvania. Also, depending on the outcome of the motion to dismiss, counterclaim(s) and third-party defendants may be brought into the suit and they will also have opinions on all of the issues as they are new parties.

---

[2] Magistrate Judges are authorized, with agreement of the parties, to try any civil case, jury or non-jury, with appeals filed directly with the Court of Appeals.

7

*/s/ Michael D. Homans*
_____
(Attorney Signature)

*/s/ Raja Rajan*
_____
(Attorney Signature)