IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK L. BUNCE )<br>)<br>　　　　Plaintiff, )<br>)<br>　　v. )<br>) C.A. No. 2:23-cv-01740<br>)<br>VISUAL TECHNOLOGY )<br>INNOVATIONS, INC. )<br>)<br>and )<br>)<br>MATHU G. RAJAN )<br>)<br>　　　　Defendants )<br>) | |

**MEMORANDUM OF LAW IN REPLY FOR
MOTION FOR RECONSIDERATION
OF JURISDCTION AND VENUE DETERMINATIONS**

I.　　**REPLY ARGUMENT**

"The purpose of a motion for reconsideration "is to correct a clear error of law or to prevent a manifest injustice in the District Court's original ruling." *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010)." *United States v. Pascual-Pichardo*, Criminal Action No. 2011-001, at *13 (D.V.I. June 20, 2012).  That is exactly the situation in this case.

The law to be imposed in this lawsuit is **Nevada law** even if this Court wants to keep this lawsuit in Pennsylvania.  Even the notes of Mark Bunce specify that

> Governing Law. This Note shall be governed by, and construed in accordance with, the laws of the State of Nevada USA. Each of the parties hereto hereby consents to the nonexclusive jurisdiction of the courts of the State of Nevada and any federal court sitting in Las Vegas, Nevada USA.

In Investment 1 that requirement is in section 10. Exhibit 3 to the Complaint. In Investment 2 that requirement is in section 17. Exhibit 5 to the Complaint.  In Investment 3 that requirement is in section 7 (b).  Exhibit 7 to the Complaint.

If Nevada law is applied to this case, then this Court ruling has to be corrected as it is a clear error of law.  "Whenever possible, this court [Nevada]will interpret a rule or statute **in harmony** with other rules and statutes." *MEI-GSR Holdings, LLC v. Peppermill Casinos, Inc.*, 416 P.3d 249, 258 (Nev. 2018) citing *Allianz Ins. Co. v. Gagnon* , 109 Nev. 990, 993, 860 P.2d 720, 723 (1993) (clarification and emphasis added).  The same type of interpretation is applied to contract interpretations.  In *Beauregard v. Sampson,* 2:20-cv-02123-KJD-DJA, at *8 (D. Nev. Jan. 31, 2024) the Court quoted another court as writing that "Both contracts are enforceable as written under Nevada law and must be interpreted and applied according to their plain and unambiguous terms. See *Ellison v. California State Auto. Ass'n*, 797 P.2d 975, 977 (Nev. 1990)."

Even in Pennsylvania, the Pennsylvania Supreme Court wrote "Clauses of a contract, such as paragraphs two and three, which seem to conflict will be construed, if possible, as consistent with one another. See 3 Corbin, Contracts § 547 (1960)." *Binenstock Trust*, 410 Pa. 425, 434 (Pa. 1963).  The law of either jurisdiction, either Nevada or Pennsylvania, requires an interpretation to transfer the case to Nevada to be litigated.

Nevada as forum selection would not conflict with the notes of Plaintiff or the Convertible Note Agreements.  A harmonious reading of Nevada (NV) for forum selection in both the notes and Convertible Note Agreements visually would like



Rather this Court has picked the forum of Pennsylvania over Nevada by picking one

contract (the convertible notes), over another (the Convertible Note Agreements[1]). That failure to "harmonize" is a clear error of law and/or manifest injustice as the Third Circuit has written. If the lawsuit is heard in Nevada, then that forum selection is not in conflict with either contract.

A harmonious reading is also consistent with the intent of the parties:

- Nevada law is applied no matter what (either PA or NV or any other federal court);

- Visual Technologies Innovations, Inc. ("**VTI**") is a Nevada corporation which Mark Bunce knew as revealed in his documents.

- Mark Bunce invested in VTI only because larger investment was promised to VTI by another person by the name of Timothy McCarthy ("**McCarthy**").

- Mark Bunce attached as exhibit 3 to Complaint, a letter that perpetrated fraud by McCarthy to Bunce by Knight Asia Limited (a representative of McCarthy).

- McCarthy is being sued in Nevada by VTI through another law firm. (VTI as an entity will be reinstated in Nevada as part of that process—it is an administrative process).

- VTI has found McCarthy for service (he absconded after duping Mark Bunce and VTI).

- Mark Bunce may be joined in the Nevada lawsuit, or at least will be a primary witness since he spoke directly with McCarthy.

The Court should not have decided without any evidence through a hearing to determine the intent of the contracting parties. Again, another Nevada case provides that well-

---

[1] This honorable Court chose the forum selection language in the notes and not the forum selection clause in Mark Bunce investment documents. It wrote "The Convertible Note Agreements do not govern the claims in this case." Memorandum and Opinion of March 6, 2024, page 7. (emphasis added). The Court went on to write that "...the Convertible Note Agreements do not govern repayment under the Notes…" Memorandum and Opinion of March 6, 2024, page 8. (emphasis added).

established tenet of contract interpretation is to give effect to each of its words and to not render any terms meaningless *WPH Architecture, Inc. v. Vegas* VP, LP, 360 P.3d 1145, 1147 (Nev. 2015) citing Bielar, —— Nev. at ——, 306 P.3d at 364.  The *WPH Architecure* Court also reiterated the importance of the "intent" of the contracting parties.  It cited *Galardi v. Naples Polaris, LLC*, —— Nev. ——, ——, 301 P.3d 364, 367 (2013) ("Contract interpretation strives to discern and give effect to the parties' intended meaning.").

Allegations concerning Mark Bunce will permeate that lawsuit in Nevada against McCarthy.  Mark Bunce will be providing discovery in Nevada and Pennsylvania.  The Courts in Nevada and Pennsylvania may render different rulings.  This honorable Court did not cite any cases in its conclusion, nor did it hear any evidence.  The determination not to transfer this matter to Nevada or a dismissal without prejudice (so it can be refiled) is a clear error of law with the cases cited.

## II.    CONCLUSION

For the aforementioned reasons, Movants asks this Honorable Court to hold an evidentiary hearing solely on the parties' intent relating to the forum selection language in the contracts or revisit the issue at the summary judgment stage.

Respectfully submitted,

/s/ Raja Rajan

Dated: March 21, 2024

Raja Rajan, Esquire
Attorney I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002
raja@rajanlawgroup.com

## CERTIFICATE OF SERVICE

I, Raja Rajan, hereby certify that on March 21, 2024 a true and correct copy of the foregoing was served via electronically and email to counsel listed below:

Michael D. Homans
ID No. 76624
HOMANSPECK, LLC
230 Sugartown Road
Suite 218
Wayne, PA 19087
(215) 419-7463
mhomans@homanspeck.com

Michael P. Kohler*
MILLER & MARTIN PLLC
Regions Plaza Suite 2100
1180 West Peachtree Street, NW
Atlanta, Georgia 30309-3407
(404) 962-6100
Michael.Kohler@millermartin.com

*Attorneys for Plaintiff Mark L. Bunce*

/s/ Raja Rajan                                                                                   March 21, 2024
Raja Rajan, Esquire
Attorney I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002
visualtechnologyinnovations@gmail.com

*For Defendants Visual Technology Innovations, Inc. and Mathu Rajan*