IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK L. BUNCE, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| vs. | : | No. 2:23-cv-01740 |
| | : | |
| VISUAL TECHNOLOGY INNOVATIONS, INC. | : | Judge Kai N. Scott |
| and MATHU G. RAJAN, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO DISMISS OR STRIKE SECOND AMENDED ANSWER AND COUNTERCLAIMS

Under Federal Rules of Civil Procedure 12(b)(6), 12(f), and 15(a)(2), Plaintiff Mark Bunce respectfully files this brief in support of his motion to dismiss and to strike Defendants' second amended answer and its counterclaims, Doc. 62, which Defendants filed without Bunce's consent or leave of Court.

### I. Procedural Background.

In its initial Answer, VTI asserted three counterclaims against Bunce. Doc. 33. On April 14, 2024, Bunce moved to dismiss the original counterclaims and to strike impertinent allegations contained in them. Doc. 49.

As permitted by Fed. R. Civ. P. 15(a)(1)(B), VTI and Rajan then filed on April 25, 2024, their Amended Answer without seeking leave of Court. *See* Doc. 52. In their first Amended Answer, VTI asserted five counterclaims against Bunce: (1) Count I, a claim for common-law fraud; (2) Count II, breach of the implied covenant of good faith and fair dealing; (3) Count III, breach of contract; (4) Count IV, violation of Nevada securities law[1]; and (5) Count V, fraudulent

---

[1] Mislabeled as a second "Count III" in the Amended Answer. Doc. 52 at 26.

1

concealment.[2] Doc. 52 at 20–27 ¶¶ 158–243. Defendants seek no less than the outrageous sum of $500,000,000 in purported "damages." *Id.* at 29.

Because each of VTI's first amended counterclaims again fails to meet the required pleading standard and is facially implausible, Bunce has again moved to dismiss them all with prejudice. Docs. 58 & 58-1. Bunce has also asked the Court to strike VTI's impertinent $500,000,000 prayer for damages, which violates this Court's Local Rule 5.1.1. *See* Docs. 58 & 58-1.

Bunce filed his motion to dismiss the amended counterclaims on May 8, 2024. Doc. 58. The Local Rules' 14-day period for responding this motion has expired. *See* Local Rule 7.1(c). But Defendants have filed no brief in opposition to Bunce's motion. Bunce's arguments in support of his motion to dismiss, *see* Doc. 58-1, are thus substantively unrebutted.

Instead of filing a responsive brief, Defendants have moved to amend their answer and counterclaims for a second time. Docs. 61 & 61-1. And instead of attaching their proposed second amended answer as an exhibit to their motion, they have simply filed it, improperly treating it as if it were now the operative answer. Doc. 62. It isn't.

**II.     Argument.**

The Court should strike and dismiss the Defendants' second amended answer and counterclaims, which were filed in contravention of Rule 15(a).

Defendants have already once amended their counterclaims as of right. *See* Doc. 52. Defendants thus may further "amend [their] pleading *only* with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a)(2) (emphasis added).

---

[2] Mislabeled as a third "Count III" in the Amended Answer. Doc. 52 at 27.

In their brief in support of their motion to amend, Defendants suggest that they may have a right to file the second amended answer and counterclaims: "Under Rule 15(a)(1)(B) of the Rules of Civil Procedure, leave to amend the Answer, Affirmative Defenses, Counterclaims and Third-Party Complaint may be unnecessary as its [sic] amended in response to Bunce's Motion Rule 12(b), (e) and (f)." *See* Doc. 61-1 at 3. This suggestion is wrong. A party may amend its pleading one time, *either* within 21 days after its original filing *or* within 21 days after a motion to dismiss is filed: "A party may amend its pleading *once* as a matter of course no later than: (A) 21 days after serving it, *or* (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1) (emphasis added).

