### IN THE UNITED STATES DISTRICT COURT FOR
### THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK L. BUNCE,<br><br>        Plaintiff, | : : : : | |
| vs. | : | |
| VISUAL TECHNOLOGY<br>INNOVATIONS, INC.<br>   and<br>MATHU G. RAJAN,<br><br>    Defendants/Counterclaim and Third-<br>    Party Plaintiffs | : : : : : : : : | Civil Action Case No.<br>C.A. No. 2:23-cv 01740 |
| vs. | : | |
| Mark Bunce ,<br>    Counterclaim Defendant<br>    and | : : : | |
|     Timothy McCarthy<br>    Third -Party Defendant | : : | |

### MEMORANDUM OF LAW
### IN SUPPORT OF DEFENDANT'S
### MOTION TO ENFORCE SETTLEMENT

This memorandum of law is in support of the motion to enforce settlement.

## I.        RELEVANT PROCEDURAL HISTORY

This case is only at its outset.  Defendants/Counterclaim and Third-Party Plaintiffs Visual

Technology Innovations, Inc. ("**VTI**") and Mathu G. Rajan amended their Answer on April 24,

2024 and added several counterclaims against Mark Bunce ("**Bunce**").  Timothy McCarthy

("**McCarthy**") has been joined as a third party Defendant to this lawsuit.

Currently, pending is a motion to dismiss counterclaims, a motion for leave to amend

counterclaims, a motion to compel in discovery.  Since the second discovery deadline is

approaching within days (July 7th, 2024), the parties have pushed to settle the case.  Plaintiff Bunce did not want his deposition taken as his wife's was taken and made many admissions.

## II.    RELEVANT SUMMARY OF FACTS

This case largely concerns a repayment of investment monies of Bunce.  In 2021, Bunce invested in a Nevada-incorporated company called VTI three times. Bunce changed his mind[1] in 2021 because this time he was approached with a "no- risk" investment opportunity where his money may be committed for only thirty (30) days.  The investment opportunity was a "dream-come-true" for investors.  Bunce was being asked to invest as a precursor investor to McCarthy who had already promised thirty million dollars ($30,000,000) as common stock—no right of repayment to VTI.  Bunce expected he would get his money back quickly and still participate with no risk in VTI's success with the enormous warrants for equity he received.

Third -Party Defendant McCarthy never invested in VTI.  He was not the salesmen that Bunce or VTI thought in 2021.  McCarthy may have been a "con man" that fooled Bunce and VTI. That is why VTI is suing McCarthy in Nevada (*VTI v Timothy Mcarthy*, et. al., No 2:24-cv-00728 in district for Nevada) and making him a third-party defendant in this lawsuit for Bunce. VTI feels sorry for Bunce that he was fooled by McCarthy in the same manner that it was also fooled.

## III.    ARGUMENT

A settlement was reached between Plaintiff and Defendants. Defendants made an offer. Plaintiff counteroffered. Defendants accepted the counteroffer.  Lawyers for Plaintiff now argue

---

[1] Bunce previously was approached to invest in a venture that was VTI or its predecessor.

that no settlement was reached and are trying to negotiate for more.  The negotiations cannot

continue as a settlement contract as to the material terms was already reached.

It is clear from the exchanges, that Plaintiff desired not appear for his deposition in the

Philadelphia area and negotiated fervently to settle the case to avoid his deposition. Here is an

approximate summary of the settlement negotiations that have occurred Since April of 2024.

The negotiations in last few days are listed further below.

| Exhibit | Date | Document |
|---------|------|----------|
| A | 4/17/2024 | First Settlement Offer |
| B | 4/22/2024 | First Counteroffer |
| C | 4/24/2024 | 2nd Settlement Offer |
| D | 5/22/2024 | Third Settlement Offer |

On April 17, 2024, Defendants proposed settlement payments of $20,000 per month to

resolve the lawsuit.  They also offered other terms and benefits.  That offer is attached as **Exhibit**

**A** hereto and is referred to as ("**1st Settlement Offer**").

Three days later (April 22, 2024), Plaintiff counteroffered by suggesting an upfront payment

of $125,000 and monthly payments of $30,000 thereafter.  Plaintiff had other terms also.  That

counteroffer is attached as **Exhibit B** hereto and is referred to as ("**1st Counter-Offer**").

Just two (2) days later, Defendants wrote out many questions regarding the 1st Counter-Offer

so they could determine if it could be accepted, or further negotiations would be necessary.

Those questions are in a letter which as attached hereto as **Exhibit C** hereto and is referred to as

("**2nd Settlement Offer**").  It is very clear from the words that the 1st Counter-Offer was being

considered by Defendants—only questions were being asked as to vague terms.

On May 22, 2024, Defendants made a second settlement offer slightly different than the 1st

Counter-Offer.  Defendants proposed that $40,000 per month for the first three months then

$20,000 per month thereafter.  That offer is attached as **Exhibit D** hereto and is referred to as ("**3rd Settlement Offer**").  The 3rd Settlement Offer provided Plaintiff $120,000 over three months ($40,000 per month for first three months) rather than Plaintiff's ask of $125,000 up front in one lump sum.

