IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK L. BUNCE,  Plaintiff, | : : : : | |
| vs. | : | |
| VISUAL TECHNOLOGY INNOVATIONS, INC. and MATHU G. RAJAN,  Defendants/Counterclaim and Third-Party Plaintiffs | : : : : : : : : | Civil Action Case No. C.A. No. 2:23-cv 01740 |
| vs. | : | |
| Mark Bunce ,  Counterclaim Defendant and  Timothy McCarthy  Third -Party Defendant | : : : : : : | |

**MEMORANDUM OF LAW
IN REPLY OF
DEFENDANT'S MOTION TO ENFORCE SETTLEMENT**

This memorandum of law is in reply to Plaintiff's opposition to the motion to enforce settlement.

I.     COUNTER PROCEDURAL HISTORY

The outstanding and pending motions for resolution are:

1. A Motion for Limited Protective Order [Docket 53];

2. A Motion to Compel Some Discovery [Docket 55];

3. A Motion to Leave to Amend Counterclaims [Docket 61];

4. A Motion to Dismiss Counterclaims [Docket 66];

5. A Motion to Enforce Settlement [Docket 71]

## II.     REBUTTAL SUMMARY OF FACTS

Plaintiff refuses to admit to the Court that he invested in Visual Technology Solutions, Inc ("**VTI**") due to Timothy McCarthy ("**McCarthy**") who had already promised thirty (30) million dollars in investment in VTI.  Plaintiff reviewed McCarthy's investment document before providing VTI his monies. McCarthy is a third party defendant in this matter, and he is being sued in Nevada (*VTI v Timothy Mcarthy*, et. al., No 2:24-cv-00728 in district for Nevada).

## III.    ARGUMENT

This Court ruled that this lawsuit will be referred to Magistrate Judge Elizabethe Hey for a settlement conference [Docket 75]. Either the case is resolved fully at that settlement conference, or an evidentiary hearing is required to determine if a settlement agreement was reached on June 25, 2024.  Defendants have argued that a settlement was already reached when they wrote clearly that

> All, Defendants have found $100k you insist as the upfront payment. They will tell McCarthy that he needs to communicate with you if he wants a release of claims also. In case he asks, will email communication be sufficient or it has to be a phone call? Based on that, the deposition of Mr. Bunce is cancelled. **Do want us to draft first pass of a settlement agreement or will you do that?** (emphasis added)

However, Defendants acknowledge that counsel for Plaintiff denies that a settlement was already reached but the added terms of Plaintiff to settle the case are immaterial; therefore, a settlement conference may result in a full resolution which may eliminate the need for a full hearing.  The request for a settlement conference is sought only as an alternative to a hearing.

The trial court in *Sceirine v. Cook-Sceirine*, 460 P.3d 1001 (Nev. App. 2020) entered an order directing the parties to a settlement conference only in lieu of a contested hearing.  The Supreme Court of Nevada held a summary ruling on a contested settlement without a hearing is

improper. *Resnick v. Valente*, 97 Nev. 615, 616 (Nev. 1982). One of Defendants is a Nevada corporation and the parties have chosen Nevada as the law to be applied[1].

The same requirements have been found by the Third Circuit. "Where material facts concerning the *existence or terms* of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Saudi Basic Industries Corp. v. Exxon Corp.*, 364 F.3d 106, 113 (3d Cir. 2004) citing *Tiernan v. Devoe,* 923 F.2d 1024, 1031 (3d Cir. 1991) (citing *Callie v. Near,* 829 F.2d 888, 890 (9th Cir. 1987) (emphasis in original)); *see also Hensley v. Alcon Labs., Inc.,* 277 F.3d 535, 541 (4th Cir. 2002) ("If there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into an agreement, or over the agreement's terms, the district court may not enforce a settlement agreement summarily." (emphasis omitted)). The third circuit has held that it is reversible error not to hold a hearing in a dispute over a contested settlement agreement. *Garabedian v. Allstates Engineering Co.*, 811 F.2d 802, 804 (3d Cir. 1987). In that case the facts where very similar to this one. That Court had to decide if the attorney had authority of client in the settlement. *Id.*

