IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK L. BUNCE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action |
| | : | No. 2:23-cv-01740 |
| VISUAL TECHNOLOGY INNOVATIONS, INC. | : | |
| | : | |
| and | : | |
| | : | |
| MATHU G. RAJAN, | : | |
| | : | |
| Defendants. | : | |

## STATUS REPORT

1. **Is the case ready for trial? If not, why not?**

   <u>Plaintiff's Position</u>: Yes. Plaintiff will file at least one dispositive motion concerning liability for breach of contract. Defendants' counterclaims are frivolous and subject to motions to dismiss. The third-party complaint is irrelevant to Plaintiff's claims in this lawsuit, and Plaintiff has never served the complaint on the third-party defendant. Defendants have no valid defense of any kind and their litigation strategy has been to obstruct and cause Plaintiff to incur unnecessary attorney's fees. Notwithstanding any outstanding discovery, this case is simple—based on misrepresentations by Defendants, Plaintiff Bunce loaned Defendants money that they have refused to pay back as agreed—and is ready to be tried.

   <u>Defendants' Position</u>: No.  Plaintiff has not yet answered the counterclaims which are based on the false representations of Plaintiff in (for) his three (3) investments.  Trial

planning and completion of discovery can't be completed without prejudice without those answers.

**2. What discovery has been completed and what remains to be done?**

<u>Plaintiff's Position</u>: In response to two set of requests for production, Plaintiff Bunce has produced his documents in their entirety. Plaintiff Bunce has fully responded to four sets of interrogatories from Defendants. Plaintiff Bunce has fully responded to one set of requests for admission from Defendants.

Defendants have the following discovery deficiencies: (a) they have failed to state, in response to interrogatories, how the $1 million Bunce loaned to VTI has been used or to provide documents sufficient to enable a meaningful accounting; (b) Defendants have failed to identify all shareholders and investors in VTI, some of which are believed to be fictitious persons; (c) in U.S. Bankruptcy Court cases filed by Rajan with respect to another company he owns, and in a related state-law case in Delaware, various persons have provided testimony that relates to VTI and that contradicts Defendant Rajan's representations to Plaintiff Bunce that induced him to loan $1 million to VTI; but Defendants have not produced all those transcripts and have omitted the exhibits from what they have produced. In addition, Defendants contend that Rajan is too ill to be deposed or to testify at a trial in the near future, which representation was also made to the U.S. Bankruptcy Court for the Eastern District of Pennsylvania, but then Rajan testified after all. Plaintiff has requested a HIPAA release that would enable Rajan's health status to be verified. Despite Defendants' deficiencies, Plaintiff is ready to try this case,

<u>Defendants' Position</u>:  Only deposition of wife of Plaintiff has been taken. Until, Plaintiff answers the counterclaims against him additional discovery cannot be completed properly

without prejudice. Since Plaintiff asserts that there are "discovery deficiencies", then Plaintiff must be withdrawing his opposition to the protective order as granting protection would cure any justification to withhold any information in discovery. Protection is all Defendants seek before Plaintiff's counsel is allowed to speak to directly to the medical treating physicians to allow them to correct their false assertions. Plaintiff's failure to consent to a limited protective order even for private information like cancer treatment is indicative of his legal strategy to challenge anything and everything even issues which could and should be uncontested.

3. **Will the parties benefit from a settlement conference? If so, when will you be ready?**

   Plaintiff's Position: A settlement conference is scheduled to take place on September 13, 2024, before U.S. Magistrate Judge Elizabeth Hey.

   Defendants' Position: Yes. There was a meeting of the minds relating to a settlement already; but Defendants are willing to consider additional settlement terms as recommended by the Magistrate Judge on September 13, 2024.

4. **Do the parties consent to the jurisdiction of a magistrate judge?**

   Plaintiff's Position: Plaintiff requests remaining before U.S. District Court Judge Kai N. Scott at this time.

   Defendants' Position: Yes, particularly if the dispositive motions of Defendants may be resolved sooner.

                                    Respectfully submitted,

                             By: */s Michael D. Homans*
                                    Michael D. Homans
                                    ID No. 76624
                                    HOMANSPECK, LLC
                                    230 Sugartown Road

        Suite 218
        Wayne, PA 19087
        (215) 419-7463
        mhomans@homanspeck.com

*Counsel for Plaintiff*

Michael P. Kohler, *admitted pro hac vice*
MILLER & MARTIN PLLC
Regions Plaza Suite 2100
1180 West Peachtree Street, NW
Atlanta, Georgia 30309-3407
(404) 962-6100
Michael.Kohler@millermartin.com

*Attorneys for Plaintiff Mark L. Bunce*


By: *s/ Raja Rajan*
Raja Rajan
Attorney I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002
raja@rajanlawgroup.com

*Counsel for Defendants*