IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK L. BUNCE,<br><br>Plaintiff,<br><br>vs.<br><br>VISUAL TECHNOLOGY INNOVATIONS, INC. and MATHU G. RAJAN,<br><br>Defendants/Counterclaim and Third-Party Plaintiffs<br><br>vs.<br><br>Mark Bunce ,<br>Counterclaim Defendant<br>and<br>Timothy McCarthy<br>Third -Party Defendant | Civil Action Case No.<br>C.A. No. 2:23-cv 01740 |

## [PROPOSED] ORDER

AND NOW, upon consideration of the Plaintiff's Motion to Exclude Certain Facts and supporting papers and opposition thereto, IT IS HEREBY ORDERED THAT:

a) it is DENIED; and

b) Plaintiff is sanctioned the cost of Defendants preparation time to oppose the motion in the sum of two thousand dollars ($2,000,000).

_____

J.

IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF PENNSYLVANIA

| MARK L. BUNCE, | : | |
| :--- | :--- | :--- |
| Plaintiff, | : | |
| vs. | : | |
| VISUAL TECHNOLOGY INNOVATIONS, INC. and MATHU G. RAJAN, | : | Civil Action Case No. C.A. No. 2:23-cv 01740 |
| Defendants/Counterclaim and Third-Party Plaintiffs | : | |
| vs. | : | |
| Mark Bunce, Counterclaim Defendant and Timothy McCarthy Third-Party Defendant | : | |

**OPPOSITION MEMORANDUM OF LAW AGAINST PLAINTIFF'S MOTION TO EXCLUDE CERTAIN STATEMENTS OF UNDISPUTED FACTS**

This memorandum of law is in Opposition to Plaintiff's Motion to Exclude Certain undisputed facts [Docket 113] of Defendants.

## Table of Contents

**I.   PROCEDURAL HISTORY SUMMARY**.................................................................................- 1 -
**II.  STATEMENT OF FACTS SUMMARY** ...............................................................................- 2 -
**III. ARGUMENT**..........................................................................................................................- 3 -
**IV. CONCLUSION**.......................................................................................................................- 7 -

### I.   PROCEDURAL HISTORY SUMMARY

Before the Court are:

- Plaintiffs Motion for Summary Judgment [docket 107].

- Defendants Motion for Partial Summary Judgment [docket 108].

- Defendants Motion to Reinstate the Third Party Complaint against Timothy McCarthy ("**McCarthy**") [docket 110]. The Court dismissed the Third party complaint and wrote that service was taking too long but dismissed without prejudice [docket 100]. However, McCarthy was served by government authorities under the Hague Convention/treaty **before** the Court's dismissal [docket 110 filing and Exhibit A and attachment A thereto].

- Plaintiff's Motion to Exclude Certain Evidence for Proposed Facts for Summary Judgment [ docket 113] which this memorandum is in opposition thereto.

## II.   STATEMENT OF FACTS SUMMARY

Plaintiff Mark Bunce ("**Bunce**") sued the Company VTI for repayment of his investments but also its Chief Executive Officer for the same thing. But Bunce added two (2) attachments to his Complaint that reveal that he was induced to invest in VTI by a Timothy McCarthy ("**McCarthy**"). McCarthy had already promised VTI he would invest the sum of thirty million dollars ($30,000,000) to VTI. Plaintiff provided VTI a short term loan as investment as he thought that he would be repaid by the monies that would come into VTI by McCarthy.

Plaintiff Bunce added exhibit 4 to his Complaint which provides in pertinent part:

> **Exercise Date: By 2 March 2021**
>
> The Investor is hereby exercising the rights under clause 4 of the Agreement:
> Amount of Investment : $29,000,000.
> The Investor will exercise through a wire transfer to a bank account set up by VTI or its affiliates at Commerzbank or in the alternative the Investor will deliver a Standby Letter of Credit ("**SBLC**") for US $35 million that is acceptable for VTI and for the avoidance of doubt this will be in full consideration of a total investment in VTI of $ 30,000,000 under the Agreement.
> Purpose: Begin the takeover process of the Ultra-D technology and kick start stalled projects.

That document was signed by McCarthy and VTI. Exhibit 4 to Complaint.

