IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK L. BUNCE,<br><br>Plaintiff, | :<br>:<br>:<br>: | |
| vs. | : | |
| VISUAL TECHNOLOGY INNOVATIONS, INC.<br>and<br>MATHU G. RAJAN,<br><br>Defendants/Counterclaim and Third-Party Plaintiffs | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action Case No.<br>C.A. No. 2:23-cv 01740 |
| vs. | : | |
| Mark Bunce ,<br>Counterclaim Defendant<br>and<br>Timothy McCarthy<br>Third -Party Defendant | :<br>:<br>:<br>:<br>:<br>: | |

**REPLY MEMORANDUM OF LAW IN SUPPORT**

**OF DEFENDANTS' MOTION FOR REINSTATMENT**

This memorandum of law is in reply to Plaintiff's Opposition [Docket 115] to Defendants'

motion for reinstatement.

## Table of Contents

I.   **REPLY PROCEDURAL HISTORY** ...................................................................................- 1 -
II.  **REPLY SUMMARY OF FACTS** .....................................................................................- 2 -
III. **REPLY ARGUMENT** ........................................................................................................- 3 -
IV.  **CONCLUSION** ...................................................................................................................- 5 -

**I.    REPLY PROCEDURAL HISTORY**

Before the Court are:

- Plaintiffs Motion for Summary Judgment [docket 107].

- Defendants Motion for Partial Summary Judgment [docket 108].

- Defendants Motion to Reinstate the Third Party Complaint against Timothy McCarthy ("**McCarthy**") [docket 110]. The Court dismissed the Third party complaint and wrote that service was taking too long but dismissed without prejudice [docket 100]. However, McCarthy was served before the Court's dismissal [Exhibit A and attachment A thereto of docket 110].

- Plaintiff's Motion to Exclude Certain Evidence for Proposed Facts for Summary Judgment [ docket 113] which has not yet been fully briefed as Defendants have not yet responded.

## II.    REPLY SUMMARY OF FACTS

Plaintiff Mark Bunce ("**Bunce**") sued the Company VTI for repayment of his investments but also its Chief Executive Officer for the same thing. But Bunce added two (2) attachments to his Complaint that relate to Timothy McCarthy ("**McCarthy**") the third party defendant who should be liable to Plaintiff instead of Defendant Mathu Rajan. Plaintiff Bunce added exhibit 4 to his Complaint which provides in pertinent part:

> **Exercise Date: By 2 March 2021**
>
> The Investor is hereby exercising the rights under clause 4 of the Agreement:
> Amount of Investment : $29,000,000.
> The Investor will exercise through a wire transfer to a bank account set up by VTI or its affiliates at Commerzbank or in the alternative the Investor will deliver a Standby Letter of Credit ("SBLC") for US $35 million that is acceptable for VTI and for the avoidance of doubt this will be in full consideration of a total investment in VTI of $ 30,000,000 under the Agreement.
> Purpose: Begin the takeover process of the Ultra-D technology and kick start stalled projects.

That document was signed by McCarthy and VTI. Exhibit 4 to Complaint.

Bunce also added to his Complaint, a letter from the money manager of Timothy McCarthy's company Burlington that provides in pertinent part:

> We confirm that we are ready, willing and able upon the express instructions of our client Burlington Resources FZE ( a wholly owned subsidiary of Burlington Resources Asia Limited) to make a payment of US$ 30 million from our bank DBS, Singapore to purchase certain shares in VTI subject to the terms and conditions in the Stock Purchase Agreement of 10 February 2021.

Exhibit 2 of <u>Complaint</u>. Burlington is the name McCarthy uses for his investment. Bunce admits through those attachments how important McCarthy was to his investment in VTI. Bunce was induced to invest in VTI due to McCarthy and McCarthy's promises in writing to invest in VTI thirty Million dollars ($30,000,000).

