IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK L. BUNCE,<br>　　　　　*Plaintiff*, | :<br>:<br>: |
| v. | : CIVIL ACTION<br>: NO. 23-1740 |
| VISUAL TECHNOLOGY INNOVATIONS,<br>INC., and MATHU RAJAN,<br>　　　　　*Defendants*. | :<br>:<br>: |

### ORDER

**AND NOW**, this **8th** day of **January 2025**, upon consideration of Plaintiff's Motion for Discovery Sanctions and for an Award of Attorneys' Fees (ECF No. 89), Defendants' Response (ECF No. 103), Plaintiff's Reply (ECF No. 106), and the parties' representations made at the hearing on January 7, 2025, it is hereby **ORDERED** as follows:

1. Defense Attorney Raja Rajan did not comply, in part, with this Court's August 13, 2024 Order.[1]

---

[1] This Court's August 13, 2024 Order required, among other things, the following:

> No later than August 26, 2024, defendants shall serve on plaintiff an answer, under oath, to Plaintiff's Interrogatory No. 16, explaining how VTI used and spent the $1,050,000 that plaintiff provided to VTI, or in the alternative, explaining how VTI used and spent all of its money, identifying all dates, recipients, amounts and documentation as to each transfer or transaction involving any portion of such funds. To the extent defendants are unable to answer this interrogatory, they must explain, under oath, the reasons why they cannot answer it.

ECF No. 87. Plaintiff argued in his briefing and at the January 7, 2025 hearing that defense attorney, Raja Rajan, did not comply with the Order. ECF No. 89 at 9-10.

Mr. Rajan responded that Suby Joseph, who submitted a declaration in this matter, "maintained and reviewed the bank statements of VTI in the 2021 time frame and performed services to estimate how [Plaintiff's] investments may have been spent though his funds were commingled with other investors." ECF No. 103 at 8. Mr. Joseph provided "a full spreadsheet listing as to how he estimates the money from [Plaintiff] may have been used by VTI." Id. at 9, 41-42 (Exhibit C – Declaration of Suby Joseph). The spreadsheet organizes information under seven separate columns: Date, Description in Bank Statement, Category, Bank Account, WF 5235, Bunce funds – remaining balance, and Comments. Id. at 43-58.

1

2. Under Fed. R. Civ. P. 37(b)(2)(C), Raja Rajan is **ORDERED** to compensate Plaintiff counsel for reasonable expenses, including attorneys' fees, incurred in preparing the discovery-sanction portion of Plaintiff's motion and associated with the hearing on January 7, 2025. Plaintiff counsel shall submit **by January 17, 2025** an accounting of expenses, and the Court will then decide the reasonableness of Plaintiff's submitted expenses.

BY THE COURT:

_____
HON. KAI N. SCOTT
United States District Court Judge

---

However, Mr. Rajan submitted to Plaintiff a redacted version of the spreadsheet, with only the "Date" and "Category" columns visible. Id. Mr. Rajan attempted to justify the redactions by claiming the redacted information was "sensitive." But rather than seeking to file the spreadsheet under seal, for instance, Mr. Rajan instead chose to defy this Court's Order and redact all meaningful portions of the spreadsheet.

In addition, Mr. Rajan argued that Plaintiff could have cross-referenced VTI's bank statements with the provided dates listed in the spreadsheet. However, the Order clearly mandated that *Defendants*, not Plaintiff, explain "how VTI used and spent the $1,050,000 that plaintiff provided to VTI, or in the alternative, [explain] how VTI used and spent all of its money, identifying all dates, recipients, amounts and documentation as to each transfer or transaction involving any portion of such funds." ECF No. 87. It was not Plaintiff's responsibility to engage in Defendant's proposed cross-referencing exercise, but rather, it was Defendant's *court ordered* responsibility to submit information regarding how VTI had spent Plaintiff's loaned $1,050,000.

Therefore, this Court finds Mr. Rajan did not comply, in part, with the August 13, 2024 Order. *See, e.g., McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 249 (3d Cir. 2014) (affirming sanctions of reasonable expenses against defendant for failing to provide invoices related to debt, as set out in the district court's discovery order).