**IN THE UNITED STATES DISTRICT COURT FOR**

**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARK L. BUNCE,<br><br>Plaintiff, | : : : : | |
| vs. | : | |
| VISUAL TECHNOLOGY<br>INNOVATIONS, INC.<br> and<br>MATHU G. RAJAN,<br><br>Defendants/Counterclaim and Third-<br>Party Plaintiffs | : : : : : : : : | Civil Action Case No.<br>C.A. No. 2:23-cv 01740 |
| vs. | : | |
| Mark Bunce,<br> Counterclaim Defendant<br> and | : : : | |
| Timothy McCarthy<br> Third -Party Defendant | : : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**FOR MOTION TO WITHDRAWAL OF COUNSEL**
**WITHOUT A HEARING OF CLIENT**

I.      **PROCEDURAL POSTURE**

Discovery is completed but the Court never ruled on the dueling summary judgment motions which have been fully briefed.  On January 6, 2025 both Defendants filed separately different bankruptcy petitions causing the immediate Bankruptcy automatic stay. In open court, the Court indicated she was unhappy with the timing of the bankruptcy filing.  The undersigned explained it was due to opposing counsel not responding to settlement offers in emails and calls.

The Court held argument anyway on January 7, 2025, the next day and sanctioned undersigned counsel.  The Court order stated:

ORDER THAT THE DEFENSE ATTORNEY RAJA RAJAN DID NOT COMPLY, IN PART, WITH THIS COURT'S AUGUST 13, 2024 ORDER. UNDER FED. R. CIV. P. 37(B)(2)(C), RAJA RAJAN IS ORDERED TO COMPENSATE PLAINTIFF COUNSEL FOR REASONABLE EXPENSES, INCLUDING ATTORNEYS' FEES, INCURRED IN PREPARING THE DISCOVERY-SANCTION PORTION OF PLAINTIFFS MOTION AND ASSOCIATED WITH THE HEARING ON JANUARY 7, 2025. PLAINTIFF COUNSEL SHALL SUBMIT BY JANUARY 17, 2025 AN ACCOUNTING OF EXPENSES, AND THE COURT WILL THEN DECIDE THE REASONABLENESS OF PLAINTIFFS SUBMITTED EXPENSES. SIGNED BY DISTRICT JUDGE KAI N. SCOTT ON 1/8/25. 1/8/25 ENTERED

## II.    RELEVANT SUMMARY OF FACTS

This case largely concerns a repayment of investment monies of Mark Bunce ("**Bunce**") since he invested in venture debt.  In 2021, Bunce invested in a Nevada-incorporated company called Visual Technology Innovations, Inc. ("**VTI**") three (3) times. Bunce was induced to invest in VTI by a third party by the name of Timothy McCarthy ("**McCarthy**").  McCarthy had promised in writing to VTI to invest thirty million dollars ($30,000,000) in February of 2021. Plaintiff reviewed McCarthy's investment documents and talked to him several times.

Plaintiff attached to his Complaint a letter from McCarthy investment management company (Exhibit 2 to Complaint) and VTI's drawdown of McCarthy's ($29,000,000) investment promises (Exhibit 4 to Complaint).

## III.    ARGUMENT

### A.  Introduction

In open Court, the Court expressed an opinion that the undersigned legal counsel representing his brother may be a conflict of interest.  In light of the Court sanctioning counsel, a conflict exists now certainly and is an impediment to adequate legal representation.

Whether Mathu Rajan can attend a hearing to determine the propriety of the legal withdrawal should not be a consideration in light of his declaration attached hereto as Exhibit A.  He has

been informed and in light of his and VTI's Bankruptcy filings, and his health issues and medical treatment, Mathu Rajan believes he will have ample time to obtain new legal

### B.  Withdrawal is Permitted Under the Rules of Professional Conduct and Local Rules

Under ABA Model Rule 1.16 and Pennsylvania Rule 1.16 also, an attorney may withdraw if representation will result in a violation of the rules of professional conduct or other law, or if the attorney-client relationship has broken down irreparably.

