IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK L. BUNCE,<br><br>                Plaintiff,<br><br>vs.<br><br>VISUAL TECHNOLOGY<br>INNOVATIONS, INC.<br><br>and<br><br>MATHU G. RAJAN,<br><br>                Defendants. | Civil Action<br><br>Case No. 2:23-cv-01740<br><br>**PLAINTIFF'S ACCOUNTING OF FEES AND EXPENSES FOR SANCTIONS** |

In compliance with this Court's Order, Doc. 130, sanctioning Defendants' counsel Raja Rajan, Plaintiff Mark Bunce submits an accounting of his related attorneys' fees and expenses.

## I.  Procedural Background

*A.  Bunce's Underlying Motion to Compel*

Plaintiff Bunce served discovery requests on Defendants that included seeking an accounting of the use of Visual Technology Innovations, Inc.'s money. When Defendants refused to provide this and other information, *see* Doc. 63-11, on May 23, 2024, Plaintiff Bunce filed a motion to compel, which included seeking attorneys' fees under Rule 37. Doc. 63; Doc. 63-1 at 5. Defendants responded to the motion to compel on June 5, 2024. Doc. 67. Bunce filed a reply. Doc. 69. On August 14, 2024, the Court entered an order that, among other things, ordered Defendants to provide a detailed accounting of VTI"s money:

> No later than August 26, 2024, defendants shall serve on plaintiff an answer, under oath, to Plaintiff's Interrogatory No. 16, explaining how VTI used and spent the $1,050,000 that Plaintiff provided to VTI, or, in the alternative, explaining how VTI used and spent all of its money, identifying all dates, recipients, amounts and documentation as to each transfer or transaction involving any portion of such

>funds. To the extent the defendants are unable to answer this interrogatory, they must explain, under oath, the reasons why they cannot answer it.

Doc. 87 at 1–2. Defendants and their counsel did not comply with this order.

### B.   Bunce's Motion for Sanctions and the Court's Sanctions Order

On September 11, 2024, Plaintiff Bunce moved for sanctions. Doc. 89. Among other things, Bunce sought sanctions against Defendant's attorney, Raja Rajan, alternatively under Federal Rule of Civil Procedure 37(b)(2)(C), under 28 U.S.C. § 1927, and under the Court's inherent authority based on the willful failure to comply with the Court's order on the motion to compel. Doc. 89-1 at 13–15. Defendants filed their response in opposition to the sanctions motion on September 25, 2024. Doc. 103. Plaintiff Bunce filed a reply on October 2, 2024. Doc. 106.

On November 27, 2024, the Court entered an order setting a status conference for December 9, 2024. Doc. 116. At the conference, the Court set a summary judgment and sanctions hearing on January 7, 2025. Doc. 126. Because Defendants filed for bankruptcy on January 6, 2025, Doc. 128, the Court heard only Plaintiff's motion for sanctions against Defense counsel on January 7, 2025. The Court entered an order granting sanctions personally against Defense counsel Raja Rajan on January 8, 2025. Doc. 130. The Court ordered Plaintiff to submit an accounting of fees and expenses relating to the sanctions motion. *Id*.

## II.   Amount and Reasonableness of Attorneys' Fees and Expenses

The Court must determine the reasonableness of hourly rates and attorneys' fees under the lodestar formula: the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Keister v. PPL Corp.*, 257 F. Supp. 3d 693, 701 (M.D. Pa. 2016), *aff'd*, 677 F. App'x 63 (3d Cir. 2017). "The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable. To meet its burden, the fee petitioner must 'submit

evidence supporting the hours worked and rates claimed.'" *Id*. (citation omitted). The reasonableness of the amount of a fee must be determined based on the facts of each case. *Id*.

The "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended" on the matter at issue. *Keister*, 257 F. Supp. 3d at 701. The Court should exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id*. "After determining the number of hours reasonably expended, the district court must examine whether the requested hourly rate is reasonable. Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community." *Id*. In determining a reasonable fee, the district court "necessarily has discretion in making this equitable judgment." *Keister*, 257 F. Supp. 3d at 701. This is due to "the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters…. There is no precise rule or formula for making these determinations." *Id*. The district court need only "provide a concise but clear explanation of its reasons for the fee award" and "make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Id*.

  A. *Fees and Expenses for Sanctions Motion*

The Court has already determined that Bunce is entitled to recover attorneys' fees and expenses from Defendants' counsel Raja Rajan in relation to the sanctions motion. Doc. 130. For requesting sanctions, Bunce seeks $22,478.50 in attorneys' fees based on 38.8 hours of work and $1,155.97 in expenses. *See* Ex. A, Robert F. Parsley Decl.; Ex. C (summary of fees relating to sanctions motion). In seeking and obtaining sanctions, Bunce incurred attorneys' fees as follows.

