IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK L. BUNCE, | : |
|     *Plaintiff*, | : |
| | : |
| v. | :   CIVIL ACTION |
| | :   NO. 23-1740 |
| VISUAL TECHNOLOGY INNOVATIONS, | : |
| INC., and MATHU RAJAN, | : |
|     *Defendants*. | : |

## ORDER

**AND NOW**, this **21st** day of **January 2025**, upon consideration of Defense Attorney Raja Rajan's Motion for Leave to Appeal of Sanctions of Defense Counsel (ECF No. 132), it is hereby **ORDERED** as follows:

1. Mr. Rajan's Motion for Leave to Appeal of Sanctions of Defense Counsel is **DENIED**.[1]

---

[1] Mr. Rajan is reminded of his legal and ethical duties under Federal Rules of Civil Procedure 11(b)(2) and Pennsylvania Rules of Professional Conduct ("RPC"). Fed. R. Civ. P. 11; 3.3. Pa. RPC Rule 3.3.

Rule 11(b)(2) states that an attorney presenting a written motion, among other things, to a court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." RPC Rule 3.3 states that "A lawyer shall not knowingly . . . make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

<u>Potential Rule 11(b)(2) Violations</u>

This Court doubts whether Mr. Rajan's legal contentions contained in his Motion for Leave to Appeal of Sanctions of Defense Counsel ("Appeal Motion") are warranted under existing law to the best of his knowledge, information, and belief and formed after an inquiry reasonable under the circumstances.

First, this Court takes issue with paragraph five in Mr. Rajan's proposed order:

> "In the context of sanctions imposed on an attorney for alleged discovery abuse, courts have consistently found that such orders meet the criteria for appealability under the collateral order doctrine, particularly when they involve significant damage to the attorney's reputation or their ability to practice law, which cannot be undone by later appeal

1

> from a final judgment. See Behm v. Lockheed Martin Corp., 460 F.3d 860 (7th Cir. 2006); Degen v. United States, 517 U.S. 820 (1996)."

Appeal Motion at 3. "Behm v. Lockheed Martin Corp., 460 F.3d 860 (7th Cir. 2006)" is not a case citation, nor is there a reasonably detectable typo that may lead the Court to find the applicable case citation that supports Mr. Rajan's proposition. And although this following point is not the immediate subject of this Order, Mr. Rajan also cited "*McNally v. Eyeglass World, LLC*, 897 F. Supp. 2d 1067 (D. Nev. 2012)" in his Motion to Withdraw as Attorney for All Defendants. ECF No. 131 at 9. Again, the Court did not find this case citation. In addition, *Degen v. United States* is related to the rule of disentitlement and contains no discussion that reasonably supports Mr. Rajan's proposition.

Second, Mr. Rajan wrote, "In *Dow Chemical Canada Inc. v. HRD Corp.*, 259 F.R.D. 81, 86 (D. Del. 2009) the Court refused sanctions for several alleged discovery violations including alleged heavy redactions." Appeal Motion at 11. A quick reference to the case's history in Westlaw or Lexis reveals that this decision was later reversed and vacated. *Dow Chem. Canada Inc. v. HRD Corp.*, No. CA 05-023-RGA, 2012 WL 3150379 (D. Del. Aug. 2, 2012) ("The Court thus reverses its prior decision and vacates the Sanctions Order."). Thus, Mr. Rajan's use of the former case as support for his argument against sanctions for discovery violations is improper.

Third, Mr. Rajan cited *Eavenson, Auchmuty Greenwald v. Holtzman* as good law for the proposition that "that an order assessing attorney's fees against a party's former counsel was effectively unreviewable on appeal from final judgment and the requirements were satisfied, so such a ruling could be immediately appealed as a collateral order." Appeal Motion at 13; 775 F.2d 535, 539 (3d Cir. 1985). Again, a quick review of Westlaw or Lexis's case treatment tools reveals that *Eavenson* was impliedly overruled for the very proposition that Mr. Rajan cites it for. *See Comuso v. Nat'l R.R. Passenger Corp.*, 267 F.3d 331, 339 (3d Cir. 2001) ("Therefore, our decisions in *Eavenson* and *In re Tutu Wells* are no longer good law to the extent that they conflict with *Cunningham*."); *see also Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 209 (1999) ("we do not think that the appealability of a Rule 37 sanction imposed on an attorney should turn on the attorney's continued participation . . . While we recognize that our application of the final judgment rule in this setting may require nonparticipating attorneys to monitor the progress of the litigation after their work has ended, the efficiency interests served by limiting immediate appeals far outweigh any nominal monitoring costs borne by attorneys. For these reasons, an attorney's continued participation in a case does not affect whether a sanctions order is "final" for purposes of § 1291.").

The Court is cognizant that attorneys are permitted, even encouraged, to make creative case comparisons and stretch existing caselaw to support their arguments. However, advocacy is still confined by Rule 11(b) and counsel must make reasonable inquiries under the circumstances to ensure his legal contentions are warranted by existing law. Counsel is not permitted to cite non-existent cases or represent to the Court that reversed, vacated, or overruled cases are valid authorities for legal propositions submitted to the Court.

Potential RPC Rule 3.3 Violations

Under Pennsylvania's ethics rules, Mr. Rajan cannot knowingly make a false statement of material law to this Court. Pa. RPC Rule 3.3. The Court references its discussion above and reminds Mr. Rajan of his ethical duty of candor toward the Court.

2. Under Federal Rules of Civil Procedure 11(c)(3), Mr. Rajan is **ORDERED** to show cause **by January 31, 2025** as to why his statements in his Motion for Leave to Appeal of Sanctions of Defense Counsel and Motion to Withdraw as Attorney for All Defendants (ECF No. 131) has not violated Rule 11(b).[2]

**BY THE COURT:**

_____
**HON. KAI N. SCOTT**
**United States District Court Judge**

---

[2] Specifically, Mr. Rajan is directed to show cause as to the following deficiencies in his filings: (i) the *Behm v. Lockheed Martin Corp.*, 460 F.3d 860 (7th Cir. 2006) citation, (ii) the *McNally v. Eyeglass World, LLC*, 897 F. Supp. 2d 1067 (D. Nev. 2012) citation; (iii) the *Degen v. United States*, 517 U.S. 820 (1996) citation; (iv) the *Dow Chemical Canada Inc. v. HRD Corp.*, 259 F.R.D. 81 (D. Del. 2009) citation; and (v) the *Eavenson, Auchmuty Greenwald v. Holtzman*, 775 F.2d 535 (3d Cir. 1985) citation.