IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| MARK L. BUNCE, | : | |
| :--- | :--- | :--- |
| Plaintiff, | : | |
| vs. | : | |
| VISUAL TECHNOLOGY INNOVATIONS, INC. and MATHU G. RAJAN, | : | Civil Action Case No. C.A. No. 2:23-cv 01740 |
| Defendants/Counterclaim and Third-Party Plaintiffs | : | |
| vs. | : | |
| Mark Bunce, Counterclaim Defendant and Timothy McCarthy Third -Party Defendant | : | |

**OPPOSITION MEMORANDUM OF LAW
FOR DETERMINATION OF SANCTIONS**

Defendant Mathu Rajan created VTI and other entities to reacquire the technology of Stream TV Network, Inc which is in Bankruptcy. Plaintiff invested in VTI along with many other investor invested in VTI for that reason and the alleged over-redaction was to protect Defendants from third parties obtaining details of payments that may affect the Stream TV Network, Inc Bankruptcy. The Court concluded that the over-redaction was a violation of its earlier discovery order.

On January 8, 2025, [docket 130] the Court ruled sanctions under Federal Rule of Civil Procedure 37(b)(2)(C) against defense counsel but has not yet ruled on the amount to be awarded. (referred hereinafter as "**Sanctions**"). Raja Rajan was planning to file this document asking the Court to grant an appeal under the collateral order doctrine before the sanctions amount is determined as allowed under case like *Martin v. Brown,* 63 F.3d 1252, 1259 (3d Cir.

1995) citing *Eavenson, Auchmuty Greenwald v. Holtzman,* 775 F.2d 535, 537 (3d Cir. 1985) (applicability of the collateral order doctrine to appeals of attorney sanctions). However, it appears the Court already ruled that an immediate appeal would be denied on January 21, 2025 [docket 136]. Therefore, Raja Rajan will only address the lack of reasonableness of Plaintiff's requested Sanction amount. Plaintiff seeks $27,380.50 + $37,361 in attorneys' fees and $1,155.97 in expenses as a Sanction. PLAINTIFF'S ACCOUNTING OF FEES AND EXPENSES FOR SANCTIONS [docket 133] page 8.

The amount of Sanctions sought by Plaintiff's counsel is unreasonable and improper. The amount of Sanctions should be limited to one issue for which Sanctions were awarded by the Court. The Court explained its rationale for determining a Sanction was warranted in a footnote that reads:

> This Court's August 13, 2024 Order required, among other things, the following:
>
>> No later than August 26, 2024, defendants shall serve on plaintiff an answer, under oath, to Plaintiffs Interrogatory No. I 6, explaining how VTI used and spent the $1,050,000 that plaintiff provided to VTI, or in the alternative, explaining how **VTI used and spent all of its money,** identifying all dates, recipients, amounts and documentation as to each transfer or transaction involving any portion of such funds. To the extent defendants are unable to answer this interrogatory, they must explain, under oath, the reasons why they cannot answer it.
>
> ECF No. 87. Plaintiff argued in his briefing and at the January 7, 2025 hearing that defense attorney, Raja Rajan, did not comply with the Order. ECF No. 89 at 9-10.
>
> Mr. Rajan responded that Suby Joseph, who submitted a declaration in this matter, "maintained and reviewed the bank statements of VTI in the 2021 time frame and performed services to estimate how [Plaintiff's] investments may have been spent though his funds were commingled with other investors." ECF No. 103 at 8. Mr. Joseph provided "a full spreadsheet listing as to how he estimates the money from [Plaintiff] may have been used by YTL" Id. at 9, 41-42 (Exhibit C - Declaration of Suby Joseph). The spreadsheet organizes information under seven separate columns: Date, Description in Bank Statement, Category, Bank Account, WF 5235, Bunce funds - remaining balance, and Comments. Id. at 43-58.

