IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK L. BUNCE,<br>    *Plaintiff*, | :<br>:<br>: |
| v. | : CIVIL ACTION<br>: NO. 23-1740 |
| VISUAL TECHNOLOGY INNOVATIONS,<br>INC., and MATHU RAJAN,<br>    *Defendants.* | :<br>:<br>:<br>: |

## ORDER

**AND NOW**, this **30th** day of **January 2025**, upon consideration of the Suggestion of Bankruptcy filed by Visual Technology Innovations, Inc. (ECF No. 128) and the Suggestion of Bankruptcy filed by Mathu Rajan (ECF No. 140), it is hereby **ORDERED** that:

1. All proceedings against the debtor-Defendants Visual Technology Innovations, Inc. and Mathu Rajan are **STAYED**. The Court will not adjudicate any motions against Visual Technology Innovations, Inc. or Mathu Rajan until the automatic stay is lifted, or until further order from this Court.[1]

---

[1] When a party in a federal civil case files for bankruptcy in a federal bankruptcy court, Section 362(a)(1) stays "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

Nothing in this statute bars this Court's consideration of motions against the debtor-Defendants' attorney, Raja Rajan, for collateral violations of a discovery Order (ECF No. 130); potential violations of Federal Rule of Civil Procedure 11 (ECF No. 136); or any other collateral proceedings concerning Mr. Rajan's conduct as counsel in relation to this case. *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 98 (3d Cir. 2008) ("a district court, after the entry of final judgment and the filing of a notice of appeal, retains the power to adjudicate collateral matters such as sanctions under Rule 11."); *see also Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 98 (3d Cir. 1988) ("The district court would have had jurisdiction to consider this Rule 11 motion in any event because it was collateral to the appeal on the merits."); *see also In re Bath and Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 166 n. 8 (3d Cir.2008) ("A district court retains jurisdiction to decide 'collateral' issues—such as sanctions, costs, and attorneys' fees—

2. The Clerk of Court is **DIRECTED** to place a "**STAYED**" flag on the docket of this case.

3. Debtor-Defendants Visual Technology Innovations, Inc. and Mathu Rajan are **DIRECTED** to promptly notify the Court of any order in the Bankruptcy Court granting relief from the automatic stay or otherwise lifting or modifying the automatic stay as it applies to the debtor-Defendants in this case.

BY THE COURT:

_____
HON. KAI N. SCOTT
United States District Court Judge

---

after a plaintiff dismisses an action by notice."); *see also Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992) (Imposing sanctions after remanding a case to state court "does not raise the issue of a district court adjudicating the merits of a case or controversy over which it lacks jurisdiction" because the sanctions order "does not signify a district court's assessment of the legal merits of the complaint.") (internal quotation mark omitted).

Therefore, the Court may assess Mr. Rajan's attorney misconduct to the extent these issues are collateral to the substantive merits of the debtor-Defendants' claims and defenses in this case.