IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK L. BUNCE, | : : : | |
| Plaintiff, | : : | |
| vs. | : : | |
| VISUAL TECHNOLOGY INNOVATIONS, INC. and MATHU G. RAJAN, | : : : : : : : | Civil Action Case No. C.A. No. 2:23-cv 01740 |
| Defendants/Counterclaim and Third-Party Plaintiffs | : : : | |
| vs. | : : | |
| Mark Bunce, Counterclaim Defendant and | : : : : | |
| Timothy McCarthy Third -Party Defendant | : : : | |

## RESPONSE TO ORDER TO SHOW CAUSE

This response is filed by Attorney Raja Rajan ("Rajan"), Defense Counsel, to respond to the Rule to Show Cause Order issued by the Court [Docket 136]. In support of this response, Rajan states the following:

On January 21, 2025, the Court issued an order for undersigned to show cause if a Sanction under Rule 11 is warranted due to inaccurate legal citations. [Docket 136]. The Court's Order noted in footnotes specific improprieties and wrote in pertinent part that

> Specifically, Mr. Rajan is directed to show cause as to the following deficiencies in his filings: (i) the *Behm v. Lockheed Martin Corp.*, 460 F.3d 860 (7th Cir. 2006) citation, (ii) the *McNally v. Eyeglass World, LLC*, 897 F. Supp. 2d 1067 (D. Nev. 2012) citation; (iii) the *Degen v. United States*, 517 U.S. 820 (1996) citation; (iv) the *Dow Chemical Canada Inc. v. HRD Corp.*, 259 F.R.D. 81 (D. Del. 2009) citation; and (v) the *Eavenson, Auchmuty Greenwald v. Holtzman*, 775 F.2d 535 (3d Cir. 1985) citation.

Courts have written that "The standard for imposing sanctions under Rule 11 is an objective one, which asks "whether a reasonable attorney would have acted in a particular way." *Fort Washington Resources, Inc. v. Tannen,* 858 F.Supp. 455, 463 (E.D. Pa. 1994). This reasonableness is determined under the particular circumstances of the case at bar. *Fellheimer, Eichen & Braverman, P.C. v. Charter Tech., Inc.*, 57 F.3d 1215, 1225 (3d Cir. 1995). (emphasis added).

Rajan did not file improper or inaccurate citations intentionally but rather did so inadvertently.  The circumstances in this case are:

   a)  Raja Rajan is a solo practitioner with little to no support as the support he was being provided by other support staff and lawyers significantly diminished;

   b)  as a consequence, draft documents were filed before verification from another research tool was conducted;

   c)  the undersigned uses a legal service that provides accurate legal citation though they use artificial intelligence, and, in this situation, he used a new research tool to create a draft document that proved wildly unreliable though it also used artificial intelligence;

   d)  Use of artificial intelligence from the new service provided legal citations that were incorrect (apparently experts call them "illusions") caused the impropriety which Rajan should have verified before filing the draft document in both the withdrawing of counsel and immediate appeal documents;

   e)  Another legal citation service has always proven reliable in the past, and they use artificial intelligence accurately which caused a false reliance on the new service by Raja Rajan which he would have caught had the draft been verified which is the normal practice; and

f) Rajan believed that he was withdrawing as Defendants' Counsel and the Defendants filed for Bankruptcy protection[1], so the new services using artificial service was relied upon too much. Declaration of Raja Rajan attached hereto as **Exhibit A**.

Of the cases cited by the Court order, only *Eavenson, Auchmuty Greenwald v. Holtzman*, 775 F.2d 535, 537 (3d Cir. 1985) was a proper citation but that decision was overturned partially "…**to the extent that they conflict with Cunningham,**" a US Supreme Court case. *Comuso v. National R.R. Passenger Cor*p., 267 F.3d 331, 339 (3d Cir. 2001) (emphasis added). Raja Rajan argues[2] that this situation is distinguishable from *Cunningham* (*Cunningham v. Hamilton County,* 527 U.S. 198 (1999)) which was distinguished by appellate Courts[3] in eight circuit and nineth circuit.

However, Raja Rajan is mindful that the third Circuit Court went on to write that "…the Supreme Court has consistently rejected a case-by-case approach in deciding whether an order was separate from the merits of the litigation in favor of a per se rule that sanctions orders are inextricably intertwined with the merits of the case. *Comuso v. National R.R. Passenger Cor*p., 267 F.3d 331, 339 (3d Cir. 2001) citing Cunningham,527 U.S. at 206, 119 S.Ct. 1915; *Richardson-Merrell,*472 U.S. at 439, 105 S.Ct. 2757.

