IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK L. BUNCE,<br><br>    Plaintiff,<br><br>  vs.<br><br>VISUAL TECHNOLOGY INNOVATIONS, INC.<br><br>  and<br><br>MATHU G. RAJAN,<br><br>    Defendants. | Civil Action<br>No. 2:23-cv-01740<br><br>District Judge Scott<br><br>Magistrate Judge Hey |

**PLAINTIFF'S REPLY IN SUPPORT OF ACCOUNTING OF FEES AND EXPENSES FOR SANCTIONS**

Plaintiff Bunce respectfully replies in support of his accounting of attorneys' fees and expenses for sanctions awarded against defense counsel Raja G. Rajan, Pa. Attorney ID No. 58849. *See* Doc. 133.

Raja Rajan contends that the fees sought by Bunce are unreasonable. Doc. 137.

First, he contends that an award of Bunce's fees should be limited to the sole issue of Raja Rajan's intentional refusal to provide an accounting of how VTI's money was spent. Doc. 137 at 2-3. The problem with this is that, as the time sheets indicate, counsel for Bunce had no reason to separately track their time for one issue among several in the motion to compel and for sanctions. This is because Defendants' discovery responses were insufficient in several respects, and Bunce had no way of knowing which he would prevail on or Defendants would finally choose to cure. Although Raja Raja suggest a reduction based on entries relating to more than the single issue of VTI's accounting, he makes no attempt to total those amounts. Doc. 137 at 2-4. When related issues arise from a common set of facts and related legal theories, attorneys'

1

fees do not necessarily have to be reduced just because a claimant was partially successful. *See McKenna v. City of Philadelphia*, 582 F.3d 447, 457 (3d Cir. 2009).

Second, Raja Raja criticizes the Court's sanctions order. "Plaintiff was provided VTI bank statements and could have and should have asked for all invoices supporting payments from the bank accounts in which the monies from Plaintiff was placed." Doc. 137 at 5. But this is exactly what the Court's order granting the motion to compel had already order Raja Rajan and Defendants to do:

> 2. No later than **August 26, 2024**, defendants shall serve on plaintiff an answer, under oath, to Plaintiff's Interrogatory No. 16, explaining how VTI used and spent the $1,050,000 that plaintiff provided to VTI, or, in the alternative, explaining how VTI used and spent all of its money, identifying all dates, recipients, amounts and documentation as to each transfer or transaction involving any portion of such funds. To the extent the defendants are unable to answer this interrogatory, they must explain, under oath, the reasons why they cannot answer it.

Doc. 87 at 1-2. Raja Raja blames Bunce for supposedly not asking for the rights documents, which Defendants undoubtedly possess, as a way to excuse his own failure to do what the Court ordered. This objection is entirely without merit and reflects an unwillingness by Raja Rajan to take responsibility for his own contempt of court. He otherwise tries to excuse his misconduct by improperly rehashing the motion to compel. Doc. 137 at 5-6.

If the Court believes that Bunce's accounting is unreasonable in any respect, it may reduce the amount as the Court sees fit, including by applying an across-the-board percentage reduction to account for any items the Court believes should not be compensated. *See Flores v. Villerose, Inc.*, No. CIV. A. 96-2549, 1996 WL 434195, at *1 (E.D. Pa. July 31, 1996).

                                                        Respectfully submitted,

                                                        Michael D. Homans
                                                        ID No. 76624
                                                        HOMANSPECK, LLC

                                                230 Sugartown Road
                                                Suite 218
                                                Wayne, PA 19087
                                                (215) 419-7463
                                                mhomans@homanspeck.com

                                                *Attorneys for Plaintiff Mark L. Bunce*

Michael P. Kohler, *admitted pro hac vice*
MILLER & MARTIN PLLC
Regions Plaza Suite 2100
1180 West Peachtree Street, NW
Atlanta, Georgia 30309-3407
(404) 962-6100
Michael.Kohler@millermartin.com

<u>s/ Robert F. Parsley</u>

Robert F. Parsley, *admitted pro hac vice*
Tennessee Bar. No. 23819
MILLER & MARTIN PLLC
832 Georgia Ave., Suite 1200
Chattanooga, TN 37402
Office: 423.756.6600
Bob.Parsley@millermartin.com

*Attorneys for Plaintiff Mark L. Bunce*