IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK L. BUNCE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| vs. | : | No. 2:23-cv-01740 |
| | : | |
| VISUAL TECHNOLOGY INNOVATIONS, INC. | : | District Judge Scott |
| | : | Magistrate Judge Hey |
| and | : | |
| | : | |
| MATHU G. RAJAN, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S REPLY IN SUPPORT OF OMNIBUS MOTION FOR ATTORNEYS' FEES AGAINST RAJA RAJAN, ESQ.**

Plaintiff Bunce respectfully replies in support of his omnibus motion for attorneys' fees against Raja G. Rajan, Pa. Attorney ID No. 58849, Doc. 139, and in opposition to Raja G. Rajan's response, Doc. 147.

First, in his response to the Court's show-cause order, Raja G. Rajan, Esq. falsely suggests that the filing of bankruptcy by *Defendants* somehow extends the automatic bankruptcy stay to him as an attorney in this case. Doc. 143. That is incorrect. Defendants Mathu Rajan and VTI each have filed bankruptcy Attorney *Raja G. Rajan*, *Esq*., has not filed bankruptcy, so there is no automatic stay applicable to *him*. And even if he did, the Court would not be precluded from awarding sanctions for litigation misconduct. *See* 11 U.S.C. § 362(b)(4).

In his response to the show-cause order, Raja G. Rajan, Esq. incorrectly cites cases for the proposition that Bunce's motions seeking awards of attorneys' fees against Raja G. Rajan, Esq. personally in his capacity as an attorney are somehow affected by the automatic stay because they are "inextricably related to the underlying merits of the case. A determination of that motion

1

[Bunce's omnibus fee motion] cannot be determined without a violation of the Bankruptcy automatic stay since both Defendants filed Bankruptcy and a determination would be 'inextricably related to the underlying merits of the case.'" Doc. 143 at 4 (emphasis removed).

But as has become typical, the cases Raja G. Rajan, Esq. cites for this proposition do not support it. *See, e.g.*, *Eavenson, Auchmuty Greenwald v. Holtzman*, 775 F.2d 535, 537 (3d Cir. 1985); *Comuso v. National R.R. Passenger Corp.*, 267 F.3d 331, 339 (3d Cir. 2001); *Bacher v. Allstate Insurance Company*, 211 F.3d 52 (3d Cir. 2000); *Cunningham v. Hamilton County*, 527 U.S. 198 (1999); Doc. 143 at 3–4. *Eavenson, Auchmuty Greenwald*, for example, concerns jurisdiction to appeal a sanctions order, and does not involve the bankruptcy automatic stay. *Comuso* concerns the appealability of an interlocutory order under the collateral-order doctrine, and does not involve the bankruptcy automatic stay. *Bacher* deals with appealability of discovery order, and does not involve the bankruptcy automatic stay. And *Cunningham* holds that an order imposing sanctions on an attorney for discovery abuses, not on a contempt theory but solely pursuant to the Federal Rules of Civil Procedure, was not a "final decision" from which an appeal of right would lie, and the case does not involve the bankruptcy automatic stay. Once again, Raja G. Rajan, Esq. misrepresents the law to this Court.

Second, in his response to the omnibus motion for fees, Raja G. Rajan, Esq. now appears to abandon his prior contention that the automatic stay could somehow apply to him: "Plaintiff Bunce cannot financially pursue Defendants which are Debtors in Bankruptcy, so he wants to instead pursue Mathu Rajan's brother who is his lawyer." Doc. 147 at 3.

Third, Raja G. Rajan, Esq. makes no attempt to address the reasonableness of Bunce's claimed fees and thus has abandoned any such objection. Doc. 147.

Fourth, the American Rule (parties pay their own fees absent a fee-shifting contract or statute), which Raja G. Rajan, Esq., stresses, has nothing to do with Bunce's omnibus motion for

attorneys' fees against Raja G. Rajan, Esq. personally. Doc. 147 at 3–4. The American Rule concerns fee-shifting among *parties* to litigation. Bunce does not seek fees from the Defendants or any other party. Instead, he seeks fees as a *sanction* against *attorney Raja G. Rajan, Esq.* for his *own* misconduct in relation to this litigation. And in any event, Bunce relies on law that supports fee-shifting against Raja G. Rajan, Esq.: 28 U.S.C. § 1927 and the Court's inherent authority.

Fifth, there is nothing untimely about Bunce's omnibus motion. As demonstrated in his brief supporting the omnibus motion, Bunce has raised 28 U.S.C. § 1927 and other grounds for sanctions multiple times throughout this litigation, putting Raja G. Rajan, Esq. on notice from early on that Bunce intended to seek and reserved the right to seek attorneys' fees against Raja G. Rajan, Esq. personally, should he continue multiplying these proceedings for the improper purposes of delay and increasing Bunce's fees. Doc. 139-1 at 6. There is no set deadline for seeking such fees. And the Court has expressly permitted Bunce to file his motion. Doc. 134 at 66–68, 75. Raja G. Rajan, Esq. has made his bed and now must lie in it.

