

MICHAEL P. KOHLER

Direct Dial 404-962-6403
Direct Fax 404-962-6303
michael.kohler@millermartin.com

February 19, 2025

**Via Email & ECF**

The Honorable Kai N. Scott
5614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania, 19106
Email: susan_flaherty@paed.uscourts.gov
　　　　Tayai_lester@paed.uscourts.gov
　　　　Chambers_of_Judge_Kai_Scott@paed.uscourts.gov

　　　　　　Re:　　Bunce v. Visual Technology Innovations, Inc., *et al.*
　　　　　　　　　 United States District Court, E.D.Pa.
　　　　　　　　　 Case No. 2:23-cv-01740

Dear Judge Scott:

　　We represent Mark Bunce, the plaintiff in this case. I write for two reasons.

　　First, tomorrow the Court will have a hearing on whether Attorney Raj Rajan should be sanctioned under Rule 11. The Court excused Mr. Bunce from having to attend the hearing, which is appreciated. (ECF No. 144.) As lead counsel for Mr. Bunce, I respectfully request permission to attend the hearing remotely (by telephone or video) if possible. My attendance will ensure that Mr. Bunce's interests are protected at the hearing, and, if called upon, I could provide the Court with additional context as it considers sanctioning Attorney Rajan. Permitting me to appear remotely will save Mr. Bunce the expense of my traveling from Atlanta (and I would later be able to make it in person to my son's first baseball game of this school season). If my remote participation is not an option, we respectfully request that the Court consider the points below in determining whether to sanction Attorney Rajan for his improper filing of a brief by relying on artificial intelligence.

　　Second, before the Court is Mr. Bunce's Omnibus Motion for Attorneys' Fees against Attorney Rajan. (ECF No. 139.) The Motion is fully briefed and ripe for the Court's consideration. If the Court is inclined to hold a hearing on the Motion, I will be in Philadelphia from April 17 - 20, 2025, for my daughter's volleyball tournament—a national qualifying tournament her team won last year. I can be available during that tournament week to argue the Motion and would appreciate it being set during that period, if possible. We understand, of course, that that might not work with the Court's schedule and in that event would seek other potential dates.

Regions Plaza Suite 2100
1180 West Peachtree Street, N.W. | Atlanta, GA | 30309-3407
Office 404.962.6100 Fax 404.962.6300
millermartin.com

ATLANTA
CHARLOTTE
CHATTANOOGA
NASHVILLE

The Honorable Kai N. Scott
February 19, 2025
Page 2 of 3

Thank you for the Court's consideration.

* * *

On January 14, 2025, Attorney Raj Rajan filed two motions: (1) a motion to withdraw as counsel of record in this case after the Court sanctioned him (ECF No. 131), and (2) a motion requesting that the Court reconsider its sanctions order, or, in the alternative, allow him to immediately appeal it (ECF No. 132). On January 21, 2025, the Court *sua sponte* issued a Show Cause Order relating to five cases Attorney Rajan cited to support his motions, noting that some of the cases do not appear to exist, are no longer good law, or do not support whatever point he was trying to make. (ECF No. 136.) The Court ordered Attorney Rajan to provide a written explanation by January 31, 2025, as to why his reliance on these five cases do not violate Rule 11(b). (*Id.*)

On the Court's deadline, Attorney Rajan confirmed what was suspected: He used artificial intelligence to write his motions without bothering to check the accuracy of its research before submitting the filings to the Court for its consideration. (ECF No. 143 at 2 - 3.) Despite admitting that four of the five cases he cites were without any merit, and admitting that the fifth case has been partially overturned, Attorney Rajan still did not bother to withdraw or otherwise amend the offending filings—they still remain on file and pending before the Court, bad law and all. What's even more remarkable, however, is that his response to the Court's Show Cause Order doubles down on the very position that has placed him under the Court's scrutiny: he again cites to cases that come nowhere close to supporting the position he's trying to convince the Court to adopt. *See*, ECF No. 148 at 2 (collecting the cases Attorney Rajan improperly cited).

This misconduct is not isolated: Such misconduct has infected this case from the start; it has metastasized into nearly every event relating to this case; and it has caused Mr. Bunce's litigation costs to skyrocket unnecessarily, which from the beginning has been Attorney Rajan's stated goal. This latest misconduct is exactly why Mr. Bunce sought and received leave to file his Omnibus Motion for Attorneys' Fees, which details in chapter and verse the more egregious incidents of Attorney Rajan's misconduct throughout this litigation. (ECF No. 139.)

As the Court considers its own sanctions against Attorney Rajan tomorrow under Rule 11, we highlight below some ethical opinions and court decisions that have put attorneys on notice about the consequences of misusing artificial intelligence, as Attorney Rajan has done:

- The Pennsylvania Bar Association Committee on Legal Ethics and Professional Responsibility and the Philadelphia Bar Association Professional Guidance Committee issued a Joint Formal Opinion 2024-200 concerning the Ethical Issues Regarding the Use of Artificial Intelligence. Joint Formal Opinion 2024-200 (May 22, 2024): ETHICAL ISSUES REGARDING THE USE OF ARTIFICIAL INTELLIGENCE. This opinion was issued in May 2024—well before Attorney Rajan submitted the motions that are at issue in tomorrow's hearing. Among other ethical guidelines, the opinion provides that:

The Honorable Kai N. Scott
February 19, 2025
Page 3 of 3

- "Lawyers must ensure that AI-generated content, such as legal documents or advice, is truthful, accurate, and based on sound legal reasoning, upholding principles of honesty and integrity in their professional conduct." The opinion notes Pennsylvania Rule of Professional Conduct 3.1, Comment 4 that "[l]egal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal."

- "Lawyers must ensure the accuracy and relevance of the citations they use in legal documents or arguments. When citing legal authorities such as case law, statutes, regulations, or scholarly articles, lawyers should verify that the citations accurately reflect the content they are referencing." The opinion notes Pennsylvania Rule of Professional Conduct 3.3 that a lawyer shall not knowingly "make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

- In July 2024, the American Bar Association issued Formal Opinion 512 concerning the use of generative artificial intelligence tools, noting many of the same issues identified by the Pennsylvania and Philadelphia Bar Associations above. Formal Opinion 512

- *United States v. Hayes*, Case No. 2:24-cr-0280-DJC, ECF No. 62 (E.D. Cal. Jan. 17, 2025) (sanctioning attorney with a monetary fine for submitting fictitious cases and quotations to the court and notifying the bars that the attorney was a member); *Mata v. Avianca, Inc.*, Case No. 22-cv-1461 (PKC), ECF No. 54 (S.D.N.Y. June 22, 2023); *Smith v. Farwell*, 2024 WL 4002576 (Mass. Super. Feb. 15, 2024); *Park v. Kim*, 91 F.4th 610 (2d Cir. 2024) (referring counsel to grievance panel for submitting false statement of law to court by improperly relying on generative artificial intelligence).

Sincerely,

Michael P. Kohler

MPK/gl
cc:   Counsel of Record