**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARK L. BUNCE,** | : | |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **NO. 23-1740** |
| **VISUAL TECHNOLOGY INNOVATIONS,** | : | |
| **INC., and MATHU RAJAN,** | : | |
| *Defendants.* | : | |

## MEMORANDUM

Defendants' attorney Raja Rajan ("Mr. Rajan") is required to pay $16,270.47 of Plaintiff's attorneys' fees and expenses for partial violation of this Court's discovery order.

### I.    BACKGROUND

#### a.    Mr. Rajan Violated the Discovery Order.

Plaintiff Mark Bunce filed a motion[1] that included a request for discovery sanctions against Defendants and Defendants' attorney, Raja Rajan ("Mr. Rajan"), for noncompliance with this Court's August 13, 2024 discovery order (ECF No. 89). This Court scheduled a hearing on January 7, 2025 to hear counsel's arguments on the motion for discovery sanctions, among other things. One day before the hearing, Defendants Visual Technology Innovations, Inc. ("VTI") and Mathu Rajan both filed for bankruptcy in Nevada and the Eastern District of Pennsylvania, respectively. *In re: Visual Technology Innovations, Inc.*, No. 25-10024 (Bankr. Nev.); *In re: Mathu Rajan*, No. 25-10356 (Bankr. E.D. Pa.) (refiled from *In re: Mathu Rajan*, No. 25-10042 (Bankr. E.D. Pa.)). Thus, an automatic stay was placed on the case as it applied to the Debtor-Defendants. 11 U.S.C. § 362(a)(1). However, the Court still held the January 7, 2025 hearing to

---

[1] The motion, in its entirety, moved to dismiss, strike, or sever third-party complaint, for discovery sanctions, and for an award of attorneys' fees. ECF No. 89 [hereinafter "Pl.'s Mot.]. For purposes of this opinion, the relevant portions of Plaintiff's motion are the discovery sanctions and attorneys' fees portions.

determine whether Mr. Rajan, as Debtor-Defendants' attorney, violated the Court's discovery order.

This Court's August 13, 2024 order required, among other things, the following:

No later than August 26, 2024, defendants shall serve on plaintiff an answer, under oath, to Plaintiff's Interrogatory No. 16, explaining how VTI used and spent the $1,050,000 that plaintiff provided to VTI, or in the alternative, explaining how VTI used and spent all of its money, identifying all dates, recipients, amounts and documentation as to each transfer or transaction involving any portion of such funds. To the extent defendants are unable to answer this interrogatory, they must explain, under oath, the reasons why they cannot answer it.

ECF No. 87. Plaintiff counsel argued in their briefing and at the January 7, 2025 hearing that Mr. Rajan did not comply with this portion of the discovery order, among other portions. Pl.'s Mot. at 9-10.

Mr. Rajan responded that Suby Joseph—a former consultant for VTI—submitted in a declaration that he "maintained and reviewed the bank statements of VTI in the 2021 time frame and performed services to estimate how [Plaintiff's] investments may have been spent though his funds were commingled with other investors." ECF No. 103 at 8. Mr. Joseph provided "a full spreadsheet listing as to how he estimates the money from [Plaintiff] may have been used by VTI." Id. at 9, 41-42 (Exhibit C – Declaration of Suby Joseph). The spreadsheet organizes information under seven separate columns: Date, Description in Bank Statement, Category, Bank Account, WF 5235, Bunce funds – remaining balance, and Comments. Id. at 43-58.

However, Mr. Rajan submitted to Plaintiff a 16-page spreadsheet that he redacted almost entirely. Id. Only the "Date" and "Category" columns were visible. Id. Mr. Rajan attempted to justify the redactions by claiming the redacted information was "sensitive." But rather than seeking to file the spreadsheet under seal, for instance, Mr. Rajan instead chose to defy this Court's discovery order and redact all meaningful portions of the spreadsheet.

In addition, Mr. Rajan argued that Plaintiff could have cross-referenced VTI's bank statements with the provided dates listed in the spreadsheet. However, the discovery order clearly mandated that Defendants, not Plaintiff, explain "how VTI used and spent the $1,050,000 that plaintiff provided to VTI, or in the alternative, [explain] how VTI used and spent all of its money, identifying all dates, recipients, amounts and documentation as to each transfer or transaction involving any portion of such funds." ECF No. 87. It was not Plaintiff's responsibility to engage in Defendant's proposed cross-referencing exercise, but rather, it was Defendant's court ordered responsibility to submit information regarding how VTI had spent Plaintiff's loan. Therefore, this Court found that Mr. Rajan partially violated the discovery order by failing to disclose how VTI had spent Plaintiff's loan. ECF No. 130.

b.  Plaintiff's Attorneys' Fees and Expenses.

