IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK L. BUNCE, | : : : | |
| Plaintiff, | : : | |
| vs. | : | |
| VISUAL TECHNOLOGY INNOVATIONS, INC. and MATHU G. RAJAN, | : : : : : : | Civil Action Case No. C.A. No. 2:23-cv 01740 |
| Defendants/Counterclaim and Third-Party Plaintiffs | : : : | |
| vs. | : | |
| Mark Bunce, Counterclaim Defendant and | : : : | |
| Timothy McCarthy Third -Party Defendant | : : | |

**PROPOSED ORDER FOR WITHDRAWAL OF COUNSEL
WITHOUT A HEARING OF CLIENT**

Upon consideration of the motion and supporting papers as amended filed by Raja Rajan, counsel for Defendants Visual Technology Innovations, Inc. and Mathu G. Rajan, seeking permission to withdraw from representing Defendants Visual Technology Innovations, Inc. and Mathu G. Rajan in the above-captioned matter, and for good cause shown, the Court finds as follows:

1.      Counsel has demonstrated valid grounds for withdrawal under relevant rules and legal authority for withdrawal of counsel.

2.      Defendants Visual Technology Innovations, Inc. and Mathu G. Rajan have been provided with proper notice of counsel's intent to withdraw and have indicated that a hearing is unnecessary; they also have been given reasonable opportunity to respond.

- 2 -

3. A hearing on the motion is unnecessary under the circumstances, as the clients have either consented to or not opposed the withdrawal in writing.

4. Withdrawal will not unduly prejudice any party or delay the proceedings in this case.

It is therefore **ORDERED** that:

1. Raja Rajan, of Rajan Law Group, is hereby granted permission to withdraw as counsel for Defendants Visual Technology Innovations, Inc. and Mathu G. Rajan in the above-captioned matter.

2. Defendants Visual Technology Innovations, Inc. and Mathu G. Rajan are instructed to promptly obtain new counsel or proceed pro se after the Bankruptcy stays are lifted. If Defendant Mathu G. Rajan elects to proceed pro se, the Court will provide a reasonable timeframe for such action.

3. Counsel shall serve a copy of this Order on Defendants Visual Technology Innovations, Inc. and Mathu G. Rajan and file a certificate of service with the Court.

4. Any deadlines or obligations currently in place for Defendants Visual Technology Innovations, Inc. and Mathu G. Rajan shall remain in effect, and the Court will consider further requests for extension if needed based on the status of new representation.

**SO ORDERED.**

_____
J.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| MARK L. BUNCE,<br><br>             Plaintiff, | : : : : | |
|---|---|---|
| vs. | : | |
| VISUAL TECHNOLOGY INNOVATIONS, INC.<br> and<br>MATHU G. RAJAN,<br><br>    Defendants/Counterclaim and Third-Party Plaintiffs | : : : : : : : : | Civil Action Case No.<br>C.A. No. 2:23-cv 01740 |
| vs. | : | |
| Mark Bunce,<br>    Counterclaim Defendant<br>    and<br>Timothy McCarthy<br>    Third -Party Defendant | : : : : : : | |

**AMENDED-MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR MOTION TO WITHDRAWAL OF COUNSEL
WITHOUT A HEARING OF CLIENT**

A Motion was filed to withdraw as counsel on or about January 14, 2025 [docket 131] and a Memorandum of Law and Proposed Order was filed contemporaneously; however, the legal citations were incorrect in that Memorandum of Law though the arguments and legal standards were accurate. This is an amendment filed to amend that Memorandum of law pursuant Court direction and also includes another proposed order.

I.      **AMENDED PROCEDURAL POSTURE**

Discovery is completed but the Court never ruled on the dueling summary judgment motions which have been fully briefed because both Defendants filed separately different Bankruptcy petitions causing the immediate Bankruptcy automatic stay. Defendants were unable to reach an out of court settlement with Plaintiff to resolve the matter and filed Bankruptcy as a result.

Defendants offered Plaintiff 100% return/repayment of Mr. Bunce alleged debt, and even extra for interest and legal fees. That offer was agreed in principal but agreement on language in a settlement document could not be agreed upon before the deadline set by the settlement master/magistrate judgment. Defendants even retained Amy Doehring of Ackerman, LP to finish the settlement paperwork. It is clear that Plaintiff does not want a settlement in this case as he has shown that he is intimately involved with the adverse parties in the Stream TV Bankruptcy.

