IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF PENNSYLVANIA

| MARK L. BUNCE, Plaintiff, | : | |
|---|---|---|
| vs. | : | |
| VISUAL TECHNOLOGY INNOVATIONS, INC. and MATHU G. RAJAN, Defendants/Counterclaim and Third-Party Plaintiffs | : : : : : : | Civil Action Case No. C.A. No. 2:23-cv 01740 |
| vs. | : | |
| Mark Bunce, Counterclaim Defendant and Timothy McCarthy Third -Party Defendant | : : : : | |

## NOTICE OF APPEAL

PLEASE TAKE NOTICE THAT Raja Rajan, attorney for Defendants ("Defense Counsel") and Defendants Visual Technology Innovations and Mathu Rajan do hereby appeal to the Third Circuit Court of Appeals and designate pursuant to Federal Rules of Appellant Procedure 3(c), the Court's Orders of March 13, 2025 [docket 156], January 8, 2025 [docket 130], and August 13, 2024 filed August 14, 2024 [docket 87], for review on appeal. (Those Orders are attached hereto collectively as Exhibit A). All those Court orders all relate to sanctions against the Raja Rajan, Defense Counsel personally and the appeal is limited to those Orders only.

The names and addresses of the attorneys of record for Plaintiff are:

**MICHAEL D. HOMANS**
Homans Peck, LLC
230 Sugartown Road
Ste. 218
Wayne, PA 19087

215-419-7477
Fax: 215-754-5032
Email: mhomans@homanspeck.com
**MICHAEL P. KOHLER**
Miller & Martin PLLC

**ROBERT F. PARSLEY**
Miller & Martin PLLC
832 Georgia Avenue
Ste 1200
Chattanooga, TN 37402

423-785-8211
Fax: 423-321-1511
Email: bob.parsley@millermartin.com

1180 W. Peachtree St., N.W.
Suite 2100
Atlanta, GA 30309-3407
404-962-6403
Fax: 404-962-6300
Email: michael.kohler@millermartin.com

Dated: April 3, 2025            Respectfully submitted,

/s/ Raja Rajan

Raja Rajan, Esquire
Attorney I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002
raja@rajanlawgroup.com
raja@advisory-capital-solutions.com

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK L. BUNCE, Plaintiff, | : | |
| vs. | : | |
| VISUAL TECHNOLOGY INNOVATIONS, INC. and MATHU G. RAJAN, Defendants/Counterclaim and Third-Party Plaintiffs | : : : : : : | Civil Action Case No. C.A. No. 2:23-cv 01740 |
| vs. | : | |
| Mark Bunce, Counterclaim Defendant and | : : | |
| Timothy McCarthy Third -Party Defendant | : : | |

# EXHIBIT A

to Notice to Appeal of Raja Rajan Defense Counsel

Court's Orders of

1. March 13, 2025 [docket 156],
2. January 8, 2025 [docket 130], and
3. August 13, 2024 filed August 14, 2024 [docket 87].

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK L. BUNCE,<br>　　　　*Plaintiff*, | :<br>:<br>: |
| v. | : CIVIL ACTION<br>: NO. 23-1740 |
| VISUAL TECHNOLOGY INNOVATIONS,<br>INC., and MATHU RAJAN,<br>　　　　*Defendants.* | :<br>:<br>: |

## ORDER

**AND NOW**, this **13th** day of **March 2025**, upon consideration of this Court's January 8, 2025 Order (ECF No. 130), Plaintiff's Accounting of Fees and Expenses for Sanctions (ECF No. 133), Defendants' Counsel Opposition (ECF No. 137), and Plaintiff's Reply (ECF No. 146), it is hereby **ORDERED** that pursuant to Fed. R. Civ. P. 37(b)(2)(C), Defendants' counsel Mr. Raja Rajan shall, on or before **April 3, 2025**, pay Plaintiff's attorneys fees and expenses in the amount of $16,270.47 by delivering a cashier's check or money order to Plaintiff.

BY THE COURT:

_____
HON. KAI N. SCOTT
**United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK L. BUNCE,
    *Plaintiff,*

v.

VISUAL TECHNOLOGY INNOVATIONS,
INC., and MATHU RAJAN,
    *Defendants.*

CIVIL ACTION
NO. 23-1740

## ORDER

**AND NOW**, this **8th** day of **January 2025**, upon consideration of Plaintiff's Motion for Discovery Sanctions and for an Award of Attorneys' Fees (ECF No. 89), Defendants' Response (ECF No. 103), Plaintiff's Reply (ECF No. 106), and the parties' representations made at the hearing on January 7, 2025, it is hereby **ORDERED** as follows:

1. Defense Attorney Raja Rajan did not comply, in part, with this Court's August 13, 2024 Order.[1]

---

[1] This Court's August 13, 2024 Order required, among other things, the following:

> No later than August 26, 2024, defendants shall serve on plaintiff an answer, under oath, to Plaintiff's Interrogatory No. 16, explaining how VTI used and spent the $1,050,000 that plaintiff provided to VTI, or in the alternative, explaining how VTI used and spent all of its money, identifying all dates, recipients, amounts and documentation as to each transfer or transaction involving any portion of such funds. To the extent defendants are unable to answer this interrogatory, they must explain, under oath, the reasons why they cannot answer it.

