## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK L. BUNCE** | : | |
| | : | |
| v. | : | No. 2:23-cv-01740-KNS |
| | : | |
| **VISUAL TECHNOLOGY**, | : | |
| **INNOVATIONS INC.**, *et al* | : | |

## ORDER

**AND NOW**, this _____ day of _____ 2025, upon consideration of Defendants Visual Technology Innovations, Inc. and Mathu G. Rajan's Omnibus Motion to Reopen Discovery and Leave to File Substituted Response to Plaintiff's Motion for Summary Judgment and/or Response to Plaintiff's Statement of Material Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment Out of Time, Leave to File a Supplemental Response to Plaintiff's Motion to Exclude Certain Statements of Undisputed Facts, and Continue Hearing Scheduled for August 27, 2025, and any response in opposition thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is **GRANTED**.

It is further **ORDERED** and **DECREED** that the Parties shall complete all necessary fact discovery within forty-five (45) days of the docketing of this Order.

It is further **ORDERED** and **DECREED** that Defendants are **GRANTED** leave to file a Substituted Response to Plaintiff's Motion for Summary Judgment and a Response to Plaintiff's Statement of Material Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment within ninety (90) days of the docketing of this Order.

It is further **ORDERED** and **DECREED** that Defendants are **GRANTED** leave to file a Supplemental Response to Plaintiff's Motion to Exclude Certain Statements of Undisputed Facts within ninety (90) days of the docketing of this Order.

It is further **ORDERED** and **DECREED** that the Hearing scheduled for August 27, 2025 is **POSTPONED**.

**BY THE COURT:**

_____
Hon. Kai N. Scott, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK L. BUNCE** : | |
| : | |
| v. : | No. 2:23-cv-01740-KNS |
| : | |
| **VISUAL TECHNOLOGY**, : | |
| **INNOVATIONS INC.**, *et al* : | |

## ORDER
(Alternative)

**AND NOW**, this _____ day of _____ 2025, upon consideration of Defendants Visual Technology Innovations, Inc. and Mathu G. Rajan's Omnibus Motion to Reopen Discovery and Leave to File Substituted Response to Plaintiff's Motion for Summary Judgment and/or Response to Plaintiff's Statement of Material Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment Out of Time, Leave to File a Supplemental Response to Plaintiff's Motion to Exclude Certain Statements of Undisputed Facts, and Continue Hearing Scheduled for August 27, 2025, and any response in opposition thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is **GRANTED**.

It is further **ORDERED** and **DECREED** that Defendants are **GRANTED** leave to promptly file their Response to Plaintiff's Statement of Material Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment.

It is further **ORDERED** and **DECREED** that Defendants are **GRANTED** leave to promptly file their Supplemental Response to Plaintiff's Motion to Exclude Certain Statements of Undisputed Facts.

**BY THE COURT:**

_____
Hon. Kai N. Scott, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK L. BUNCE** | : | |
| | : | |
| v. | : | No. 2:23-cv-01740-KNS |
| | : | |
| **VISUAL TECHNOLOGY**, | : | |
| **INNOVATIONS INC.**, *et al* | : | |

**DEFENDANTS' OMNIBUS MOTION TO REOPEN DISCOVERY AND LEAVE TO FILE SUBSTITUTED RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND/OR RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OUT OF TIME, LEAVE TO FILE A SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE CERTAIN STATEMENTS OF UNDISPUTED FACTS, AND CONTINUE HEARING SCHEDULED FOR AUGUST 27, 2025**

Defendants Visual Technology Innovations, Inc. and Mathu G. Rajan, by and through their undersigned counsel, hereby bring this Omnibus Motion to Reopen Discovery and Leave to File Substituted Response to Plaintiff's Motion for Summary Judgment and/or Response to Plaintiff's Statement of Material Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment Out of Time, Leave to File a Supplemental Response to Plaintiff's Motion to Exclude Certain Statements of Undisputed Facts, and Continue Hearing Scheduled for August 27, 2025; and, for the reasons set forth in Defendants' accompanying Memorandum of Law, respectfully request this Honorable Court enter Defendants' proposed Order.

