# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARK L. BUNCE** | : | |
| | : | |
| v. | : | No. 2:23-cv-01740-KNS |
| | : | |
| **VISUAL TECHNOLOGY**, | : | |
| **INNOVATIONS INC.**, *et al* | : | |

**DEFENDANTS, VISUAL TECHNOLOGY INNOVATIONS, INC. AND
MATHU G. RAJAN'S *PROPOSED* SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION TO EXCLUDE CERTAIN STATEMENTS
OF UNDISPUTED FACTS**

Defendants, Visual Technology Innovations, Inc. ("VTI") and Mathu G. Rajan ("Mr. Rajan"), by and through their undersigned counsel, hereby provide this *Proposed* Supplemental Response to Plaintiff, Mark L. Bunce's ("Mr. Bunce") Motion to Exclude Certain Statements of Undisputed Facts[1], as follows[2]:

## I.    INCORPORATION OF DEFENDANTS' ORIGINAL RESPONSE

Defendants incorporate their original Response to Plaintiff's Motion to Exclude Certain Statements of Undisputed Facts ("Original Response")[3] as if set forth at length herein.

## II.    RESPONSE TO PLAINTIFF'S PROPOSED EXCLUSIONS

**2.**    Plaintiff was contacted for investment in VTI only after paperwork was signed for thirty million USD ($30,000,000) by third-party Defendant Timothy McCarthy ("McCarthy") to be precursor investor to McCarthy since his money was to come into VTI after thirty (30) days. Exhibit A hereto is the investment document of Timothy McCarthy. Doc. 107-2 at 1-2.

**PLAINTIFF'S OBJECTION:** This statement is immaterial because it has nothing to do with Defendants' failure to repay the loan, Rajan's false statements, or Rajan's personal

---

[1]    ECF No. 113
[2]    Attached hereto is a verification, executed by Mr. Rajan subject to the penalties of 18 Pa.C.S. § 4904, that the factual averments set forth herein are true and correct to the best of his knowledge, information and belief. Mr. Rajan also authenticated all documents attached herein.
[3]    ECF No. 117

use of the loan proceeds. Fed. R. Evid. 401, 402. This statement is further not supported by the record because Exhibit A for which it relies upon has not been authenticated and otherwise lacks proper foundation. Fed. R. Evid. 602, 901. Pl's Facts [ECF 108-3] ¶¶ 2 – 6, 9 – 12.

**DEFENDANTS' RESPONSE:** The Burlington Commitment is material to Plaintiff's

fraud claims against Mr. Rajan as the Burlington Commitment formed the financial foundation

upon which VTI based its business plan and upon which Mr. Rajan made representations to Mr.

Bunce. Additionally, pursuant to the Verification executed by Mr. Rajan at the end of this

document, the Exhibit cited is authentic.

    **3.**     McCarthy indicated that his investment monies would only be received by VTI thirty (30) days later, hence the VTI reached out to another investor which happened to be Plaintiff Bunce. Id at section 3 page 1. Doc. 107-2 at 2.

**PLAINTIFF'S OBJECTION:** This statement is immaterial because it has nothing to do with Defendants' failure to repay the loan, Rajan's false statements, or Rajan's personal use of the loan proceeds. Fed. R. Evid. 401, 402. This statement is further not supported by the record because Exhibit A for which it relies upon has not been authenticated and otherwise lacks proper foundation. Fed. R. Evid. 602, 901. Bunce further objects to this statement because whatever McCarthy allegedly said is hearsay. Fed. R. Evid. 802. Pl's Facts [ECF 108-3] ¶¶ 2 – 6, 9 – 12.

**DEFENDANTS' RESPONSE:** McCarthy's 30-day delay in providing funds to VTI

pursuant to the Burlington Commitment is material to Plaintiff's fraud claims against Mr. Rajan

as the Burlington Commitment formed the financial foundation upon which VTI based its

business plan and upon which Mr. Rajan made representations to Mr. Bunce. Additionally,

pursuant to the Verification executed by Mr. Rajan at the end of this document, the Exhibit cited

is authentic. Finally, the 30-day delay in providing funds was described in the plain text of the

Burlington Commitment and was not something that "McCarthy allegedly said," so it is not

hearsay.

    **4.**     On February 18, 2021 at 8:26 am, an agent for VTI forwarded Plaintiff Bunce's due diligence questions to VTI for immediate answering since Plaintiff would not even entertain investment until he got answers listed in his email which provided that:

Below is from Mark Bunce.
"I have had a read of the attachments. It sounds interesting but before taking
anything forward I really need to put some flesh on the bones. The detail is lacking.
Is it possible to supply the following as I would rather see these before having a conversation if possible.
Copies of latest statutory accounts and management accounts
Details of bank debt and charges
Copy of the agreement to fund the $30m inflow. Any pre conditions or break clauses?
Notes details on reverse target and any letters of comfort from brokers/lawyers
Details of financial investment undertaken by the directors
This cash injection would be to finance working capital for delivery of product that has firm orders. The presentation talks about delivery of prototypes rather than production line items!"

