IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK L. BUNCE, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action |
| vs. : | No. 2:23-cv-01740 |
| : | |
| VISUAL TECHNOLOGY INNOVATIONS, : | District Judge Scott |
| INC. : | |
| : | Magistrate Judge Hey |
| and : | |
| : | |
| MATHU G. RAJAN, : | |
| : | |
| Defendants. : | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OMNIBUS MOTION**

On January 7, 2025, the Court was to hear oral argument on several motions, including Plaintiff's motion for partial summary judgment. (ECF 122.) The day before oral argument, however, Defendants filed for bankruptcy, resulting in an indefinite stay of this action. (ECF 128.) After Defendants' bankruptcy cases were dismissed for having been filed in bad faith, the Court reset oral argument for August 27, 2025. (ECF 166.)

One week before the rescheduled oral argument, Defendants filed an omnibus motion (ECF 167), seeking: (1) to postpone the hearing yet again; (2) to reopen discovery so that they can depose Plaintiff notwithstanding having already opted not to do so during discovery *after* forcing Plaintiff to board a plane from overseas to attend his scheduled deposition; and (3) to file a response to Plaintiff's statement of material undisputed facts and a supplemental response to Plaintiff's motion to exclude certain statements of undisputed facts, which are nothing more than

1

a backdoor attempt to circumvent the Court's scheduling order, policies, and practices and to marshal evidence into the record that should have been done last year.

On August 25, 2025, the Court held a status call. (ECF 169.) On that call, the Court: (1) denied Defendants' request to postpone oral argument; (2) denied Defendants' request to depose Plaintiff; (3) allowed Defendants to file a response (ECF 171) to Plaintiff's statement of material undisputed facts; and (4) allowed Defendants to file a supplemental response (ECF 172) to Plaintiff's motion to exclude certain statements of undisputed facts. (ECF 170.) The Court confirmed, however, that Plaintiff reserved all rights concerning the Belated Filings (*i.e.*, ECF 171 & 172), including the opportunity to raise any appropriate objections.

At oral argument, Plaintiff raised several objections concerning the Belated Filings, including one or more of the following:

1. ECF 171 (Rajan Verification). Defendant Rajan's August 20, 2025 verification should not be considered because (i) it is untimely, violating the Court's September 19, 2024 Second Amended Scheduling Order (ECF 99) and the Court's Policies and Procedures, III(E)(5); (ii) it is unsworn; (iii) it does not comply with 28 U.S.C. § 1746; and (iv) it otherwise fails to establish personal knowledge or lay a proper foundation under Fed. R. Evid. 602, 901;

2. ECF 171-1 Ex. 1 (Nevada Secretary of State Screen Shot). Lacks foundation, constitutes hearsay, and is irrelevant (in temporal scope). Fed. R. Evid. 401, 802, 901, and 902; *Est. of Konell v. Allied Prop. & Cas. Ins. Co.*, No. 3:10-CV-955-ST, 2014 WL 11072219, at *1 (D. Or. Jan. 28, 2014);

3. ECF 171-1 Ex. 2 (Axos Bank Statement). Lacks foundation, constitutes hearsay, and is irrelevant. Fed. R. Evid. 401, 802, 901;

2

        4.       ECF 171-1 Ex. 3 (Certificate of Existence).  Lacks foundation, constitutes hearsay, and is irrelevant (as to temporal scope).  Fed. R. Evid. 401, 802, 901, and 902; *Est. of Konell v. Allied Prop. & Cas. Ins. Co.*, No. 3:10-CV-955-ST, 2014 WL 11072219, at *1 (D. Or. Jan. 28, 2014);

        5.       ECF 171-1 Ex. 4 (Convertible Note Agreement).  Lacks foundation and is irrelevant (as Plaintiff never converted his loans into equity).  Fed. R. Evid. 401, 901;

        6.       ECF 171-1 Ex. 5 (Amendment to Convertible Note Agreement).  Lacks foundation and is irrelevant (as Plaintiff never converted his loans into equity).  Fed. R. Evid. 401, 901;

