IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| MARK L. BUNCE, | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | |
| VISUAL TECHNOLOGY INNOVATIONS, INC. and MATHU G. RAJAN, | : | Civil Action Case No. C.A. No. 2:23-cv 01740 |
| Defendants/Counterclaim and Third-Party Plaintiffs | : | |
| vs. | : | |
| Mark Bunce , Counterclaim Defendant and | : | |
| Timothy McCarthy Third -Party Defendant | : | |

**[PROPOSED] ORDER GRANTING IMMEDIATE APPEAL AND STAY OF ENFORCEMENT**

The Court, having considered Defendant's Motion for Certification of Interlocutory Appeal and for Stay of Enforcement, the supporting memorandum, the record, and good cause shown, HEREBY ORDERS:

1. The Motion is **GRANTED**.

2. The Court finds that the following controlling question of law is appropriate for immediate appellate review:

"Whether an award of attorney sanctions under 28 U.S.C. § 1927 that is directed at former counsel and fixed in amount is immediately appealable under the collateral-order doctrine, or alternatively, whether the question should be certified for interlocutory review under 28 U.S.C. § 1292(b)."

3. The Court determines that the sanctions order entered on [Date] is immediately appealable under the collateral-order doctrine. In the alternative, the Court **certifies** this

   question to the United States Court of Appeals pursuant to 28 U.S.C. § 1292(b) and directs the Clerk to transmit this certification to the Court of Appeals.

4. **Enforcement of the Sanctions Order is STAYED** pending resolution of the interlocutory appeal. If no appeal is taken, enforcement shall remain stayed until the expiration of the time to appeal following final judgment in this matter.

5. No supersedeas bond or other security is required as a condition of this stay.

6. The Clerk shall file this Order and provide copies to counsel of record.

SO ORDERED this ___ day of _____, 2025.

_____
J. Scott, United States District Judge

IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK L. BUNCE,<br><br>               Plaintiff,<br>vs.<br>VISUAL TECHNOLOGY INNOVATIONS, INC.<br>  and<br>MATHU G. RAJAN,<br><br>      Defendants/Counterclaim and Third-Party Plaintiffs<br>vs.<br>Mark Bunce ,<br>      Counterclaim Defendant<br>  and<br>      Timothy McCarthy<br>      Third -Party Defendant | Civil Action Case No.<br>C.A. No. 2:23-cv 01740 |

**MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND FOR STAY OF ENFORCEMENT**

1. Pursuant to the collateral-order doctrine, 28 U.S.C. § 1292(b), and the Court's equitable powers, Defendant/Former Counsel Raja Rajan respectfully moves the Court for an order: (1) declaring the Court's [Date] sanctions order against Mr. Rajan immediately appealable under the collateral-order doctrine; alternatively, (2) certifying for interlocutory review under 28 U.S.C. § 1292(b) the controlling legal question set forth below; and (3) staying all enforcement and collection of the sanctions award pending the Court's decision on certification and, if certified, pending the Court of Appeals' decision whether to permit interlocutory review and any resulting appeal.

2. This motion is supported by the attached memorandum of points and authorities (in the Memorandum of law), the record in this case, and the proposed order submitted herewith.

3. a Proposed Order is also included.

**RELIEF REQUESTED**

Defendant respectfully requests that the Court enter an order:

1. Finding that the Court's order forthcoming sanctions against Attorney Rajan is immediately appealable under the collateral-order doctrine, **or**, in the alternative,

2. Certifying under 28 U.S.C. § 1292(b) the following controlling question of law for interlocutory review:

**"Whether an award of attorney sanctions under 28 U.S.C. § 1927 that is directed at former counsel and fixed in amount is immediately appealable, or whether the question should instead be presented to the Court of Appeals by certification under 28 U.S.C. § 1292(b)."**

3. Staying all enforcement, collection, or execution on the sanctions award pending (a) the Court's determination whether to grant § 1292(b) certification, and (b) if certified, the Court of Appeals' disposition of the petition for permission to appeal and any subsequent interlocutory appeal.

