

MICHAEL P. KOHLER

Direct Dial 404-962-6403
Direct Fax 404-962-6303
michael.kohler@millermartin.com

September 10, 2025

**Via Email & ECF**

The Honorable Kai N. Scott
Email: susan_flaherty@paed.uscourts.gov
Tayai_lester@paed.uscourts.gov
Chambers_of_Judge_Kai_Scott@paed.uscourts.gov

> Re:  Bunce v. Visual Technology Innovations, Inc., *et al.*
> United States District Court, E.D.Pa.
> Case No. 2:23-cv-01740

Dear Judge Scott:

You may recall we represent Mark Bunce, the plaintiff in this case.

On August 27, 2025, the Court heard argument on several motions, including Mr. Bunce's Renewed Omnibus Motion for Attorneys' Fees Against Attorney Raja Rajan (the "Motion"). (ECF Nos. 139, 164.) At the hearing, the Court indicated that it was inclined to grant the Motion, at least in part, as it relates to the fees and costs Mr. Bunce incurred in:

1. Responding to the defendants' bad-faith motion to enforce an alleged settlement agreement and the defendants' unilateral cancellation of Mr. Bunce's deposition after he had already boarded a plane from overseas to attend his deposition ($26,266);

2. Responding to the defendants' frivolous counterclaims, which sought, in part, $500 million against Mr. Bunce, and the defendants' ill-fated attempts to amend their counterclaims ($38,543);

3. Responding to the defendants' overbroad protective order and motion to compel without the defendants first having met and conferred as required ($4,102);

4. Responding to the defendants' bad-faith third-party claims ($6,903.50); *and*

5. Preparing the Motion ($18,551).

After the Court indicated that it was going to grant the Motion (at least in part), Attorney Rajan asked the Court for permission to immediately appeal and/or stay the enforcement of the

Regions Plaza Suite 2100
1180 West Peachtree Street, N.W. | Atlanta, GA | 30309-3407
Office 404.962.6100 Fax 404.962.6300
millermartin.com

ATLANTA
CHARLOTTE
CHATTANOOGA
NASHVILLE

The Honorable Kai N. Scott
September 10, 2025
Page 2 of 2

Court's forthcoming sanctions order. The Court requested that Mr. Bunce respond to Attorney Rajan's request for relief on or by September 10. This is Mr. Bunce's response.

First, Attorney Rajan cannot immediately appeal an interlocutory sanction order under 28 U.S.C. § 1927 or the Court's inherent authority. *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 200 (1999) (an order imposing sanctions on an attorney under Rule 37 is not immediately appealable even when the attorney no longer represents a party in the case); *Comuso v. Nat'l R.R. Passenger Corp.*, 267 F.3d 331, 338-39 (3rd Cir. 2001) (confirming no right of immediate appeal of a sanctions order imposed under Rule 11 against the plaintiff's attorney in light of *Cunningham*); *Stanley v. Woodford*, 449 F.3d 1060, 1065 (9th Cir. 2006) (confirming appellate court lacks jurisdiction to entertain interlocutory appeal relating to order granting sanctions under 28 U.S.C. § 1927 and the district court's inherent powers). Indeed, when Attorney Rajan improperly appealed the Court's last sanction order entered against him, the Third Circuit raised concerns about its jurisdiction given that the underlying case remains pending. *Bunce v. Visual Technology Innovations, Inc.*, Case 25-1648 [Doc. 3] Order (3rd Cir. Apr. 8, 2025).

Second, the Court should not stay the enforcement of any sanctions order pending the outcome of an appeal because (1) Attorney Rajan has not (and cannot) show that his appeal will likely succeed, particularly given the discretion afforded to the Court to decide the issues raised in the Motion; (2) Attorney Rajan has not indicated the he will be irreparably injured absent a stay; (3) Mr. Bunce will be harmed by having to wait possibly years to collect the sanctions; (4) the public interest will not be served because the delay would reward Attorney Rajan's misconduct in this case; and (5) Attorney Rajan has not shown that a stay is necessary to permit him to later appeal the sanctions order. *See Zest IP Holdings, LLC v. Implant Direct MFG, LLC*, No. 10CV541-GPC WVG, 2015 WL 1537866, at *3 (S.D. Cal. Mar. 16, 2015) (factors the court considered before declining to exercise its discretion to stay the enforcement of monetary sanctions while the underlying case remained pending); *Adv. Training Group Worldwide, Inc. v. Proactive Techs. Inc.*, No. 1:19-CV-0505, 2021 WL 9860368, at *6 (E.D. Va. Jan. 8, 2021) (declining to stay enforcement of sanctions award entered against attorney and his client).

Third, if the Court were inclined to stay the enforcement of any sanctions award, Mr. Bunce respectfully requests that the Court condition the stay on (1) Attorney Rajan's posting of a cash bond with the Court in the full amount of the sanctions award plus interest that will accrue during the expected appeal period, or (2) the posting of a bond from a good surety with an A.M. Best Company, Inc. financial strength rating of not less than "A," in an amount of not less than the full amount of the sanctions award plus anticipated interest through the appeal period.

Sincerely,

/s/ Michael P. Kohler

Michael P. Kohler

cc:   Counsel of Record