IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK L. BUNCE, | : |
|     Plaintiff, | : |
| v. | :   CIVIL ACTION |
| VISUAL TECHNOLOGY INNOVATIONS, INC., and MATHU RAJAN, | :   NO. 23-1740 |
|     Defendants. | : |

**AMENDED QUALIFIED PROTECTIVE ORDER UNDER HIPAA**

**AND NOW**, this **18th** day of **December, 2025**, upon consideration of Defendants' Expedited Motion to Stay (ECF No. 189) (the "Motion") and Plaintiff's oral motion to conduct limited discovery concerning the issues raised in the Motion, and after consideration of the representations made by counsel at the Status Conference held on December 18, 2025, and Defendant **Mathu G. Rajan** ("Patient Mathu G. Rajan") having placed his health condition at issue in this action, Plaintiff's request for leave to conduct limited discovery concerning the issues raised in the Motion is **GRANTED**, and the Court's August 14, 2024 Qualified Protective Order Under HIPAA (ECF No. 84) is replaced and amended as follows:

**IT IS ORDERED**, pursuant to the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 110 Stat. 1936, 42 U.S.C. §§ 201, et seq. (HIPAA), as amended by the Health Information Technology for Economic and Clinical Health Act and otherwise, and including all applicable regulations issued by the Secretary of the United States Department of Health and Human Services, including 45 C.F.R. § 164.512(e)(l), as follows:

1. The parties and their attorneys in this action are hereby authorized to request, subpoena, receive, and transmit protected health information pertaining to Patient Mathu G. Rajan

1

to the extent and subject to the conditions set forth in this Order.

2.    For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501, including, but not limited to, information relating to: the provision of healthcare to Patient Mathu G. Rajan (D.O.B.: xx/xx/1971) and the past, present, or future physical and mental condition and treatment of Patient Mathu G. Rajan, including without limitation: medical records; records and opinions relating to medical diagnoses, treatment, and future treatment; operative reports; laboratory reports and test results; x-rays and scan reports; physician, nursing and staff notes and opinions; correspondence; and billing and payment records.

3.    All "covered entities," as defined in 45 C.F.R. § 160.103, the University of Pennsylvania Health System and Hospital, Penn Medicine, **City of Hope National Medical Center** in Duarte, California, and their parents, subsidiaries, affiliates, business associates, healthcare providers, departments, employees, agents, attorneys, and independent contractors, including, without limitation, **Monzr Al Malki, M.D.**, Ximena Jordan Bruno, M.D., Jordan Bruno, M.D., Cricket Gullickson, M.D., and Caitlin Campbell, PA-C, are hereby authorized to disclose protected health information pertaining to Patient Mathu G. Rajan to all parties and their attorneys in this lawsuit, including to:

>  Michael P. Kohler
> **MILLER & MARTIN PLLC**
> 1180 W. Peachtree Street, N.W., Suite 2100
> Atlanta, Georgia, 30309
> 404-962-6403
> michael.kohler@millermartin.com

4.    The parties and their attorneys shall be permitted to use all protected health information produced and disclosed in relation to this action in any manner reasonably connected with this action, including, but not limited to, disclosure to the parties and their attorneys, insurers,

experts, and consultants, the Court, necessary court personnel, court reporters, copy services, trial consultants, any appellate court, and other persons and entities involved in the litigation process.

5. All protected health information produced or disclosed in relation to this action shall be used solely for the prosecution or defense (including any appeal therefrom) of this action and must not be used for any other purpose.

6. All persons and entities in possession of protected health information produced or disclosed in relation to this action must maintain the information in a reasonably secure manner and must not reveal to or discuss such information with any person or entity not entitled to receive it, so that the protected health information is not further disclosed or used in any manner inconsistent with this Order.

7. Within 60 days after the conclusion of this action, including any appeal therefrom, the parties, their attorneys, and any other persons or entities that came into possession of the protected health information through this action must destroy the protected health information, except for protected health information that was submitted to the Court.

8. This Order does not control or limit the use of protected health information pertaining to Patient Mathu G. Rajan that comes into possession of any party, or any party's attorney, from a source other than a covered entity as defined in 45 C.F.R. § 160.103.

9. Should any party other than Patient Mathu G. Rajan wish to file in this action any of the protected health information, that party must request permission to file such protected health information under seal.

BY THE COURT:

_____
HON. KAI N. SCOTT
United States District Court Judge