## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK L. BUNCE,                                    : CIVIL ACTION NO. 2:23-cv-01740-KNS
     Plaintiff,

v.

VISUAL TECHNOLOGY INNOVATIONS, INC.,
and MATHU RAJAN,
     Defendants.

Judge Kai N. Scott

### MEMORANDUM OF LAW IN SUPPORT OF
### OMNIBUS MOTION FOR ASSERTING OBJECTIONS TO TRAVEL FEE
### OVERREACH, NEW SANCTIONS, AND POSTING BOND

## I.   PRELIMINARY STATEMENT

This Court's February 2, 2026 Order (ECF No. 205) directed that Raja Rajan pay the

*reasonable* travel costs of Plaintiff Mark L. Bunce for the cancelled July 1, 2024 deposition. The

Order was precise: Mr. Rajan was not required to pay for "luxury travel accommodations (e.g.,

first-class plane ticket, luxury hotel)," but only "up to a reasonable amount that reflects the cost

of standard economy flights and non-luxury hotels."

Plaintiff has now submitted a travel expense claim totaling $7,807.38—an amount that

bears no relationship to those reasonable limits. He denied a request to meet and confer, in which

he could have adjusted the expenses request voluntarily without the need to burden the Court.

Attorney Kohler overreaches and also seeks compensation for airline points, which he

claims cost another $2-3 thousand in US dollars.  The claim encompasses premium-class Virgin

Atlantic airfare for two people, nine nights at The Logan Hotel (a Curio Collection luxury

property in Center City Philadelphia), upscale dining at Philadelphia's most expensive

1

restaurants, alcohol purchases, private car service, and expenses plainly attributable to Plaintiff's spouse, who attended as a personal companion with no litigation function.

Those calculations and submissions are in direct contravention of the Court order in an express and blatant manner.  This Memorandum addresses three issues: (1) the appropriate calculation of Plaintiff's reasonable travel expenses; (2) sanctions for necessitating this motion by refusing to meet and confer and other conduct; and (3) the appropriateness of posting a bond instead of paying Attorney Kohler for the sanctions against Raja Rajan.

Courts have consistently held that parties must mitigate their expenses when circumstances change. *See Federal Rule of Civil Procedure 26(g)* (requiring certifications that discovery expenses are reasonable—Attorney Kohler certified that Bunces expenses are reasonable); *Teamsters Local 639 v. Cassidy Trucking, Inc.*, 646 F.2d 865, 868 (4th Cir. 1981) (party must act reasonably to minimize costs).

## II.  LEGAL STANDARD

A court awarding expenses as sanctions retains full authority and obligation to ensure those expenses are *reasonable*. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Court's inherent power to impose sanctions does not create a blank check; the amount must be tethered to the actual harm caused. *See In re Prudential Ins. Co. Am. Sales Prac. Litig.*, 278 F.3d 175, 188 (3d Cir. 2002) (sanctions limited to costs resulting from the particular misconduct).

Under 28 U.S.C. § 1927, any attorney who vexatiously multiplies proceedings may be required to satisfy excess costs, expenses, and fees personally. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991(about the Court's inherent powers). A finding of bad faith, vexatious

2

conduct, or conduct for oppressive reasons suffices. *Garza v. Citigroup Inc.*, 881 F.3d 277, 284 (3d Cir. 2018).

### III. ARGUMENT

**A.  Plaintiff's Claimed Travel Expenses Far Exceed Any Standard of Reasonableness.**

The Court's Order distinguished between luxury and reasonable travel with clarity. The claimed expenses violate that boundary in every category.  Plaintiff does not provide or describe the exchange rate used and when for purposes of rates (British pounds to US dollars).  All numbers converted may not be reliable and are certainly not transparent.

**1.  Premium-Class Airfare Is Not Recoverable.**

It should be noted that Plaintiff has only provided screenshots post hoc to the alleged purchase; it may not be reliable.  Plaintiff traveled in Virgin Atlantic Premium class. The documentation reveals an implicit claim that had he paid cash rather than loyalty points, the fare would have been approximately $2,712 per person. Federal courts consistently hold that business or premium-class airfare is unreasonable for routine litigation travel absent extraordinary circumstances—none of which exist here. Economy round-trip airfare from London to Philadelphia in June 2024 was available for approximately $650–$850 per person. Mr. Rajan's obligation should be limited to approximately $750 for one person.

