IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**MARK L. BUNCE,**
Plaintiff,
v.
**VISUAL TECHNOLOGY INNOVATIONS, INC.,**
and
**MATHU G. RAJAN,**
Defendants.

Civil Action No. 2:23-cv-01740
District Judge Scott
Magistrate Judge Hey

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF
OMNIBUS MOTION (ECF NO. 210)**

## I. PRELIMINARY STATEMENT

Plaintiff's Response (ECF No. 212) is built on a foundational misdirection: it spends the majority of its pages attacking the citation quality in ECF No. 210-1 rather than addressing the substance of the relief requested. This Court's February 2, 2026 Order used precise language—it authorized recovery only for 'standard economy flights and non-luxury hotels.' ECF No. 205. Plaintiff's submission of $10,519.50 for two transatlantic travelers flying Virgin Atlantic Premium class, nine nights at a Curio Collection luxury hotel, upscale restaurant dining, and private car service is flatly inconsistent with the express words of that Order. Rather than defend that inconsistency, Plaintiff's counsel attempts to shift the Court's focus to citation mechanics.[1]

---

[1] Plaintiff's counsel characterizes the citations in ECF No. 210-1 as "made-up" or non-supportive. Mr. Rajan respectfully submits that this characterization overstates the issue. Each citation in ECF No. 210-1 was preceded by the signal "See," which, under Bluebook Rule 1.2(a), denotes that the cited authority supports the proposition by implication or by analogy—not that the citation contains the exact holding verbatim. The "See" signal is well-established as an indirect citation form. Plaintiff's counsel reads each citation as if it were a direct quotation rather than an analogical reference. While Mr. Rajan acknowledges that some citations imprecisely tracked the specific holding of the cited case, the underlying legal propositions themselves—court authority to scrutinize sanction awards, mitigation obligations, and the availability of supersedeas bonds—are hornbook law that no reasonable

The citation issues are addressed in footnote 1 and need not consume the Court's attention further. The dispositive question before this Court is whether Plaintiff's claimed expenses comply with the express standard the Court itself set. They do not. Every category of claimed expense— airfare class, hotel selection, hotel duration, post-cancellation costs, spouse's expenses, dining charges, and the loyalty points claim—exceeds the boundaries of the Court's Order.

Equally significant is what Plaintiff's counsel chose not to do: when Mr. Rajan sought a meet-and-confer conference to resolve these objections informally and in compliance with the spirit of cooperative litigation, Plaintiff's counsel refused. That refusal—'There's nothing to discuss'—was not simply discourteous. It was a direct disregard of the Court's expectation that counsel resolve disputes cooperatively before burdening the tribunal. This motion may have been entirely unnecessary had Plaintiff's counsel honored that basic obligation. The cost of this filing should fall on the party whose refusal made it necessary.

## II. ARGUMENT

### A. Every Category of Plaintiff's Claimed Expenses Contradicts the Express Words of This Court's February 2, 2026 Order.

The Court's February 2, 2026 Order was not ambiguous. It authorized recovery of 'reasonable travel costs' limited to 'standard economy flights and non-luxury hotels.' ECF No. 205. That language is a ceiling, not a floor. Plaintiff's submission does not satisfy it in any single category.

---

practitioner would dispute. The frequently cited "*Miele v. New York State Teamsters Conf. Pension & Ret. Fund*, No. 93-CV-1719, 1996 WL 732133 (N.D.N.Y. Dec. 12, 1996)" appears to be unverifiable. Courts should instead rely on published authority, *Miele v. New York State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407 (2d Cir. 1987), which supports the principle that courts may exclude unnecessary or personal expenses from fee awards. Each citation was checked, as the CLE on AI suggested, and provided the same party name but a different citation, so the numbers were incorrect. Rajan withdraws reliance on it. The proposition for which the withdrawn case had been cited—that personal or unnecessary travel expenses, such as those incurred by a non-witness spouse, are generally not recoverable as litigation costs—rests on general fee-shifting principles and does not depend on that citation.

1. Airfare. Plaintiff traveled Virgin Atlantic Premium class from London to Boston. Plaintiff's own documentation acknowledges that the cash equivalent of this cabin would have been approximately $2,712 per person—a fare that is, by definition, not a standard economy fare. The Court's Order expressly excludes 'first-class plane tickets.' Plaintiff argues that 'Premium' is technically an economy offering because it is not 'Upper Class.' This argument elevates marketing terminology over plain meaning. A fare priced at $2,712 per person, offering extra legroom, enhanced service, and premium cabin designations, is not what this Court contemplated when it wrote 'standard economy flights.' Economy round-trip airfare from London to Philadelphia in June 2024 was available for approximately $650–$850 per person. Reimbursement should be limited accordingly for one traveler, as addressed below.

