IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK L. BUNCE, *Plaintiff*, | : <br> : <br> : |
| v. | : CIVIL ACTION <br> : NO. 23-1740 |
| VISUAL TECHNOLOGY INNOVATIONS, INC., and MATHU RAJAN, *Defendants.* | : <br> : <br> : <br> : |

### ORDER

**AND NOW**, this **11th** day of **March 2026**, upon consideration of Raja Rajan's Omnibus Motion (ECF No. 210), Mr. Rajan's Motion to Stay (ECF No. 211), Plaintiff's Response (ECF No. 212), and Mr. Rajan's Reply (ECF No. 213), it is hereby **ORDERED** as follows:

1. Mr. Rajan shall pay Plaintiff the reasonable travel costs for his deposition scheduled on July 1, 2024, in the amount of $1,506.00.[1]

2. Mr. Rajan's request for sanctions against Plaintiff pursuant to 28 U.S.C. § 1927 is **DENIED**.

3. Mr. Rajan's request to post a supersedeas bond under Rule 62(b) is **GRANTED**.[2] Within **fourteen (14) days** of this Order, Mr. Rajan is required to submit proof of a supersedeas bond sufficient to cover the full amount of the judgment, as well as post-judgment interest pursuant to 28 U.S.C. § 1961(a) that will accrue at a rate of 3.50 percent annually. The bond must come

---

[1] In the February 2, 2026 Order, the Court ordered that Raja Rajan pay Plaintiff his attorneys' fees totaling $78,705.23. *See* ECF Nos. 205 and 206. In addition, the Court ordered Mr. Rajan to pay for Mr. Bunce's reasonable travel expenses. The Court finds Mr. Bunce's reasonable travel expenses to be $1,506.00. Therefore, in total, Mr. Rajan owes Plaintiff $80,211.23 arising out of Plaintiff's Omnibus Motion for Attorney Fees. ECF Nos. 139 and 164.

[2] "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." FED. R. CIV. P. 62(b). A party that posts a satisfactory supersedeas bond is entitled to a stay of execution as a matter of right. *See Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966); *see also Borrell v. Bloomsburg Univ.*, No. 3:CV-12-2123, 2016 WL 3595794, at *2 (M.D. Pa. July 5, 2016) (collecting appellate opinions). The Court has denied Mr. Rajan's request to immediately appeal the February 2, 2026 Order. *See* ECF No. 205. Therefore, although Mr. Rajan has not filed a notice of appeal, but he may still seek a supersedeas bond.

from a corporate surety registered to do business in Pennsylvania and listed in Treasury Circular 570 maintained by the United States Department of Treasury, and such surety bond company must have a Superior A+ rating or higher as determined by AM Best—a credit rating agency specializing in insurance. The bond will stay in effect while any appeal of the Court's February 2, 2026 Order is pending. However, if Mr. Rajan does not file an appeal within the time allowed under Rule 4, the bond will automatically terminate when that deadline expires, and the full judgment amount will become immediately due and payable.

4. Mr. Rajan's Motion to Stay is **DENIED**.

5. Mr. Rajan is **ORDERED** to show cause **within seven (7) days** of this Order as to why his citations in his Motion for Omnibus Motion (ECF No. 210) have not violated Rule 11(b) or this Court's Standing Order regarding Artificial Intelligence.[3]

BY THE COURT:

_____
HON. KAI N. SCOTT
**United States District Court Judge**

---

[3] Specifically, Mr. Rajan is directed to show cause as to the following citations: (i) the *Teamsters Local 639 v. Cassidy Trucking, Inc.*, 646 F.2d 865, 868 (4th Cir. 1981) citation, (ii) the *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) citation; (iii) the *Miele v. New York State Teamsters Conf. Pension & Ret. Fund*, No. 93-CV-1719, 1996 WL 732133 (N.D.N.Y. Dec. 12, 1996) citation; (iv) the *In re Diet Drugs Prods. Liab. Litig.*, 553 F. Supp. 2d 442, 475 (E.D. Pa. 2008) citation; and (v) the *Hebert v. Exxon Corp.*, 953 F.2d 936 (5th Cir. 1992) citation. Mr. Rajan is directed to state whether he used generative artificial intelligence in drafting his motion and whether he personally certified that each and every citation of legal authority existed and supported his legal arguments.