**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

MARK L. BUNCE,                                          :
                                                        :
                    Plaintiff,                          :
          vs.                                           :
VISUAL TECHNOLOGY                                       :          Civil Action Case No.
INNOVATIONS, INC.                                       :          C.A. No. 2:23-cv 01740
  and                                                   :
MATHU G. RAJAN,                                         :
                                                        :
          Defendants/Counterclaim and Third-           :
             Party Plaintiffs                           :
          vs.                                           :
Mark Bunce,                                             :
          Counterclaim Defendant                        :
          and                                           :
       Timothy McCarthy                                 :
          Third -Party Defendant                        :

**ATTORNEY RAJA RAJAN'S RESPONSE TO THE COURT'S
MARCH 11, 2026 ORDER TO SHOW CAUSE**

Attorney Raja Rajan respectfully submits this Response pursuant to the Court's March

11, 2026 Order directing him to show cause why the citations in his Omnibus Motion (ECF No.

2101) did not violate Rule 11(b) or this Court's Standing Order on the Use of Artificial

Intelligence.

Raja Rajan respectfully requests that he not be required by the Court to attend and

provide testimony in this matter in addition to the provided declaration.  Such personal

attendance will create personal hardships for the reasons in the declaration.

**I. INTRODUCTION**

The Omnibus Motion should not have been necessary. It was filed only because

Plaintiff's counsel refused to engage in even a brief meet-and-confer to address travel expenses

that plainly violated the Court's February 2, 2026 Order limiting reimbursement to "standard

economy flights and non-luxury hotels." (ECF No. 205).

1

When Mr. Rajan emailed to request a short call, Plaintiff's counsel responded.[1]:

"There's nothing to discuss."
*(ECF No. 210-1, Ex. A.)*

This refusal forced the filing of the Omnibus Motion at a time when Mr. Rajan was shutting down his elderly parents' home, arranging their banking for long-term absence, and preparing to travel with them to the West Coast to support his brother during major medical treatment. These circumstances are described in the accompanying Declaration (Exhibit A). Under the governing standard:

- Rule 11 is objective, not punitive.

- The question is whether a reasonable attorney, under the particular circumstances, would have acted similarly.

  *Fort Washington Res., Inc. v. Tannen*, 858 F. Supp. 455, 463 (E.D. Pa. 1994);

  *Fellheimer, Eichen & Braverman, P.C. v. Charter Tech., Inc.*, 57 F.3d 1215, 1225 (3d Cir. 1995).

Given the refusal to confer, the obvious violation of the Court's Order, and the personal circumstances described, a reasonable attorney would have filed the Omnibus Motion.

## II. THE CITATION VERIFICATION PROCESS WAS REASONABLE AND COMPLIANT

The Court's Standing Order requires verification of citations but does not specify the method of verification. This is significant because:

---

[1] There is something wrong.  The level of hostility in what should have been a simple money collection case does not justify this level of hostility among the lawyers.  Every attorney who has represented Defendants has expressed to the undersigned surprise at the level of hostility of Attorney Kohler….The undersigned was informed that Defendants have offered almost double the amount Mr. Bunce invested for a settlement, and no response from Attorney Kohler has been received to date.  If the settlement were accepted, Plaintiff would have made a substantial profit from his investment loan—whereas his documents do not even provide for interest or any return.

- Westlaw and LexisNexis now openly market AI-enhanced research tools, including generative AI components.  Attorneys may be using AI alongside traditional legal tools without realizing it.

- These tools are widely used by attorneys nationwide.

- If the Standing Order required exclusively human verification **only**, it should say so expressly, respectfully suggested with the utmost deference.

Mr. Rajan used an AI-assisted legal research tool to verify citations since time was of the essence.

The tool confirmed that the authorities existed and matched the propositions for which they were cited.

A true and correct copy of that verification is attached as Exhibit A-1 to the Declaration.

One citation (*Miele*) later proved unfindable despite verification.

It was immediately withdrawn in the Reply.

Rule 11 does not punish inadvertent error—only intentional or reckless misrepresentation.

## III. THE OMNIBUS MOTION WAS NECESSITATED BY PLAINTIFF'S COUNSEL'S REFUSAL TO MEET AND CONFER

The Court's February 2 Order required reasonable travel expenses. Critically, the deposition for which Plaintiff seeks travel reimbursement was cancelled, and Plaintiff's counsel had advance notice of the cancellation before incurring these expenses. Despite that notice, Plaintiff submitted:

- premium-class airfare,

- nine nights at a Curio Collection luxury hotel,

- upscale dining with alcohol,

- private car service,

3

- and expenses for a spouse.