Rule 15(a)(1) plainly does *not* permit a party to amend of right *both* within 21 days after filing the original pleading *and* again within 21 days after a motion to dismiss is filed concerning the first amended complaint. "Rule 15 only allows a party to amend pleadings *once* as a matter of course, not four times," or even twice. *See Godfrey v. Upland Borough*, 268 F. Supp. 3d 717, 724 n.17 (E.D. Pa. 2017) (emphasis added). "Under Federal Rule of Civil Procedure 15(a)(2), after a party has amended its pleading once as a matter of course, the party may only amend the pleading again 'with the opposing party's written consent or the court's leave.'" *United States ex rel. Sirls v. Kindred Healthcare, Inc.*, 536 F. Supp. 3d 1, 4 (E.D. Pa. 2021) (citation omitted); *accord Wolfgramm v. Commc'n Workers of Am. Local 13301*, 525 F. Supp. 3d 556, 560 n.21 (E.D. Pa. 2021) ("The court struck Plaintiff's second amended complaint finding that it was improperly filed because Rule 15(a) only provides a party to amend its pleading once as a matter of course."); 27A Fed. Proc., L. Ed. § 62:261 (Mar. 2024) (Rule 15(a) "allows only one amendment as a matter of course").

Bunce has not consented to the filing of the second amended answer and counterclaims. In fact, before filing this motion, his counsel requested that Defendants withdraw the second amended answer, but they have refused to do so. Defendants also have not obtained leave of this Court.

Because Defendants have filed their second amended answer and counterclaims in contravention of Rule 15(a)(2), it cannot operate as a pleading, and it has no legal effect. "[I]f an amendment that cannot be made as of right is served without leave of court or the opposing party's consent, it is without legal effect ...." *White v. SKF Aerospace, Inc.*, 768 F. Supp. 498, 501 (E.D. Pa. 1991) (quoting Wright & Miller, 6 FED. PRAC. & PROC. CIV. § 1484 (3d ed. June 2024)).

Under these circumstances, it is appropriate for the Court to strike the second amended answer and counterclaims. Courts can strike amended pleadings that have been filed without consent or leave of Court. *See Wolfgramm*, 525 F. Supp. 3d at 560 n.21; *Southerton v. Borough of Honesdale*, 3:17-CV-0165, 2018 WL 2287667, at *3 (M.D. Pa. May 18, 2018); *Miller v. O'Brien Constr., Inc.*, 4:19-CV-01611, 2021 WL 510072, at *3 (M.D. Pa. Feb. 11, 2021); *see also U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 524 (3d Cir. 2007) (The striking or "rejection of an unapproved amended complaint is not an abuse of discretion.").

Further, because the unauthorized second amended counterclaims have no legal effect, they cannot possibly state a claim. So, the Court should also dismiss them under Rule 12(b)(6).

**III. Conclusion.**

The Court should enter an order dismissing and striking the Defendants' improperly filed second amended answer and counterclaims. *See* Fed. R. Civ. P. 12(b)(6) & 12(f); Fed. R. Civ. P. 15(a). Because the filing of Defendants' second amended complaint has improperly expanded these proceedings, the Court should also award Bunce his attorneys' fees under 28 U.S.C. § 1927 that he incurred in preparing this motion.

<div style="margin-left: 50%;">
Respectfully submitted,

By: *s/ Michael D. Homans*
Michael D. Homans
ID No. 76624
HOMANSPECK, LLC
230 Sugartown Road
Suite 218
Wayne, PA 19087
(215) 419-7463
mhomans@homanspeck.com

*Attorneys for Plaintiff Mark L. Bunce*
</div>

Michael P. Kohler, *admitted pro hac vice*
MILLER & MARTIN PLLC
Regions Plaza Suite 2100
1180 West Peachtree Street, NW
Atlanta, Georgia 30309-3407
(404) 962-6100
Michael.Kohler@millermartin.com

*Attorneys for Plaintiff Mark L. Bunce*

June 4, 2024