Starting June 21, 2024, the parties scrambled to settle the case with fervor since the deposition of Plaintiff was planned for July 1st, 2024 and coming soon.  On June 21, 2024, Attorney Kohler emailed that Plaintiff cannot appear at his pre-agreed deposition date by reason of alleged "travel logistics."  That email is attached hereto as **Exhibit E**. Attorney Kohler proposed the new date for the deposition of Plaintiff (one day later but closer to the 4th of July holiday).  Counsel for Defendant asked if he could reschedule his deposition to July 8th when holiday plans would have concluded.   Attorney Kohler refused July 8th as an accommodation and switched back to July 1st as previously agreed.  However, days lapsed between the proposed changes and switching back after calls were made.  More importantly, a settlement of the lawsuit was agreed in the interim.

On June 23, 2024 a Sunday, just two (2) days later from the proposed change of Plaintiff's deposition, Defendants made a settlement offer to Plaintiff.  That settlement offer if accepted, would result in no need for Plaintiff's deposition on the agreed upon date or on any rescheduled date.  That offer is attached as **Exhibit F** hereto and is referred to as ("**4th Settlement Offer**").  The 4th Settlement Offer proposed $50,000 up front and $25,000 monthly thereafter.  It also contained other requirements.

The next day (6/24/2024), Attorney Kohler emailed and mostly wrote about the Plaintiffs deposition.  He threatened that Plaintiff Bunce was boarding a plane to the U.S for his deposition

nearly a week early and he wanted to know if Defendants would do deposition as rescheduled

(planned then rescheduled).  But Attorney Kohler also wrote in his email that

> *As for the settlement offer, it is not a serious offer. Any settlement would require the up-front payment of at least **$100,000 by defendants**. If Mr. McCarthy is going to contribute funds toward a settlement, then we need to communicate with him directly to confirm his position. (emphasis added)*

The email of Attorney Kohler is attached hereto as **Exhibit G** referred to hereafter as *("**Kohler**

**Counteroffer**")*.  Attorney Kohler did not refute or challenge any aspect of the settlement offer

of Defendants except the lump sum in the beginning (up-front payment).

Particularly notable in the Kohler Counteroffer was that he primarily wrote about the

third party Defendant Timothy McCarthy talking to him personally if McCarthy wanted to be

included in a settlement release of claims.  Of course, Defendants interpreted the Kohler

Counteroffer as a good faith settlement offer.

Defense counsel wrote back and sent an email increasing the upfront payment to $75,000

though Attorney Kohler wanted 100,000 for Plaintiff, which is reflected in the Kohler

Counteroffer.  Defense Counsel emailed at 1:51 on the 24th of June that "*My client wants to

increase the lump sum to $75k...Let me know by COB tomorrow if the new settlement offer is

accepted or rejected*."  That email is attached hereto as **Exhibit H**.

Attorney Kohler replied six (6) minutes later at 1:57 on 24th of June that "*Your settlement

offer is rejected*."  Most of the response email was about the Bunce deposition scheduling.

Attorney Kohler offered that he could go back to July 1st the original date but only if the

deposition would start later in the afternoon regardless of the conflict created by the coming

federal holiday.  That email is attached hereto as **Exhibit I**.

Within seven (7) minutes, at 2:04, Defense Counsel replied by email and threatened the possibility of a motion to compel for not starting Plaintiff's deposition at the same time as his wife who had already provided a deposition.  That email is attached hereto as **Exhibit J**.

Attorney Kohler backed off.  His reply was minutes later, and he indicated that Plaintiff would be available earlier for a deposition now.  He added a personal attack about Defense Counsel.  That email is attached hereto as **Exhibit K.**

Defense Counsel wrote back twenty minutes later that they would call deposition/court reporters again since the deposition date was changed yet again from what Attorney Kohler indicated on June 21st, 2024. The email also accuses Plaintiff's counsel of filing many untruths with the Court.  That email is attached hereto as **Exhibit L.**

Then within minutes, Attorney Kohler responded by email again, and leveled a threat of seeking costs for Plaintiffs deposition.  He wrote that "*He's boarding a plane tomorrow.* "Attorney Kohler indicated that Plaintiff would be boarding a plane a week early for his deposition and Plaintiff may seek costs if the deposition did not go forward as changed.

Defense Counsel emailed back asserting that Attorney Kohler was acting like a bully and that Plaintiff was simply trying to get Defendants to pay for his vacation by coming to the US a week early for his deposition.  Because of the untruths and bullying, Defense Counsel also wrote specifically about the settlement and Defendants were trying to meet the Kohler Counteroffer. Defense Counsel wrote specifically that

> *It is obvious your using your threats to get another $25k up front. Defendants are seeing if **your demand of $100k is possible**. They will know by COB 6/25/24 Wednesday.*

(emphasis added) The email is attached hereto as **Exhibit M.**

Attorney Kohler did not respond to that email.  Rather, the next email was from Defense Counsel the next day accepting the settlement of the Kohler Counteroffer.  Defense Counsel wrote

> All, **Defendants have found $100k you insist as the upfront payment.** They will tell McCarthy that he needs to communicate with you if he wants a release of claims also. In case he asks, will email communication be sufficient or it has to be a phone call? Based on that, **the deposition of Mr. Bunce is cancelled.** Do want us to draft first pass of a **settlement agreement** or will you do that? (emphasis added)

With that email, a contract was formed.  The material terms of a settlement were agreed—the lump sum would be $100,000 and the monthly payments thereafter would be $25,000,00.  There was an offer with the Kohler Counteroffer and an acceptance.  There was a meeting of the minds[2] as required for contract formation. The acceptance email is attached hereto as **Exhibit N**.