In *Houston-Starr Co. v. Virginia Manor Apts., Inc.,* 440 A.2d 613, 615 (Pa. Super. 1982) the Superior Court also held that a hearing should have been held with findings of fact concerning the terms of the settlement agreement. Other Pennsylvania Courts have held the same thing—a hearing is necessary under the circumstances. *Brannam v. Reedy*, 906 A.2d 635, 638 (Pa. Cmmw. Ct. 2006) (If there is a dispute about settlement, the court must conduct an evidentiary hearing to determine whether, in fact, a settlement was reached); *Limmer v. Country Belle Cooperative Farmers*, 286 A.2d 669, 670 (Pa. Super. 1971) (remanding for an evidentiary

---

[1] The contract between the parties, specifically Section 10, Governing Law. This Note shall be governed by, and construed in accordance with, the laws of the State of Nevada USA.

hearing where the record did not establish the date on which the settlement offer was made to the plaintiff, the exact content of the offer, the manner in which it was presented to the plaintiff, and the time, manner and circumstances surrounding the acceptance by the plaintiff); see also *Christian v. Allstate Ins. Co.,* 502 A.2d 192, 194 (Pa. Super. 1985) (vacating the trial court's order granting a petition to enforce an out-of-court settlement agreement, which one of the parties denied was ever reached, where the trial court did not hold an evidentiary hearing and instead made findings of fact, without a record, concerning disputed issues).

In this case, a settlement was reached on June 25, 2024. Defendants made an offer which Plaintiff rejected but indicated that the initial lump sum would need to be increased to $100,000. Defendants increased the lump sum part of the settlement offer to $75,000 but that increase was not enough for Plaintiff who also rejected that new offer. Then Defendants notified Plaintiff that they agreed to the counteroffer by obtaining the $100,000 that Plaintiff demanded. Defense Counsel even asked about the drafting of a formal settlement agreement.

The request for sanctions is frivolous. Plaintiff boarded the plane knowing his deposition was not necessary. Plaintiff's counsel asked to switch the date of the planned deposition, then he unilaterally switched it back to the original date but only later in the afternoon[2]. He was asked to switch to July 8th if rescheduling was requested. Counsel asked for confirmation of the deposition of Plaintiff which wasn't given. Plaintiffs' Counsel was told "… *the deposition of Mr. Bunce is cancelled. Do want us to draft first pass of a settlement agreement or will you do*

---

[2] Attorney Kohler wrote that "If you let us know by 5pm today that you nonetheless still want to depose Mr. Bunce on July 1, then we will make him available to be deposed on July 1 beginning at 1 pm eastern at the same location and will go a full seven hours from then as may be needed (we cannot imagine you would need more than 4 hours). It is your responsibility to obtain a court reporter, and we expect that you are making arrangements for a reporter.

*that?"* That email was sent on June 25, 2024 at 3:43:20 PM. That statement was unequivocal and almost six (6) days before any deposition.

What kind of lawyer instructs his client to board plane for a deposition that was cancelled and never formally scheduled even if he disputes whether a settlement was reached. A hearing is necessary as to what Attorney Kohler knew and when he knew it regarding the deposition before extraordinary relief like sanctions can be awarded in this situation. Similarly, a question for a hearing is what Plaintiff knew regarding his deposition before he boarded a plane to visit Attorney Kohler.

## IV.   CONCLUSION

For the aforementioned reasons, Movants asks this Honorable Court to grant a hearing if a settlement can't be reached through the magistrate judge.

Dated: July 15, 2024            Respectfully submitted,

/s/ Raja Rajan

Raja Rajan, Esquire
Attorney I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002
raja@rajanlawgroup.com

**CERTIFICATE OF SERVICE**

I, Raja Rajan, hereby certify that on July 15, 2024, a true and correct copy of the foregoing was served via email to counsel listed below:

Michael D. Homans
ID No. 76624
HOMANSPECK, LLC
mhomans@homanspeck.com

Michael P. Kohler*
MILLER & MARTIN PLLC
Michael.Kohler@millermartin.com

*Attorneys for Plaintiff Mark L. Bunce*


Timothy McCarthy

tim@burlingtonresources-asia.com


*Third-Party Defendant*


/s/ Raja Rajan                                                              July 15, 2024
Raja Rajan,
Esquire Attorney
I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002

raja@rajanlawgroup.com

*For Defendants Visual Technology Innovations, Inc. and Mathu Rajan*