Bunce also added to his Complaint, a letter from the money manager of Timothy McCarthy's company Burlington that provides in pertinent part:

> We confirm that we are ready, willing and able upon the express instructions of our client Burlington Resources FZE ( a wholly owned subsidiary of Burlington Resources Asia Limited) to make a payment of US$ 30 million from our bank DBS, Singapore to purchase certain shares in VTI subject to the terms and conditions in the Stock Purchase Agreement of 10 February 2021.

Exhibit 2 of Complaint. Burlington is the name McCarthy uses for his investment. Bunce admits through those attachments how important McCarthy was to his investment in VTI. Bunce was induced to invest in VTI due to McCarthy and McCarthy's promises in writing to invest in VTI thirty million dollars ($30,000,000).

### III.  ARGUMENT

Plaintiff Bunce challenges Defendants undisputed facts and ask this honorable Court to exclude some facts [docket 113], specifically numbers 2-9, 14-15, 17, 20, 23, 24-25. Bunce refuses to use the words "dispute" under penalty of perjury. Rather, he argues that those facts are "immaterial" or are without "authentication" even if the fact is based on a document that he authored or signed. Both arguments of Plaintiff are improper and caselaw show the facts are deemed admitted because they are not genuinely disputed.

For example, Defendants undisputed facts #2 is challenged by Plaintiff by arguing that statement is "immaterial" and the documents "has not been authenticated." Page 1 and 2 of PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO EXCLUDE CERTAIN OF DEFENDANTS' STATEMENT OF PROPOSED UNDISPUTED FACTS FOR SUMMARY JUDGMENT PURPOSES (hereinafter "**Plaintiff's Brief**").

Bunce raises "immateriality" for Undisputed facts numbered 2,3,4,5,6,9,27,20,23,24, and 25. Only undisputed facts numbered 7, 14, 15 are challenged by Plaintiff Bunce without claiming "immateriality" but rather evidentiary reasons/grounds. Bunce does not expressly state that he disputes those statements of fact but rather challenges them on other frivolous grounds. As shown by the caselaw, Plaintiffs objections are improper and should be deemed admitted/undisputed.

Alleged "materiality" is not a proper objection at the summary judgment stage. *Sec. & Exch. Comm'n v. Goldstone*, No. CIV 12-0257 JB/GBW, at *606 (D.N.M. Aug. 22, 2015) (stating that a fact is immaterial does not dispute it). A Court in the Third Circuit has written that challenging a fact for immateriality should deem the fact as admitted or undisputed. *Walton v. Lea Cnty. Det. Ctr.*, Civ. 21-0466 JB/GJF, at *10 n.7 (D.N.M. May 31, 2024). *See Walton v. N.M. State Land Off.,* 49 F.Supp.3d 920, 924 n.2 (D.N.M. 2014)(Browning, J.)("[O]bjecting to an asserted fact as immaterial in response to an asserted fact effectively deems the fact undisputed."). *Basulto v. Netflix, Inc.,* 1:22-cv-21796 MORENO/GOODMAN, at *38 (S.D. Fla. Sep. 20, 2023) (branding a factual assertion as only immaterial is insufficient to cause it to be deemed a disputed fact).

Similarly, Bunce asserts that the document in Statement of Facts 2,3,4,5,6,7,914,15, 17 lack of alleged authentication. The declaration of Suby Joseph, attached, resolves those objections. The declaration of Suby Joseph is sufficient to authenticate the documents that Plaintiff Bunce is challenging under F.R.E. 901 (b) (1).

Bunce also asserts alleged hearsay for undisputed facts 3, 4, 5, 9, 14,15. Those grounds of challenge are improper also. A claim of alleged hearsay is not a proper challenge of statement of facts on the grounds and those objections are inappropriate. *Marez v. Saint-Gobain Containers, Inc.,* 740 F. Supp. 2d 1057, 1066 n.3 (E.D. Mo. 2010); *Braun v. Agri-Systems*, CV-F-02-6482 AWI SMS, at *3 (E.D. Cal. May 15, 2006).