### III.     REPLY ARGUMENT

The service of Process on the Third Party Defendant McCarthy was wholly proper. See attached case of *Lucero v. Wheels India, Ltd.,* No. 23-10494, at *8 (5th Cir. Dec. 13, 2023). For the convenience of the Court, that opinion is attached hereto as Exhibit A. The appellate Court found the trial court dismissal of complaint for lack of service was reversible and abuse of discretion. In that case service under the Hague was over 22 months. In this case dismissal was about six months and service was accomplished under the Hague Rules <u>before</u> the dismissal.

ABC Legal performed the service and they followed all rules and completed all necessary forms for the Hague Convention. The service was even stamped by the server. A full copy was attached previously.

Annexes

Documents returned

Pieces renvoyees

in appropriate cases, documents establishing the service:

le cas echeant, les documents justicatifs de l'execution:

**Done at London**

fait a

the **16-10-2024**

**Signature and/or stamp:**

Signature et/ou cachet:



ABC Legal is official process server to the U.S. Department of Justice.

ABC Legal is the nation's leading service of process and court filing company and is the official process server to the U.S. Department of Justice. Docketly is a subsidiary of ABC Legal, providing appearance counsel on a digital, custom-built platform that smoothly integrates with our applications and services. ABC Legal's applications are cloud-based and compatible for use on desktop, browser and smartphones. Our solutions and digital approach ensure process server partners, law firm customers and their clients save valuable time and resources when serving legal notices safely and with maximum compliance, control and transparency. ABC Legal is based in Seattle, WA, with more than 2,000 process servers throughout the U.S., as well as internationally in more than 75 countries. To learn more about ABC Legal, our solutions and subsidiary company Docketly visit www.abclegal.com.

## IV. CONCLUSION

For the aforementioned reasons, Movants asks this Honorable Court to grant the proposed Order of Defendants.

Dated: December 2, 2024   Respectfully submitted,

/s/ Raja Rajan
Raja Rajan, Esquire, Attorney I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002
raja@rajanlawgroup.com

EXHIBIT A

No. 23-10494
United States Court of Appeals, Fifth Circuit

# Lucero v. Wheels India, Ltd.

Decided Dec 13, 2023

23-10494

12-13-2023

Eric Lucero; Whitnie Potts, Plaintiffs-Appellants, v. Wheels India, Limited, Defendant-Appellee.

E. GRADY JOLLY, JUDGE

Appeal from the United States District Court for the Northern District of Texas USDC No. 2:20-CV-207

Before JOLLY, ENGELHARDT, and OLDHAM, Circuit Judges.

E. GRADY JOLLY, JUDGE [*]

This appeal presents the dismissal of a complaint alleging claims of strict liability and negligence against a foreign defendant that, despite efforts of the plaintiffs,[1] has not been properly served. The district court found that Plaintiffs' delay in serving the defendant was intentional and inexcusable. The court then dismissed Plaintiffs' complaint and denied their motion to serve the defendant through electronic means. We hold that the dismissal *2 was an abuse of discretion. Accordingly, we VACATE the dismissal, REVERSE the denial of Plaintiffs' motion to serve the defendant through electronic means, and REMAND for further proceedings not inconsistent with this opinion.

   [1] Plaintiffs in this suit are Eric Lucero and his common law spouse Whitnie Potts.

I.

In August 2018, Plaintiff Eric Lucero was injured while working on a Caterpillar wheel loader when "the explosive separation of the split tire ring blew the ring off the tire causing the ring to strike" him, resulting in serious injuries. Defendant Wheels India, Ltd., a company located in the country of India, is one of four entities that could have either manufactured or sold the split tire ring that was involved in the accident. Plaintiffs originally filed this suit in the Texas state court. A codefendant removed the action to federal court on September 9, 2020.[2]

   [2] Plaintiffs also sued Caterpillar Inc., but they later settled and voluntarily dismissed Caterpillar from this case. Caterpillar thoroughly litigated this case against the Plaintiffs up to the settlement. Caterpillar is not a party to this appeal. Plaintiffs also initially sued two other defendants, though they were soon voluntarily dismissed under a tolling agreement of October 7, 2020.