Here, the Court's sanction on counsel has created a conflict of interest and undermined counsel's ability to represent Visual Technology Innovations, Inc. and Mathu G. Rajan effectively. The breakdown of trust and communication between counsel and the clients further justifies withdrawal.

### C.  Withdrawal Will Not Prejudice the Client or Unduly Delay Proceedings

Visual Technology Innovations, Inc. and Mathu G. Rajan has been advised of counsel's intent to withdraw and has been given reasonable time to retain substitute counsel. This Motion is filed in good faith and not for purposes of delay.

### D.  The Court Has Discretion to Permit Withdrawal

The Court has broad discretion to allow counsel to withdraw where continued representation would be inequitable or impracticable. See *McNally v. Eyeglass World, LLC*, 897 F. Supp. 2d 1067 (D. Nev. 2012). Under the ABA Model Rules of Professional Conduct, particularly Rule 1.16, a lawyer may withdraw if it can be done without materially impairing the client's interests, or if the lawyer has a valid reason for withdrawal (such as a conflict of interest, breakdown in the attorney-client relationship, or other ethical issues).

- 4 -

Courts have looked at the reason for withdrawal, the client's consent, and verifying unlikely prejudice to the client.  The standard is codified in the Rules of Professional conduct 1.16. Given the circumstances, withdrawal is in the best interest of all parties and the administration of justice particularly in light of Mathu Rajan's declaration.

## IV.    CONCLUSION

For the foregoing reasons, counsel respectfully requests that this Court grant the Motion to Withdraw as Counsel of Record for Raja Rajan.

Dated: January 13, 2025    Respectfully submitted,

/s/ Raja Rajan

Raja Rajan, Esquire
Attorney I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002
raja@rajanlawgroup.com

EXHBIT A—Declaration of Mathu Rajan

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK L. BUNCE,<br>Plaintiff, | : : | |
| vs. | : | |
| VISUAL TECHNOLOGY INNOVATIONS, INC.<br>and<br>MATHU G. RAJAN,<br>Defendants/Counterclaim and Third-<br>Party Plaintiffs | : : : : : : | Civil Action Case No.<br>C.A. No. 2:23-cv 01740<br><br>**Declaration of Mathu Rajan** |
| vs. | : | |
| Mark Bunce,<br>Counterclaim Defendant and | : : | |
| Timothy McCarthy<br>Third -Party Defendant | : : | |

## DECLARATION

1.      I am providing this declaration in a legal process, and I understand that it may be used in Court.

2.      My name is Mathu Rajan, and I am the founder and chief executive officer of Visual Technology Innovations, Inc.(**"VTI"**).

3.      Mark Bunce sued VTI and me personally in above lawsuit and VTI for alleged breach of contract.

4.      Both VTI and I personally have been fully apprised of my brother's intended withdrawal as our legal counsel in light of the sanction awarded against him personally.

5.      I do not need a hearing to determine the propriety of his legal withdrawal since a) my current medical condition would prevent me participating in a trial in most of 2025 and b) in light of that fact and the Bankruptcy filings of VTI and myself, I will not be prejudiced in any manner to retain other legal counsel since I have time.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge on the date and time herein noted.*

_____
Mathu Rajan

Date: 1/11/2025

**CERTIFICATE OF SERVICE**

I, Raja Rajan, hereby certify that on January 14, 2025, a true and correct copy of

the foregoing was served via email as listed below:

Mathu G. Rajan and Visual Technology Innovations, Inc. at mathu.rajan@vti-global.com

Michael D. Homans
ID No. 76624
HOMANSPECK,
LLC
mhomans@homanspeck.com

Michael P. Kohler*
MILLER & MARTIN
PLLC
Michael.Kohler@millermartin.com

*Attorneys for Plaintiff Mark L. Bunce*

Timothy McCarthy

tim@burlingtonresources-asia.com

*Third-Party Defendant*

/s/ Raja Rajan                                    January 14, 2025
Raja Rajan,
Esquire Attorney
I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002

raja@rajanlawgroup.com