First, Bunce incurred $6,737.50 in attorneys' fees based on 12.3 hours of work spent preparing the motion for sanctions. *See* Ex. C (entries 1 – 9). This work entailed reviewing the deficient discovery response from Defendants, briefly conferring about strategy for the motion,

3

adding a request for sanctions to Bunce's motion and brief moving to dismiss the renewed third-party claims), editing the sanctions portion of the motion and brief, preparing exhibits, and reviewing local rules. Bunce seeks fees only for the sanctions portion of the motion.

Second, Bunce's counsel reviewed Defendants' response to the motion for sanctions and prepared a reply brief, which cost $2,298 based on 5 hours of work. *See* Ex. C (entries 10 – 15).

Third, Bunce incurred $13,443 in relation to the court-mandated sanctions hearing. This involved 21.5 hours, broken down as follows: 9 hours of travel from Atlanta, Georgia to Philadelphia for the hearing and back; 11.5 hours preparing for and participating in the hearing; and 1 hour conferring among counsel and with the client. *See* Ex. C (entries 16 – 22). Miller & Martin reduced the amount that could have been sought in preparing for this motion hearing by over $4,400 to account for preparation for the summary judgment portion of the hearing, which did not proceed due to the bankruptcy filings on the day before the hearing. Ex. A ¶ 10.

The time spent was reasonable. Ex. E ¶¶ 12, 16. Bunce's counsel spent only 12.3 hours preparing the sanctions motion and brief and 5 hours preparing the reply. Meanwhile, preparing for, traveling to and from, and participating in the court's mandatory hearing took 20.1 hours.

B.  *Reasonableness of Hourly Rates*

The amounts for attorneys' fees set forth above are based on the following hourly rates:

| **Experience** | **Attorney:** | **Billed Hourly Rate:** | **2023 CLS hourly rates without inflation** | **2023 CLS hourly rates with inflation (5% annually)** |
|---|---|---|---|---|
| 23 years | Michael P. Kohler | $590/hour (2024) $630/hour (2025) | $630 - $715 | $661 - $750 |
| 19 years | Robert F. Parsley | $535/hour (2024) $570/hour (2025) | $535 - $625 | $561 - $656 |

4

| Experience | Attorney: | Billed Hourly Rate: | 2023 CLS hourly rates without inflation | 2023 CLS hourly rates with inflation (5% annually) |
|---|---|---|---|---|
| 10 years | Haley Moody | $435/hour (2024) | $320 - $415 | $336 - $435 |
| 29 years | Michael Homans (local counsel) | $530/hour (2024) | $735 - $850 | $771 - $892 |

*See* Ex. E, Michael Homans Decl., ¶¶ 6, 10.

As explained in the Declaration of Michael D. Homans, who served as local counsel, these rates are reasonable because Bunce's attorneys are skilled and experienced practitioners and the work done was necessary and reasonable. Ex. E. This case involves complex issues relating to fraud and bankruptcy.

The rates charged also fall well within the standard acceptable range of rates for attorneys of comparable experience as set forth in the Community Legal Services of Philadelphia, which is available at https://clsphila.org/about-community-legal-services/attorney-fees/ (effective Jan. 19, 2023). Ex. A ¶¶ 6–8; Ex. E ¶¶ 2, 7. The United States Court of Appeals for the Third Circuit and courts in this judicial district have "endorsed the fee schedule promulgated by Community Legal Services of Philadelphia ('CLS') as 'well developed' and 'a fair reflection of the prevailing market rates in Philadelphia.' The CLS fee schedule was most recently updated for an effective date of January 19, 2023." *Donofrio v. IKEA US Retail, LLC*, No. CV 18-599, 2024 WL 3511614, at *2 (E.D. Pa. July 23, 2024). "Some district courts in the Third Circuit have adjusted the CLS fee schedule rates upwards to account for inflation. *See id*. (adjusting rates upward by 5% annually); Ex. E ¶¶ 9, 16.

C.  *Expenses*

Bunce also seeks $1,155.97 in expenses incurred in relation to his motion for sanctions:

| No. | Exhibit Pages | Item | Amount |
|---|---|---|---|
| 1. | 3 – 10 | Flight from Atlanta, GA to Philadelphia, PA 1/6/25 and return flight 1/7/25 | $758.57 |
| 2. | 11 – 13 | Hotel in Philadelphia one night 1/6/25 to 1/7/25 | $228.70 |
| 3. | 14 | Taxi fee from airport to hotel 1/6/25 | $ 34.80 |
| 4. | 15 – 18 | Uber fee from hotel to airport 1/7/25 | $ 62.46 |
| 5. | 19 | Meal 1/7/25 | $ 28.76 |
| 6. | 20 | Meal 1/6/25 | $ 12.68 |
| 7. | | Tips (no receipts) | $ 30.00 |
| | | **Total Expenses:** | **$1,155.97** |

Ex. A ¶ 4; Ex. D at 2. These expenses are reasonable because they were necessarily incurred in traveling to and from and participating in the Court's mandated hearing on January 7, 2025. Ex. E ¶¶ 13, 16.