> However, Mr. Rajan submitted to Plaintiff **a redacted version of the spreadsheet, with only the "Date" and "Category" columns visible**. Id. Mr. Rajan attempted to justify the redactions by claiming the redacted information was "sensitive." But rather than seeking to file the spreadsheet under seal, for instance, Mr. Rajan instead chose to defy this Court's Order and redact all meaningful portions of the spreadsheet.
>
> In addition, Mr. Rajan argued that Plaintiff could have cross-referenced VTI's bank statements with the provided dates listed in the spreadsheet. However, the Order clearly mandated that Defendants, not Plaintiff, explain "how VTI used and spent the $1,050,000 that plaintiff provided to VTI, or in the alternative, [explain] how VTI used and spent all of its money, identifying all dates, recipients, amounts and documentation as to each transfer or transaction involving any portion of such funds." ECF No. 87. It was not Plaintiff's responsibility to engage in Defendant's proposed cross-referencing exercise, but rather, it was Defendant's court ordered responsibility to submit information regarding how VTI had spent Plaintiff's loaned $1,050,000.
>
> Therefore, this Court finds <u>Mr. Rajan did not comply,</u> **in part,** <u>with the August 13, 2024 Order</u>. See, e.g., Mclaughlin v. Phelan Hallinan & Schmieg, LLP, 756 F.3d 240, 249 (3d Cir. 2014) (affirming sanctions of reasonable expenses against defendant for failing to provide invoices related to debt, as set out in the district court's discovery order).

January 8, 2025 Order.  [Docket 130] (emphasis added).

Plaintiff's counsel seeks an amount of Sanctions without any parsing of their time and expenses in limiting the Sanctions to only part as the Court stated.

- The time spent by Plaintiff's Counsel seeking another copy of a discovery answer verification should be deducted from the time spent by Counsel (that request was denied as moot [Docket 87]);

- The time spent by Counsel for Plaintiff misleading the Court as to allegedly missing transcripts should be deducted from the time spent by Counsel (the Court's order[1] only addressed allegedly missing exhibits to transcripts already provided in discovery);

---

[1] The Court's order [docket 87] compelling discovery was expressly about Exhibits and the Defense had to contact old employees and lawyers in good faith to find the allegedly missing Exhibits.  Plaintiff's Counsel did not even specify which Exhibits were allegedly missing.

- A little less than a third[2] of 15-16 Counsel for Plaintiff's Brief[3] was severing or dismissing the third party Complaint and was not dedicated to sanctions in any manner but only to exclude the third party defendant Timothy McCarthy from the lawsuit. That time should be deducted from the from the time spent by Counsel on the Sanctions;

- Only about a page and half of 15-16 pages (from footnote 4) related to the sole issue[4] for which Raja Rajan was sanctioned. The Sanctions amount should be limited to time spent only on that one issue;

- Plaintiff's Counsel even asks for reimbursement for a flight from Atlanta and a hotel stay though one of Plaintiff's counsel [5]is in driving distance from the courthouse. Those types of discretionary expenses (choosing a distant attorney to argue instead of local counsel) should not be included in the amount of Sanctions;

- More than fifty percent (50%) of the hearing/argument was related to calling witnesses to testify and the efforts to obtain Exhibits to transcripts and not directly to the alleged over-redaction. Time dedicated to matters other than the conduct which was sanctioned should not be included.

The Court determined that the over-redaction of the lay witness' Excel sheet providing lay opinions as to how Plaintiff's money was used did not comply with the Court order. In essence, the Court ordered VTI to prove Plaintiff's claim of alleged unjust enrichment by having a lay witness provide expert testimony/information that normally would be part of Plaintiff's

---

[2] The brief contained background, arguments on severing or dismissing McCarthy and a signature page.
[3] BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS, STRIKE, OR SEVER THIRD-PARTY COMPLAINT, FOR DISCOVERY SANCTIONS, AND FOR AWARD OF ATTORNEYS' FEES
[4] The sole issue Raja Rajan was Sanctioned per the Court's order was the alleged over-redaction of an Excel sheet which was part of a public filing.
[5] Michael Hohman has entered his appearance and participated in the only deposition in this case. He is founding partner of Homan and Speck which has offices in Philadelphia, Wayne, and Paoli, Pennsylvania.

expert report and its burden to prove. Normally, discovery is limited to provision of historic facts and documents. Discovery is not a tool usually used to force a party to provide calculations and opinions that were never done or rendered historically.