Therefore, under that logic by the Third Circuit and the US Supreme Court the new filing by Plaintiff Bunce [docket 139] called the OMNIBUS MOTION FOR ATTORNEYS' FEES

---

[1] It was clear from the communication attempts from the national law firm of Akerman, LLP that Plaintiff had little desire to resolve the lawsuit even if he was offered 100% of his monies, interest, and legal fees. Apparently, that lack of desire of Plaintiff resulted in the Defendants' Bankruptcy filings.

[2] Under the comment by the Appellate Court that "…   …" *Bacher v. Allstate Insurance Company,* 211 F.3d 52 (3d Cir. 2000) (issue of discovery relating to trade secret/privilege). Also under *Martin v. Brown,* 63 F.3d 1252, 1259 (3d Cir. 1995) citing Eavenson, Auchmuty Greenwald v. Holtzman, 775 F.2d 535, 537 (3d Cir. 1985) (applicability of the collateral order doctrine to appeals of attorney sanctions)( a party declared bankruptcy and was protected by stay)

[3] Isaacson v. Manty, No. 12-2384 (8th Cir. July 19, 2013) (Bankruptcy Court appeal) and U.S. v. Fernandez, 231 F.3d 1240 (9th Cir. 2000) (criminal case).

AGAINST DEFENSE COUNSEL is **inextricably related to the underlying merits of the case.** A determination of that motion cannot be determined without a violation of the Bankruptcy automatic stay since both Defendants filed Bankruptcy and a determination would be "**inextricably related to the underlying merits of the case**." That Motion by Plaintiff has not been fully briefed and Raja Rajan asks the briefing to be stayed until disposition of the Bankruptcies so he does not incur possibly unnecessary expense and time.

In this situation, Raja Rajan should not have inadvertently filed an unverified draft document no matter the circumstances. Rajan is deeply sorry and apologetic to the Court and opposing counsel for the waste of time[4]. The undersigned will never again risk filing an unverified draft into a court and goes further to attest that he will endeavor to limit his court room legal representation to rare and unanticipated situations.

Withdrawing as legal counsel and seeking an appeal of sanction award against him personally are not frivolous but common. *Phinisee ex rel. A.P. v. Layser,* CIVIL ACTION No. 14-3896, at *3-4 (E.D. Pa. Dec. 16, 2014) ruled that sanctions were in appropriate under Rule 11 because legal arguments were nonfrivolous. In addition, the language in Rule 11 makes it clear that there is required material intentionality as the improper filing being for an improper purpose such as to harass, cause unnecessary delay or increase the cost of the litigation. Fed. R Civ. P.

---

[4] Several cases showed a different name with the same citation but not for the legal proposition for which they were cited: That is true of *Behm v. Lockheed Martin Corp.,* 460 F.3d 860 (7th Cir. 2006) citation showed up as *Rapid Test Products v. Durham School Services,* 460 F.3d 859 (7th Cir. 2006); McNally v. Eyeglass World, LLC, 897 F. Supp. 2d 1067 (D. Nev. 2012) citation showed up as *United States ex rel. Klein v. Omeros Corp.,* 897 F. Supp. 2d 1058 (W.D. Wash. 2012); *Degen v. United States,* 517 U.S. 820 (1996) showed up as *Rapid Test Products v. Durham School Services,* 460 F.3d 859 (7th Cir. 2006).
    *Dow Chemical Canada Inc. v. HRD Corp.,* 259 F.R.D. 81 (D. Del. 2009) appears to have proper citation but not the proposition for which it was cited. All of those errors of the new artificial service would have been caught had Raja Rajan verified the citations in the draft document with another service before filing. The error was inadvertent and not intentional as the request to withdraw as a lawyer is not a frivolous motion or request. Similarly, the request for immediate appeal under the collateral order doctrine is also not frivolous even though the legal citations were incorrect and wrong.

11(b)(1). Rule 11 sanctions are only proper in "the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Ario v. Underwriting Members of Syndicate 53 at Lloyd's for 1998 Year Acct.*, 618 F.3d 277, 297 (3d Cir. 2010).

The circumstances in the case at bar is that the unprofessionalism was caused by inadvertence and not improper purpose as Rajan already obtained permission to withdraw as legal counsel in this lawsuit without a hearing by Defendants. [docket 131 and see Declaration of Mathu Rajan, exhibit A thereto]. Rajan asks the Court to exercise discretion and consider the totality of the circumstances, including the lack of intent to mislead and the evolving role of AI in legal research.

Rajan has demonstrated a good faith reliance on the technology that is emerging and admits that an unverified draft was inadvertently filed. The draft document citations from artificial intelligence should have been verified by double or triple check through another service meant for lawyers.

There are mitigating circumstances here in the sense that Defendants have filed for Bankruptcy and Rajan is withdrawing from this case. If this case ever goes to disposition due to the Bankruptcy filings automatic stay an appeal under the final disposition of merits may be appealable only then along with many issues relating to the merits. In that case it be without Raja Rajan as he has filed for withdrawal as counsel. If there is a discharge in Bankruptcy of Plaintiffs claims there may be no appeal right for Raja Rajan ever.