Sixth, this case is unlike *Ford Motor Credit Co. LLC v. Maxwell*, No. 3:10-CV-1926, 2014 WL 4105232, (M.D. Pa. Aug. 19, 2014), in which the court declined to award fees under 28 U.S.C. § 1927 when opposing counsel had merely made good-faith but unsuccessful tactical decisions. Raja G. Rajan, Esq.'s last-ditch attempt to paint his lengthy course of litigation misconduct as involving nothing more than the raising of some potentially meritorious but unsuccessful legal positions rings hollow and just reiterates the frivolous and harassing positions that Raja G. Rajan, Esq. has taken for improper purposes throughout this litigation. Doc. 147 at 1–3, 6–9. Raja G. Rajan, Esq. also continues to engage in the well-worn tactic of accusing his opponent and his counsel of similar misconduct in hopes of exasperating the Court with all the litigants and thus giving the Court deaf ears as to real misconduct. But by this point, Raja G. Rajan, Esq. should lack any credibility whatsoever. His litigation tactics have displayed bad faith and unreasonable,

vexatious, intentional misconduct. And his misconduct has not only imposed unwarranted, increased fees on Bunce, but it has also improperly burdened this Court and its staff.[1]

Seventh, Bunce hardly seeks to challenge "nearly every filing and discovery practice of Defendants." Doc. 147 at 5. Bunce seeks only approximately $150,000 out of the well over $380,000 (and growing with every new brief Bunce must file) he has been forced to spend—so, less than half of his litigation costs. Doc. 139-1 at 24. Bunce legitimately could have sought far more, but he could not have fit it all into a 25-page brief, and Bunce does not wish to overburden the Court. Moreover, Bunce does not seek *any* fees from the *Defendants*, as Raja G. Rajan, Esq. incorrectly suggests; he seeks them against only *attorney Raja G. Rajan, Esq.* for his *own* bad choices and misconduct as a licensed attorney appearing in this litigation.

Eighth, the fact that Raja G. Rajan, Esq. is the brother of Defendant Mathu Rajan is immaterial. Raja G. Rajan, Esq. seems to suggest that Bunce wishes to punish Raja G. Rajan, Esq. because of sour grapes over Mathu Rajan's bankruptcy. Doc. 147 at 3. That is wrong. Bunce seeks sanctions against Raja G. Rajan, Esq. because Raja G. Rajan, Esq. has done everything he can to make this litigation as difficult, burdensome, complicated, costly, and lengthy as possible for Bunce. Congress enacted 28 U.S.C. § 1927 precisely for cases like this.

Ninth, anytime Raja G. Rajan, Esq. asks the Court to grant any relief on behalf of the *Defendants* in relation to the sanctions motions, he is improperly purporting to act on behalf of parties who are in bankruptcy. Raja G. Rajan, Esq. can properly only speak for himself as to how his own litigation misconduct should be assessed by this Court.

The Court should award attorneys' fees against Raja G. Rajan, Esq. in the amount requested and provide Bunce with any other relief deemed appropriate.

---

[1] Raja G. Rajan, Esq.'s admitted use of artificial intelligence to author a brief containing fake citations to legal authorities, which violates American Bar Associate Formal Ethics Opinion 512 (July 29, 2024), is yet further evidence of his willingness to mislead the Court. *See* Doc. 143.

                                        Respectfully submitted,

                                        By:    <u>s/ Michael D. Homans</u>

                                                      Michael D. Homans
                                                      ID No. 76624
                                                      HOMANSPECK, LLC
                                                      230 Sugartown Road
                                                      Suite 218
                                                      Wayne, PA 19087
                                                      (215) 419-7463
                                                      mhomans@homanspeck.com

                                                      *Attorneys for Plaintiff Mark L. Bunce*

Michael P. Kohler, *admitted pro hac vice*
MILLER & MARTIN PLLC
Regions Plaza Suite 2100
1180 West Peachtree Street, NW
Atlanta, Georgia 30309-3407
(404) 962-6100
Michael.Kohler@millermartin.com

*Attorneys for Plaintiff Mark L. Bunce*

Date:   February 18, 2025

5

CERTIFICATE OF SERVICE

I, Michael D. Homans, hereby certify that the foregoing Plaintiff's Reply in Support of Omnibus Motion for Attorneys' Fees was filed using the Court's electronic filing system on February 18, 2025, and served upon all counsel of record via ECF notification.

                                          *s/ Michael D. Homans*
                                          MICHAEL D. HOMANS