In its order finding Mr. Rajan partially non-complaint with its discovery order, this Court ordered Mr. Rajan to compensate Plaintiff counsel for reasonable expenses, including attorneys' fees, incurred in preparing the discovery-sanction portion of Plaintiff's motion.

Plaintiff submitted an accounting of fees and expenses for sanctions, totaling $38,786.97. ECF No. 133 [hereinafter "Pl.'s Accounting"]. Plaintiff's request for fees and expenses can be divided into four categories: (1) $22,478.50 in attorneys' fees (based on 38.8 hours of work) incurred to request sanctions for the discovery order violation; (2) $4,092 in attorneys' fees (based on 8.6 hours of work) for accounting Plaintiff's fees and expenses; (3) $10,250.50 in attorneys' fees (based on 20.9 hours of work) for preparing the underlying motion to compel; and (4) $1,155.97 in expenses. Pl.'s Accounting at 7-8. A more detailed representation of Plaintiff's accounting is provided in the below chart.

| PLAINTIFF'S ACCOUNTING | | | | | | | |
|---|---|---|---|---|---|---|---|
| **(1) Attorneys' Fees for Sanctions Motion** | | **(2) Attorneys' Fees for Accounting** | | **(3) Attorneys' Fees for Motion to Compel Discovery** | | **(4) Expenses** | |
| Preparing motion for sanctions (12.3 hours) | $6,737.50 | Accounting for costs and preparing Court filing (8.6 hours) | $4,902 | Meet-and-confer process (7.4 hours) | $3,684 | Flights | $758.57 |
| Reviewing Defendants' response and preparing reply brief (5 hours) | $2,298 | | | Drafting the motion to compel (6.1 hours) | $3,174.10 | Hotel | $228.70 |
| Preparation and attendance of January 7, 2025 (21.5 hours) | $13,443 | | | Reviewing response and preparing reply | $3,288 | Taxi/Uber fare | $97.26 |
| | | | | | | Meals | $41.44 |
| | | | | | | Tips (no receipts) | $30 |
| Total: $22,478.50 | | Total: $4,902 | | Total: $10,250.50 | | Total: $1,155.97 | |
| **Cumulative Total: $38,786.97** | | | | | | | |

## II.    DISCUSSION

If a party "fails to obey an order to provide or permit discovery . . . the court where the

action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A). A court may also

order the party's attorney to pay "reasonable expenses, including attorney's fees, caused by the

failure, unless the failure was substantially justified or other circumstances make an award of

expenses unjust." FED. R. CIV. P. 37(b)(2)(C). Having already determined that Mr. Rajan failed

to obey the discovery order in part, this Court now assesses the fairness and reasonableness of

Plaintiff's accounting.

First, the Court will ascertain which of Plaintiff's costs were "caused by failure," in this

case, Mr. Rajan's partial non-compliance with the discovery order. Mr. Rajan argued that

Plaintiff's accounting is overinclusive because the costs should only relate to Mr. Rajan's partial violation of the discovery order, and Plaintiff should not recoup attorneys' fees where Mr. Rajan was found to be compliant with the discovery order. ECF No. 137 at 3-4 [hereinafter "Mr. Rajan's Resp."]. This Court agrees.

Consequently, Plaintiff counsel is faced with a logistical issue in delineating (1) how many hours were spent on successfully arguing Mr. Rajan's discovery violation from (2) the other issues that counsel briefed, prepared for, and argued during the hearing. Plaintiff counsel admitted that they had "no reason to separately track their time for one issue among several in the motion to compel and for sanctions" because "Defendants' discovery responses were insufficient in several respects, and [Plaintiff] had no way of knowing which he would prevail on or Defendants would finally choose to cure." ECF No. 146 at 1 [hereinafter "Pl.'s Reply].

Separately, Plaintiff cited *McKenna v. City of Philadelphia* to argue that attorneys' fees need not be reduced just because a movant was only partially successful in its motion, so long as the other unsuccessful issues arise from a common set of facts. 582 F.3d 447, 457 (3d Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983)). However, both *McKenna* and *Hensley* dealt with attorneys' fees under Section 1988, which contains statutory language different than Rule 37's text. 42 U.S.C. § 1988 (". . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . ."). Rule 37 explicitly states that "reasonable expenses, including attorney's fees, *caused by* the failure" must be paid by the disobedient party.