The Court held arguments anyway on the next day January 7, 2025 in spite of the Bankruptcy filings but sanctioned undersigned counsel <u>without</u> determining the amount of sanctions. The Court order stated:

ORDER THAT THE DEFENSE ATTORNEY RAJA RAJAN DID NOT COMPLY, IN PART, WITH THIS COURT'S AUGUST 13, 2024 ORDER. UNDER FED. R. CIV. P. 37(B)(2)(C), RAJA RAJAN IS ORDERED TO COMPENSATE PLAINTIFF COUNSEL FOR REASONABLE EXPENSES, INCLUDING ATTORNEYS' FEES, INCURRED IN PREPARING THE DISCOVERY-SANCTION PORTION OF PLAINTIFFS MOTION AND ASSOCIATED WITH THE HEARING ON JANUARY 7, 2025. PLAINTIFF COUNSEL SHALL SUBMIT BY JANUARY 17, 2025 AN ACCOUNTING OF EXPENSES, AND THE COURT WILL THEN DECIDE THE REASONABLENESS OF PLAINTIFFS SUBMITTED EXPENSES. SIGNED BY DISTRICT JUDGE KAI N. SCOTT ON 1/8/25. 1/8/25 ENTERED

## II.     AMENDED -RELEVANT SUMMARY OF FACTS

This case largely concerns a repayment of investment monies of Mark Bunce ("**Bunce**" or "**Plaintiff**")) since he invested in venture debt. In 2021, Bunce invested in a Nevada-incorporated company called Visual Technology Innovations, Inc. (**VTI**") three (3) times. Bunce was induced to invest in VTI by a third party by the name of Timothy McCarthy ("**McCarthy**"). McCarthy had promised in writing to VTI to invest thirty million dollars ($30,000,000) in February of 2021. Plaintiff reviewed McCarthy's investment documents before investing and spoke with him several times.

Plaintiff attached to his Complaint a letter from McCarthy's investment management company (Exhibit 2 to Complaint) and Defendant VTI's drawdown of McCarthy's ($29,000,000) investment promises (Exhibit 4 to Complaint). But rather than simply filing to collect his monies/seek repayment of loans, Plaintiff chose to also sue the executive of the company Defendant VTI (Defendant Mathu Rajan) for alleged fraud and unjust enrichment.

III.    **AMENDED-ARGUMENT**

**THIS AMENDMENT IS BEING FILED AT THE SUGGESTION OF THE COURT ON FEBRUARY 20th, 2025.**

**A. Introduction**

In open Court, the Court expressed an opinion that the undersigned legal counsel representing his brother may be a conflict of interest. The undersigned lawyer is not a fact witness (the Bunce transactions were undertaken after the undersigned worked with Mathu Rajan). So the conflict perceived by the Court can only be due to the family relationship— Mathu is the brother of Raja Rajan, Esquire.

Defendant Mathu Rajan, the client and CEO of the company defendant, has indicated that withdrawal as counsel of his brother Raja Rajan <u>can occur without a hearing</u> (Defendant Mathu Rajan's declaration is attached hereto as **Exhibit A**).

A conflict of representation certainly now exists in light of the Court sanctioning counsel for alleged discovery violation for over-redaction of a document. On March 13, 2025 the Court determined the amount of sanction against the undersigned would be $16,270.47 [docket 156].

Defendants VTI and Mathu Rajan both retained separate lawyers and completely different from the undersigned, his brother for the Bankruptcy filings and proceedings. The undersigned

has nothing to do with those filings as a lawyer. Defendants have shown capability to retain other lawyers to take over this litigation if the dispute is not resolved in Bankruptcy.

### B. Withdrawal is Permitted Under the Rules of Professional Conduct and Local Rules

Under ABA Model Rule 1.16 and Pennsylvania Rule 1.16, an attorney may withdraw if representation will result in a violation of the rules of professional conduct or other laws, or if the attorney-client relationship has broken down irreparably.

Here, the Court's sanction of counsel has created a conflict of interest and undermined counsel's ability to represent Defendants VTI and Mathu Rajan effectively. The breakdown of trust and communication between counsel and the clients further justifies withdrawal.