ECF No. 87. Plaintiff argued in his briefing and at the January 7, 2025 hearing that defense attorney, Raja Rajan, did not comply with the Order. ECF No. 89 at 9-10.

Mr. Rajan responded that Suby Joseph, who submitted a declaration in this matter, "maintained and reviewed the bank statements of VTI in the 2021 time frame and performed services to estimate how [Plaintiff's] investments may have been spent though his funds were commingled with other investors." ECF No. 103 at 8. Mr. Joseph provided "a full spreadsheet listing as to how he estimates the money from [Plaintiff] may have been used by VTI." Id. at 9, 41-42 (Exhibit C – Declaration of Suby Joseph). The spreadsheet organizes information under seven separate columns: Date, Description in Bank Statement, Category, Bank Account, WF 5235, Bunce funds – remaining balance, and Comments. Id. at 43-58.

1

2. Under Fed. R. Civ. P. 37(b)(2)(C), Raja Rajan is **ORDERED** to compensate Plaintiff counsel for reasonable expenses, including attorneys' fees, incurred in preparing the discovery-sanction portion of Plaintiff's motion and associated with the hearing on January 7, 2025. Plaintiff counsel shall submit **by January 17, 2025** an accounting of expenses, and the Court will then decide the reasonableness of Plaintiff's submitted expenses.

BY THE COURT:

_____
HON. KAI N. SCOTT
United States District Court Judge

---

However, Mr. Rajan submitted to Plaintiff a redacted version of the spreadsheet, with only the "Date" and "Category" columns visible. Id. Mr. Rajan attempted to justify the redactions by claiming the redacted information was "sensitive." But rather than seeking to file the spreadsheet under seal, for instance, Mr. Rajan instead chose to defy this Court's Order and redact all meaningful portions of the spreadsheet.

In addition, Mr. Rajan argued that Plaintiff could have cross-referenced VTI's bank statements with the provided dates listed in the spreadsheet. However, the Order clearly mandated that *Defendants*, not Plaintiff, explain "how VTI used and spent the $1,050,000 that plaintiff provided to VTI, or in the alternative, [explain] how VTI used and spent all of its money, identifying all dates, recipients, amounts and documentation as to each transfer or transaction involving any portion of such funds." ECF No. 87. It was not Plaintiff's responsibility to engage in Defendant's proposed cross-referencing exercise, but rather, it was Defendant's *court ordered* responsibility to submit information regarding how VTI had spent Plaintiff's loaned $1,050,000.

Therefore, this Court finds Mr. Rajan did not comply, in part, with the August 13, 2024 Order. *See, e.g., McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 249 (3d Cir. 2014) (affirming sanctions of reasonable expenses against defendant for failing to provide invoices related to debt, as set out in the district court's discovery order).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK L. BUNCE,<br>   *Plaintiff*, | :<br>:<br>: |
| v. | :  CIVIL ACTION<br>:  NO. 23-1740 |
| VISUAL TECHNOLOGY INNOVATIONS,<br>INC., and MATHU RAJAN,<br>   *Defendants*. | :<br>:<br>: |

## ORDER

**AND NOW,** this **13th** day of **August, 2024**, upon consideration of Plaintiff's Motion to Compel, With Rule 26.1 Certification (ECF No. 63), Defendants' Opposition to Motion to Compel (ECF No. 67), and Reply in Support of Plaintiff's Motion to Compel (ECF No. 69), and after consideration of the representations made by counsel at the Status Conference held on August 8, 2024, it is hereby **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** as follows:

1. Defendants shall make good faith efforts to obtain authentic copies of all exhibits to deposition transcripts and evidentiary hearing transcripts from other lawsuits involving Mathu Rajan and/or VTI, and affidavits/declarations given by Mathu Rajan or on behalf of VTI in the other legal proceedings. These efforts shall include, but are not limited to, contacting their prior counsel and employees of predecessor companies to request these items. Defendants shall promptly produce any documents they obtain to the plaintiff. With respect to any documents they are unable to obtain, Defendants shall provide plaintiff with a written explanation describing the efforts they took to obtain them.

2. No later than **August 26, 2024**, defendants shall serve on plaintiff an answer, under oath, to Plaintiff's Interrogatory No. 16, explaining how VTI used and spent the $1,050,000 that

plaintiff provided to VTI, or, in the alternative, explaining how VTI used and spent all of its money, identifying all dates, recipients, amounts and documentation as to each transfer or transaction involving any portion of such funds. To the extent the defendants are unable to answer this interrogatory, they must explain, under oath, the reasons why they cannot answer it.

3. No later than **August 26, 2024**, defendants shall serve on plaintiff a supplemental answer to Plaintiff's Interrogatory No. 4, identifying the names and contact information of VTI's investors. In accordance with the terms of the Protective Order entered on this date, the plaintiff shall not share the information contained in this supplemental interrogatory answer with any party outside of this civil action.

4. Plaintiff's request for an order directing the defendants to verify their interrogatory responses is **DENIED AS MOOT**.

BY THE COURT:

_____
**HON. KAI N. SCOTT**
**United States District Court Judge**