**WHEREFORE**, Defendants Visual Technology Innovations, Inc. and Mathu G. Rajan, by and through their undersigned counsel, respectfully and humbly request this Honorable Court to grant Defendants' Motion and enter Defendants' proposed order, or, in the alternative, the Defendants' alternative proposed order.

Respectfully submitted,

**WEISBERG LAW**

1

                                     <u>/s/ Matthew B. Weisberg</u>
                                     Matthew B. Weisberg, Esq.
Attorney Id. No. 85570
7 S. Morton Avenue
Morton, PA 19070
(610) 690-0801 – Office
(610) 690-0880 – Fax
<u>mweisberg@weisberglawoffices.com</u>
*Counsel for Defendants, Visual Technology*
*Innovations, Inc. and Mathu Rajan*

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK L. BUNCE** | : |
| | : |
| v. | :     No. 2:23-cv-01740-KNS |
| | : |
| **VISUAL TECHNOLOGY**, | : |
| **INNOVATIONS INC.**, *et al* | : |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OMNIBUS MOTION TO REOPEN DISCOVERY AND LEAVE TO FILE SUBSTITUTED RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND/OR RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OUT OF TIME, LEAVE TO FILE A SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE CERTAIN STATEMENTS OF UNDISPUTED FACTS, AND CONTINUE HEARING SCHEDULED FOR AUGUST 27, 2025**

Defendants Visual Technology Innovations, Inc. and Mathu G. Rajan, by and through their undersigned counsel, hereby provide this Memorandum of Law in support of Defendants' Omnibus Motion to Reopen Discovery and Leave to File Substituted Response to Plaintiff's Motion for Summary Judgment and/or Response to Plaintiff's Statement of Material Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment Out of Time, Leave to File a Supplemental Response to Plaintiff's Motion to Exclude Certain Statements of Undisputed Facts, and Continue Hearing Scheduled for August 27, 2025; and, for the reasons set forth in Defendants' accompanying Memorandum of Law, respectfully request this Honorable Court enter Defendants' proposed Order.

**I.  MATTER BEFORE THIS HONORABLE COURT**

Defendants' Omnibus Motion to Reopen Discovery and Leave to File Substituted Response to Plaintiff's Motion for Summary Judgment and/or Response to Plaintiff's Statement of Material Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment Out of

Time, Leave to File a Supplemental Response to Plaintiff's Motion to Exclude Certain Statements of Undisputed Facts, and Continue Hearing Scheduled for August 27, 2025.

## II.   QUESTION PRESENTED

1. Does good cause exist for this Honorable Court to grant Defendants' Omnibus Motion?

   *Suggested Answer:* Yes.

## III.   BRIEF RELEVANT PROCEDURAL HISTORY

Plaintiff, Mark L. Bunce, initiated this matter on or about May 5, 2023 against Defendants, Visual Technology Innovations, Inc. and Mathu G. Rajan. Defendants waived service shortly thereafter. Non-Party, Attorney Raja Rajan – the brother of Defendant, Mathu G. Rajan – entered his appearance on or about July 10, 2023. Attorney Rajan remained Defendants' Counsel until this Honorable Court granted him leave to withdraw on or about April 4, 2025.

Undersigned Counsel for Defendants entered his appearance in this matter on or about April 8, 2025 *after* significant litigation had been completed, including all discovery, and all pending motions had been filed and responded to.

On or about July 16, 2025, this Honorable Court entered a Notice of Hearing regarding the below motions, scheduling the hearing for August 27, 2025:

   a. Plaintiffs' Motion to Dismiss, Strike, or Sever Third Party Complaint for Discovery Sanctions and for Award of Attorneys' Fees (ECF 89);

   b. Defendants' Motion for Summary Judgment (ECF 107);

   c. Plaintiff's Motion for Partial Summary Judgment (ECF 108);

   d. Plaintiff's Motion to Exclude Certain of Defendants' Proposed Facts for Summary Judgment (ECF 113); and,

e. Plaintiff's Omnibus Motion for Attorney Fees Against Defense Counsel Raja Rajan (ECF 164, renewing ECF 139).