Exhibit B hereto. Glen Davis email of Bunce question. (emphasis added). Doc. 107-2 at 2.

**PLAINTIFF'S OBJECTION:** Bunce does not dispute that Glen Davis of Knight – Davis Associates LLP is an agent for VTI and Rajan. This statement is otherwise immaterial because it has nothing to do with Defendants' failure to repay the loan, Rajan's false statements, or Rajan's personal use of the loan proceeds. Fed. R. Evid. 401, 402. This statement is further not based upon proper evidence. First, what Mr. Davis (a non-party) emailed Rajan is hearsay. Fed. R. Evid. 802. Second, Exhibit B, for which this statement relies upon, has not been authenticated and lacks proper foundation. Fed. R. Evid. 602, 901. Third, the best evidence is the purported email from Bunce to Mr. Davis, not Mr. Davis' retelling of that purported email, which is hearsay. Fed. R. Evid. 802, 1002.

**DEFENDANTS' RESPONSE**: This communication from Davis (as agent of VTI) to Mr. Rajan (as CEO of VTI) is material to Plaintiff's fraud claims against Mr. Rajan because it details due diligence items that Davis identified for VTI to satisfy relative to the Bunce loan. Additionally, pursuant to the Verification executed by Mr. Rajan at the end of this document, the Exhibit cited is authentic.

**5.**    Plaintiff Bunce specifically asked to review McCarthy's investment documents and the finances of VTI before investing. Exhibit B. Doc. 107-2 at 2.

**PLAINTIFF'S OBJECTION:** This statement is immaterial because it has nothing to do with Defendants' failure to repay the loan, Rajan's false statements, or Rajan's personal use of the loan proceeds. Fed. R. Evid. 401, 402. This statement is further not based upon proper evidence. First, what Mr. Davis (a non-party) emailed Rajan is hearsay. Fed. R. Evid. 802. Second, Exhibit B, for which this statement relies upon, has not been authenticated and lacks proper foundation. Fed. R. Evid. 602, 901. Third, the best evidence is the purported email from Bunce to Mr. Davis, not Mr. Davis' retelling of that purported email, which is hearsay. Fed. R. Evid. 802, 1002.

**DEFENDANTS' RESPONSE:** This communication from Davis (as agent of VTI) to Rajan (as CEO of VTI) is material to Plaintiff's fraud claims against Mr. Rajan because it details a critical due diligence item that Davis identified for VTI to satisfy. Additionally, pursuant to the Verification executed by Mr. Rajan at the end of this document, the Exhibit cited is authentic.

**6.**    Plaintiff was so confident of McCarthy investing in VTI that he tied his First Investment to mature or be repaid after

> "…ten (10) working days from date of request after Conversion Expiry, which is defined as "…as the (i) five (5) working days after the Company informing the Holder that Stream TV Networks, Inc. has successfully filed for Chapter 11 protection with the US Bankruptcy Court (with such written proof as requested) and (ii) that the Company has received $1 million from a certain signed term sheet for an investment of US $30 million…"

Complaint, exhibit 3, Sections 1 and 3. Doc. 107-2 at 2-3.

**PLAINTIFF'S OBJECTION:** This statement is immaterial because Bunce never converted the value of the notes into equity, the maturity dates of the loans were later amended, and it has nothing to do with Defendants' failure to repay the loan, Rajan's false statements, or Rajan's personal use of the loan proceeds. Pl's Facts [ECF 108-3] ¶¶ 11 - 12; Fed. R. Evid. 401, 402. Bunce further objects to this statement because it lacks foundation and calls for speculation concerning Bunce's purported confidence. Fed. R. Evid. 602.

**DEFENDANTS' RESPONSE**: The Burlington Commitment is material to Plaintiff's fraud claims against Mr. Rajan as the Burlington Commitment formed the financial foundation upon which VTI based its business plan and upon which Mr. Rajan made representations to Mr. Bunce. While Mr. Bunce did not convert the Note, it nonetheless provides insight into Mr.

Bunce's knowledge and state of mind at a material time. Mr. Bunce was clearly aware of the

Burlington Commitment, as the terms thereof were a factor in defining Mr. Bunce's debt-to-

equity conversion rights pursuant to the first Note. With the Motion, among other things, Mr.

Bunce seeks to have the Burlington Commitment excluded as evidence. Additionally, pursuant to

the Verification executed by Mr. Rajan at the end of this document, the Exhibit cited is authentic.