        7.       ECF 171-1 Ex. 6 (Robertson Declaration).  Robertson's July 27, 2025 declaration should not be considered because (i) it is untimely, violating the Court's September 19, 2024 Second Amended Scheduling Order (ECF 99 (providing deadline to oppose summary judgment)) and the Court's Policies and Procedures, III(E)(5) (requiring the non-moving party to provide record citations to support alleged material facts); (ii) Defendants failed to disclose Robertson as a witness, including in their initial disclosures as required by Fed. R. Civ. P. 26 (a)(1)(A), *see* Fed. R. Civ. 37(c)(1) (prohibiting the use of an undisclosed witness); (iii) it fails to establish the requisite personal knowledge and fails to lay the proper foundation, Fed. R. Evid. 602, 901; (iv) it fails to identify or otherwise produce the "relevant documents" upon which he relies, which is the best evidence, Fed. R. Evid. 1001, 1002; (v) it materially contradicts Defendants' prior testimony or discovery responses, *Baer v. Chase*, 392 F.3d 609, 623-24 (3d Cir. 2004) (explaining sham affidavit doctrine), *e.g.*, compare Defendants' interrogatory responses that confirm Defendant VTI owned no companies, had no employees, had no independent contractors, had no other officers except Defendant Rajan, and had only certain

3

identified contracts, ECF 108-14 at 2 – 6, *with* Robertson Decl. ¶¶ 1 (he's a VTI contract employee), 2 (he's a former officer of VTI), 6 (VTI had a management team), 11 (VTI had independent contractors); and 15 (had a contract with Musen, which was not identified in discovery responses); (vi) is irrelevant, Fed. R. Evid. 401; and (vii) violates Fed. R. Civ. P. 56(c)(4) (must show affiant is competent to testify on the matters stated, which are based on personal knowledge);

        8.      ECF 171-1 Ex. 7 (Term Sheet). Lacks foundation and irrelevant (as Plaintiff never converted his loans into equity).  Fed. R. Evid. 401, 901;

        9.      ECF 171-1 Ex. 8 (Stock Purchase Agreement).  Lacks foundation and irrelevant (as Plaintiff never converted his loans into equity).  Fed. R. Evid. 401, 901;

        10.     ECF 171-1 Ex. 9 (Feb. 18, 2020 Letter).  Lacks foundation, constitutes hearsay, and is irrelevant.  Fed. R. Evid. 401, 802, 901;

        11.     ECF 171-1 Ex. 10 (Exercise of Drawdown Rights).  Lacks foundation, constitutes hearsay, and is irrelevant.  Fed. R. Evid. 401, 802, 901;

        12.     ECF 171-1 Ex. 11 (Deposit Agreement).  Lacks foundation, constitutes hearsay, and is irrelevant.  Fed. R. Evid. 401, 802, 901;

        13.     ECF 171-1 Ex. 12 (Bankr. Decl.).  Lacks foundation, constitutes hearsay, and is irrelevant.  Fed. R. Evid. 401, 802, 901;

        14.     ECF 171-1 Ex. 13 (Am. Stock Purchase Agr.).  Lacks foundation, constitutes hearsay, and is irrelevant.  Fed. R. Evid. 401, 802, 901;

        15.     ECF 171-1 Ex. 14 (Amendment).  Lacks foundation, constitutes hearsay, and is irrelevant.  Fed. R. Evid. 401, 802, 901;

16. ECF 171-1 Ex. 15 (Bankr. Transcript). Lacks foundation, constitutes hearsay, and is irrelevant. Fed. R. Evid. 401, 802, 901;

17. ECF 171-1 Ex. 16 (Verified Compl.). Lacks foundation, constitutes hearsay, and is irrelevant. Fed. R. Evid. 401, 802, 901; and

18. ECF 172. In footnote 2, Defendants contend that a verification of Defendant Rajan is attached, purportedly confirming that all factual averments set forth in ECF 172 are true and correct. No such verification was attached. Regardless, any such verification (and belated attempt to authenticate certain documents) should be disregarded for the reasons addressed in No. 1 above.

At oral argument, the Court sustained one or more of Plaintiff's objections, confirming it would not consider the Belated Filings, particularly Defendant Rajan's verifications and the Robertson Declaration.

          Respectfully submitted,

By: *s/Michael D. Homans*
Michael D. Homans
HOMANSPECK, LLC
230 Sugartown Road
Suite 218
Wayne, PA 19087
(215) 419-7463
mhomans@homanspeck.com

Dated: September 8, 2025        *Attorneys for Plaintiff Mark L. Bunce*

Michael P. Kohler, *admitted pro hac vice*
MILLER & MARTIN PLLC
Regions Plaza Suite 2100
1180 West Peachtree Street, NW
Atlanta, Georgia 30309-3407
(404) 962-6100
Michael.Kohler@millermartin.com

*Attorneys for Plaintiff Mark L. Bunce*

**CERTIFICATE OF SERVICE**

I, Michael D. Homans, hereby certify that the foregoing Plaintiff's Response to Defendants' Omnibus Motion was filed today, September 8, 2025, using the Court's electronic case filing (ECF) system and served upon all counsel of record via ECF notification.

*s/ Michael D. Homans*
MICHAEL D. HOMANS