Date: September 10, 2025

Respectfully submitted,

/s/ Raja Rajan  F*ORMER Counsel for Defendants*

Raja Rajan, Esquire
Bar 58849
raja@rajanlawgroup.com
raja@advisory-capital-solutions.com

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK L. BUNCE,<br>　　　　Plaintiff,<br>vs.<br>VISUAL TECHNOLOGY INNOVATIONS, INC.<br>　and<br>MATHU G. RAJAN,<br>　　　Defendants/Counterclaim and Third-Party Plaintiffs<br>vs.<br>MARK BUNCE,<br>　　　Counterclaim Defendant<br>　and<br>TIMOTHY McCarthy<br>　　　Third-Party Defendant | Civil Action Case No.<br>C.A. No. 2:23-cv 01740 |

**MEMORANDUM OF LAW ON APPEAL
FROM SANCTIONS ATTORNEYS' FEES AGAINST
FORMER
DEFENSE COUNSEL AND A STAY OF
ENFORCEMENT**

On August 27, 2025 the Court indicated that both parties would have two weeks to file legal briefs addressing whether there is an immediate right to appeal its pending order imposing sanctions for legal fees against former counsel Raja Rajan under 28 U.S.C. § 1927 and the Court's inherent authority. This memorandum is submitted in response to that directive.

On that date, the Court heard argument from former defense counsel and Plaintiff's counsel on a request to impose sanctions solely against former defense counsel under 28 U.S.C. § 1927 for approximately seven to eight filings in this case. That request would turn garden-variety advocacy choices into punitive fee awards against an attorney personally — an outcome that the law reserves for clear, bad-faith multiplication of the proceedings, not for disputed litigation strategy.

I.     RELEVANT PROCEDURAL HISTORY

The relevant procedural history is straightforward. This case is now approaching its conclusion, with both parties (Defendants with their new lawyers) having already argued their respective motions for summary judgment on August 27, 2025. Earlier in the proceedings, Defendants' prior counsel—Raja Rajan who, notably, was also the brother of Defendant Mathu Rajan—moved to withdraw on January 14, 2025. The Court granted that motion on April 4, 2025. Since then, Defendants have promptly retained experienced new counsel, who now represent them diligently and have ensured the case proceeds efficiently toward resolution. This brief relates to the immediate appealability of any interlocutory Court order granting sanctions against former Defense counsel in the amount of $150,783 resulting from filings like Defendants Motion to Dismiss [Docket 7] at the outset of the case (the Case was filed in May 5, 2023 and the Motion to Dismiss was filed July 10, 2023).

II.     **RELEVANT FACTS**

This is a straightforward collection matter. Plaintiff Mark Bunce provided a convertible loan (no attorney's fees or interest) for $1,050,000 and bonus warrants for equity to a Nevada company and is now seeking repayment of those funds. Plaintiff made the collection case complicated because he not only sued the Nevada company but also its chief executive under various legal theories. Defendants' former counsel is the brother of Defendant Mathu Rajan and these sanctions are essentially illegal fee shifting[1] to the relative to that Defendant-Mathu Rajan.

III.    **ARGUMENT**

Raja Rajan is entitled to have the question of personal sanctions against him, as a former attorney, fully and fairly heard by the appellate court panel before he is required to pay Plaintiffs

---

[1] Plaintiff provided a settlement letter dated June 26, 2024 that provided settlement terms of the parties and indicated if the settlement would be agreed then Plaintiff would release Attorney Raja Rajan "..personally from claims to recover fees against you [Attorney Raja Rajan] under 28 U.S.C. § 1927 and applicable discovery rules."

2 | P a g e

or before any collection related actions are taken against him or his family[2] that would force the sale of personal property. He is the brother of Defendant Mathu Rajan in this matter. It would be inappropriate to require him to make personal payment before Mathu Rajan has the opportunity to appeal any liability. Otherwise, there could be a problematic result: if the appeal establishes that Defendant Mathu Rajan is not liable, his brother would nevertheless have already paid claims directed against him. In effect, Plaintiff would gain two bites at the apple—pursuing both Mathu Rajan and his brother, Raja Rajan, who is not a party to the case.