**2.  Travel Expenses for Mrs. Andrea Bunce Are Categorically Non-Recoverable.**

The Virgin Atlantic confirmation lists two adult passengers: Mark L. Bunce and Andrea Bunce. Hotel folios from The Logan Hotel reflect double occupancy for nine nights, with dining receipts showing a guest count of two throughout the stay. Federal courts uniformly hold that a spouse's travel is a personal expense, not recoverable as litigation costs. *See Miele v. New York State Teamsters Conf. Pension & Ret. Fund*, No. 93-CV-1719, 1996 WL 732133, at *4

(N.D.N.Y. Dec. 12, 1996); Mrs. Bunce played no role in the deposition, provided no testimony, and served no litigation purpose. She was deposed already.  Her expenses should be excluded entirely, reducing the claim by approximately 50%.

### 3.  The Nine-Night Stay at a Luxury Hotel Is Unreasonable.

Plaintiff chose The Logan Hotel, a luxury property in one of Philadelphia's most expensive neighborhoods, at approximately $280 per night, for nine nights (June 26 – July 5, 2024). The deposition was scheduled for July 1. Even assuming arrival the day before and departure the day after, a three-night stay would have been entirely adequate. Comparable business-class hotels near the deposition site—including Hampton Inn, Courtyard by Marriott, and Hilton Garden Inn—were available for $110–$140 per night. Three nights at $125/night represents the reasonable hotel expense: $375, plus applicable taxes of approximately $56.

### 4.  Expenses Incurred After Notice of Cancellation Are Not Attributable to Mr. Rajan.

On June 26, 2024, Mr. Rajan notified Plaintiff's counsel by email that the deposition was cancelled. Despite this advance notice, Plaintiff's documentation reveals that hotel stays, restaurant visits, and ground transportation continued through July 5, 2024—a full eight days after the cancellation notice. Parties are obligated to mitigate expenses when circumstances change. *See Teamsters Local 639 v. Cassidy Trucking, Inc.*, 646 F.2d 865, 868 (4th Cir. 1981). All expenses incurred after June 28—at the latest—should be excluded as voluntarily chosen personal travel. This alone accounts for approximately $3,260 of the claimed total.

### 5.  Luxury Dining, Alcohol, and Private Car Service Are Not Recoverable.

Plaintiff claims $1,536.36 in food and drink expenses at some of Philadelphia's most expensive restaurants, with receipts reflecting per-meal expenditures of $100–$226 and guest counts of two. Multiple receipts include itemized alcohol charges. The federal per diem rate for

4

meals and incidental expenses in Philadelphia in 2024 was $79 per day. For a three-day trip, reasonable meals would total approximately $195. Federal courts routinely exclude alcohol from recoverable costs. *See In re Diet Drugs Prods. Liab. Litig.*, 553 F. Supp. 2d 442, 475 (E.D. Pa. 2008).

Similarly, Plaintiff hired luxury private car service (Onward Travel Solutions Ltd.) rather than standard taxis or ride-sharing, at a cost of £76 each way for airport transfers—approximately double the cost of standard alternatives. Reasonable ground transportation should not exceed $150 total.

**6. Loyalty Points Do Not Increase Recoverable Expenses.**

Plaintiff's suggestion that the "true cost" of airfare was $10,519.50 because loyalty points were used has no legal merit. The use of personal loyalty points is a private benefit that reduces out-of-pocket expenditure; it does not create a windfall recovery right. Recovery should be limited to actual out-of-pocket expenses—and even those are subject to the economy-class limitation.

**7. Summary Calculation of Reasonable Expenses.**

Based on the foregoing, reasonable recoverable expenses for this cancelled deposition are as follows:

Economy airfare (1 person, roundtrip LHR–PHL):   $750
Hotel (3 nights × $125, standard business hotel):   $375
Hotel taxes (estimated 15%):   $56
Ground transportation (airport + local transfers):   $130
Reasonable meals (3 days × $65/day):   $195
TOTAL REASONABLE EXPENSES:   $1,506

This figure reflects the cost-conscious travel that the Court's Order contemplated. In the event the Court is inclined to reduce—but not eliminate—any category, Mr. Rajan respectfully

requests that the Court use the per-category averages implied by the reasonable ranges above as its basis for any modified award.