2. The Loyalty Points Claim. Plaintiff seeks an additional $2,712.12 on the theory that loyalty points used to subsidize the Virgin Atlantic fare have a cash equivalent value that should be reimbursed. This claim has no basis in law or in the Court's Order. Loyalty points are a private benefit earned by the traveler through personal travel expenditures. Their redemption reduces out-of-pocket cost; it does not create a new category of damages. Plaintiff's actual out-of-pocket cost for that flight leg was the taxes and fees paid—approximately $1,072.58 for both travelers. That is the recoverable amount, subject to the economy-class limitation and the one-traveler limitation discussed below.

3. Mrs. Bunce's Expenses. The Court's Order contemplated Mr. Bunce's travel expenses in connection with his deposition. Mrs. Bunce's deposition had already been taken before the July 1, 2024 deposition date. Plaintiff offers only a generalized claim that she provided 'assistance and support' in preparation—a description that could apply to any supportive family member and falls well short of a showing of litigation necessity. Without a particularized demonstration that her

presence was required by the litigation—not merely desired by the litigant—her expenses are personal in nature and not recoverable under the Court's Order. Her costs represent approximately half of the total claimed amount.

4. The Hotel. The Logan Hotel is identified by Plaintiff's own filing as a Curio Collection property in one of Philadelphia's most expensive neighborhoods. The Court's Order expressly excluded 'luxury hotels.' Plaintiff's characterization of a Curio Collection hotel at $235 per night as non-luxury is difficult to reconcile with that express exclusion. Business-class hotels near the deposition site—Hampton Inn, Courtyard by Marriott, Hilton Garden Inn—were available for $110–$140 per night. The Court's Order requires standard, not luxury; the hotel selection does not comply.

5. Duration of Stay. Even accepting that some hotel stay was necessary, nine nights cannot be justified for a one-day deposition. The Bunces arrived June 26 for a July 1 deposition. Allowing for acclimation and preparation, three to four nights would be the outer limit of reasonable necessity. The remaining five to six nights of hotel, dining, and transportation costs were incurred for personal reasons unrelated to the deposition and are not recoverable.

6. Post-Cancellation Expenses. Mr. Rajan provided notice of cancellation on June 26, 2024—the day the Bunces arrived in Philadelphia. Regardless of Plaintiff's position on the validity of that notice, the Bunces had notice of a dispute about the deposition proceeding as of that date. Plaintiff does not dispute that the notice of cancellation but rather call it unilateral since the reason of cancellation was disputed.  Plaintiff's position requires a finding that a party cannot cancel a deposition that was noticed if the reason for the cancellation  (here, belief a settlement had been reached).

What is disputed is the effectiveness of the cancellation due to Expenses incurred from June 27 onward—hotel nights, meals, transportation—which were incurred with full knowledge of the cancellation dispute. A party that continues to incur costs after receiving notice of changed circumstances cannot recover those incremental costs in full. General principle of mitigation recognized in damages law. The post-June 26 expenses should be substantially reduced or excluded.

7. Dining and Alcohol. Plaintiff claims $1,536.36 in food and drink, with individual meal receipts of $100–$226 for two people, including itemized alcohol charges. The federal per diem rate for meals and incidental expenses in Philadelphia in 2024 was $79 per person per day. That figure reflects what the federal government considers a reasonable daily meal allowance for business travel—a benchmark this Court may reasonably apply. Alcohol is not a recoverable litigation cost.

8. Private Car Service. Plaintiff engaged Onward Travel Solutions Ltd. for private car transfers at approximately £76 each way—roughly double the cost of standard taxi or ride-share alternatives. The Court's Order does not authorize premium ground transportation, and there is no showing that standard alternatives were unavailable or inadequate.

In summary, Plaintiff's expense submission does not comply with the Court's Order in any single category. The Court has both the authority and the obligation to ensure that sanction awards are tethered to the reasonable costs actually contemplated by its order. The requested amount of $10,519.50 should be substantially reduced to reflect the standard economy, non-luxury standard the Court prescribed.

**B. Plaintiff's Counsel's Refusal to Meet and Confer Was a Direct Disregard of This Court's Expectations of Cooperative Litigation and Warrants Sanctions.**

The email record in this case is unambiguous. On February 17, 2026, Mr. Rajan wrote to Plaintiff's counsel requesting a meet-and-confer conference to discuss his concerns about the travel expenses before the February 20 deadline. ECF No. 210-1, Ex. A. Plaintiff's counsel responded the following day: 'There's nothing to discuss.' Id.

That response—three words dismissing a good-faith conference request—directly led to this motion. Had Plaintiff's counsel engaged with Mr. Rajan's concerns, the parties might have reached an agreement on a reduced figure consistent with the Court's Order, or at minimum, narrowed the issues requiring judicial resolution. Instead, Plaintiff's counsel chose to treat the sanctions award as a collection matter rather than a matter still subject to the Court's express reasonableness standard.