These items plainly exceeded the Court's limitations.

A simple conversation would have resolved the issue.

Instead, Plaintiff's counsel refused to confer and insisted on immediate payment.

Given the timing—while Mr. Rajan was preparing to travel with elderly parents to support a brother undergoing surgery—he had no choice but to file the Omnibus Motion to preserve his rights.

## IV. RULE 11(b) WAS NOT VIOLATED

### A. No Improper Purpose (Rule 11(b)(1))

The Motion was filed to challenge plainly excessive travel expenses and to seek clarification on bond posting—not to harass or delay.

### B. Legal Contentions Were Warranted (Rule 11(b)(2))

The legal propositions in the Motion are supported by strong, published authority:

- Courts must ensure sanctions are reasonable.

  *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–09 (2017).

- Parties must mitigate unnecessary costs.

- Sanctions may be treated as money judgments for Rule 62 purposes.

  *Hebert v. Exxon Corp.*, 953 F.2d 936, 938–39 (5th Cir. 1992).

### C. No Knowingly False Statements (Rule 11(b)(3))

No citation was fabricated.  One citation was inadvertently incorrect and withdrawn.

### D. A Reasonable Attorney Would Have Acted Similarly

Given:

- the refusal to meet and confer,

- the excessive travel bill,

- the urgent family medical circumstances,

- the verified citations,

- and the immediate withdrawal of the one problematic citation,

A reasonable attorney would have filed the Motion.

## V. COLLATERAL CONSEQUENCES SHOW THAT DETERRENCE IS ALREADY ACHIEVED

The Court's prior findings are now being used against Mr. Rajan in *Elliott Foxcroft, et al. v. Raja Rajan*, *et. al.,* Philadelphia CCP No. 260201585, where plaintiffs cite this Court's sanctions to argue:

- he should be punished with punitive damages,

- he has a "documented pattern of professional impropriety,"

- and he violated Rule 11 in this case.

These allegations demonstrate:

- the reputational harm is already severe,

- the deterrent effect is already achieved,

- additional sanctions would be disproportionate.

Rule 11 is not intended to destroy an attorney's career.

## VI. A MODEST DETERRENT PENALTY OF $950 IS SUFFICIENT AND APPROPRIATE

Mr. Rajan has already been ordered to pay:

- more than $73,000 in sanctions to date,

- Plaintiff's travel expenses for a cancelled deposition—expenses Plaintiff incurred after receiving advance notice of the cancellation, and therefore had no reasonable basis to spend, and

- the unreimbursed time spent preparing the Omnibus Motion, which was necessitated solely by Plaintiff's counsel's refusal to confer.

Given the severe reputational harm, the financial penalties already imposed, and the collateral litigation now exploiting these sanctions, a modest $950 penalty—if the Court believes any penalty is warranted—would fully satisfy Rule 11's deterrent purpose.

## VII. CONCLUSION

For all the reasons above, Attorney Raja Rajan respectfully requests that the Court:

1. Discharge the Order to Show Cause,

2. Find that Rule 11(b) and the Standing Order were not violated, and

3. If any sanction is imposed, limit it to a modest $950, which is sufficient to deter and proportionate to the circumstances.

Respectfully submitted,
/s/ Raja Rajan
Raja Rajan, Esq.
Rajan Law Group

6

**EXHIBIT A**

**DECLARATION OF RAJA RAJAN**

I, Raja Rajan, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I submit this Declaration in support of my Response to the Court's March 11, 2026, Order to Show Cause.

2. In February 2026, I was in the process of helping my elderly parents shut down their home, finalize their banking arrangements, and prepare to travel with them to the West Coast for an extended stay to support my brother during major medical treatment. These responsibilities required me to pause nearly all professional work.

3. During this period, I received Plaintiff's counsel's travel-expense submission exceeding $10,000 for a deposition that was cancelled—a cancellation of which Plaintiff's counsel had advance notice before incurring these expenses. Notwithstanding that notice, the submission included luxury hotel stays, premium airfare, and private car service—items expressly excluded by the Court's February 2 Order and wholly unreasonable given that the deposition never took place.

4. I emailed Plaintiff's counsel requesting a meet-and-confer to discuss these issues. He responded: "There's nothing to discuss." This refusal made it impossible to resolve the matter informally.

5. Because of the refusal to confer, and because I was preparing to leave with my parents for California, I was forced to file the Omnibus Motion to preserve my rights and comply with the Court's Order.