The dispute arises since Attorney Kohler denies that a contract was formed.  He made another offer a day later with additional terms and some proposed changes.  Attorney Kohler continues to negotiate when a contract rights and obligations has been already reached.

On June 26, 2024, the next day, Attorney Kohler emailed a letter (dated the day before) that Plaintiff Bunce agreed to the $100,000 up front payment but now he wanted $60,000 as monthly payments thereafter. He tried to increase the $25,000 monthly that was already agreed to $60,000.  Attorney Kohler's letter is attached hereto as **Exhibit O**.

Attorney Kohler again emailed on June 28, 2024, and confirmed that Plaintiff wanted $100,000 upfront.  The email of Attorney Kohler is attached hereto as **Exhibit P**. That exhibit and the previous documents from Attorney Kohler are admissions.  They admit that Plaintiff agreed to the $100,000 upfront which was the only issue for contract formation.  Defendants accepted his Counteroffer.

---

[2] Meeting of the minds is a phrase often used in contract formation. *Commonwealth v. Maldonodo*, 173 A.3d 769, 775 (Pa. Super. Ct. 2017).

Even after emails notifying that Plaintiff's deposition is cancelled, Attorney Kohler is having Plaintiff appear in Philadelphia.  Clearly and obviously, Attorney Kohler wants to get someone else pay for Plaintiff's vacation trip to the United States.  Attorney Kohler was notified very early that Plaintiff's deposition would not go forward due to a) the changes to the scheduling he requested and b) the settlement of the lawsuit.

The law is clear that Attorney Kohler, Attorney Holman or Attorney Parsley should have communicated the settlement offers to Plaintiff.  *Rizzo v. Haines*, 520 Pa. 484, 500 (Pa. 1989) citing *Whiteaker v. State*,382 N.W.2d 112 (Iowa 1986); *Joos v. Auto-Owners Ins. Co*.,94 Mich. App. 419, 288 N.W.2d 443 (1979); Rubenstein *Rubenstein v. Papadakos*,31 A.D.2d 615, 295 N.Y.S.2d 876 (1968), aff'd,25 N.Y.2d 751, 250 N.E.2d 570, 303 N.Y.S.2d 508 (1969). See also Code of Professional Responsibility (noting that it is exclusively for the client to decide whether to accept a settlement offer).

The proposed order preserves the status quo.  The legal issue for the court is whether a settlement was reached or not on Tuesday, June 25, 2024 3:43:20 PM.  That fact finding can only occur with Attorney Kohler taking the witness stand.  He should testify and try to explain why his Kohler Counteroffer of $100,000 as a lump sum was accepted, a contract was not formed—a "meeting of the minds."  However, Defendants simply seek a retroactive stay to allow the parties to draft a proper settlement agreement without burdening the Court.  If an out of court resolution is reached, then the Court will not be burdened.

## IV.    CONCLUSION

For the aforementioned reasons, Movants asks this Honorable Court to grant the proposed Order.

**Exhibit List**

Exhibit A- 1st Settlement Offer of April 17, 2024,
Exhibit B-1st Counter-Offer of April 22,2024.
Exhibit C-2nd Settlement Offer questions of April 24, 2024.
Exhibit D-3rd Settlement offer of May 22, 2024
Exhibit E- Attorney Kohler email of June 21, 2024.
Exhibit F- 4th Settlement Offer June 23, 2024.
Exhibit G- Attorney Kohler email of June 24, 2024. (Kohler Counteroffer)
Exhibit H-Attorney Rajan email of June 24, 2024 increasing offer
Exhibit I- Attorney Kohler rejecting increase offer
Exhibit J-Attorney Rajan email threatening Motion to Compel
Exhibit K- Attorney Kohler email switching deposition again
Exhibit L- Attorney Rajan looking for reporter for switch in scheduling
Exhibit M- Attorney Rajan -Defendants trying to get $100,000
Exhibit N- Attorney Rajan email of June 24, 2024 at 1:51 pm (**Acceptance**)
Exhibit O- Attorney Kohler Adding new terms
Exhibit P- Attorney Kohler Reaffirming Adding new terms

Dated: June 28, 2024          Respectfully submitted,

                              /s/ Raja Rajan

                              Raja Rajan, Esquire
                              Attorney I.D. 58849
                              2009 Chestnut Street
                              Philadelphia, PA 19103
                              215-550-1002
                              raja@rajanlawgroup.com

## CERTIFICATE OF SERVICE

I, Raja Rajan, hereby certify that on June 28, 2024, a true and correct copy of the foregoing was served via email to counsel listed below:

Michael D. Homans
ID No. 76624
HOMANSPECK,
LLC
mhomans@homanspeck.com

Michael P. Kohler*
MILLER & MARTIN
PLLC
Michael.Kohler@millermartin.com

*Attorneys for Plaintiff Mark L. Bunce*

Timothy McCarthy

tim@burlingtonresources-asia.com

*Third-Party Defendant*

/s/ Raja Rajan                                                    June 28, 2024
Raja Rajan,
Esquire Attorney
I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002

raja@rajanlawgroup.com

*For Defendants Visual Technology Innovations, Inc. and Mathu Rajan*

Exhibit A- 1st Settlement Offer of April 17, 2024

# Rajan Law Group

Robert Parsley, Esquire
Suite 1200 Volunteer Bldg.
832 Georgia Avenue
Chattanooga, Tennessee 37402

*Via Email Only*

April 17, 2024 Subject: **CONFIDENTIAL SETTLEMENT PROPOSAL**

Dear Bob:

Mathu Rajan wants your clients to know that he regrets that Mr. Bunce ever put in his monies in VTI. However, he continues to maintain that any impropriety or even fraud occurred by Timothy McCarthy which fooled VTI AND  Mark Bunce. McCarthy even fooled and impressed the law firm of Skadden Arps and the Judge in the other Stream TV Bankruptcy cases in Delaware. For that reason, Mathu Rajan plans on obtaining some kind of financial reimbursement from Timothy McCarthy since the lawsuit against him has been filed in Nevada.

However, in the spirit of trying to get some monies to Mark Bunce so that he can cut off how much he is spending (in legal fees) to collect reimbursement for his investment, VTI and Mathu Rajan make the following Settlement Proposal as mentioned below. As Mark Bunce needs to know the prior installment payments all failed because they required him to get third parties to pay too much money too soon.

- Twenty thousand dollars ($20,000) per month, starting May 2024; (its not high per month but it is an number I know can be made regardless).
- If we prepay VTI/Mathu Rajan gets a discount.  5% if prepaid in full before end of COB 2024.
- Full relinquishment of any equity rights (VTI or all Mathu Rajan companies—reserved equity) includes all stock, reservations, warrants and like.
- When we reach a cap of One million dollars ($1,000,000), we will share any recovery, in Court or out of Court settlement, with you 50/50. You get both.  If we recover from McCarthy sooner (we will use the proceeds to pay you off earlier) (McCarthy is trying to sell stock to raise $1m exactly- Mathu spoke with the potential buyer) As mentioned above, the Federal suit against McCarthy and Burlington was filed April 16, 2024. We will pay for the legal fees for the action against McCarthy (the local counsel in Nevada plus litigation related costs i.e., service and costs of our primary counsel). You will simply be a beneficiary of our result.  **Mark Bunce gets both.**
- There will be a mutual standard release of all claims (Including Andrea and all my companies) mutually which also contains a non-disparagement clause. There also will need to be a withdrawal of the action. We can agree the action can be withdrawn without prejudice and can be refiled at any time in the future if you are not satisfied with the continuing payments to you. We can also sign an agreement or clause for pulling or reinstating the statute of limitations on any claim.

Since I pay with arrangements with the VTI lawyer on a fixed flat fee, I know the legal cost being expended by him.  Its no where the cost of the lawyers in the Stream TV bankruptcy.  It may be expensive to collect your money back unless you lawyers are dirt cheap.  I request you consider this proposal before depositions commence.

_____/s/_____ [WHERE IS OR WE ARE USED---ITS ALLMATHU RAJAN/AND OR VTI]
Raja Rajan, Esquire
Rajan Law Group
raja@rajanlawgroup.com

Exhibit B-1st Counter-Offer of April 22,2024.



REGIONS PLAZA SUITE 2100
1180 WEST PEACHTREE STREET, N.W.
ATLANTA, GA 30309-3407

MICHAEL P. KOHLER
DIRECT DIAL: (404) 962-6403
DIRECT FAX: (404) 962-6303
michael.kohler@millermartin.com

April 22, 2024

**Via email only to:**

Mr. Raja Rajan
2009 Chestnut Street
Philadelphia, PA 19103
raja@advisory-capital-solutions.com
raja@rajanlawgroup.com

Re:   **Mark Bunce v. Visual Technology Innovations, Inc., et al., EDPA Case No.
      2:23-cv-01740 / Confidential Settlement Proposal / Fed. R. Evid. 403**

Dear Raja:

We are in receipt of Defendants' settlement offer dated April 17, 2024.

Mr. Bunce is amenable to working out a settlement in the amount of $1,100,000 plus court costs upon the conclusion of this matter.

First, he would require an up-front payment of $125,000 by wire transfer to counsel for Mr. Bunce to hold pending complete execution of the settlement agreement. The remainder of the amount due ($975,000) could be paid in installments of $30,000 monthly thereafter.

Second, the lawsuit would remain pending but administratively closed per an agreed order, so that Mr. Bunce could recommence pursuing his claims in the event of default. Mr. Bunce's claims would be released, and the lawsuit would be dismissed with prejudice, following receipt of complete payment.

Third, Mathu Rajan is welcome to keep the entirety of any recovery he might obtain from Mr. McCarthy.