However, his challenges to undisputed facts 14 and 15 reveal the extreme nature of his frivolous disputes. Plaintiff's Brief, page 5. Statements of fact 14 and 15 are engagement contracts between VTI and Knight Davis, the employer of Glen Davis, an agent for VTI. Those documents are not hearsay as the declarant is VTI in contracts to engage Glen Davis and Knight Davis to perform service to it. FRE 801 (b) exempts that contract from hearsay. The attached declaration provides further support.

Bunce did not sue Mathu Rajan for breach of contract since the contracts only mention VTI and him. But he asks this Court to ignore the other writing between VTI and Kinight Davis, Employer of Glen Davis, even though those writing also are between two parties: VTI and Knight Davis. Plaintiff's Brief, page 5.

Plaintiff Bunce raises two other claims besides his breach of contract claim against VTI. He also has asserted claims personally against the CEO of VTI, Mathu Rajan for inducing him through fraud to invest in VTI. He cannot meet \his high burden of proof. He has to show the Court each element of his claim by <u>clear and convincing evidence</u>. *Jett v. Mikelis*, No. 84032-COA, at *11 (Nev. App. Jan. 30, 2024) citing *J.A. Jones Constr.,* 120 Nev. at 290, 89 P.3d at 1018. (emphasis added)

For fraud in the inducement, Bunce a plaintiff must establish each of the following elements: (1) the defendant made a false representation; (2) the defendant knew or believed that the representation was false, or had knowledge that it lacked a sufficient basis for making the representation; (3) the defendant intended to induce the plaintiff to consent tp (sp) the contract's formation; (4) **the plaintiff justifiably relied on the misrepresentation**; and (5) the plaintiff suffered damages as a result. *Jett v. Mikelis*, No. 84032-COA, at *6-7 (Nev. App. Jan. 30, 2024) citing *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.,* 120 Nev. 277, 290, 89 P.3d 1009, 1018 (2004) (setting forth the elements of a claim for fraud in the inducement).(emphasis added).

Bunce did not justifiably rely on any representation of Glen Davis, agent for VTI, Mathu Rajan or VTI, but rather relied on the investment documents of McCarthy for the basis of his investment loans in VTI. Bunce asked for the investment documents of McCarthy but also the financials of VTI. The financial documents reveal that VTI and Bunce relied on monies from McCarthy to allow repayment for Bunce. Statements 4 and 5 make it clear that Plaintiff reviewed both the McCarthy investment documents but also VTI's books before investing. Again, Bunce does not dispute that fact but rather he argues immateriality. Plaintiff's Brief, page 3. Bunce also

challenges those statements of facts on grounds of hearsay. Id. In the third Circuit, "…, hearsay statements can be considered on a motion for summary judgment if they are capable of admission at trial. See *Stelwagon Mfg. Co. v. Tarmac Roofing Sys., Inc.,* 63 F.3d 1267, 1275 n. 17 (3d Cir. 1995)." *Shelton v. Univ. of Med.*, 223 F.3d 220, 223 n.2 (3d Cir. 2000). A Pennsylvania Court has noted that "it is well settled that hearsay statements may be considered on a motion for summary judgment if they are capable of admission at trial." *Urrutia v. Wal-Mart Stores*, 3:18-CV-01254, at *13 n.7 (M.D. Pa. Oct. 27, 2020).

An example of Bunce challenging fact on frivolous grounds is displayed his challenge to statement of undisputed fact 25. Plaintiff's Brief, page 9. Plaintiff even disputes that he "invested" in VTI but rather prefers to call himself a lender only. The documents that Plaintiff executed with VTI call him an **investor**.

**WHEREAS,** The Company desires to issue and sell to the Investor a convertible note issued by the Company (the "**Note**");

Complaint, exhibit 7.

Basically, Bunce disputes everything, even his own writings rather than simply stating which facts he disputes genuinely. This is not how summary judgment evaluation are supposed to work if parties to litigation are reasonably truthful. "Plaintiff has submitted statements of undisputed, disputed, and uncontested facts. Plaintiff's frivolous challenges must be deemed as admissions. *Brown v. Kavanaugh,* No. 1:08-cv-01764-LJO-BAM PC, at *10 (E.D. Cal. Sep. 21, 2012). "A party may not defeat summary judgment by simply refusing to acknowledge the legal significance of admitted facts." Peterson v. HVM L.L.C., Civ. No. 14-1137 (KM) (JBC), at *20 (D.N.J. Dec. 27, 2018).