Plaintiffs then began their attempts to serve Wheels India. Because Wheels India is a foreign defendant, Plaintiffs are bound by Rule 4(f), which requires a party to effect service in accordance with the Hague Service Convention.[3] FED. R. CIV. P. 4(f)(1).[4] On October 21, 2020, Plaintiffs *3 sent the summons and service packet to Ancillary Legal Corporation,[5] an international process service company. Ancillary Legal delivered the packet to the Central Authority in India in order to serve Wheels India pursuant to the Convention.[6] Plaintiffs' counsel contacted Ancillary Legal on December 29, 2020, to request a status update regarding service. Since November



2020, the district court has issued ten orders extending the deadline for Plaintiffs to either effect service on Wheels India or demonstrate good cause for their failure to do so. Plaintiffs continually asserted that they were waiting for the Central Authority to serve their documents on Wheels India.

> [3] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 5, Nov. 15, 1965, 20 U.S.T. 361, 362 T.I.A.S. No. 6638 (1969) [*hereinafter* "Hague Service Convention" or "Convention"]. Plaintiffs are required to effect service under the terms of this Convention because both the United States and India are State Parties to the Convention.
>
> [4] Specifically, Rule 4(f)(1) allows a plaintiff to serve an individual in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."
>
> [5] Ancillary Legal Corporation is a domestic and international process service corporation located in Atlanta, Georgia. Plaintiffs retained Ancillary Legal to help them comply with the terms of the Convention.
>
> [6] The Central Authority is the governmental agency that must be designated by each State Party to the Hague Service Convention. This agency is organized under the laws of each individual State and has the obligation to receive requests for service coming from other States. The agency must then effect service in conformity with the State's internal law for the service of documents. Hague Service Convention, arts. 2, 5, 20 U.S.T. 361.

In early August 2022, after Ancillary Legal's failure to provide any update from the Central Authority in India, Plaintiffs retained a separate group-Viking Advocates, LLC-to serve Wheels India via the Central Authority. [7] Thus, the Central Authority had been contacted twice and had been expected to effect service on Wheels India. The Central Authority confirmed receipt of this packet on August 16, 2022. Plaintiffs requested another 90-day extension in October 2022 after they were informed that the service packet could not be served on Wheels India based on an "address *4 issue." Soon thereafter, Plaintiffs received confirmation from a bailiff in India that the notice was refused by the addressee.[8]

> [7] Upon being hired, Viking Advocates advised the Plaintiffs that India's Central Authority-a small, overworked entity-could take two years to serve process, in part, because of the COVID-19 pandemic. This advice from Viking was conveyed to the district court in a declaration supporting Plaintiffs' motion to stay the proceedings pending service on Wheels India.
>
> [8] This development is significant because this address issue and refusal led Plaintiffs to believe that they did not know the proper address for Wheels India.

Believing that they were no longer constrained by the Hague Service Convention, which only applies when the address of the party to be served is known, Plaintiffs moved the court, on December 12, 2022, to allow them to serve Wheels India electronically under Rule 4(f)(3). *See* FED. R. CIV. P. 4(f)(3) (allowing service of process on a foreign defendant "by other means not prohibited by international agreement"); *see also* Hague Service Convention, art. 1, 20 U.S.T. 361. Three days later, the district court denied the Plaintiffs' motion because they had failed to demonstrate reasonable due diligence or good cause for failure to effect timely service. The district court then dismissed the Plaintiffs' claims against Wheels India without prejudice. Plaintiffs now appeal.

II.