D.  *Fees for Seeking Fees*

In this circuit and district, the "'[t]ime spent on fee petition preparation is compensable." *LeJeune v. Khepera Charter Sch.*, 420 F. Supp. 3d 331, 341–42 (E.D. Pa. 2019) (citation omitted). In other words, the "[r]easonable attorney's fees [that Bunce] expended in [preparing and] litigating [this] fee petition are recoverable." *Watcher v. Pottsville Area Emergency Med. Serv., Inc.*, 559 F. Supp. 2d 516, 526 (M.D. Pa. 2008). To hold otherwise would diminish the effectiveness of a sanctions award to deter and punish wrongful conduct by counsel.

Bunce has incurred $4,902 in attorneys' fees, based on 8.6 hours of work, in the preparation of his accounting of his attorneys' fees and expenses in response to the Court's order, Doc. 130, and demonstration that his fees and expenses are reasonable. Ex. A ¶ 9; Ex. F. This amount and

6

number of hours, based on the same rates discussed above, are reasonable and necessary and were performed in compliance with this Court's order, Doc. 130. *See* Ex. E ¶ 15. Not all fees incurred in preparing the accounting are being sought. *Id.*; Ex. A ¶ 10.

    E.    *Fees for Motion to Compel*

Bunce's motion for sanctions necessarily depends on his first having obtained an order compelling Defendants to provide certain information, which they refused to provide. Without the motion to compel, Bunce could not have sought or received the sanctions. The Court thus may wish to include in the sanctions award the attorneys' fees that Bunce incurred in obtaining the order that Defendants and their counsel refused to comply with.

Bunce incurred a total of $10,250.50 in preparing his motion to compel based on 20.9 hours of legal work. *See* Ex. A ¶ 2; Ex. B. This breaks down as follows: spending 7.4 hours for a total of $3,684 in going through the mandatory meet-and-confer process, Ex. B (entries 1 – 6); spending 6.1 hours for a total of $3,174.10 drafting the motion to compel and supporting brief, Ex. B (entries 7 – 13); and spending 7.4 hours reviewing and analyzing Defendants' response and preparing a reply brief for a total of $3,288. These amounts, which are based on the same rates discussed above, are reasonable and necessary. Ex. E ¶ 14. In sum, if the Court were to consider fees spent on the underlying motion to compel to be compensable along with the sanctions motion, then it should award to Bunce and tax against Defendants' counsel Raja Rajan, personally and individually, an additional $10,250.50.

## III.    Conclusion

The Court should award to Bunce and against Defendants' counsel, Raja Rajan, personally and individually, the following attorneys' fees and expenses:

- $22,478.50 in attorneys' fees (based on 38.8 hours of work) incurred in relation to Bunce's request for sanctions; plus $4,902 in attorneys' fees (based on 8.6 hours of work) spent preparing this accounting of fees and expenses and demonstrating their reasonableness. The total amount of fees sought for sanctions-related work is $27,380.50.

- In addition, if the Court intends to award Bunce the fees he necessarily incurred in preparing his underlying motion to compel, without which the sanctions could not have been sought or awarded, then the Court should also award to Bunce and against Raja Rajan an additional $10,250.50 in attorneys' fees (based on 20.9 hours of work). Were the Court to do so, it would increase the overall total of attorneys' fees to $37,361.

- $1,155.97 in expenses.

Respectfully submitted,

By: */s Michael D. Homans*
    Michael D. Homans
    ID No. 76624
    HOMANSPECK, LLC
    230 Sugartown Road
    Suite 218
    Wayne, PA 19087
    (215) 419-7463
    mhomans@homanspeck.com

    *Attorneys for Plaintiff Mark L. Bunce*

Michael P. Kohler, *admitted pro hac vice*
MILLER & MARTIN PLLC
Regions Plaza Suite 2100
1180 West Peachtree Street, NW
Atlanta, Georgia 30309-3407
(404) 962-6100
Michael.Kohler@millermartin.com

8

*s/ Robert F. Parsley*
Robert F. Parsley, *admitted pro hac vice*
Tennessee Bar. No. 23819
MILLER & MARTIN PLLC
832 Georgia Ave., Suite 1200
Chattanooga, TN 37402
Office: 423.756.6600
Bob.Parsley@millermartin.com

*Attorneys for Plaintiff Mark L. Bunce*