The Court cites *Mclaughlin v. Phelan Hallinan & Schmieg, LLP,* 756 F.3d 240, 249 (3d Cir. 2014) for the justification for its Sanctions ruling. However, that case was about Sanctions affirmed due to failure to provide invoices related to debt; in this case, the Court asked VTI to determine how Plaintiff's money was used in an investor commingled account which was never estimated in 2021 when Plaintiff invested. But rather VTI had to reconstruct spending three years earlier with a lay witness. That kind of analysis is usually done by an expert—usually a forensic accountant retained by Plaintiff to support their unjust enrichment claim.

Plaintiff was provided VTI bank statements and could have and should have asked for all invoices supporting payments from the bank accounts in which the monies from Plaintiff was placed.

The Appellate Court noted in that same case that "A district court abuses its discretion if it "bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *McLaughlin v. Phelan Hallinan & Schmieg, LLP,* 756 F.3d 240, 248 (3d Cir. 2014). The Court identified that an award of expenses is unjust when circumstances show the alleged failure was substantially justified. *Id.*

In this case, Raja Rajan redacted information in a public filing so his client would not be hurt in any manner[6] in other contentious lawsuits due to the public filing. That kind of care of a

---

[6] Already, Mathu Rajan, the Debtor/Defendant, has had an adverse party in other litigation join his elderly parents in that lawsuit entirely as a strategy to pressure Mathu Rajan for their settlement demands. That lawsuit was never pursued after filing and amending to add Mathu Rajan's elderly parents in March of 2020. Adding relatives to a lawsuit is a strategy already employed by people adverse to Defendant Mathu Rajan in other lawsuits.

client is required by the rules of professional conduct. The other pending litigations are very contentious, and the adverse parties have shown willingness to cross all lines of morality in order to prevail.  A lawyer in those cases, where adverse litigation is pending, attended in the audience in this case for the hearing on January 7, 2025.  He was the only person in audience.  Obviously, there is much interest in the happenings in this case by many people adverse to Defendant Mathu Rajan in other lawsuits.  Was the adverse parties' lawyer told of the sanction hearing by Plaintiff's counsel?  Plaintiff's counsel already has admitted they exchanged emails with lawyers for persons in other lawsuits.   Plaintiff's counsel sought to protect those emails under their claim of parties adverse to Mathu Rajan [docket 22 and 26].  Plaintiff admits that his lawyers are in contact with parties adverse to Defendant Mathu Rajan in other lawsuits.  The legal question for the appellate court was the alleged over redaction "substantially justified" or not.

    The discretion exercised by Raja Rajan in filing a document that contained redactions due to its public nature should be judged in that context and history.  For the foregoing reasons, Raja Rajan request the Sanctions be limited so his reputation is not harmed further by a ruling which will be construed as seriously willful, particularly since the Defendants have both declared bankruptcy.

Dated: January 23, 2025    Respectfully submitted,

/s/ Raja Rajan

Raja Rajan, Esquire
Attorney I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002
raja@rajanlawgroup.com

**CERTIFICATE OF SERVICE**

I, Raja Rajan, hereby certify that on January 23, 2024, a true and correct copy of the foregoing was served via email to counsel listed below:

Michael D. Homans
ID No. 76624
HOMANSPECK, LLC
mhomans@homanspeck.com

Michael P. Kohler*
MILLER & MARTIN PLLC
Michael.Kohler@millermartin.com

*Attorneys for Plaintiff Mark L. Bunce*

Timothy McCarthy

tim@burlingtonresources-asia.com

*Third-Party Defendant*

/s/ Raja Rajan                                                                       January 23, 2024
Raja Rajan,
Esquire Attorney
I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002

raja@rajanlawgroup.com

*For Defendants Visual Technology Innovations, Inc. and Mathu Rajan*

- 1 -