The purpose of Rule 11 is to prevent abuse and not to punish errors from poor professionalism. *Doering v. Union Cty. Bd. of Chosen Freeholders,* 857 F.2d 191, 194 (3d Cir. 1988). (Rule 11's primary purpose is deterrence of abuses of the legal system.) *Lease v. Fishel, Civil Action* No. 1:07-CV-0003, at 14 (M.D. Pa. Apr. 3, 2009) (central purpose of Rule 11 is to

deter baseless filings, streamline litigation, and curb abuses of the judicial system citing Cooter Gell v. Hartmarx Corp., 496 U.S. 384, 393-394 (1990).) A rule 11 sanction during the case makes sense to deter bad behavior for the remainder of the case.  The deterrence is largely punishment in this situation as a) end of case; b) attorney has requested withdrawal; and c) Defendants have filed for Bankruptcy protections.

In conclusion, Rajan humbly requests that this Court refrain from Sanctioning him monetarily but instead warns him.  He is already punished that he will have to wait to appeal the earlier Sanctions finding against him only after the amount of Sanctions are determined by the Court.  It may be an appealable order then though the Bankruptcy stay prevents final adjudication on merits.  Therefore, the <u>amount</u> of Sanctions against him will remain on the public record indefinitely in the future.

Dated: January 31, 2025     Respectfully submitted,

<u>/s/ Raja Rajan</u>

Raja Rajan, Esquire
Attorney I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002
raja@rajanlawgroup.com

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK L. BUNCE,<br>        Plaintiff, | : : : | |
| vs. | : | |
| VISUAL TECHNOLOGY INNOVATIONS, INC.<br>and<br>MATHU G. RAJAN,<br>        Defendants/Counterclaim and Third-Party Plaintiffs | : : : : : : : | Civil Action Case No.<br>C.A. No. 2:23-cv 01740<br><br>**Declaration of Raja Rajan** |
| vs. | : | |
| Mark Bunce,<br>        Counterclaim Defendant and | : : | |
| Timothy McCarthy<br>        Third -Party Defendant | : : | |

# **DECLARATION**

1. I am providing this declaration in a legal process, and I understand that it may be used in Court.

2. My name is Raja Rajan, and I am the legal counsel in the above captioned case representing Defendants.

3. Raja Rajan accepted the case since his brother Defendant Mathu Rajan was suffering cancer related health problems; he was also in other **contentious legal matters** in other courts. This Court concluded that lawyers for Plaintiff Bunce do not have to produce lawyer emails with lawyers representing parties <u>adverse</u> to Mathu Rajan [docket 57]. The whole issue was not producing due to claim of privilege (*Common interest privilege, also known as the joint defense privilege, is an extension of attorney-client privilege that protects the compelled disclosure of communications between two or more parties and/or their respective counsel when the parties are **allied in a common legal interest**.*)

4. Raja Rajan is a solo practitioner with little to no support as the support he was being provided by other support staff and lawyers significantly diminished;

5. He filed as a consequence, a draft document before verification of case citations were checked with another service.

# EXHIBIT A

6.      Raja Rajan uses a legal service that provides accurate legal citation though they use artificial intelligence;

7.      In the filing of withdrawal and immediate appeal Raja Rajan filed a draft document that used a new service for him using artificial intelligence as a result of less office assistance and his role was ending as defense counsel in this matter.

8.      Defendants filed for Bankruptcy protection and Raja Rajan obtained permission from his brother Defendant Mathu Rajana to withdraw as legal counsel without a hearing.

9.      Another legal citation service tool has always proven reliable in the past, and they use artificial intelligence accurately which caused a false reliance on the new service/research tool by Raja Rajan which he would have caught had the draft been verified which level of care is the normal practice.

10.      That past accuracy created a false reliance of the new tool used in this situation.

11.      The "buck stops" with Raja Rajan regardless of the circumstances.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge on the date and time herein noted.*

_____      Date: 1/29/2025
Raja Rajan

## CERTIFICATE OF SERVICE

I, Raja Rajan, hereby certify that on January 31, 2025, a true and correct copy of the foregoing was served via email to counsel listed below:

Michael D. Homans
ID No. 76624
HOMANSPECK, LLC
mhomans@homanspeck.com

Michael P. Kohler*
MILLER & MARTIN PLLC
Michael.Kohler@millermartin.com

*Attorneys for Plaintiff Mark L. Bunce*

Timothy McCarthy

tim@burlingtonresources-asia.com

*Third-Party Defendant*

/s/ Raja Rajan                                                      January 31, 2025
Raja Rajan,
Esquire Attorney
I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002

raja@rajanlawgroup.com

*For Defendants Visual Technology Innovations, Inc. and Mathu Rajan*

- 1 -