Thus, the Court is tasked with handling this logistical difficulty. The Court will assess each of Plaintiff's four cost categories to determine which of Plaintiff's costs were caused by Mr. Rajan's partial violation of the discovery order and whether those costs are reasonable.

1. <u>Attorneys' Fees for the Sanctions Motion.</u>

Under category one—attorneys' fees for the sanctions motion—Plaintiff counsel wrote they only seek fees for the sanctions portion of their motion and reply, and counsel noted that they already deducted $4,400 from the hearing costs to deduct for preparation for the summary judgment portion of the hearing (which ultimately did not occur because of the automatic stay that went into effect a day before the hearing). Pl.'s Accounting at 4.

Despite Plaintiff counsel's respectable effort to fairly apportion costs, their deductions are not enough. Within Plaintiff counsel's motion to dismiss, strike, or sever third-party complaint, for discovery sanctions, and for award of attorneys' fees, it is not enough to bifurcate costs between the third-party complaint issue and the discovery issue. An award for attorneys' fees here must only pertain to Mr. Rajan's partial discovery violation. In Plaintiff's motion, counsel only uses a fraction of its brief to argue that Mr. Rajan violated the discovery order mandating that he provides how VTI used and spent the Plaintiff's loan. Pl.'s Mot. at 9-10. The Court will also consider Plaintiff's remedies requests as attorney labor necessarily caused by Mr. Rajan's discovery order violation. Pl.'s Mot. at 10-15. Therefore, Plaintiff counsel wrote roughly five pages, instead of seven (comprising the total number of pages for the discovery issue), on Mr. Rajan's specific discovery violation. Costs are deducted accordingly.

With respect to Plaintiff's reply brief, Plaintiff counsel simply wrote that their costs stem from "[reviewing] Defendants' response to the motion for sanctions and [preparing] a reply brief." Pl.'s Accounting at 4. Again, part of counsel's review, research, and briefing was dedicated to non-discovery issues as well as discovery issues that Mr. Rajan was ultimately found not to be in violation of. ECF No. 106. Therefore, Plaintiff's costs in this subcategory are reduced by half.

Just as Plaintiff's briefs, only a portion of the hearing and Plaintiff's hearing preparation was spent on Mr. Rajan's partial violation of the discovery order. See e.g., ECF No. 134 at 20-27, 49-55, 58-65, 75-76 (discussing Mr. Rajan's failure to provide how VTI used Plaintiff's loan) [hereinafter "Hearing Transcript"]. The rest of the time was spent arguing alleged discovery order violations that Mr. Rajan was not found in violation of. For instance, the Court took a break in the hearing from roughly 11:53 a.m. to 12:14 p.m., so that Plaintiff's attorney Michael Kohler could call his law firm and confirm whether they had received certain transcripts from Mr. Rajan (which they had). Hearing Transcript at 42-45, 49. Mr. Rajan should not be penalized for this or any other attorneys' fees that do not relate to his partial discovery violation. Because approximately a third of the hearing time was spent discussing what the Court eventually found to be a discovery order violation by Mr. Rajan, the Court deducts these costs and extends the deduction to Plaintiff's hearing preparation as well.

After determining which costs were caused by Mr. Rajan's partial discovery order violation, this Court next determines whether the attorneys' rates are reasonable. Courts use the lodestar method to determine the reasonableness of attorneys' fees. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). As is typical in this district, this Court will use the Community Legal Services of Philadelphia (CLS) fee schedule to determine reasonable attorney rates. *Maldonado v. Houstoun*, 256 F.3d 181, 187-88 (3d Cir. 2001). Courts can exclude hours that are "excessive, redundant, or otherwise unnecessary." *Rode*, 892 F.2d at 1183. When taking into account the attorneys' legal experience and a 5% annual adjustment rate, all of Plaintiff's attorneys' hourly rates fall within their appropriate CLS ranges. Pl.'s Accounting at 4-5; *see, e.g., Earley v. JMK Associates*, No. 18-CV-760, 2020 1875535, at *2 (E.D. Pa. Apr. 15, 2020)

(adjusting hourly rates by five percent annually); *Donofrio v. IKEA US Retail, LLC*, No. CV 18-599, 2024 WL 3511614 at *2 (E.D. Pa. July 23, 2024) (same).

Therefore, after deducting attorneys' hours that are outside the scope of Mr. Rajan's partial discovery violation, the Court determines that Plaintiff's attorneys' fees are reasonable and properly related to Mr. Rajan's sanction.