### C. Withdrawal Will Not Prejudice the Client(s) or Unduly Delay Proceedings

Defendants VTI and Mathu Rajan has been advised of counsel's intent to withdraw and has been given reasonable time to retain substitute counsel. Defendants VTI and Mathu Rajan retained another lawyer, Amy Doering of Ackerman, LP, to try to settle this case with Plaintiff. Counsel for Plaintiff made that communication very difficult and objected to her entry of appearance in this case for limited purposes of a settlement conference. Counsel for Plaintiff argued she has to be legal counsel for the whole matter and would not consent to her entering her appearance for limited purpose of settlement---assuming a settlement conference would be ordered.

This Motion was filed in good faith and not for purposes of delay. This filing is only an amendment as suggested by the Court. If this lawsuit is not resolved in the Bankruptcy Court, then it will proceed without Raja Rajan as counsel as his Defendant brother Mathu Rajan and

Defendant VTI have shown consistently that they are able to obtain other legal counsel in this case for settlement purposes and the Bankruptcy proceedings.

### D. The Court Has Discretion to Permit Withdrawal

The Court has broad discretion to allow counsel to withdraw where continued representation would be inequitable or impracticable. In *Paddick v. Butt*, CIVIL ACTION NO.: 09-4285, at *4 (E.D. Pa. June 18, 2018) this Court made it clear that withdrawal requires permission/leave of Court.  Under Local R. Civ. P. 5.1 provides in pertinent part that "[a]n attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this court shall at the same time enter an appearance for the same party."  A Delaware federal court wrote that "When a motion to withdraw is filed, and substitute counsel has not entered an appearance on the affected party's behalf, the decision as to whether to allow counsel to withdraw its representation is within the discretion of the Court." *Taylor v. United States*, Civil Action No. 12-12-SLR-SRF, at *2 (D. Del. May 7, 2013) citing *Ohntrup v. Firearms Ctr., Inc.,* 802 F.2d 676, 679 (3d Cir. 1986).

Under the ABA Model Rules of Professional Conduct, particularly Rule 1.16, a lawyer may withdraw if it can be done without materially impairing the client's interests, or if the lawyer has a valid reason for withdrawal (such as a conflict of interest, breakdown in the attorney-client relationship, or other ethical issues).

Courts have looked at the reason for withdrawal, the client's consent, and verifying unlikely prejudice to the client.  The standard is codified in the Rules of Professional conduct 1.16. Given the circumstances, withdrawal is in the best interest of all parties and the administration of justice particularly in light of Defendant Mathu Rajan's declaration and that Bankruptcy has been declared by both Defendants.  Most likely this case will be resolved in Bankruptcy and this lawsuit may not continue in the future.  Raja Rajan's withdrawal provides no impairment or

prejudice to his clients or the Plaintiff.  Raja Rajan will remain liable for any sanctions the court may wish to impose on his for conduct before the withdrawal.

### IV.     CONCLUSION

For the foregoing reasons, counsel respectfully requests that this Court grant the Motion to Withdraw as Counsel of Record for Raja Rajan.

Dated: March 14, 2025       Respectfully submitted,

/s/ Raja Rajan

Raja Rajan, Esquire
Attorney I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002
raja@rajanlawgroup.com

EXHBIT A—Declaration of Mathu Rajan

EXHBIT B—Redacted Medical Letter for Mathu Rajan by a doctor at University of Pennsylvania

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARK L. BUNCE,<br>   Plaintiff, | : |
| vs. | : |
| VISUAL TECHNOLOGY INNOVATIONS, INC.<br>and<br>MATHU G. RAJAN,<br>   Defendants/Counterclaim and Third-Party Plaintiffs | Civil Action Case No.<br>C.A. No. 2:23-cv 01740<br><br>**Declaration of Mathu Rajan** |
| vs. | : |
| Mark Bunce,<br>   Counterclaim Defendant and | : |
| Timothy McCarthy<br>   Third -Party Defendant | : |

## DECLARATION

1. I am providing this declaration in a legal process, and I understand that it may be used in Court.

2. My name is Mathu Rajan, and I am the founder and chief executive officer of Visual Technology Innovations, Inc.(**"VTI"**).

3. Mark Bunce sued VTI and me personally in above lawsuit and VTI for alleged breach of contract.

4. Both VTI and I personally have been fully apprised of my brother's intended withdrawal as our legal counsel in light of the sanction awarded against him personally.