All of the conduct complained of by Plaintiff in his Omnibus Motion for Attorney Fees occurred while Non-Party, Attorney Raja Rajan, was representing Defendants. *See* ECF 139. In fact, Plaintiff specifically sought sanctions against Non-Party, Attorney Raja Rajan in his Omnibus Motion. *Id.* For example, Plaintiff seeks attorney fees for the following conduct of Non-Party, Attorney Raja Rajan:

1. "Fees incurred in Relation to Bad-Faith Motion to Dismiss or Stay";
2. "Fees Incurred in Relation to the Bad-Faith Assertion of Counterclaims";
3. "Fees Incurred in Relation to Motion for Overbroad Protective Order and Motion to Compel Without Meeting and Conferring as Required";
4. "Fees Incurred in Relation to Harassing Discovery Requests";
5. "Fees Incurred in Relation to Bad-Faith Motion to Enforce Settlement and Unilaterally Cancelled Deposition";
6. "Fees Incurred in Relation to Bad-Faith Third-Party Claims"; and,
7. "Fees Incurred in Relation to Defendants' Frivolous Motion for Summary Judgment".

*See* ECF 139-1.

Defendants Visual Technology Innovations, Inc. and Mathu G. Rajan bring this Omnibus Motion in an effort to provide unbiased, counseled motion and responses, based on a complete record, to ensure adjudication upon the merits (or lack thereof) of Plaintiffs' claims.

In this Motion, Defendants request the following relief:

    a. Re-open discovery for a period of 45 days to allow the Parties to appropriately complete discovery and obtain a full record for adjudication of the pending motions; specifically, the deposition of Plaintiff, Mark L. Bunce;

    b. Grant Defendants leave to file a Substituted Response to Plaintiff's Motion for Summary Judgment following the close of the new discovery period, or, in the alternative, grant Defendants leave to file a (i) Response to Plaintiff's Statement of Material Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment (the proposed Response is attached hereto as Exhibit A); and (ii) a Supplemental Response to Plaintiff's Motion to Exclude Certain Statements of Undisputed Facts (the proposed Supplemental Response is attached hereto as Exhibit B); and,

    c. Postpone the hearing on the pending motions currently scheduled for August 27, 2025.

**IV.**   **ARGUMENT**

It is well established that the Third Circuit has a policy favoring an "adjudication on the merits". *Tomaszewski v. Allstate Ins. Co.*, No. 19-CV-0080, 2019 WL 13273156, at *1 (E.D. Pa. Oct. 9, 2019) (*quoting Harad v. Aenta Cas. & Sur. Co.,* 839 F.2d 979, 982 (3d Cir. 1988) ("The Third Circuit recognizes the 'policy disfavoring default judgments and encouraging decisions on the merits.'"); *Budget Blinds, Inc. v. White,* 536 F.3d 244, 258 (3d Cir. 2008) ("[D]efault judgments are generally disfavored in our circuit."); *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) ("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable.")). Further, Federal Rules of Civil Procedure are designed to encourage the "just" determination of every action. Fed.R.C.P. 1.

A. **THIS HONORABLE COURT SHOULD REOPEN DISCOVERY TO ALLOW THE PARTIES TO OBTAIN A COMPLETE RECORD IN ADVANCE OF ADJUDICATION OF ANY MOTION FOR SUMMARY JUDGMENT.**