Moreover, the Exhibit was submitted by Plaintiff as an exhibit to his initial complaint.

> 7. Plaintiff voided his First Investment in the entirety to make room for his Second Investment which was to pair the monies from the First Investment with new monies to total one million dollars ($1,000,000). Exhibit C hereto is the amendment and exhibit 5 to Complaint is the Note for $1,000,000. Doc. 107-2 at 3.

> **PLAINTIFF'S OBJECTION:** This statement is not supported by the record because Exhibit C on which it relies in part has not been authenticated and otherwise lacks proper foundation. Fed. R. Evid. 602, 901.

> **DEFENDANTS' RESPONSE:** Pursuant to the Verification executed by Mr. Rajan at

the end of this document, the Exhibit cited is authentic. Further, this provides a foundation for

Defendants' statement that Mr. Bunce voided his initial loan and replaced it with a second loan

that incorporated the first.

> **9.**     Plaintiff was shown a bank statement of McCarthy's company on a zoom call that showed his company had an opening balance of one hundred and three million thirty two thousand and eighty nine and five cents ($135,032,089.05). Exhibit D hereto. Doc. 107-2 at 3.

> **PLAINTIFF'S OBJECTION:** This statement is immaterial because it has nothing to do with Defendants' failure to repay the loan, Rajan's false statements, or Rajan's personal use of the loan proceeds. Fed. R. Evid. 401, 402. This statement is not supported by the record. And Exhibit D (for which this statement relies) is not competent evidence because it is hearsay, lacks foundation, and has not been authenticated. Fed. R. Evid. 602, 802, 901.

> **DEFENDANTS' RESPONSE:** The Burlington Commitment is material to Plaintiff's

fraud claims against Mr. Rajan as the Burlington Commitment formed the financial foundation

upon which VTI based its business plan and upon which Mr. Rajan made representations to Mr.

Bunce. Additionally, pursuant to the Verification executed by Mr. Rajan at the end of this

document, the Exhibit cited is authentic.

14.    At all times Glen Davis and his company Knight Davis worked for VTI. Exhibit E hereto. Doc. 107-2 at 4.

**PLAINTIFF'S OBJECTION:** Bunce does not dispute that Glen Davis was VTI's and Rajan's agent. This statement, however, is not supported by the record as Exhibit E because it is hearsay, lacks foundation, and has not been authenticated. Fed. R. Evid. 602, 802, 901.

**DEFENDANTS' RESPONSE:** Pursuant to the Verification executed by Mr. Rajan at

the end of this document, the Exhibit cited is authentic. Further, the document is not hearsay as

Mr. Rajan was a direct signatory to the document.

15.    When Knight Davis amended the engagement with VTI, they did so with VTI. Exhibit F hereto. Doc. 107-2 at 4.

**PLAINTIFF'S OBJECTION:** Bunce does not dispute that Glen Davis was VTI's and Rajan's agent. This statement, however, is not supported by the record as Exhibit F is hearsay, lacks foundation, and has not been authenticated. Fed. R. Evid. 401, 402, 602, 802, 901.

**DEFENDANTS' RESPONSE:** Pursuant to the Verification executed by Mr. Rajan at

the end of this document, the Exhibit cited is authentic. Further, the document is not hearsay as

Mr. Rajan was a direct signatory to the document.

17. For all his investments, Plaintiff represented in writing that he

> Acknowledgment. Investor acknowledges that neither the Company nor any other person acting on behalf of the Company has made any representation or warranty, express or implied, as to the accuracy or completeness of any information regarding the Company, except as expressly set forth in Section 2 of this Agreement. The Investor acknowledges that any investment it makes is made without any representations or warranties of the Company with regard to any risks that may pertain to the investment from either an offering or a business perspective. The Investor has made its investment based solely on its own due diligence. Investor acknowledges that there are uncertainties inherent in attempting to make such projections and plans, that Investor is familiar with such uncertainties, and that Investor shall have no claim with respect

thereto. Investor acknowledges that it has conducted to its satisfaction an
independent investigation and verification of the financial condition,
results of operations, assets, liabilities, properties and projected operations
of the Company and, in making its determination to proceed with the
transactions contemplated by this Agreement, Investor has relied on the
results of its own independent investigation and verification

Complaint, Exhibit 7, Section 6e, page 5 but page 6 of multi-page attachment.
(emphasis added). Exhibit G hereto ⁋ 6, declaration of Suby Joseph. Doc. 107-2 at
4-5.