The legal question here is controlled by the Supreme Court's decision in *Cunningham v. Hamilton County*, 527 U.S. 198 (1999). *Cunningham* fundamentally reshaped this area of law by holding that attorney-sanction orders under Rule 37 are ordinarily not immediately appealable, because resolving such orders typically requires inquiry into conduct that is intertwined with the merits of the underlying case and would invite piecemeal review opposite of normal appeals after finality. The Appellate Court in the Third Circuit recognized the significance of that ruling in *Comuso v. Nat'l R.R. Passenger Corp.*, 267 F.3d 331 (3d Cir. 2001), explicitly holding that prior circuit authority permitting immediate appeals of attorney-sanction orders is no longer good law <u>to the extent it conflicts with *Cunningham*</u>.

Cunningham supplies the doctrinal guardrails: appellate review of most sanctions "*cannot remain completely separate from the merits,*" so interlocutory appeals are disfavored where the sanctions are inextricably tied to the underlying litigation. Therefore, the legal question in this

---

[2] "It would be deeply unfair for a fourteen-year-old child (his daughter) to be forced to witness the sheriff tagging or seizing her mother's jewelry as personal property to be sold in satisfaction of a sanctions award that has been reduced to judgment." "Specifically, one example warranting appellate review before Mr. Rajan is personally compelled to pay legal fees and possibly travel expenses is the circumstance surrounding the deposition of Plaintiff Bunce. Written notice had been given to Plaintiff's counsel that the deposition would not be needed well before Mr. Bunce allegedly boarded a plane. An appellate panel should have the opportunity to determine whether such conduct—where advance notice was provided—could reasonably be deemed the type of 'bad faith' required by the U.S. Supreme Court and every Circuit Court in the country before sanctions may be imposed against a former attorney."

matter justifying an immediate appeal interlocutory appeal is determining if <u>this situation conflicts</u> with *Cunnigham* and the mandates of *Comuso*.

The Supreme Court's decision in *Cunningham v. Hamilton County Ohio*, 527 U.S. 198 (1999) involved a plaintiff's lawyer who <u>repeatedly failed</u> to obey discovery orders (failed to produce documents, gave partial answers, noticed depositions out of sequence, etc.). A magistrate judge found the conduct "egregious," awarded the defendants fees and <u>costs under Rule 37,</u> and the district court affirmed and also disqualified the attorney. The attorney appealed the sanctions order while the district litigation remained pending.

The Third Circuit case of *Comuso v. Nat'l R.R. Passenger Corp.*, 267 F.3d 331, 338–39 (3d Cir. 2001) involved even more shocking behavior than the *Cunnigham* case. *Comuso* articulated a broader rule limiting interlocutory appellate review in this Circuit—a principle that should be applied cautiously, and only where the statutory and equitable prerequisites are clearly satisfied. In *Comuso*, plaintiff's trial counsel (Barish) engaged in egregious misconduct during a recess: he approached opposing counsel "**with his fists cocked," threatened ("if you come around me, I'm going to kill you**"), and hurled repeated obscene and demeaning epithets. *Comuso v. Nat'l R.R. Passenger Corp.*, 267 F.3d 331, 334–35 (3d Cir. 2001).

Former Defense counsel notes that if sanctions are imposed under a discovery rule such as **FRCP 37**, they are not immediately appealable under *Cunningham*. Similarly, if sanctions are imposed pursuant to the Court's inherent authority, they are generally not immediately appealable under *Comuso*, which recognizes the Court's broad discretion to sanction attorneys. Such sanctions may also be viewed as intertwined with the underlying case. However, former Defense counsel contends that sanctions imposed under **28 U.S.C. § 1927** should be treated

differently and may fall within the **collateral order doctrine**, an exception to the final judgment rule, and thus be immediately appealable.

The reason those sanctions should be treated differently is that they arise under a statute directed solely at the attorney, not the party. Section 1927 provides, in pertinent part:

> **Any attorney** or other **person admitted to conduct cases in** any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. (emphasis added)

*Comuso* recognized a limited occasion to invoke the court's inherent authority: where counsel's conduct is so egregious and statutory remedies (like § 1927) are insufficient, a court may use its inherent power to impose sanctions. *Comuso* does not eliminate the final-judgment requirement; it simply acknowledges that, in exceptional circumstances, inherent-authority sanctions may be appropriate where other provisions fall short. *Id* at 338–39.