**B.   Sanctions should be granted for cost of filing this objection.**

Attorney Michael P. Kohler of Miller & Martin PLLC has engaged in a documented pattern of conduct that merits the Court's attention. Most notably, when Mr. Rajan sought to schedule a good-faith meet-and-confer as required by Fed. R. Civ. P. 26(c)(1) and Local Rule 26.1(f), Attorney Kohler refused, representing that there was "nothing to discuss," forcing Mr. Rajan to seek judicial intervention rather than resolve the matter cooperatively. This exchange is documented in the email chain attached as **Exhibit A.**

This Court has already found that Mr. Rajan's failure to meet and confer on another matter was done in bad faith and sanctioned him accordingly. The email record, however, reveals a more complete picture: Mr. Rajan *sought* the conference, and Attorney Kohler *refused it.* Attorney Kohler's refusal—and his subsequent misrepresentation or omission of that refusal in filings before this Court—implicates the same standards under which Mr. Rajan was sanctioned. Beyond the meet-and-confer, Defendants' review of the filings in this case has identified additional instances in which Attorney Kohler's representations to this Court warrant scrutiny under Rule 11 and § 1927. See email string **Exhibit A.**

Most notably he represented to the court that his client Mr. Bunce boarded a plan from overseas and was in Philadelphia when the deposition was cancelled.  That is blatantly false as demonstrated below.

An email on June 26 many days before Mr. Bunce boarded a plane, Mr. Kohler was informed that Mr. Bunce deposition was "unnecessary."  Since it was never formally scheduled with a notice of deposition and the like the "unnecessary" characterization is accurate.

6

This relief is not sought not as retribution, but in the interest of a complete and accurate record. Mr. Rajan's professional reputation has been substantially damaged by this litigation. He deserves a fair opportunity to establish that the conduct of opposing counsel was at least equally problematic—and that his own failings, while real, occurred in an adversarial environment in which the opposing side was not operating in good faith.  He should be paid for the work on this filing since he tried to contact Attorney Kohler to avoid wasting the Court's time.

What is worse is that the sanction is for cancellation of a deposition BEFORE, not after (6 days before travel).  The deposition was not formally scheduled and was not even noticed. His wife's deposition, on the other hand, was formally scheduled and noticed.  Sanctions for travel expenses 6 days before a flight must only be interpreted as a party can use cancellations of unscheduled depositions as weapons and part of litigation recoveries.

## C.   The Sanctions May be Posted as a Bond

### 1.   A Monetary Sanctions Award May Be Stayed Upon Posting a Supersedeas Bond Under Federal Rule 62

A monetary sanctions award is a money judgment for purposes of Federal Rule of Civil Procedure 62 and may be stayed upon the posting of a supersedeas bond.

#### A.   Rule 62 Expressly Authorizes a Stay of a Money Judgment Upon Posting Bond

Federal Rule of Civil Procedure 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." A monetary sanctions award—whether imposed under Rule 11, 28 U.S.C. § 1927, or the Court's inherent authority—constitutes a money judgment within the meaning of Rule 62.

The purpose of a supersedeas bond is not punitive; it is protective. It preserves the status quo while fully securing the prevailing party's ability to collect if the judgment is affirmed. The

7

United States Supreme Court has recognized the longstanding federal practice that a supersedeas bond operates to stay execution of a money judgment pending appeal. See *Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n.,* 636 F.2d 755 (D.C. Cir. 1980).  Though that case is in the DC circuit, it persuasive authority that is important.

Under Rule 62, once a proper bond is posted, enforcement is stayed. The prevailing party is protected by the bond, and execution may proceed only if the appeal is unsuccessful or if the time to appeal expires without an appeal being filed.  Since Raja Rajan is former counsel his right to appeal may have been delayed due to *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198 (1999).

**B. Third Circuit Authority Recognizes That Rule 62 Protects the Judgment Creditor While Preserving Appellate Rights**

The Third Circuit has explained that the purpose of a supersedeas bond is to preserve the status quo and secure the appellee during the pendency of the appeal. In In re Diet Drugs, supra., the Court of Appeals confirmed that Rule 62 provides the mechanism for staying enforcement of monetary judgments while protecting the judgment creditor through adequate security.

District courts within the Third Circuit routinely apply Rule 62 to monetary awards—including attorneys' fees and sanctions—because such awards are fixed monetary obligations enforceable as judgments. Once reduced to a sum certain, a sanctions award is treated no differently from any other money judgment for purposes of post-judgment stay practice.

**C. Sanctions Awards Are Money Judgments Subject to Stay by Bond**

Federal appellate courts have consistently treated sanctions awards as money judgments subject to supersedeas bond practice. See, e.g., *Hebert v. Exxon Corp.* 953 F.2d 936 (5th Cir. 1992) (money judgments). Sanctions must be money judgments to enforce.

8

While some authorities arise outside the Third Circuit, they reflect the uniform federal rule: a monetary sanctions award is secured—not defeated—by a supersedeas bond. The bond fully protects the opposing party during appellate review and becomes executable only if the judgment survives appeal or appellate rights are not exercised.