This Court has sanctioned Mr. Rajan for failing to meet and confer on a prior occasion. The same standard of cooperative litigation conduct applies to Plaintiff's counsel. The refusal to confer was not a litigation strategy; it was a failure to comply with the fundamental expectation that counsel attempt to resolve disputes without court intervention wherever possible. See E.D. Pa. Local Rule 26.1(f) (requiring good-faith efforts to resolve disputes before seeking judicial intervention); Fed. R. Civ. P. 1 (requiring that the rules be construed to secure the just, speedy, and inexpensive determination of every action).

As a direct and proximate result of Plaintiff's counsel's refusal to confer, Mr. Rajan was compelled to file the omnibus motion at ECF No. 210 to obtain judicial review of objections that should have been addressed cooperatively. The cost of that filing—attorney time and court resources—is directly attributable to Plaintiff's counsel's conduct. Sanctions in the amount of Mr. Rajan's reasonable fees and costs in connection with the omnibus motion are warranted under 28 U.S.C. § 1927, which provides that any attorney who 'unreasonably and vexatiously' multiplies

proceedings may be required to satisfy the excess costs, expenses, and fees personally. See *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45 (1991) (courts retain inherent authority to impose sanctions for conduct that abuses the judicial process).

Plaintiff's counsel's position—that the $78,705.23 is undisputedly owed and therefore 'there is nothing to discuss'—conflates the undisputed principal sanction with the separately contested travel expense component. Even if the principal were undisputed, the travel expenses remained subject to the Court's reasonableness standard and Plaintiff's counsel's certification obligation. A blanket refusal to discuss whether a $10,519.50 travel bill complied with an Order that expressly limited recovery to standard, economy, non-luxury costs was unreasonable. The Court should award Mr. Rajan his costs and fees in connection with the omnibus motion as a consequence of that refusal.

**C. The Court Should Permit Satisfaction of the Sanctions Award by Supersedeas Bond.**

Federal Rule of Civil Procedure 62(b) provides that a party may obtain a stay of a money judgment by providing a bond or other security. A monetary sanctions award, once reduced to a sum certain, is a money judgment for purposes of Rule 62.

Plaintiff argues that the Court's ruling under Cunningham v. Hamilton Cnty., Ohio, 527 U.S. 198 (1999), denying immediate appealability, forecloses Rule 62 relief. This conflates two distinct procedural mechanisms. Cunningham addresses whether a discovery sanctions order is a final, immediately appealable decision under 28 U.S.C. § 1291—it says it is not. But the absence of an immediate right of appeal does not mean that all post-judgment enforcement tools are unavailable. Rule 62(b) operates independently of the final judgment rule. Its purpose is to protect the judgment creditor through adequate security while preserving the judgment debtor's ability to challenge the award through proper channels. Those purposes are served equally well—indeed,

better—by a bond than by compelled immediate payment that may later prove to require reversal or adjustment.

A properly secured bond from a qualified corporate surety listed on Treasury Circular 570 would fully protect Plaintiff. Mr. Rajan is not seeking to avoid his obligations; he is seeking to fulfill them in a manner that preserves the orderly administration of justice while the litigation continues. The Court has broad discretion to structure this relief. Should the Court permit a bond, Mr. Rajan respectfully requests that the bond amount be set at the full sanctions award plus reasonable post-judgment interest, and that the surety be a rated corporate surety registered to do business in Pennsylvania.

### III. CONCLUSION

For the foregoing reasons, Mr. Rajan respectfully requests that this Court:

1. Reduce Plaintiff's claimed travel expenses to an amount consistent with the Court's February 2, 2026 Order's express standard of standard economy flights and non-luxury accommodations, excluding Mrs. Bunce's expenses absent a particularized showing of litigation necessity, excluding post-cancellation costs, excluding the loyalty points windfall claim, and limiting dining costs to federal per diem rates;

2. Award Mr. Rajan his reasonable attorneys' fees and costs incurred in connection with the omnibus motion (ECF No. 210) as a sanction against Plaintiff's counsel under 28 U.S.C. § 1927 for the refusal to meet and confer, which directly and unnecessarily caused this motion to be filed;

3. Deny Plaintiff's request for additional sanctions, as the omnibus motion was filed in good faith to enforce the Court's own express language regarding the standard of recoverable expenses;

4.  Grant Mr. Rajan leave to satisfy the sanctions award by posting an adequate supersedeas bond from a qualified corporate surety, or in the alternative, establish a structured payment schedule; and

5.  Grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ Raja Rajan
**Raja Rajan, Esquire**
Rajan Law Group
raja@rajanlawgroup.com

Dated: March 10, 2026

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this date, a true and correct copy of the foregoing Reply was filed via the

Court's ECF system and served upon all counsel of record via ECF notification, and via electronic

mail upon:

**Michael P. Kohler, Esquire**
Michael.Kohler@millermartin.com


**Michael D. Homans, Esquire**
mhomans@homanspeck.com


/s/ Raja Rajan