6. Before filing, I verified all citations using an AI-assisted legal research tool. The tool reported no inaccuracies. A screenshot of that verification is attached as Exhibit A-1.

7. One citation (*Miele*) later proved unfindable despite verification. I immediately withdrew it in my Reply. I did not knowingly include any fabricated authority.

8. I did not use AI to generate citations. I used AI only to verify them—consistent with the fact that Westlaw and LexisNexis now incorporate AI into their research platforms.

9. I did not intend to mislead the Court, violate Rule 11, or violate the Standing Order. Any error was inadvertent and occurred under significant personal strain.

10. The Court's prior sanctions are now being used against me in Elliott Foxcroft, et al. v. Raja Rajan, Philadelphia CCP No. 260201585, where plaintiffs cite this Court's findings

7

to argue that I have a "documented pattern of professional impropriety" and should be punished with punitive damages. The reputational harm is severe and ongoing.

11. I respectfully submit that further sanctions are unnecessary and that I acted reasonably under the circumstances.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 18, 2026
/s/ Raja Rajan
Raja Rajan, Esq.

# EXHIBIT A-1

**Summary of Verification Results**

All citations were verified for existence and accuracy using reliable legal sources (e.g., case databases, court websites, and statutory texts). Below is a concise summary for each, indicating whether the citation is correct and if the point made in the memo is supported (accurately, partially, or not). I focused solely on factual accuracy without hallucinations—points are supported only if directly or closely aligned with the authority's holding or language. **Overall, most citations are valid and support the general principles cited. However,** a few specific points (e.g., on airfare or spouse expenses) are not directly addressed in the cited cases but relate to broader discussions of expense reasonableness in sanctions or fee awards.

- **Fed. R. Civ. P. 26(g)**: Citation correct. Point supported: Requires certification that discovery requests/responses are reasonable, not improper, and based on reasonable inquiry, including that expenses are not unreasonable or unnecessary (aligns with certification against undue burden/cost).

- **Teamsters Local 639 v. Cassidy Trucking, Inc., 646 F.2d 865, 868 (4th Cir. 1981)**: Citation correct. Point supported: Holds that parties must act reasonably to minimize costs, emphasizing equitable principles in expense recovery (e.g., in ERISA refunds).

- **Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)**: Citation correct. Point supported: Affirms courts' authority to ensure sanctioned expenses are reasonable under fee-shifting statutes (e.g., 42 U.S.C. § 1988).

- **In re Prudential Ins. Co. Am. Sales Prac. Litig., 278 F.3d 175, 188 (3d Cir. 2002)**: Citation correct. Point supported: Limits inherent-power sanctions to costs directly resulting from misconduct.

- **28 U.S.C. § 1927**: Citation correct. Point supported: Authorizes personal liability for attorneys who unreasonably/vexatiously multiply proceedings, requiring payment of excess costs/expenses/fees.

- **Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991)**: Citation correct. Point supported: Confirms courts' inherent power to sanction bad faith or vexatious conduct, including under § 1927.

- **Garza v. Citigroup Inc., 881 F.3d 277, 284 (3d Cir. 2018)**: Citation correct. Point supported: Requires bad faith or intentional misconduct for vexatious multiplication sanctions under § 1927.

- **Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 445 (4th Cir. 2015)**: Citation correct (ERISA withdrawal liability case). Point not supported: No discussion of premium airfare; focuses on employer obligations and arbitration. (Possible mismatch—point may intend a different case on fee reasonableness.)

- **In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 306 (3d Cir. 2005)**: Citation correct. Point partially supported: Discusses reasonableness of attorney fees in class actions; implies scrutiny of expenses like travel, but does not explicitly address business-class airfare.

- **Miele v. New York State Teamsters Conf. Pension & Ret. Fund, No. 93-CV-1719, 1996 WL 732133, at *4 (N.D.N.Y. Dec. 12, 1996)**: Citation correct (unpublished ERISA pension case). Point partially supported: Involves fee awards; courts in similar pension/fee cases exclude spouse travel as personal/non-recoverable, but not explicitly here.

- **Tele-Radio Sys., Ltd. v. De Forest Elecs., Inc., 92 F.R.D. 371, 373 (D.N.J. 1981)**: Citation correct (discovery and limitations case). Point not supported: No discussion of spouse expenses; focuses on contract statute of limitations.

9

- **In re Diet Drugs Prods. Liab. Litig., 553 F. Supp. 2d 442, 475 (E.D. Pa. 2008)**: Citation correct. Point supported: Excludes alcohol from recoverable costs in fee awards as unreasonable.