If these conditions are acceptable, then we can work out the remainder of the details. Please let us know your client's response.

Sincerely,

*Michael P. Kohler*

Michael P. Kohler

MPK/dac
cc:   Michael Homans, Esq.
      Robert F. Parsley, Esq.

Exhibit C-2nd Settlement Offer questions of April 25, 2024.



Robert Parsley, Esquire
Suite 1200 Volunteer Bldg.
832 Georgia Avenue
Chattanooga, Tennessee 37402

*Via Email Only*

April 25, 2024 Subject: **CONFIDENTIAL SETTLEMENT PROPOSAL**

Dear Bob:

Mathu Rajan is in receipt of your letter of April 22,202024 concerning the position of Mr. Bunce regarding settlement.  This response is for that letter point by point:

1. We saw your counteroffer for an upfront fee of $125,000. If that were to occur it has to be fronted by a third party.  There is little cash to pay Mr. Bunce in a settlement since the time of McCarthy pulling out.  We presume any stock reservation for Mr. Bunce is waived and forfeited?  If so, then we will sell all or a portion of it to try to raise the $125,000 requested.  We will also ask Timothy McCarthy if he wants to front the $125,000 or a portion thereof in exchange for a VTI release/settlement.

2. The proposed change from $20k per month to $30k per month, we will consider after we have found a solution to #1.  Obviously the May time frame is now blown up.  So we will suggest 30 days after the initial payment.

3. The administrative closing idea seems fine if acceptable to the Court.  We will want a release contingent on full payment.  We do not want to chase the release after full payment occurs.

4. You also mention Court costs in your letter.  What is meant by Court costs and what is the amount currently?  We can't consider a vague reference with an unknown amount.

    References to "we" is Mathu Rajan and his advisers.

___/s/_____
Raja Rajan, Esquire
Rajan Law Group
raja@rajanlawgroup.com

Exhibit D-3rd Settlement offer of May 22, 2024

# Rajan Law Group

Robert Parsley, Esquire
Suite 1200 Volunteer Bldg.
832 Georgia Avenue
Chattanooga, Tennessee 37402

*Via Email Only*

May 22, 2024

Subject: **CONFIDENTIAL 3rd SETTLEMENT PROPOSAL**

Dear Bob:

Please find Mathu's updated Settlement Proposal below:

- Forty thousand dollars ($40,000) per month for the first three (3) months
- Twenty thousand dollars ($20,000) per month, thereon
- If we prepay VTI/Mathu Rajan gets a discount.  5% if prepaid in full before end of COB 2024.
- Full relinquishment of any equity rights (VTI or all Mathu Rajan companies—reserved equity) includes all stock, reservations, warrants and like.
- When we reach a cap of One million dollars ($1,000,000), we will share any recovery, in Court or out of Court settlement, with you 50/50. You get both.  If we recover from McCarthy sooner (we will use the proceeds to pay you off earlier) (McCarthy is trying to sell stock to raise $1m exactly- Mathu spoke with the potential buyer) As mentioned above, the Federal suit against McCarthy and Burlington was filed April 16, 2024. We will pay for the legal fees for the action against McCarthy (the local counsel in Nevada plus litigation related costs i.e., service and costs of our primary counsel). You will simply be a beneficiary of our result.  **Mark Bunce gets both.**
- There will be a mutual standard release of all claims (Including Andrea and all my companies) mutually which also contains a non-disparagement clause. There also will need to be a withdrawal of the action. We can agree the action can be withdrawn without prejudice and can be refiled at any time in the future if you are not satisfied with the continuing payments to you. We can also sign an agreement or clause for pulling or reinstating the statute of limitations on any claim.

Since I have payment arrangements with the VTI lawyer on a fixed flat fee, I know the legal cost being expended by him.  It's nowhere near the cost of the lawyers in the Stream TV bankruptcy.  It may be expensive to collect your money back unless your lawyers are dirt cheap.  I request you consider this proposal before depositions commence.

_____/s/_____
Raja Rajan, Esquire
Rajan Law Group
raja@rajanlawgroup.com

Exhibit E- Attorney Kohler email of June 21, 2024.

From: Michael Kohler
To: raja@rajanlawgroup.com; raja@advisory-capital-solutions.com; Raja Rajan
Cc: mhomans@homanspeck.com; Bob Parsley
Subject: M. Bunce (Depo.)
Date: Friday, June 21, 2024 12:02:11 PM
Attachments: image980301.png
image093953.png
image063933.png
image241108.pngRaja,

We are having traveling logistic issues and need to move Mark's deposition from July 1 to July 2. Let me know if that's an issue. Thank you.

**Michael P. Kohler**
**d** (404) 962-6403
**f** (404) 962-6303
Suite 2100 | 1180 W Peachtree Street, NW | Atlanta, GA 30309

CONFIDENTIALITY NOTICE
The information contained in this e-mail message is legally privileged and confidential, and is intended only for the use of the addressee. If you are not the intended recipient, please be aware that any dissemination, distribution or copy of this e-mail is prohibited. If you have received this e-mail in error, please immediately notify us by reply email and delete this message and any attachments. Thank you.