"A fact is material if-taken as true-it would affect the outcome of the case under governing law." *M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.,* 969 F,3d 120, 125 (3d Cir. 2020) (citing

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  The basic question for trial is that would Plaintiff Bunce have invested in VTI if not for the promises of investment of thirty million dollars ($30,000,000) from McCarthy?  Bunce voiced serious doubts about investing in VTI, undisputed facts statement numbers 4, 5, and 6.  All his objections are frivolous and cannot be the basis to exclude any statement of undisputed fact.  Bunce's claims for unjust enrichment and fraud in the inducement should be dismissed or judgment granted against him and the claim for breach of contract should simply be ruled premature.

## IV.    CONCLUSION

For the aforementioned reasons, Movants asks this Honorable Court to grant the proposed Order.

Dated: December 2, 2024    Respectfully submitted,

/s/ Raja Rajan
Raja Rajan, Esquire, Attorney I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002
raja@rajanlawgroup.com

# EXHIBIT A

UIN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF PENNSYLVANIA

| MARK L. BUNCE, | : | |
| Plaintiff, | : | |
| vs. | : | |
| VISUAL TECHNOLOGY INNOVATIONS, INC. and MATHU G. RAJAN, | : | Civil Action Case No. C.A. No. 2:23-cv 01740 |
| Defendants/Counterclaim and Third-Party Plaintiffs | : | **Declaration of Suby Joseph** |
| vs. | : | |
| Mark Bunce, Counterclaim Defendant and | : | |
| Timothy McCarthy Third -Party Defendant | : | |

## DECLARATION

1. I am providing this declaration in a legal process, and I understand that it may be used in Court.

2. My name is Suby Joseph, and I formerly worked as a consultant to Visual Technology Innovations, Inc("**VTI**") during the time that Plaintiff/ Counterclaim Defendant Mark Bunce invested in VTI.

3. I maintained capitalization related records at VTI including those related to the capital raising process such as brokers or intermediaries like Glen Davis.

4. I also was the primary person at VTI who obtained execution of those documents for VTI.

5. I have reviewed the exhibits attached to the **UNDISPUTED FACTS FOR THE MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** as Exhibits A-H.

6. Exhibit A is a true and correct copy of the Stock Purchase Agreement, that Third-Party Defendant McCarthy signed with VTI about two (2) weeks before Plaintiff/ Counterclaim Defendant Bunce invested through a loan to VTI.

7. Exhibit B is a true and correct copy of email that was forwarded to me with due diligence questions from Plaintiff/ Counterclaim Defendant Bunce before his investment loan to VTI.

8. Exhibit C is a true and correct copy of an amendment of the investment loan of Plaintiff/ Counterclaim Defendant Bunce that was executed by Plaintiff/ Counterclaim Defendant Bunce and VTI that voided his first investment loan to allow Plaintiff/ Counterclaim Defendant Bunce to include his first investment monies in a second investment loan.

9. Exhibit E is a true and correct copy of an engagement agreement with Glen Davis' firm, Knight Davis to provide services to VTI.

10. Exhibit F is a true and correct copy of an amendment to engagement agreement with Knight Davis to provide services to VTI.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge on the date and time herein noted.*

_____
Suby Joseph

Date: 12/02/2024

**CERTIFICATE OF SERVICE**

I, Raja Rajan, hereby certify that on December 2, 2024, a true and correct copy of the foregoing was served via email to counsel listed below:

Michael D. Homans
ID No. 76624
HOMANSPECK, LLC
mhomans@homanspeck.com

Michael P. Kohler*
MILLER & MARTIN PLLC
Michael.Kohler@millermartin.com

*Attorneys for Plaintiff Mark L. Bunce*

Timothy McCarthy

tim@burlingtonresources-asia.com

*Third-Party Defendant*

/s/ Raja Rajan                                             December 2, 2024
Raja Rajan,
Esquire Attorney
I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002

raja@rajanlawgroup.com

*For Defendants Visual Technology Innovations, Inc. and Mathu Rajan*

- 1 -