2

Although the district court's dismissal was without prejudice, the district court noted that the statute of limitations likely bars future litigation. We therefore treat the dismissal as a with-prejudice dismissal. *Lozano v. Bosdet*, 693 F.3d 485, 489-90 (5th Cir. 2012) (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008)). We review a district court's dismissal of a claim with prejudice for abuse of discretion. *See id.* Our review, however, is more exacting and requires heightened scrutiny when the dismissal bars further litigation. *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). We have noted that such dismissals should be in the interest of justice because dismissal with prejudice "is an extreme sanction that *5 deprives a litigant of the opportunity to pursue his claim." *Gonzalez v. Firestone Tire &Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980).

To determine if a dismissal that effectively forecloses further litigation is in the interest of justice, we inquire whether there is "a clear record of delay or contumacious conduct by the plaintiff." *Millan*, 546 F.3d at 326 (quotation marks and citation omitted). Contumacious conduct is "stubborn resistance to authority" sufficient to justify a dismissal with prejudice. *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988) (quotation marks and citation omitted). Contumacious conduct is *not* negligence-regardless of how exasperating or careless. *Id.* Further, to justify such a dismissal, a delay must be "characterized by significant periods of total inactivity." *Millan*, 546 F.3d at 326-27 (quotation marks and citation omitted).

III.

The question before us is whether the district court abused its discretion by dismissing a Complaint in which service had failed under the Hague Service Convention after a period of twenty-two months.

Because dismissal is the effective death knell of this case, the conduct upon which the district court dismissed the case must be contumacious, meaning, essentially, there is no reasonable justification for the plaintiffs' conduct. *See Millan*, 546 F.3d at 326 *and McNeal*, 842 F.2d at 792. In applying this standard of review here, we find that the conduct of insisting on exhausting service under the Hague Service Convention before resorting to Rule 4(f)(3) does not justify dismissal of the Complaint.

We have generally only affirmed dismissals with prejudice in the presence of aggravating factors, such as when the delay: (1) was caused by the plaintiff itself, as opposed to by counsel; (2) resulted in actual prejudice to the defendants; or (3) was caused by intentional conduct. *McNeal*, 842 F.2d at 792. We reserve dismissals with prejudice for "cases where the plaintiff's *6 conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice but to deny that plaintiff its benefits." *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982).

Such factors do not point toward dismissal based on the record before us. First, the circumstances do not indicate that the Plaintiffs themselves caused this delay. The delay was caused by a foreign governmental entity, which neither Plaintiffs nor the court can control. Internal issues at India's Central Authority, exacerbated by the COVID-19 pandemic, thwarted expedient process service. But these issues and delays were beyond the control of client and counsel.

Plaintiffs have abided by district court deadlines and have requested extensions when needed. Plaintiffs twice attempted to effect service on Wheels India through the Central Authority, followed up with the company that initially submitted the service packet to the Central Authority, hired a second company to again attempt service, and requested-and were granted-ten extensions to serve Wheels India. Although the district court ultimately perceived Plaintiffs' explanations for requesting extensions as inadequate and substantially similar, this

"understandably exasperating" conduct does not rise to the level of contumely. *McNeal*, 842 F.2d at 792.

Second, the record does not demonstrate that the delay unduly prejudiced Wheels India. Any minor, time-based prejudice is likely mitigated if, as Plaintiffs assert, Wheels India is aware of the case against it. *Lozano*, 693 F.3d at 490 (actual prejudice is no concern where facts indicate that an unserved defendant is aware of proceedings against them).

Third, nothing in the record indicates that the Plaintiffs' failure to serve process was intentional. The district court reasoned that Plaintiffs failed to demonstrate reasonable due diligence or good cause for their failure to timely effect service because Plaintiffs should have sought electronic *7 service under Rule 4(f)(3) [9] earlier. Thus, the district court reasoned, Plaintiffs were negligent in failing to pursue alternative methods of service. Plaintiffs contest this reasoning, arguing that adherence to the Hague Service Convention is mandatory. They, therefore, could not pursue alternate means of service under Rule (4)(f)(3) until they could show the treaty was inapplicable. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) ("[C]ompliance with the Convention is mandatory in all cases to which it applies"). Plaintiffs assert that they were bound by the Hague Service Convention until they received the letter from the Central Authority informing them that service of process had been refused. *See* Hague Service Convention, art. 1, 20 U.S.T. 361.