### 2. Attorneys' Fees for Accounting.

Attorney time spent on fee petition preparation is compensable. *LeJeune v. Khepera Charter Sch.*, 420 F. Supp. 3d 331, 341 (E.D. Pa. 2019); *see also Maria C. ex rel. Camacho v. Sch. Dist. of Philadelphia*, 142 F. App'x 78, 83 (3d Cir. 2005) (affirming district court's fee award, including fees in connection with fee petition litigation). Plaintiff counsel did not just partake in clerical work by cutting and pasting time sheet information into their brief; they prepared declarations, researched case law on the reasonableness of fees, and submitted a legal brief with over thirty pages of supporting exhibits. See generally Pl's Accounting. In addition, counsel noted that not all costs associated with preparing the fee petition are being sought. Pl.'s Accounting at 7. Therefore, the attorneys' fees for the fee petition are reasonable.

### 3. Attorneys' Fees for Motion to Compel Discovery.

When a motion to compel discovery is granted in part and denied in part, a court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C). In this case, Plaintiff's underlying motion to compel (ECF No. 63) was a prerequisite to Plaintiff's motion for discovery sanctions. This Court granted in part and denied in part Plaintiff's motion to compel but will not impose attorneys' fees in this category against Mr. Rajan. At the time of Plaintiff's motion to compel, Mr. Rajan was not yet in violation of any Court order. Moreover, Plaintiff counsel only spent roughly one page discussing Defendants'

8

failure to account for Plaintiff's loan money. ECF No. 63 at 3-4. Therefore, attorneys' fees are unreasonable for this cost category.

### 4.  Expenses.

Plaintiff counsel, Mr. Kohler, is located in Georgia and incurred travel expenses to attend the hearing. Mr. Rajan argued that Mr. Kohler's travel expenses should not be reimbursed because Michael Homans is in Pennsylvania and should have attended the hearing instead of Mr. Kohler. Mr. Rajan's Resp. at 4. Unless exorbitant, this Court will not categorically withhold reimbursement for expenses for out-of-state attorneys. Many factors likely contributed to Plaintiff counsel's decision to have Mr. Kohler argue at the hearing, including personal schedules, Mr. Kohler's knowledge of the case, client preference, etc.

That being said, there are some expenses that warrant a reduction. Mr. Kohler's roundtrip ticket between Atlanta, Georgia and Philadelphia, Pennsylvania was Delta Comfort+. Mr. Rajan should only be made to pay the standard economy fare. The Court takes judicial notice that the cost differential between economy and Delta Comfort+ is approximately $100 for each flight, and costs are deducted accordingly. FED. R. EVID. 201(b)(2). In addition, Plaintiff counsel could not provide receipts for Mr. Kohler's meal tips. These tips are removed because they are unverifiable.

### III.  CONCLUSION

The Court provides its own chart below to summarize its deductions and final calculation of Plaintiff's fair and reasonable costs associated with Mr. Rajan's partial discovery order violation. Mr. Rajan is ordered to pay $16,270.47 to Plaintiff, consistent with the accompanying Order.

| Court's Determination of Reasonable Costs | | | | | | | |
|---|---|---|---|---|---|---|---|
| (1) Attorneys' Fees for Sanctions Motion | | (2) Attorneys' Fees for Accounting | | (3) Attorneys' Fees for Motion to Compel Discovery | | (4) Expenses | |
| Preparing motion for sanctions | 5/7 x $6,737.50 = $4,812.50 | Accounting for costs and preparing Court filing (8.6 hours) | $4,902 | Meet-and-confer process (7.4 hours) | $0 | Flights | $758.57 - $200 = $558.57 |
| Reviewing Defendants' response and preparing reply brief (5 hours) | 1/2 x $2,298 = $1,149 | | | Drafting the motion to compel (6.1 hours) | $0 | Hotel | $228.70 |
| Preparation and attendance of January 7, 2025 (21.5 hours) | 1/3 x $13,443 = $4,481 | | | Reviewing response and preparing reply | $0 | Taxi/Uber fare | $97.26 |
| | | | | | | Meals | $41.44 |
| | | | | | | Tips (no receipts) | $0 |
| Total: $10,442.50 | | Total: $4,902 | | Total: $0 | | Total: $925.97 | |
| Cumulative Total: $16,270.47 | | | | | | | |

BY THE COURT:

**HON. KAI N. SCOTT**
**United States District Court Judge**

10