5. I do not need a hearing to determine the propriety of his legal withdrawal since a) my current medical condition would prevent me participating in a trial in most of 2025 and b) in light of that fact and the Bankruptcy filings of VTI and myself, I will not be prejudiced in any manner to retain other legal counsel since I have time.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge on the date and time herein noted.*

_____     Date: 1/11/2025
  Mathu Rajan

Page **1** of **1**



Catherine Lai, MD
*Associate Professor*
*Physician Leader, Leukemia Clinical Research Unit*

October 2, 2024

RE: Mathu Rajan
DOB: 01/04/1971,

To Whom It May Concern,

Mathu Rajan is a patient treated in our Hematology/Oncology practice at the Abramson Cancer Center. He is currently receiving treatment ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ If you have any questions or concerns, please do not hesitate to contact our office. We thank you in your understanding and accommodations for our patient.

Sincerely,

*Catherine Lai MD  10/2/2024*

Catherine Lai, MD
Penn Medicine Hematology/Oncology
3400 Civic Center Blvd
Philadelphia, PA 19104
Phone 215-615-5858
Fax 215-615-5890

Perelman Center for Advanced Medicine*
West Pavilion, 4th Floor, 3400 Civic Center Boulevard, Philadelphia, PA 19104 • Phone: 215.615.5858 • Fax: 215.615.5888

*A facility of the Hospital of the University of Pennsylvania

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARK L. BUNCE,<br>　　　　Plaintiff, | : <br> : |
| vs. | : |
| VISUAL TECHNOLOGY INNOVATIONS, INC.<br>and<br>MATHU G. RAJAN,<br>　　　Defendants/Counterclaim and Third-Party Plaintiffs | : <br> : <br> : <br> : <br> : <br> : | Civil Action Case No.<br>C.A. No. 2:23-cv 01740<br><br>**Declaration of Mathu Rajan** |
| vs. | : |
| Mark Bunce,<br>　　　Counterclaim Defendant and<br>Timothy McCarthy<br>　　　Third -Party Defendant | : <br> : <br> : <br> : |

## **DECLARATION**

1.  I am providing this declaration in a legal process, and I understand that it may be used in Court.

2.  My name is Mathu Rajan, and I am the founder and chief executive officer of Visual Technology Innovations, Inc.(**"VTI"**).

3.  Mark Bunce sued VTI and me personally in above lawsuit and VTI for alleged breach of contract.

4.  Both VTI and I personally have been fully apprised of my brother's intended withdrawal as our legal counsel in light of the sanction awarded against him personally.

5.  I do not need a hearing to determine the propriety of his legal withdrawal since a) my current medical condition would prevent me participating in a trial in most of 2025 and b) in light of that fact and the Bankruptcy filings of VTI and myself, I will not be prejudiced in any manner to retain other legal counsel since I have time.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge on the date and time herein noted.*

_____     Date: 1/11/2025
　　　Mathu Rajan

## Penn Medicine
### Abramson Cancer Center

**Catherine Lai, MD**
*Associate Professor*
*Physician Leader, Leukemia Clinical Research Unit*

October 2, 2024

RE: Mathu Rajan
DOB: 01/04/1971,

To Whom It May Concern,

Mathu Rajan is a patient treated in our Hematology/Oncology practice at the Abramson Cancer Center. He is currently receiving treatment ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ If you have any questions or concerns, please do not hesitate to contact our office. We thank you in your understanding and accommodations for our patient.

Sincerely,

*Catherine Lai MD  10/2/2024*

Catherine Lai, MD
Penn Medicine Hematology/Oncology
3400 Civic Center Blvd
Philadelphia, PA 19104
Phone 215-615-5858
Fax 215-615-5890

Perelman Center for Advanced Medicine*
West Pavilion, 4th Floor, 3400 Civic Center Boulevard, Philadelphia, PA 19104 • Phone: 215.615.5858 • Fax: 215.615.5888

*A facility of the Hospital of the University of Pennsylvania

**CERTIFICATE OF SERVICE**

I, Raja Rajan, hereby certify that on March 14, 2025, a true and correct copy of the foregoing was served via email as listed below:

Mathu G. Rajan and Visual Technology Innovations, Inc. at mathu.rajan@vti-global.com

Michael D. Homans
ID No. 76624
HOMANSPECK, LLC
mhomans@homanspeck.com

Michael P. Kohler*
MILLER & MARTIN PLLC
Michael.Kohler@millermartin.com

*Attorneys for Plaintiff Mark L. Bunce*

Timothy McCarthy

tim@burlingtonresources-asia.com

*Third-Party Defendant*

/s/ Raja Rajan                                             March 14, 2025
Raja Rajan,
Esquire Attorney
I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002

raja@rajanlawgroup.com