This Honorable Court should reopen discovery to allow the Parties to obtain a complete record in advance of adjudication of any motion for summary judgment. Here, Defendants seek to reopen discovery to allow Defendants to take the deposition of Plaintiff, Mark L. Bunce. Pursuant to Rule 16, a district court has "broad discretion to control and manage discovery." *Goldrich v. City of Jersey City*, No. CV15885SDWLDW, 2018 WL 3360764, at *1 (D.N.J. July 10, 2018) (*quoting Cevdet Aksut Ogullari Koll, STI v. Cavusoglu*, No. 14–3362, 2017 WL 3013257, at *4 (D.N.J. July 14, 2017)). Scheduling orders may be modified to reopen discovery for "good cause and with the judge's consent." *Goldrich,* 2018 WL 3360764, at *1 (quoting Fed. R. Civ. P. 16(b)(4); *also citing J.G. v. C.M.*, No. 11–2887, 2014 WL 1652793, at *1 (D.N.J. Apr. 23, 2014)). In evaluating whether discovery should be reopened, courts have considered "(1) the good faith and diligence of the moving party, (2) the importance of the evidence, (3) the logistical burdens and benefits of re-opening discovery, [and] (4) prejudice to the nonmoving party." *Goldrich,* 2018 WL 3360764, at *1 (*citing J.G.*, 2014 WL 1652793, at *2.

Here, the lack of diligence to obtain the necessary discovery is that of Defendants' prior counsel, not Defendants. In fact, at Defendants' direction, Non-Party, Attorney Raja Rajan coordinated the deposition of Plaintiff for July 1, 2024 in advance to the discovery deadline. However, Attorney Rajan failed to appear for the scheduled deposition (and/or unilaterally cancelled the deposition) and instead sought to enforce an allegedly-non-existent settlement. *See* ECF Doc. 139-1, Page 16. Given the extraordinary conduct of Defendants' prior counsel, which has been well pled before this Honorable Court, this factor should weigh in favor of reopening discovery. The evidence being sought, i.e. the deposition of Plaintiff, is of critical importance to

5

the adjudication of the pending motions for summary judgment upon their merits. This factor should weigh in favor of reopening discovery. The logistical burden of reopening discovery is slight given that the pending motions remain unadjudicated, trial is not near, and no judgement has been entered. Further, the benefit of adjudication on the merits is overwhelming. These factors should weigh in favor of reopening discovery.

Plaintiff will not suffer any prejudice as a result. "Prejudice" is often used as a misnomer – *prejudice* is not defined by the requirement of ongoing litigation or defense but instead results from an inability to defend.  *See Adams v. Gould Inc.,* 739 F.2d 858, 869 (3d Cir. 1984); *Arthur V. Maersk, Inc.*, 434 F.3d 196, 204-2017 (C.A.3 2006); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (C.A.3 1993).

This Honorable Court should reopen discovery to allow the Parties to obtain a complete record in advance of adjudication of any motion for summary judgment; namely, to complete the deposition of Plaintiff, Mark L. Bunce. In doing so, this Honorable Court should further allow the Parties to file supplements to the pending motions for summary judgment or allow the Parties to file amended or superseding motions.

    **B.**    **ALTERNATIVELY, THIS HONORABLE COURT SHOULD ALLOW DEFENDANTS TO FILE A SUBSTITUTED RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT THROUGH DEFENDANTS' CURRENT COUNSEL, OR, IN THE FURTHER ALTERNATIVE, A RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT THEREOF AND A SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE CERTAIN STATEMENTS OF UNDISPUTED FACTS.**

Alternatively, this Honorable Court should allow Defendants to file a Substituted Response to Plaintiff's Motion for Summary Judgment through Defendants' Current Counsel, or in the further alternative, (i) a Response to Plaintiff's Statement of Material Undisputed Facts in support thereof and (ii) a Supplemental Response to Plaintiff's Motion to Exclude Certain

6

Statements of Undisputed Facts. Pursuant to Rule 6, this Honorable Court for "good cause" may extend the time for a party to file a response "if the party failed to act because of excusable neglect." Fed.R.C.P. 6(b)(1)(B). In *Pioneer,* the Supreme Court reiterated that "it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 322 (3d Cir. 2001) (*quoting Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 391(1993)).

  Here, given that Defendants in fact filed a Response and thus acted timely, the "good cause" standard alone should apply to Defendants' request to file a Substituted Response to Plaintiff's Motion for Summary Judgment through their current (unbiased and competent) counsel. The alleged conduct of Defendants' prior counsel (*see supra*) speaks for itself and constitutes good cause for this Honorable Court to allow a Substituted Response through impartial counsel – thereby allowing the action to be adjudicated on the merits, not the missteps of Defendants' prior counsel.