**PLAINTIFF'S OBJECTION:** This statement is immaterial. Fed. R. Evid. 401, 402. The
Court already ruled in March 2024 that "[t]he Convertible Note Agreements do not
govern the claims in this case. They pertain to Mr. Bunce's option to turn loaned amounts
into shares in VTI. Because Mr. Bunce did not convert his loans into shares, the
Convertible Note Agreement do not govern repayment under the Notes, which is the
basis for the claims in this case." Memorandum Opinion [ECF 28] 7 – 8. Defendants'
reliance upon language from the Convertible Note Agreement, therefore, is irrelevant
since Bunce never converted the value of the notes into equity. Pl's Facts [ECF 108-3] ¶¶
11 - 12; Fed. R. Evid. 401, 402. This statement is not supported by the record or
competent evidence. First, Paragraph 6 of Joseph Declaration lacks foundation and
assumes facts not in the record, specifically that Bunce invested in VTI. Id.; Fed. R. Evid.
602. Second, the Convertible Note Agreement has not been authenticated and lacks
foundation and any references to the Convertible Note Agreement are improper as it is
the best evidence. Fed. R. Evid. 106, 602, 901, 1002. Third, Bunce disputes he invested
in VTI. Pl's Facts [ECF 108-3] ¶¶ 2 – 6, 9 – 12. And Defendants cite to nothing in the
record that supports their contention that Bunce invested in VTI.

**DEFENDANTS' RESPONSE:** Defendants argue that the 3/6/24 Opinion did not

dismiss the Convertible Note Agreements as immaterial for all aspects of this case. First, the

Court opinion was made relative to Defendants' request to change venue, and whether the

Nevada forum provision of the Convertible Note Agreements gave Defendants the right to

change venue. Second, and more importantly, while the Court did state that "[t]he Convertible

Note Agreements do not govern the claims in this case," it further stated that "the Convertible

Note Agreements ***do not govern repayment*** under the Notes, ***which is the basis for the claims of***

***this case***."[4] Plaintiff is now seeking more than just repayment of the Notes; his motion for partial

---

[4]    ECF No. 28 at p. 8, emphasis added

summary judgment seeks adjudication of a fraud claim against Mr. Rajan. The Convertible Note

Agreements which detail all aspects of agreement reached between Plaintiff and VTI are critical

for the Court to consider in its evaluation of the full scope of the claims in this case.

Additionally, pursuant to the Verification executed by Mr. Rajan at the end of this document, the

Exhibit cited is authentic.

**23.** I spoke to Plaintiff Bunce in May of 2021, but the conversation was limited a landlord in China and changes Bunce wanted in the paperwork. Addendum B to Exhibit H hereto. Doc. 107-2 at 6.

**PLAINTIFF'S OBJECTION:** The record cite does not support this statement. The statement references "Addendum B" to Rajan's declaration, but there's nothing attached to Rajan's declaration. The statement, therefore, is not supported by the best and complete evidence (presumably "Addendum B"). Fed. R. Evid 106, 1002. The statement is also immaterial as it has nothing to do with Defendants' failure to repay the loan, Rajan's false statements, or Rajan's personal useof the loan proceeds. Fed. R. Evid. 401, 402.

**DEFENDANTS' RESPONSE:** The October 16, 2024 Declaration of Mr. Rajan is

material because it provides Mr. Rajan's testimony regarding the Notes and the use of funds.

Further, the October 16, 2024 Declaration of Mr. Rajan, with Addendum B, is attached hereto as

Exhibit 1. Moreover, the October 16, 2024 Declaration of Mr. Rajan is material to the Plaintiff's

fraud claims against Mr. Rajan.

**24.** Plaintiff Bunce wanted a call with McCarthy as to his investment delays starting April of 2021 and sent an email to that effect. Addendum C to Exhibit H hereto and ¶¶ 19-21. Doc. 107-2 at 6.

**PLAINTIFF'S OBJECTION:** The record citation does not support this statement. This record cite is hearsay (in part because it discusses purported communications between Bunce and a nonparty) and references or quotes an attached email, but there's nothing attached to Rajan's declaration. Fed. R. Evid. 602, 802. The statement is not supported by the best and complete evidence (the entire referenced email). Fed. R. Evid 106, 1002. The statement is also immaterial as it has nothing to do with Defendants' failure to repay the loan, Rajan's false statements, or Rajan's personal use of the loan proceeds. Fed. R. Evid. 401, 402. Bunce disputes he invested in VTI. Pl's Facts [ECF 108-3] ¶¶ 2 – 6, 9 – 12. And

Defendants cite to nothing in the record that supports their contention that Bunce invested in VTI.

**DEFENDANTS' RESPONSE:** The October 16, 2024 Declaration of Mr. Rajan is material because it provides Mr. Rajan's testimony regarding the Notes and the use of funds. Further, October 16, 2024 Declaration of Mr. Rajan, with Addendum B, is attached hereto as Exhibit 1. Moreover, the October 16, 2024 Declaration of Mr. Rajan is material to the Plaintiff's fraud claims against Mr. Rajan.