*Comuso v. Nat'l R.R. Passenger Corp.,* 267 F.3d 331, 338–39 (3d Cir. 2001), must be read narrowly. There, the Third Circuit confronted only sanctions imposed under the court's inherent power—sanctions that are non-statutory, interlocutory, and subject to ongoing judicial adjustment—and held that such orders are not immediately appealable because they do not resolve "all issues as to all parties." Id. at 339. By contrast, sanctions under 28 U.S.C. § 1927 are a creature of statute, operate as a self-contained judgment against the offending party, and conclusively fix liability for "multiplied" attorneys' fees.

Indeed, numerous circuit that has addressed the point agrees that a § 1927 award is a "final decision" appealable under § 1291. See *Digital Equipment Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 872–73 (1994) (fee award under § 1927 is final for § 1291 purposes); *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1143 (9th Cir. 1990); *Clatarelli v. Sikka*, 940 F.2d

1314, 1317 (7th Cir. 1991); *Capitol Sprinkler Inspection, Inc. v. Guest Servs.,* Inc., 630 F.2d 150, 153 (D.C. Cir. 1980).

To extend *Comuso*'s interlocutory-appeal rule to § 1927 sanctions would contravene Congress's purpose in enacting § 1927 as a potent, final remedy for abusive litigation and would conflict with the uniform consensus of the federal courts. This Court should therefore limit *Comuso* to inherent-authority awards and allow an immediate appeal of any § 1927 sanction.

Former Defense Counsel respectfully submits that the sanctions order in this instance should be immediately appealable because: (a) the sanction is imposed under a statute directed at counsel's conduct, and is not intertwined with the merits of the underlying case; (b) counsel is no longer representing any party in the matter; and (c) counsel is the brother of a Defendant, such that sanctioning him effectively operates as an impermissible[3] form of legal fee-shifting.

In the alternative, if the Court concludes that an immediate collateral-order appeal is not available, Attorney Rajan respectfully requests that the Court certify the narrow, controlling legal question presented under 28 U.S.C. § 1292(b) for interlocutory review. Certification is warranted[4] because the question is controlling, presents substantial grounds for difference of

---

[3] See footnote 8 below.

[4] Does imposing sanctions on an attorney who is a family member amount to impermissible fee-shifting that warrants immediate appellate review? The total sum of all claimed amounts is **$150,783**. This total comprises the following categories and supporting filings: **Pre-answer and dispositive motion practice — $30,715**: Motion to dismiss or stay (Doc. 7), reply (Doc. 13), unauthorized supplement (Doc. 20), subsequent responses (Docs. 21, 31), motion for reconsideration (Doc. 30), motion for interlocutory appeal (Doc. 36), and related filings. **Counterclaims and third-party pleadings — $38,543**: Filing of counterclaims and third-party claims (Doc. 33), amended counterclaims (Doc. 52), second amended counterclaims without leave (Doc. 62), and associated oppositions, replies, and responses. **Discovery motion practice — $4,102**: Motion for an overbroad protective order (Doc. 53) and motion to compel filed without proper meet-and-confer or certification (Doc. 55). **Harassing discovery conduct — $7,307**: Second set of requests for admission, fourth set of interrogatories, an improper demand for an in-person deposition, improper invocation of foreign privacy law, and related discovery conduct. **Bad-faith settlement and deposition conduct — $26,266**: Bad-faith motion to enforce settlement (Doc. 71), motion to stay for settlement (Doc. 71), unilateral cancellation of deposition, and related filings (Docs. 73, 76, 81). **Third-party claim litigation over service — $6,903.50**: Assertion of third-party claims against McCarthy, motion for leave to serve under the Hague Convention (Doc. 91), repeated motions to reinstate third-party claims (Docs. 104, 110), and related filings. **Summary judgment practice — $16,686**: Motion for summary judgment (Doc. 107), supporting brief (Doc. 107-1), reply evidence (Doc. 114), and all related filings. **Sanctions preparation and presentation —**

opinion among the circuits, and immediate appellate resolution would materially advance the litigation by preventing irretrievable prejudice from premature enforcement and avoiding costly, duplicative proceedings that could be mooted by reversal. See *Katz v. Carte Blanche*, 496 F.2d 747 (3d Cir. en banc 1974) (class action certification order).