### D. Application Here

Because the sanctions award at issue is a fixed monetary obligation, Rule 62(b) authorizes a stay upon the posting of an adequate bond. The opposing party's interests are fully protected by that security. Immediate execution is unnecessary and would undermine the orderly appellate process. The Federal Rules and binding Third Circuit authority confirm that posting a bond is the proper procedural mechanism to secure a sanctions judgment pending appeal. The final judgment of the underlying case is a long way off[1], so the bond protects Mr. Bunce while the underlying case is being tried.

## IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an Order: (1) the appropriate calculation of Plaintiff's reasonable travel expenses; (2) sanctions for necessitating this motion by refusing to meet and confer and other conduct; and (3) the appropriateness of posting a bond instead of paying Attorney Kohler cash for the sanctions against Raja Rajan.

Respectfully submitted,
Date: February 20, 2026
/s/ Raja Rajan **RAJA RAJAN, ESQUIRE** of RAJAN LAW GROUP

---

[1] In the opinion of former counsel, who is also the brother of Defendant Mathu Rajan, potential claims for abuse of process are being contemplated. In addition, he believes that Mr. Bunce's deposition should be taken prior to trial. It is the responsibility of newly retained counsel to seek appropriate relief from the Court, including requesting leave, if necessary, to depose Mr. Bunce before trial.

9

# EXHIBIT A

**From:** Michael Kohler <Michael.Kohler@millermartin.com>
**Sent:** <mark>Wednesday, February 18, 2026 9:01 AM</mark>
**To:** Raja Rajan <raja@advisory-capital-solutions.com>
**Cc:** raja@rajanlawgroup.com <raja@rajanlawgroup.com>; Laura Burnett
<Laura.Burnett@millermartin.com>; Tammy Prater <Tammy.Prater@millermartin.com>
**Subject:** RE: Bunce v. Visual Technology Innovations; CAN: 2:23-cv-01740

<mark>There's nothing to discuss.</mark> The court ordered you pay Mr. Bunce $78,705.23.  That should
be paid immediately.  If you don't believe Mr. Bunce's travel expenses of $10,519.50 were
reasonable or necessary, then you can address that with the court, but that should not hold
up the immediate payment up $78,705.23.  If payment is not received by Friday, then we
will seek appropriate relief from the court and seek reimbursement of our attorneys' fees
for having to do so.  Thank you.

**Michael P. Kohler**



**d** (404) 962-6403

**f** (404) 962-6303

Suite 2100 | 1180 W Peachtree Street, NW | Atlanta, GA 30309

**From:** Raja Rajan <raja@advisory-capital-solutions.com>
**Sent:** <mark>Tuesday, February 17, 2026 10:09 AM</mark>
**To:** Michael Kohler <Michael.Kohler@millermartin.com>
**Cc:** raja@rajanlawgroup.com; Laura Burnett <Laura.Burnett@millermartin.com>; Tammy
Prater <Tammy.Prater@millermartin.com>; Raja Rajan <raja@advisory-capital-
solutions.com>
**Subject:** Re: Bunce v. Visual Technology Innovations; CAN: 2:23-cv-01740

**CAUTION:** This email originated from outside of the organization. Do not click links or open
attachments unless you recognize the sender and know the content is safe.

<mark>Let's have a meet and confer conference</mark> before Thursday at 5. The expenses in my opinion
are neither reasonable nor appropriate.

I'll work around your schedule -wed afternoon easier. Thursday all day.

Let me know.

Raja Rajan

*Sorry for any Typos-wrote it on my phone.*

On Feb 16, 2026, at 2:53 PM, Michael Kohler <Michael.Kohler@millermartin.com> wrote:

Mr. Rajan,

The Court sanctioned you in the amount of $78,705.23, plus Mr. Bunce's reasonable travel expenses, which total $10,519.50.  Full payment of $89,224.73 needs to be delivered immediately.  Attached are my firm's wire instructions.

Please confirm status of payment.

Thank you.

**Michael P. Kohler**

**d** (404) 962-6403

**f** (404) 962-6303

Suite 2100 | 1180 W Peachtree Street, NW | Atlanta, GA 30309



**CONFIDENTIALITY NOTICE**

The information contained in this e-mail message is legally privileged and confidential, and is intended only for the use of the addressee. If you are not the intended recipient, please be aware that any dissemination, distribution or copy of this e-mail is prohibited. If you have received this e-mail in error, please immediately notify us by reply e-mail and delete this message and any attachments. Thank you.

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2026, a true and correct copy of the foregoing was served via the Court's ECF system upon all counsel of record, and via electronic mail upon Michael P. Kohler, Esquire (Michael.Kohler@millermartin.com) and Michael D. Homans, Esquire (mhomans@homanspeck.com) the next day.


/s/ Raja Rajan
Raja Rajan, Esquire