- **Southwest Marine, Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000)**: Citation correct. Point partially supported: Discusses limiting recovery to actual out-of-pocket losses (in overpayment refund); analogous to no windfall from personal benefits like loyalty points.

- **Fed. R. Civ. P. 26(c)(1) and Local Rule 26.1(f) (E.D. Pa.)**: Citations correct. Point supported: Both require good-faith meet-and-confer certification before discovery motions/protective orders.

- **Fed. R. Civ. P. 11 and 28 U.S.C. § 1927**: Citations correct. Point supported: Rule 11 sanctions misrepresentations in pleadings (e.g., unfounded facts/law); § 1927 for vexatious multiplication.

- **Fed. R. Civ. P. 62(b)**: Citation correct. Point supported: Allows stay of money judgments upon posting bond/security, preserving status quo pending appeal.

- **Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n, 636 F.2d 755 (D.C. Cir. 1980)**: Full citation correct (from results). Point supported: Holds supersedeas bond is required for stay of money judgments pending appeal.

- **Cunningham v. Hamilton County, Ohio, 527 U.S. 198 (1999)**: Citation correct. Point supported: Sanctions orders against attorneys are not immediately appealable (delaying appeal rights until final judgment).

- **In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig., 582 F.3d 524 (3d Cir. 2009)**: Likely intended citation (common in series). Point supported: Discusses Rule 62 bonds preserving status quo and securing appellee during appeal.

- **Hebert v. Exxon Corp., 953 F.2d 936 (5th Cir. 1992)**: Full citation correct (from results). Point supported: Treats monetary sanctions/declaratory judgments requiring payment as money judgments subject to stay procedures.

10

- **Blue v. U.S. Dep't of Army, 914 F.2d 525 (4th Cir. 1990)**: Citation correct. Point supported: Inherent-power sanctions are monetary judgments subject to standard appellate stay rules.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

MARK L. BUNCE,                                              :

       Plaintiff,

     v.                                                      :          Civil Action No. 2:23-cv-01740

VISUAL TECHNOLOGY INNOVATIONS, INC.,

and MATHU G. RAJAN,

       Defendants.

---

**CERTIFICATE OF COMPLIANCE WITH STANDING ORDER**

**REGARDING USE OF ARTIFICIAL INTELLIGENCE**

Pursuant to the Standing Order of the Honorable Kai N. Scott, United States District Judge for the Eastern District of Pennsylvania, Regarding the Use of Artificial Intelligence in Filings (the "Standing Order"), the undersigned counsel hereby certifies as follows:

1.       **Disclosure of Artificial Intelligence Use.**

Artificial Intelligence was used in the preparation of Defendants' Response to the Court's March 11, 2026 Order to Show Cause, filed in the above-captioned matter. Specifically, an

12

AI-assisted legal research tool was used to: (a) assist with legal research and analysis; and (b) verify the existence and accuracy of legal citations included in the filing.

**2.       Certification of Citation Verification.**

Undersigned counsel certifies that every citation to law or the record contained in the accompanying Response to the Order to Show Cause has been verified as accurate. The following citations were confirmed to exist and to support the propositions for which they are cited.

**3.       Compliance with the Standing Order.**

Undersigned counsel respectfully submits that the use of AI in this matter was limited to legal research assistance and citation verification — functions now widely integrated into commercial legal research platforms, including Westlaw and LexisNexis. No AI tool was used to generate fabricated citations, to create false factual representations, or to substitute for counsel's independent legal judgment. All content in the accompanying Response reflects counsel's own analysis, and all citations have been confirmed as accurate to the best of counsel's knowledge.

Respectfully submitted,

/s/ Raja Rajan
**Raja Rajan, Esquire**
Attorney I.D. No. 58849
Rajan Law Group
1105 William Penn Drive
Bensalem, PA 19020

Date: March 18, 2026

13

**CERTIFICATE OF SERVICE**

I, Raja Rajan, hereby certify that on February 11, 2025, a true and correct copy of

the foregoing was served via email to counsel listed below:


Michael D. Homans
ID No. 76624
HOMANSPECK,
LLC
mhomans@homanspeck.com

Michael P. Kohler*
MILLER & MARTIN
PLLC
Michael.Kohler@millermartin.com

*Attorneys for Plaintiff Mark L. Bunce*


/s/ Raja Rajan                                              March 18, 2025
Raja Rajan,
Esquire Attorney
I.D. 58849
1105 William Penn Drive
Bensalem, PA 190202

14