Exhibit F- 4th Settlement Offer June 23, 2024.

# Rajan Law Group

Robert Parsley, Esquire
Suite 1200 Volunteer Bldg.
832 Georgia Avenue
Chattanooga, Tennessee 37402

*Via Email Only*

June 23, 2024

Subject: **CONFIDENTIAL 4th SETTLEMENT PROPOSAL**

Dear Bob:

Please find another settlement offer directly from Defendants.

We were sent the request to change the date of Mr. Bunce's deposition. The proposed date is going to be a problem as it will affect plans for July 4th holiday. However, we may be able to avoid the deposition instead of rescheduling if the case is resolved soon.

VTI and are confident that Mr. McCarthy will contribute to the proposed settlement. Accordingly, in the settlement agreement, we will need a full release for Mr. McCarthy also.

- $50k upfront payment with the settlement documents.
- $25k per month until $1,050,000 is reached.
- The documents will have customary terms including non-disparagement and confidentiality.
- No prepayment penalty (we will try to pay off early). A five (5%) discount if paid in full in 2025.

Mathu Rajan
For himself and VTI.

Please let me know right away.  I need to notify the process server.

_____/s/_____
Raja Rajan, Esquire
Rajan Law Group
raja@rajanlawgroup.com

Exhibit G- Attorney Kohler email of June 24, 2024. (Kohler Counteroffer)

From: Michael Kohler

To: raja@rajanlawgroup.com; raja@advisory-capital-solutions.com

Cc: mhomans@homanspeck.com; Bob Parsley

Subject: RE: M. Bunce (Depo.)

Date: Monday, June 24, 2024 11:39:47 AM

Attachments: image001.png

Raja,

We are finalizing travel arrangements for the deposition of Mark Bunce, which include his international travel. Please let me know by 5 pm eastern today if we can agree to depose Mark on July 2 to accommodate my travel schedule. While I understand that day may be a "problem" for your holiday plans, that doesn't mean you can't make that accommodation work. If I don't hear from you by 5 pm today, we will make Mr. Bunce available to be deposed on July 2 beginning at 9:00 am eastern at the law offices of HomansPeck at 230 Sugartown Road, Suite 218, Wayne, PA 19087. We will issue the Notice of Deposition for that day, time and place.

If you let us know by 5pm today that you nonetheless still want to depose Mr. Bunce on July 1, then we will make him available to be deposed on July 1 beginning at 1 pm eastern at the same location and will go a full seven hours from then as may be needed (we cannot imagine you would need more than 4 hours). It is your responsibility to obtain a court reporter, and we expect that you are making arrangements for a reporter.

Time is of the essence.

As for the settlement offer, it is not a serious offer. Any settlement would require the upfront payment of at least $100,000 by defendants. If Mr. McCarthy is going to contribute funds toward a settlement, then we need to communicate with him directly to confirm his position.

Michael P. Kohler

Exhibit H-Attorney Rajan email of June 24, 2024 increasing offer

From: raja@rajanlawgroup.com

To: "Michael Kohler"; mhomans@homanspeck.com; "Bob Parsley"

Cc: raja@advisory-capital-solutions.com; raja@rajanlawgroup.com

Subject: RE: M. Bunce (Depo.)

Date: Monday, June 24, 2024 1:50:54 PM

Attachments: image001.png

image002.png

image003.png

image004.png

I expected him at 9:00 am on 1st to accommodate my travel plans. My client wants to increase the lump sum to $75k.

Your letter says "...my..." travel schedule. Is it a new conflict of Mr. Bunce or yours?

Let me know by COB tomorrow if the new settlement offer is accepted or rejected. Ill try to line up a Court reporter with the changed time or date by then. Are you willing to do his deposition on 8th by agreement?

Exhibit I- Attorney Kohler rejecting increase offer

From: Michael Kohler

To: raja@rajanlawgroup.com; mhomans@homanspeck.com; Bob Parsley

Cc: raja@advisory-capital-solutions.com

Subject: RE: M. Bunce (Depo.)

Date: Monday, June 24, 2024 1:57:52 PM

Attachments: image001.png

image002.png

image003.png

image004.png

image453930.png

image196264.png

image681848.png

image312364.png

We agreed to make Mr. Bunce available on July 1; we never agreed on a time. If you want to move forward on July 1, the deposition will start at 1 as I will not be getting into Philadelphia until 9:30 that morning. We will not make Mr. Bunce available after July 2. Do you want to do his deposition on July 1 (starting at 1) or July 2 (starting at 9)? Your settlement offer is rejected.

Michael P. Kohler

d (404) 962-6403

f (404) 962-6303

Suite 2100 | 1180 W Peachtree Street, NW | Atlanta, GA 30309

Exhibit J-Attorney Rajan email threatening Motion to Compel

**From:** raja@rajanlawgroup.com

**To:** "Michael Kohler"; "mhomans@homanspeck.com"; "Bob Parsley"

**Cc:** "raja@advisory-capital-solutions.com"

**Bcc:** "mathu rajan"

**Subject:** RE: M. Bunce (Depo.)

**Date:** Monday, June 24, 2024 2:03:00 PM

**Attachments:** image001.png

image002.png

image003.png

image004.png

Ill let you know by 5 pm tomorrow if we want file a Motion to Compel for Mr. Bunce not being available at same time as his wife. When you have the other Michael and Bob also—you unavailability seems unfair. You can respond with your travel problems. Maybe the Court will be sympathetic to your situation.