> [9] Rule 4(f)(3) states, "Unless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed-may be served at a place not within any judicial district of the United States[] by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(3). We note that, here, Wheels India is a foreign corporation, and thus, Rule 4(h) is the proper rule for service.

Rule 4(h)(2), however, allows for service of process of a foreign corporation "in any manner prescribed by Rule 4(f) for serving an individual." FED. R. CIV. P. 4(h)(2). Accordingly, we only discuss service under Rule 4(f)(3).

The Plaintiffs' decision to exhaust service under the treaty before seeking alternative service under Rule 4(f)(3) cannot be intentional delay because the Supreme Court has not provided guidance as to how the requirements of the Convention interact with a court's authority to order alternative service under Rule 4(f)(3). Although the Convention itself contemplates alternative means of service "by postal channels" or "through judicial officers, officials, or other individuals in the State of destination," India has expressly objected to this Article. Hague Service Convention, art. 10, 20 U.S.T. 361. We have held, however, that the Hague Service Convention does not displace Rule 4(f)(3). *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018). But this precedent does not *8 mean that the Plaintiffs' failure to invoke Rule 4(f)(3) earlier constitutes contumacious conduct.

Given the fact that both the United States and India are parties to the Convention and considering the numerous efforts and occasions to effect service under the treaty, we cannot say that the conduct leading up to the dismissal was contumacious and warrants dismissal. Although Plaintiffs' failure to attempt service under Rule 4(f)(3) earlier may have been negligent, mere negligence is not contumacious. *McNeal*, 842 F.2d at 792.

We note, in passing, that the record does not indicate "significant periods of total inactivity" in the case itself, or in the Plaintiffs' attempts at service. *Millan*, 546 F.3d at 326. As we have held, the deadline for service mandated in Rule 4(m) does not apply when serving foreign defendants; in such cases, "[g]ood faith and reasonable dispatch are the proper yardsticks." *Lozano*, 693 F.3d at 489; *see also* FED. R. CIV. P. 4(m).

Plaintiffs initially dispatched their service packet within a month of the case's removal to federal court. This timely dispatch shows that Plaintiffs attempted to properly effect service soon after the case was removed. Thus, given the absence of a clear record of purposeful delay, or contumacious conduct, or any other aggravating factors, the district court abused its discretion by dismissing Plaintiffs' claims against Wheels India. It follows that the denial of the motion to serve process under Rule 4(f)(3) was erroneously denied.

IV.

Accordingly, the district court's dismissal of Wheels India is VACATED, the denial of Plaintiffs' motion to serve Wheels India under Rule 4(f)(3) is REVERSED, and the case is REMANDED for further proceedings not inconsistent with this opinion.

VACATED, REVERSED, AND REMANDED.

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.



5

- 1 -

**CERTIFICATE OF SERVICE**

I, Raja Rajan, hereby certify that on December 3, 2024 a true and correct copy of the foregoing was served via email to counsel listed below:

Michael D. Homans
ID No. 76624
HOMANSPECK, LLC
mhomans@homanspeck.com

Michael P. Kohler*
MILLER & MARTIN PLLC
Michael.Kohler@millermartin.com

*Attorneys for Plaintiff Mark L. Bunce*

Timothy McCarthy

tim@burlingtonresources-asia.com

*Third-Party Defendant*

/s/ Raja Rajan                                      December 3, 2024
Raja Rajan,
Esquire Attorney
I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002

raja@rajanlawgroup.com

*For Defendants Visual Technology Innovations, Inc. and Mathu Rajan*

- 1 -