  In the further alternative, Defendants humbly request leave to file (i) a Response to Plaintiff's Statement of Material Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment out of time; and, (ii) a Supplemental Response to Plaintiff's Motion to Exclude Certain Statements of Undisputed Facts. Here, the "excusable neglect" standard should apply. Critically, Defendants filed a timely Response to Plaintiff's Motion for Summary Judgment; but failed – believed in oversight – to include therewith a Response to Plaintiff's Statement of Material Undisputed Facts. *See* ECF 109. In the Responsive Memorandum of Law, Attorney Rajan included a "Relevant Summary of Facts", but did not include a Response to Plaintiff's Statement of Material Undisputed Facts that would adequately establish the various disputes of material

7

facts remaining in this matter. *Id.* at Pages 3-7. *See also* Exhibit A. It is believed that the error was the oversight of Defendants' prior counsel, not a strategic decision. Given the "elastic concept" of Rule 6, Defendants humbly request leave to file a Response to Plaintiff's Statement of Material Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment out of time. The proposed Response is attached hereto as Exhibit A.

Additionally, Defendants humbly request leave to file a Supplemental Response to Plaintiff's Motion to Exclude Certain Statements of Undisputed Facts that specifically addresses Plaintiff's objections on a line by line basis. The proposed Supplemental Response is attached hereto as Exhibit B.

Further, it is believed that both of the foregoing would aid this Honorable Court in adjudication of the pending Motions for Summary Judgment.

Along with any of the foregoing relief, Defendants further request that the hearing scheduled for August 27, 2025 be postponed accordingly.

V.      **CONCLUSION**

For the foregoing reasons, Defendants Visual Technology Innovations, Inc. and Mathu G. Rajan respectfully and humbly request this Honorable Court to grant Defendants' Motion and enter Defendants' proposed order; or, in the alternative, the Defendants' alternative proposed order.

**WHEREFORE**, Defendants Visual Technology Innovations, Inc. and Mathu G. Rajan, by and through their undersigned counsel, respectfully and humbly request this Honorable Court to grant Defendants' Motion and enter Defendants' proposed order, or, in the alternative, the Defendants' alternative proposed order.

Respectfully submitted,

**WEISBERG LAW**
/s/ *Matthew B. Weisberg*
Matthew B. Weisberg, Esq.
Attorney Id. No. 85570
7 S. Morton Avenue
Morton, PA 19070
(610) 690-0801 – Office
(610) 690-0880 – Fax
mweisberg@weisberglawoffices.com
*Counsel for Defendants, Visual Technology Innovations, Inc. and Mathu Rajan*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK L. BUNCE** | : | |
| | : | |
| v. | : | No. 2:23-cv-01740-KNS |
| | : | |
| **VISUAL TECHNOLOGY**, | : | |
| **INNOVATIONS INC.**, *et al* | : | |

**CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 20th day of August 2025, a true and correct copy of the foregoing Omnibus Motion, Proposed Order, Memorandum of Law, and Exhibits was served via ECF upon the following counsel:

Michael D. Homans, Esq.
HOMANS PECK, LLC
230 Sugartown Road, Ste. 218
Wayne, PA 19087
*Via* mhomans@homanspeck.com

Robery F. Parsley, Esq.
MILLER & MARTIN PLLC
832 Georgia Avenue, Ste 1200
Chattanooga, TN 37402
*Via* bob.parsley@millermartin.com

Michael P. Kihler, Esq.
MILLER & MARTIN PLLC
1180 W. Peachtree St., N.W., Suite 2100
Atlanta, GA 30309-3407
*Via michael.kohler*@millermartin.com

                                                **WEISBERG LAW**

                                                */s/ Matthew B. Weisberg*
                                                Matthew B. Weisberg, Esquire
                                                *Counsel for Defendants, Visual Technology*
                                                *Innovations, Inc. and Mathu Rajan*