25.    Plaintiff Bunce invested again May of 2021 after his initial skepticism of money from McCarthy. Exhibit H ¶ 22. Doc. 107-2 at 6.

**PLAINTIFF'S OBJECTION:** Bunce does not dispute that he loaned VTI $50,000.00 on May 4, 2021. Pl's Facts [ECF 108-3] ¶ 10. Bunce disputes that he ever invested in VTI. Id. ¶ 12. The record cite further does not support the characterization that Bunce was initially skeptical "of money from McCarthy." The record cite lacks foundation, lacks personal knowledge, and calls for speculation. Fed. R. Evid. 602. The statement is also immaterial as it has nothing to do with Defendants' failure to repay the loan, Rajan's false statements, or Rajan's personal use of the loan proceeds. Fed. R. Evid. 401, 402. Bunce did not "invest" in VTI; he made loans. Pl's Facts [ECF 108-3] ¶¶ 2 – 6, 9 – 12.

**DEFENDANTS' RESPONSE:** The October 16, 2024 Declaration of Mr. Rajan is material because it provides Mr. Rajan's testimony regarding the Notes and the use of funds. Moreover, it provides testimony regarding Mr. Bunce's willingness to make an additional USD $50,000 loan to VTI despite his skepticism of McCarthy's ability and willingness to fulfill the Burlington Commitment. Further, the October 16, 2024 Declaration of Mr. Rajan, with Addendum B, is attached hereto as Exhibit 1. Moreover, the October 16, 2024 Declaration of Mr. Rajan is material to the Plaintiff's fraud claims against Mr. Rajan.

Respectfully submitted,

**WEISBERG LAW**
 */s/ Matthew B. Weisberg*
Matthew B. Weisberg, Esq.
Attorney Id. No. 85570

L. Anthony DiJiacomo, III, Esq.
Attorney Id. No. 321356
7 S. Morton Avenue
Morton, PA 19070
(610) 690-0801 – Office
(610) 690-0880 – Fax
mweisberg@weisberglawoffices.com
*Counsel for Defendants, Visual Technology*
*Innovations, Inc. and Mathu G. Rajan*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARK L. BUNCE** | : | |
| | : | |
| v. | : | No. 2:23-cv-01740-KNS |
| | : | |
| **VISUAL TECHNOLOGY**, | : | |
| **INNOVATIONS INC.**, *et al* | : | |

## <u>VERIFICATION</u>

I, Mathu G. Rajan, hereby verify that the factual averments and denials set forth in the foregoing *Proposed* Supplemental Response to Plaintiff's Motion to Exclude Certain Statements of Undisputed Facts are true and correct to the best of my knowledge, information and belief. I make the foregoing unsworn statement subject to the penalties of 18 Pa.C.S. § 4904.

I, Mathu G. Rajan, further verify that the documents identified in the foregoing *Proposed* Supplemental Response to Plaintiff's Motion to Exclude Certain Statements of Undisputed Facts as are authentic copies of the identified documents.

_____          _____
Mathu G. Rajan                                         Date

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARK L. BUNCE** | : | |
| | : | |
| v. | : | No. 2:23-cv-01740-KNS |
| | : | |
| **VISUAL TECHNOLOGY**, | : | |
| **INNOVATIONS INC.**, *et al* | : | |

## <u>VERIFICATION</u>

I, Mathu G. Rajan, hereby verify that the factual averments and denials set forth in the foregoing *Proposed* Supplemental Response to Plaintiff's Motion to Exclude Certain Statements of Undisputed Facts are true and correct to the best of my knowledge, information and belief. I make the foregoing unsworn statement subject to the penalties of 18 Pa.C.S. § 4904.

I, Mathu G. Rajan, further verify that the documents identified in the foregoing *Proposed* Supplemental Response to Plaintiff's Motion to Exclude Certain Statements of Undisputed Facts and attached thereto as Exhibit 1 are authentic copies of the identified documents.

_____          August 20, 2025_____
Mathu G. Rajan                                    Date

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK L. BUNCE,<br>Plaintiff, | : <br> : | |
| vs. | : | |
| VISUAL TECHNOLOGY<br>INNOVATIONS, INC.<br>and<br>MATHU G. RAJAN,<br>Defendants/Counterclaim and Third-<br>Party Plaintiffs | :<br>:<br>:<br>:<br>:<br>: | Civil Action Case No.<br>C.A. No. 2:23-cv 01740<br><br>**Declaration of Mathu Rajan** |
| vs. | : | |
| Mark Bunce,<br>Counterclaim Defendant and | :<br>: | |
| Timothy McCarthy<br>Third -Party Defendant | :<br>: | |

## <u>DECLARATION</u>

1.      I am providing this declaration in a legal process, and I understand that it may be used in Court.

2.      My name is Mathu Rajan, and I am the founder and chief executive officer of Visual Technology Innovations, Inc.(**"VTI"**).