Imposing monetary sanctions on an attorney who is a close family member of a defendant risks functioning as impermissible fee-shifting — effectively forcing a non-party family member to pay for claims that arise from the defendant's conduct. Because such an order targets a third party and can produce irretrievable prejudice (payment and dissipation of funds before appellate review), the Court should treat the issue as separable from the merits and subject to immediate appellate consideration. At minimum, if the Court is uncertain, the matter should be certified under 28 U.S.C. § 1292(b) or deemed appealable under the collateral-order doctrine to avoid unfairly permitting plaintiffs to obtain a double recovery by pursuing both the defendant and an affiliated family member.

Because immediate enforcement of the sanctions would irretrievably prejudice Attorney Rajan (payment and collection would effectively moot appellate review), Attorney Rajan further requests that the Court stay all collection or execution on the sanctions award pending the Court's decision on § 1292(b) certification and, if certification is granted, pending the Court of Appeals' decision on whether to permit interlocutory review. If the Court grants a stay, Attorney Rajan is prepared to offer security (a supersedeas bond or escrow arrangement) in an amount the Court deems appropriate. The requested stay is supported by the stay factors recognized by the Supreme Court (serious legal question, balance of equities, and public interest) and is narrowly

---

**$18,551**: Fees and costs incurred preparing and presenting the sanctions request. The *Total claimed: $150,783 but the line item totals may differ from the total requested.*

tailored to preserve the status quo while appellate review is considered. See Nken v. Holder, 556 U.S. 418 (2009).  Regardless of whether an interlocutory appeal is available, principles of fairness dictate that no sanctions should be payable or collectible until the appeal period has expired. That fairness concern arises immediately from two circumstances.

First, the conduct warranting sanctions in *Comuso* bore no resemblance to the present case. The district court declared a mistrial, disqualified counsel, referred the matter to disciplinary authorities, and then awarded Amtrak its reasonable fees and costs. By contrast, the sanctions sought against Attorney Raja Rajan fall far short of that standard and do not meet the "bad faith threshold[5]" required for the imposition of sanctions. As the Supreme Court has cautioned, inherent-power sanctions must be exercised "with restraint and discretion" and only when other mechanisms are inadequate. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991). The circumstances in this case do not come close to justifying such extraordinary use of the Court's sanctioning power[6], and they should not trigger immediate financial consequences.

---

[5] **Third Circuit:**  *Zuk v. Eastern Pennsylvania Psychiatric Institute,* 103 F.3d 294 (3d Cir. 1996) (The Third Circuit vacated § 1927 sanctions because the district court never made the required finding that counsel acted in subjective bad faith. It held that § 1927 sanctions must rest on a showing of bad faith, not merely on negligence or unreasonable legal research.); *In re Orthopedic Bone Screw Products Liability Litigation,* 193 F.3d 781 (3d Cir. 1999)(The court held that inherent-authority sanctions also demand a finding of bad faith or willful misconduct—mere careless or incompetent advocacy cannot support a sanctions award under the court's inherent powers.)
**Second Circuit:** *LNC Investments, Inc. v. First Fidelity Bank,* N.A., 935 F.2d 69 (2d Cir. 1991)
**Fourth Circuit:** *Miltier v. Beorn,* 896 F.2d 848 (4th Cir. 1990); *Brubaker v. City of Richmond*, 943 F.2d 1363 (4th Cir. 1991).
**Seventh Circuit:** *In re TCI Ltd.*, 769 F.2d 441 (7th Cir. 1985)
**Ninth Circuit:** *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136 (9th Cir. 1990)