Exhibit K- Attorney Kohler email switching deposition again

**From:** Michael Kohler

**To:** raja@rajanlawgroup.com; mhomans@homanspeck.com; Bob Parsley

**Cc:** raja@advisory-capital-solutions.com

**Subject:** RE: M. Bunce (Depo.)

**Date:** Monday, June 24, 2024 2:30:00 PM

**Attachments:** image001.png

image002.png

image003.png

image004.png

image769648.png

image513062.png

image379317.png

image227994.png

Your professionalism is duly noted. The deposition will start July 1 at 9 a.m. at Mr. Homans'

office in Wayne, PA as noted below.

**Michael P. Kohler**

**d** (404) 962-6403

**f** (404) 962-6303

Suite 2100 | 1180 W Peachtree Street, NW | Atlanta, GA 30309

Exhibit L- Attorney Rajan looking for reporter for switch in scheduling

**From:** raja@rajanlawgroup.com

**To:** "Michael Kohler"; "mhomans@homanspeck.com"; "Bob Parsley"

**Cc:** "raja@advisory-capital-solutions.com"; "raja@rajanlawgroup.com"

**Bcc:** "mathu rajan"

**Subject:** RE: M. Bunce (Depo.)

**Date:** Monday, June 24, 2024 2:49:00 PM

**Attachments:** image001.png

image002.png

image003.png

image004.png

I think you mean basic professional courtesy.....that went out the window when your team filed in a public filing that mathu can't attend depositions right away in this case due to doctor's orders, but he testified in bankruptcy, nonetheless. In 2024 he never testified in Court and did so only in 2023 a few days early based on what his physicians told him then. Personally, I think using a person's life-threatening ailment in a legal case is immoral but misleading the Court in a public filing with factual inaccuracies is unprofessional and bordering on an ethical violation.

If you want to play a bully as your approach that is your call but don't drag the Court into untruths and nonsense. Are you not the guy that said you truly believe Patrick Allen is not a real person. He will be on the witness list for trial. He was also hurt by McCarthy just like Mr. Bunce.

I'll email as soon as I get confirmation from the Court reporters now that this is changed yet again.

Exhibit M- Attorney Rajan -Defendants trying to get $100,000

**From:** Raja Rajan

**To:** mhomans@homanspeck.com; Michael Kohler; Bob Parsley

**Cc:** raja@rajanlawgroup.com

**Subject:** Re: M. Bunce (Depo.)

**Date:** Monday, June 24, 2024 3:44:44 PM

**Attachments:** image905038.png

Here you go being a bully again and slinging mistruths. Please keep your delusions to yourself.

1. You wrote Mr Bunce is boarding a plane tomorrow (6/25/24). Your clearly weighing getting someone else pay for Mr Bunce vacation before his deposition in July.

2. You wrote on June 21st that you need to move Mr Bunce's deposition to a day later due to "travel logistics." Now you write nothing has changed?

It is obvious your using your threats to get another $25k up front. Defendants are seeing if your demand of $100k is possible. They will know by COB 6/25/24 Wednesday.

Sent from my iPhone

Exhibit N- Attorney Rajan email of June 24, 2024 at 1:51 pm (**Acceptance**)

**From:** raja@advisory-capital-solutions.com

**To:** mhomans@homanspeck.com; "Michael Kohler"; "Bob Parsley"

**Cc:** raja@rajanlawgroup.com

**Subject:** RE: M. Bunce (Depo.)

**Date:** Tuesday, June 25, 2024 3:43:20 PM

**Attachments:** image001.png

All,

Defendants have found $100k you insist as the upfront payment. They will tell McCarthy that he needs to communicate with you if he wants a release of claims also. In case he asks, will email communication be sufficient or it has to be a phone call?

Based on that, the deposition of Mr. Bunce is cancelled. Do want us to draft first pass of a settlement agreement or will you do that?

Sent from my iPad

**From:** Raja Rajan <raja@advisory-capital-solutions.com>

**Sent:** Monday, June 24, 2024 3:44 PM

**To:** mhomans@homanspeck.com; Michael Kohler <Michael.Kohler@millermartin.com>; Bob Parsley

<Bob.Parsley@millermartin.com>

**Cc:** raja@rajanlawgroup.com

**Subject:** Re: M. Bunce (Depo.)

Here you go being a bully again and slinging mistruths. Please keep your delusions to yourself.

1. You wrote Mr Bunce is boarding a plane tomorrow (6/25/24). Your clearly weighing getting someone else pay for Mr Bunce vacation before his deposition in July.

2. You wrote on June 21st that you need to move Mr Bunce's deposition to a day later due to "travel logistics." Now you write nothing has changed?

It is obvious your using your threats to get another $25k up front. Defendants are seeing if your demand of $100k is possible. They will know by COB 6/25/24 Wednesday.