3.      Mark Bunce sued VTI and me personally in above lawsuit.

4.      Mark Bunce claims that I personally defrauded him into investing in VTI and also, I used his monies in an unjust manner.

5.      Both allegations are false and without evidence.

6.      I did not speak to Mark Bunce at or near his investments in February and March (which totaled $1million).

7.      I only spoke to him in May of 2021 on a limited issue which is more fully described below.

8.      All of the communications with Mark Bunce concerning his investment and VTI
VTI was through Knight Davis ("**Knight Davis**") in Europe or Suby Joseph at and before Mark
Bunce's three investments.

9.      I communicated with Mark Bunce only by email dated March 3, 2021, a copy of
which email is attached hereto as Addendum A hereto.

10.     I answered Bunces specific questions (black text is Bunce questions and the blie
text are my responses) as follows:

> a) The original "Proceeds" agreement called for funds to go to the same bank account as in
> our agreement

All Proceeds from the Investor will be sent to the Wells Fargo bank account that you're using.
There may be an account that receives funds, those will be immediately forwarded to the
Wells Fargo account.

> b) The term 'affiliates'. What is intended here - will the funds go to Vti - or a subsidiary?
> An affiliate to me is a company that Vti has influence over but not control of.

The term 'affiliates' was used if it makes it faster to receive the funds during the transaction.
There will be a contractual relationship between the affiliate and VTI and all funds will be
forwarded to the VTI bank account at Wells Fargo that you're also using.

> c) Does the Investor have some control over the funds held at Commerzbank, if so what?

The Investor has no control over the funds in Commerzbank

> d) Is the Investor being issued with Class A Common Shares in the Company (Vti) as per
> the original agreement and have these been issued?

Yes, the Investor is being issued Class A Common Shares - the same class of stock that you
are being issued.

> e) When are you expecting cleared funds from the Investor?

We're working as fast as possible and hoping to have clear funds very soon.

> Apologies for asking so many questions but I hope you understand that the Notice sent
> through last night is not the same as detailed in my Convertible Note as the funds may not
> go to the Company and may not go into the detailed bank account.

Thank you for your questions. Can you please forward the wire as we're anxious to get the
projects, in particular the Eindhoven ones to get started.

11.     When Bunce asked questions about "Investor" he win his email he was referring to Timothy Mcarthy whose investment monies were to be used to repay Mark Bunce.

12.     I only spoke to with Bunce in May before his last investment relating to payments to be made to a Chinese landlord.   See Addendum B is an email he sent to request the call.

13.     Bunce characterizes the purpose of the call as

> Please find attached the signed documents as requested. I attach these for you to hold to my account subject to being happy with the variation of the agreement with the Chinese landlord.

14.     Plaintiff Bunce wanted VTI to cause a change to the documents for the Chinese Landlord and hold his money from his last investment of $50,000 until then.

15.     All other information that Bunce was provided before his investments were simply email forwards by Suby Joseph or Glen Davis, agent for VTI relating to VTI plans for operations.

16.     I never used the monies of Bunce for any personal purpose but rather only for VTI business.

17.     I was not enriched by the investment of Mark Bunce personally; he was only an investor in my company VTI which had many other investors that closed in millions of dollars.

18.     VTI had investment of about $1,267,500 as convertible debt, about $2,679,036 invested as straight debt, and about $23,000 invested as straight equity.

19.     In April of 2021, Plaintiff Bunce became skeptical of investment from McCarthy into VTI so he could be repaid.  Bunce communicated with Glen Davis who sent me the attached email as Addendum C.

20.     Plaintiff Bunce wanted to have a call with me and McCarthy or a call with McCarthy alone to discuss the delay of McCarthy money.

21.     Plaintiff Bunce describes his intentions as

I'll speak with him re: the inclusion of Tim on the call alternatively, it might be an idea to set up a separate call specifically with Tim.

22.      After that doubt, Bunce invested in VTI again a month later the sum of $50,000 and made repayment contingent on VTI I raising $10 million dollars, presumably because McCarthy convinced him.

23.     In November of 2021 Mark Bunce became very angry at McCarthy for not releasing his investment monies in VTI that Bunce indicated that he would help VTI sue Mcarthy for investment promises.

24.     Bunce demanded his monies back in November of 2021 and indicated that he would disrupt VTI operations if he was not repaid.

25.     When Plaintiff Bunce filed his lawsuit against VTI, I was surprised that he sued me personally instead of McCarthy as that is opposite of what he told me when we talked.