[6] **U.S. Supreme Court:** *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (upholding inherent-authority sanctions where attorney engaged in a "pattern of bad-faith conduct"; Court stressed such sanctions must be used "sparingly"); *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980) (reversing fee award under § 1927 imposed without proper due process; emphasized sanctions require clear showing of bad faith); *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533 (1991) (affirming Rule 11 sanctions for objectively unreasonable filings; underscored sanctions target only clear abuses). **Third Circuit:** *Zuk v. Eastern Pennsylvania Psychiatric Inst. of the Med. Coll. of Pa.*, 103 F.3d 294 (3d Cir. 1996) (reversing Rule 11 sanctions; held negligence or misunderstanding of law does not equal bad faith); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 193 F.3d 781 (3d Cir. 1999) (affirming inherent-authority sanctions in MDL where attorney repeatedly disobeyed court orders; emphasized bad faith is prerequisite). **Second Circuit:** *LNC Invs., Inc. v. First Fid. Bank, N.A.*, 935 F.2d 69 (2d Cir. 1991) (affirming § 1927 sanctions where counsel pursued frivolous claims despite warnings; underscored requirement of bad faith); *Calloway v.*

Second, the law firm pressing for sanctions here has sought sanctions in other cases[7], underscoring that its request is not a tailored remedial measure but rather a recurring attempt to obtain impermissible[8] fee-shifting. That history magnifies the fairness concerns and reinforces the need to defer any payment obligation until the appellate process has run its course.

Plaintiff opposes a stay without authority in this circuit. A stay is warranted as Attorney Rajan is not a party and the for reasons argued above.

IV. **CONCLUSION**

For these reasons, Attorney Raja Rajan respectfully requests that the Court:

1. Grant leave to appeal the sanctions orders immediately; and

2. Stay all sanctions payments pending the outcome of that appeal or expiration of appeal period.

Date: September 10, 2025

---

*Marvel Ent. Grp.*, 854 F.2d 1452 (2d Cir. 1988) (affirming Rule 11 sanctions for knowingly frivolous pleadings; cautioned sanctions are not for mere weak claims); **First Circuit:** *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115 (1st Cir. 1989) (affirming dismissal and sanctions where party fabricated contract; extreme fraud justified sanction); **Fourth Circuit:** *Brubaker v. City of Richmond*, 943 F.2d 1363 (4th Cir. 1991) (affirming sanctions against counsel who pursued baseless suit after repeated warnings; stressed bad faith standard); *Blue v. U.S. Dep't of Army*, 914 F.2d 525 (4th Cir. 1990) (reversing sanctions imposed without specific findings of bad faith; emphasized sanctions are exceptional). **Seventh Circuit:** *In re TCI Ltd.*, 769 F.2d 441 (7th Cir. 1985) (affirming § 1927 sanctions for deliberate multiplication of proceedings; court noted sanctions require bad faith, not negligence). **Ninth Circuit:** *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136 (9th Cir. 1990) (en banc) (sanctions proper where complaint was filed for improper purpose; emphasized Rule 11 targets abuse, not creative lawyering).

[7] *Vasser v. Shiroki North America, Inc.*, No. 2:19-cv-00098 (M.D. Tenn.) and *Glock, Inc. v. The Wuster,* No. 1:14-cv-00568-AT (N.D. Ga.).

[8] The American Rule: Each litigant is responsible for their own legal expenses unless there is specific statutory authorization to shift fees. This principle is cited in *Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 483 (3d Cir. 1987), and *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240 (1975).

Respectfully submitted,

/s/ Raja Rajan  *FORMER Counsel for Defendants*

Raja Rajan, Esquire
Bar 58849
raja@rajanlawgroup.com
raja@advisory-capital-solutions.com

## CERTIFICATE OF SERVICE

I, Raja Rajan, hereby certify that on September 10, 2025, a true and correct copy of the foregoing was served via email to counsel listed below:

Michael D. Homans
ID No. 76624
HOMANSPECK, LLC
mhomans@homanspeck.com

Michael P. Kohler*
MILLER & MARTIN PLLC
Michael.Kohler@millermartin.com

*Attorneys for Plaintiff Mark L. Bunce*

Timothy McCarthy
tim@burlingtonresources-asia.com

*Third-Party Defendant*

/s/ Raja Rajan                                              September 10, 2025
Raja Rajan, Esquire
Attorney I.D. 58849
2009 Chestnut Street
Philadelphia, PA 19103
215-550-1002

raja@rajanlawgroup.com

*For Defendants Visual Technology Innovations, Inc. and Mathu Rajan*