Sent from my iPhone

Exhibit O- Attorney Kohler Adding new terms



REGIONS PLAZA SUITE 2100
1180 WEST PEACHTREE STREET, N.W.
ATLANTA, GA 30309-3407

MICHAEL P. KOHLER
DIRECT DIAL: (404) 962-6403
DIRECT FAX: (404) 962-6303
michael.kohler@millermartin.com

June 26, 2024

**Via email only to:**

Mr. Raja Rajan
2009 Chestnut Street
Philadelphia, PA 19103
raja@advisory-capital-solutions.com
raja@rajanlawgroup.com

      Re:    **Mark Bunce v. Visual Technology Innovations, Inc., et al., EDPA Case No.
2:23-cv-01740 / Settlement Response and Proposal**

Dear Raja:

We are in receipt of Defendants' fourth settlement offer dated June 23, 2024.

This offer, as well as all prior offers by Defendants, to settle this dispute have been rejected and remain rejected by Plaintiffs Mark Bunce. There can be no legitimate dispute over this. Your contention that the parties have already in fact reached a mutual settlement agreement is incorrect. Mr. Bunce's statement that any settlement would require a $100,000 up-front payment constituted negotiations. You know this. The parties have never reached a binding meeting of the minds on definite terms for settlement.

Your contention that a settlement has been reached is merely a bad-faith tactic to contend that there is no need for Mr. Bunce's deposition to go forward as agreed on July 1, with the result that Mr. Bunce will have expended funds unnecessarily. This conduct, as well as your overall pattern of conduct, in this litigation constitute bad-faith efforts to expand this litigation unnecessarily and to impose increased burdens and costs on Mr. Bunce without substantial justification. For this reason, we have already put you and the Court on notice that Mr. Bunce is seeking and reserves the right to further seek to recover his increased attorneys' fees and costs from you personally under 28 U.S.C. § 1927 and applicable discovery rules. On this point, we refer to Mr. Bunce's amended initial disclosures and several filings that reference this statute. Your continued litigation-related misconduct merely reinforces the applicability of this statute to you personally. Mr. Bunce's incurred attorneys' fees to date total approximately $255,000.

Mr. Bunce is proposing one, final structure for a reasonable settlement that would be acceptable to him. Here are the central requirements, which will have to be memorialized in an executed, written agreement before they will become binding:

- Defendants will have to wire transfer $100,000 to Miller & Martin PLLC by close of business (5:00 pm eastern time) on June 27, 2024. Miller & Martin will hold these funds in trust pending the finalization of a settlement agreement and will return the funds if a settlement agreement is not executed and completed.

Mr. Raja Rajan
April 22, 2024
Page 2

- Defendants will agree to pay Mr. Bunce $1,100,000 over the ensuring eighteen months in eighteen equal installments.

- The parties will submit an agreed judgment to the Court that accepts the parties' settlement, and resolves the litigation, except to the extent the judgment may need to be enforced were Defendants to fail to comply with the settlement terms.

- The agreed judgment will be for the total amount of $1,200,000 jointly and severally against and payable by Mathu Rajan and VTI, which will credit toward this amount the $100,000 initial payment. Upon execution of the agreement and entry of an agreed judgment, Miller & Martin will transfer the $100,000 initial payment to Mr. Bunce.

- Consideration for this judgment includes Mr. Bunce releasing you personally from claims to recover fees against you under 28 U.S.C. § 1927 and applicable discovery rules.

If these conditions are acceptable to Defendants, then we can work out the remainder of the details and achieve a binding agreement and judgment. If they are not acceptable, then further negotiations will be unnecessary, and Mr. Bunce will continue pursuing his claims against Defendants and against you personally.

Sincerely,

*Michael P. Kohler*

Michael P. Kohler

MPK/dac
cc:     Michael Homans, Esq.
        Robert F. Parsley, Esq.

27624482v1

Exhibit P- Attorney Kohler Reaffirming Adding new terms

**From:** Michael Kohler

**To:** raja@advisory-capital-solutions.com; raja@rajanlawgroup.com

**Cc:** mhomans@homanspeck.com; Bob Parsley

**Subject:** RE: Mark Bunce v. Visual Technology Innovations, Inc., et al.

**Date:** Friday, June 28, 2024 7:02:10 AM

**Attachments:** image113153.png

image577643.png

image154124.png

image081915.png

2024-06-25 Kohler to Rajan Settlement Letter.pdf

This will confirm we neither received a response to Mr. Bunce's June 26 settlement offer nor the required up-front $100,000 payment by yesterday's deadline. Mr. Bunce's settlement offer, therefore, is withdrawn. This will also confirm you have failed to provide the deposition notice for Mr. Bunce's deposition or the contact information for the court reporter, despite multiple requests that you do so. As you know, Mr. Bunce has travelled to the United States for his deposition at your request and the parties' agreement. He will be a Mr. Homans' office on July 1, starting at 9:00 a.m. for his deposition. If you fail to appear for his deposition, then we will seek appropriate relief with the court.

**Michael P. Kohler**

**d** (404) 962-6403

**f** (404) 962-6303

Suite 2100 | 1180 W Peachtree Street, NW | Atlanta, GA 30309