26.     Bunce knew that me and VTI were fooled by McCarthy but he blames me and VTI.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge on the date and time herein noted.*

_____                    Date: 10/16/2024

Mathu Rajan

10/16/24 Rajan Declaration

# **<u>Addendum A</u>**

| From: | **Suby Joseph** |
|---|---|
| To: | **Mathu Rajan** |
| Subject: | Re: Notice |
| Date: | Wednesday, March 3, 2021 9:48:20 AM |

Dear Mark

Please see my answers in blue below.

Mathu
On Mar 3, 2021, 4:31 AM -0500, Mark Bunce <marklbunce@icloud.com>, wrote:

> Dear Suby
>
> I very much appreciate you providing copy of the notice and it must be a very exciting time for all involved in the business - really good news.
>
> I'm not trying to be negative but I need to clear up a few points raised by the notice you sent through. I do hope this is acceptable.
>
> The Exercise of Drawdown Rights relates to the same Stock Purchase Agreement number ("Proceeds") as Glen sent through to me before we signed. However the exercise details appear to have materially changed in nature, particularly "The Investor will exercise through a wire transfer to a bank account set up by VTI or its affiliates at Commerzbank or in the alternative the Investor will deliver a Standby Letter of Credit…."
>
> The changes I would like to focus on are:
>
> a) The original "Proceeds" agreement called for funds to go to the same bank account as in our agreement

All Proceeds from the Investor will be sent to the Wells Fargo bank account that you're using. There may be an account that receives funds, those will be immediately forwarded to the Wells Fargo account.

> b) The term 'affiliates'. What is intended here - will the funds go to Vti - or a subsidiary? An affiliate to me is a company that Vti has influence over but not control of.

The term 'affiliates' was used if it makes it faster to receive the funds during the transaction. There will be a contractual relationship between the affiliate and VTI and all funds will be forwarded to the VTI bank account at Wells Fargo that you're also using.

> c) Does the Investor have some control over the funds held at Commerzbank, if so what?

The Investor has no control over the funds in Commerzbank

> d) Is the Investor being issued with Class A  Common Shares in the Company (Vti) as per the original agreement and have these been issued?

Yes, the Investor is being issued Class A Common Shares  - the same class of stock that you are being issued.

> e) When are you expecting cleared funds from the Investor?

We're working as fast as possible and hoping to have clear funds very soon.

Apologies for asking so many questions but I hope you understand that the Notice sent through last night is not the same as detailed in my Convertible Note as the funds may not go to the Company and may not go into the detailed bank account.

Thank you for your questions. Can you please forward the wire as we're anxious to get the projects, in particular the Eindhoven ones to get started.

Many thanks and best wishes,

Mark

On 2 Mar 2021, at 21:16, (VTI) Suby Joseph <suby.joseph@vti-global.com> wrote:

Hi Mark

Please see the signed drawdown notice attached. This notice is presented per the requirements under clause 4(ii) of your note for exercising your warrants that relate to the balance of the planned investment ($850k).

Thanks again for your support!

Best

**Suby Joseph**

<134892F84EE1411186E054BFB4BCE00B.tiff>

*This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.*

On Mar 2, 2021, 2:18 PM -0500, Mark Bunce <marklbunce@icloud.com>, wrote:

Hi Suby,

Apologies for the typo's - I was in the middle of something else. If you could send the wire confirmation or the formal notice from Burlington that would be great.

All the best,

Mark

On 2 Mar 2021, at 19:06, Mark Bunce <marklbunce@me.com> wrote:

Hi Suby

Thss as ta good news. CN you forward to me the wire transfer confirmation please - When you have it?

RAJAN-000343

Kind regards

Mark

On 2 Mar 2021, at 19:00, (VTI) Suby Joseph <suby.joseph@vti-global.com> wrote:

Hi Mark, Andrea

Hope you're doing well. Per the notice requirements in your note, please see the drawdown notice attached.

Best

**Suby Joseph**

<1B0CB76D30954A1F9BAB0CD156BD2149.tiff>

*This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.*

<Notice per clause 3.docx>

<20210302163051847-2.pdf>

10/16/24 Rajan Declaration

# **<u>Addendum B</u>**

| | |
|---|---|
| **From:** | Suby Joseph |
| **To:** | Bunce |
| **Cc:** | Andrea Bunce; Glen Davis; Frances Knight-Davis; Mathu Rajan |
| **Subject:** | Re: Clean copy of Note |
| **Date:** | Tuesday, May 4, 2021 8:18:22 AM |
| **Attachments:** | image001.png |

Hi Mark

Thanks for checking. I understand that you had a conversation with Mathu. Do. You have everything you need?

Best

**Suby Joseph**



*This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.*

---

**From:** Bunce <mark@bunce.club>
**Date:** Tuesday, May 4, 2021 at 7:44 AM
**To:** Suby Joseph <suby.joseph@vti-global.com>
**Cc:** Andrea Bunce <andrea@bunce.club>, Glen Davis <g.davis@knightdavis.com>, Frances Knight-Davis <frances@knightdavis.com>, Mathu Rajan <mathu.rajan@vti-global.com>
**Subject:** Re: Clean copy of Note

Morning Suby,

I have been trying to contact Mathu but without any luck yet so far today.

I am not sure how desperate you are now to receive these funds but if you require them today I need to send authorisation to the bank in the next 20 minutes, otherwise it will be tomorrow.

If you/Mathu could let me know as soon as you can that would be great.

Kind regards

Mark

On 3 May 2021, at 23:44, Suby Joseph <suby.joseph@vti-global.com> wrote:

RAJAN-000459

Hi Mark

Thanks for sending these across. I will email back to you once I have the atty confirmation from the landlord in China.


Best

**Suby Joseph**

<image001.png>
*This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.*

---

**From:** Mark Bunce <Mark@Bunce.Club>
**Date:** Monday, May 3, 2021 at 6:14 PM
**To:** Suby Joseph <suby.joseph@vti-global.com>
**Cc:** Andrea Bunce <andrea@bunce.club>, Glen Davis <g.davis@knightdavis.com>, Frances Knight-Davis <frances@knightdavis.com>, Mathu Rajan <mathu.rajan@vti-global.com>
**Subject:** Re: Clean copy of Note

Dear Suby

Please find attached the signed documents as requested. I attach these for you to hold to my account subject to being happy with the variation of the agreement with the Chinese landlord.

I will instruct my bank to transfer funds on Tuesday 04 May, which is the next working day in the UK, once you and/or Mathu send across the variation in the form that is acceptable to me.

Kind regards

Mark


On 2 May 2021, at 01:40, Suby Joseph <suby.joseph@vti-global.com> wrote:

RAJAN-000460

Hi Mark

Thanks for reviewing the closing dox for your note. Your edits are perfectly acceptable. I have attached a clean copy of the closing dox for execution. Thanks again for your support

Have a wonderful weekend!


Best

**Suby Joseph**

<image001.png>
*This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.*

<Appendix A - VTI Warrants.pdf><Exhibit B - VTI Convertible Note 210502.pdf><VTI Note Agreement 210502.pdf>

RAJAN-000461

10/16/24 Rajan Declaration

# **<u>Addendum C</u>**

Message

| | |
|---|---|
| **From:** | Glen Davis [g.davis@knightdavis.com] |
| **Sent:** | 4/1/2021 9:59:07 AM |
| **To:** | Andrea Bunce [andrea@bunce.club]; Frances Knight - Davis [frances@knightdavis.com] |
| **CC:** | Mark Bunce [mark@bunce.club] |
| **Subject:** | Fwd: Vti |

Good morning Andrea,
My apologies, I forgot to copy you and Frances in on my earlier response to Mark
Regards
Glen
Sent from my iPhone

Begin forwarded message:

> **From:** Glen Davis <g.davis@knightdavis.com>
> **Date:** 1 April 2021 at 08:48:56 BST
> **To:** Mark Bunce <Mark@bunce.club>
> **Subject: Re: Vti**
>
> Morning Mark
> Thank you for your note.
> Mathu is calling me early (his time) this morning.
> I suggested to Mathu last night that he and I have a Zoom 'whites of the eyes' call with you
> today to which he readily agreed.
> I'll speak with him re: the inclusion of Tim on the call alternatively, it might be an idea to set up
> a separate call specifically with Tim.
> I will also raise and discuss your other points and get back to you with his responses and timings
> for our initial call.
> Regards
> Glen
>
>
>
> Sent from my iPhone
>
>
> On 1 Apr 2021, at 06:41, Mark Bunce <Mark@bunce.club> wrote:
>
>> Morning Glen
>>
>> I have been thinking a great deal regarding Vti and believe now is the time for all
>> of us to make sure Tim either invests or pulls out because he is not serious. Words
>> go a long way but unlike myself he is yet to deliver the investment as contracted
>> to do so. I hope your alternate investors are still warm?
>>
>> If nothing is new this morning I the two of us with or without Mathu should have
>> a conference call with Tim in order to see exactly what his position is. I think that

MB-001531

it should be free flowing and to the point. In other words we need to be blunt and put a tight deadline on his commitment. Let me know when you can arrange this. I cannot make 12:15 - 15:00 today. Otherwise I can interrupt my meetings to talk.

From a stress/going out on a limb for Vti I would like to see the Maturity date of my current loan note to become at my discretion (ie on demand) and be rewarded with another warrant of 300,000 shares at the same price as previously. Let me know if this is acceptable.

Kind regards

Mark