## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK L. BUNCE,

        Plaintiff,

  v.

VISUAL TECHNOLOGY INNOVATIONS, INC.
and MATHU G. RAJAN,

        Defendants/

        Counterclaim and Third-Party
Plaintiffs,

  v.

MARK L. BUNCE,

        Counterclaim Defendant,

and

TIMOTHY McCARTHY,

        Third-Party Defendant.

CIVIL ACTION
NO. 2:23-cv-01740-KNS

## NOTICE OF APPEAL

### I.  NOTICE OF APPEAL

PLEASE TAKE NOTICE that Raja Rajan, Esquire (Pa. Bar No. 58849), as former counsel of

record for Defendants in the above-captioned matter (**"Appellant"**), pursuant to Federal Rule of

Appellate Procedure 3(c) and 28 U.S.C. § 1291, hereby appeals to the United States Court of

Appeals for the Third Circuit from the following Orders of the United States District Court for the

Eastern District of Pennsylvania (Hon. Kai N. Scott):

1. The **Final Order** of March 19, 2026 [ECF No. 219] (the "Final Order"), which constitutes

    the final appealable order in this matter concluding all remaining sanctions-related

proceedings against Appellant, and which incorporates by operation of law all prior interlocutory sanctions orders;

2. The Order of February 2, 2026 [ECF No. 205], awarding attorneys' fees and expenses against Appellant personally in the amount of $78,705.23, plus Plaintiff's reasonable travel expenses, as sanctions;

3. The Order of March 13, 2025 [ECF No. 156], directing Appellant to pay Plaintiff's attorneys' fees and expenses in the amount of $16,270.47 pursuant to Fed. R. Civ. P. 37(b)(2)(C); and

4. The Order of January 8, 2025 [ECF No. 130], finding that Appellant partially failed to comply with the Court's Order of August 13, 2024 [ECF No. 87] and directing Appellant to compensate Plaintiff's counsel for reasonable expenses incurred in connection with the discovery-sanctions motion and hearing.

The above-referenced Orders all relate to sanctions imposed against Raja Rajan as former counsel for Defendants personally. This appeal by Appellant is **expressly limited** to those Orders directed against Appellant individually, and not to any order directed solely to Defendants. The Orders are collectively attached as **Exhibit A** hereto. Pursuant to FRAP 3(c)(4), this Notice encompasses all orders that merge into the designated final appealable Order of March 19, 2026 for purposes of appeal.

## II. NOTICE OF PENDING RELATED APPEAL AND REQUEST FOR CONSOLIDATION

Appellant gives notice pursuant to Third Circuit L.A.R. 28.1(a)(2) that a related appeal is currently pending in the United States Court of Appeals for the Third Circuit, docketed as **No. 25-1648** (the "Prior Appeal"). The Prior Appeal arises from the same case, the same underlying sanctions

proceedings, and overlapping Orders of the District Court. As a consequence, one or more of the Orders designated in Section I above may already be within the jurisdiction of the Court of Appeals by virtue of the Prior Appeal. Jurisdictional questions arising from the relationship between this filing and the Prior Appeal are properly before the Court of Appeals for resolution.

In the interest of judicial economy, consistent disposition, and avoidance of duplicative briefing and argument, Appellant **respectfully requests** that the Court of Appeals **consolidate** this appeal with the Prior Appeal, No. 25-1648, pursuant to Federal Rule of Appellate Procedure 3(b)(2) and the Court's inherent authority to manage its docket. The two proceedings involve the same underlying action, the same appellant, substantially overlapping legal and factual issues, and a sequential series of sanctions orders. Consolidated treatment will promote efficient resolution of all pending issues and eliminate the risk of inconsistent adjudication of related questions.

### III. STATEMENT REGARDING DEFENDANTS' INDEPENDENT APPELLATE RIGHTS

Defendants Visual Technology Innovations, Inc. and Mathu G. Rajan are separately entitled to appeal from the Final Order and any other Orders entered in this matter adversely affecting their interests. Defendants are represented by, or will be represented by, counsel of their choosing. **This Notice is filed solely on behalf of Appellant Raja Rajan as former counsel of record**, and shall not be construed as: (i) filed on behalf of Defendants; (ii) limiting or waiving any right or defense available to Defendants on appeal; or (iii) constituting joint representation of any party other than Appellant. Nothing herein precludes Defendants from filing their own separate notice of appeal, or from joining or moving to consolidate their appeal with the Prior Appeal or with this appeal, through counsel of their choosing.

### IV. TIMELINESS

The Final Order was entered on March 19, 2026. This Notice of Appeal is filed on April 18, 2026 (a Saturday), within the thirty-day period prescribed by Federal Rule of Appellate Procedure 4(a)(1)(A) for civil cases. This Notice is therefore timely.

### V. ATTORNEYS OF RECORD FOR PLAINTIFF-APPELLEE

**MICHAEL D. HOMANS**
Homans Peck, LLC
230 Sugartown Road, Suite 218
Wayne, PA 19087
Tel: 215-419-7477 | Fax: 215-754-5032
mhomans@homanspeck.com

**MICHAEL P. KOHLER**
Miller & Martin PLLC
1180 W. Peachtree Street, N.W., Suite 2100
Atlanta, GA 30309-3407
Tel: 404-962-6403 | Fax: 404-962-6300
michael.kohler@millermartin.com

Dated: April 18, 2026

Respectfully submitted,

**Raja Rajan, Esquire**
Former Counsel for Defendants
Appellant (Pro Se on this Notice)
Pa. Bar No. 58849
Rajan Law Group
2009 Chestnut Street
Philadelphia, PA 19103
Tel: 215-550-1002
raja@rajanlawgroup.com
raja@advisory-capital-solutions.com

<h1 style="text-align:center">CERTIFICATE OF SERVICE</h1>

I hereby certify that on April 18, 2026, I caused a true and correct copy of the foregoing Notice of Appeal (Amended and Consolidated) to be electronically filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system. A Notice of Electronic Case Filing was transmitted electronically to all counsel of record who are registered ECF users. Pursuant to E.D. Pa. Local Civil Rule 5.1.2(7)(b), this electronic transmission constitutes service on all registered CM/ECF participants in this matter.

Service upon counsel who are not registered CM/ECF participants, if any, has been or will be effected by first-class United States mail, postage prepaid, at the addresses listed for Plaintiff's counsel of record in Section V of this Notice.

Raja Rajan, Esquire
Pa. Bar No. 58849
Dated: April 18, 2026

# EXHIBIT A

to Notice of Appeal (Amended and Consolidated)

of Raja Rajan, Esquire, Former Defense Counsel / Appellant

**Orders Designated for Appeal**

1. Final Order, March 19, 2026 [ECF No. 219] — Final appealable Order concluding sanctions proceedings

2. Order of February 2, 2026 [ECF No. 205] — Sanctions: $78,705.23 plus travel expenses

3. Order of March 13, 2025 [ECF No. 156] — Sanctions: $16,270.47 (Fed. R. Civ. P. 37(b)(2)(C))

4. Order of January 8, 2025 [ECF No. 130] — Partial non-compliance finding; fee-compensation

directive with the Court's Order of August 13, 2024 [ECF No. 87] and directing Appellant to

compensate Plaintiff's counsel for reasonable expenses incurred in connection with the discovery-

sanctions motion and hearing.

[The above Orders are attached hereto in the order listed above]

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARK L. BUNCE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| vs. | : | No. 2:23-cv-01740 |
| | : | |
| VISUAL TECHNOLOGY INNOVATIONS, | : | District Judge Scott |
| INC., | : | |
| | : | Magistrate Judge Hey |
| and | : | |
| | : | |
| MATHU G. RAJAN, | : | |
| | : | |
| Defendants. | : | |

---

### FINAL JUDGMENT

---

**AND NOW**, this 19th day of March, 2026, upon consideration of this Court's Memorandum Opinion and Order (ECF Nos. 180 and 181), this Court's Amended Order (ECF No. 196), Plaintiff's Motion for Entry of Final Judgment (ECF No. 216), this Court's Order on Plaintiff's Motion for Entry of Final Judgment (ECF No. 218) and the entire record of this case,

**IT IS ORDERED** that **FINAL JUDGMENT** is hereby **ENTERED** in favor of Plaintiff Mark L. Bunce and against Defendants Visual Technology Innovations, Inc. and Mathu G. Rajan, jointly and severally, in the amount of $1,020,000, plus pre-judgment interest in the amount of $366,597.32, on Count I (Breach of Contract) and Count II (Fraudulent Inducement) of the Complaint (ECF No. 1).

**BY THE COURT:**

_____
**HON. KAI N. SCOTT**
**United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK L. BUNCE,                              :
               *Plaintiff*,                    :
                                       :
        v.                              :   **CIVIL ACTION**
                                       :   **NO. 23-1740**
VISUAL TECHNOLOGY INNOVATIONS,              :
INC., and MATHU RAJAN,                      :
               *Defendants*.                   :

**MEMORANDUM**

**J. Scott**                                                        **February 2, 2026**

Alongside the merits of this case, another case exists: Raja Rajan's attorney conduct. Disputes over his conduct overshadowed, at times, the actual case. Consequently, Plaintiff seeks attorney's fees against Mr. Rajan for his conduct as Defendants' prior counsel. As discussed below, Plaintiff is entitled to some but not all the fees he requests.

## I.    LEGAL STANDARD

This Court has two bases to impose attorneys' fees in this case: 28 U.S.C. § 1927 and this Court's inherent sanctioning powers.

Any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. A court must make a finding of bad faith or intentional misconduct to impose attorneys' fees. *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002). "Indications of this bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Id*. Upon a finding of bad faith or intent, the Court has discretion to determine appropriate attorneys' fees.

1

*Id*. at 181.  Sanctions are limited to "costs and expenses that result from the particular misconduct." *Id*. at 188.

Similarly, imposing attorneys' fees or other sanctions under this Court's inherent powers requires a finding of bad faith.  *In re Prudential*, 278 F.3d at 181; *Garza v. Citigroup Inc.*, 881 F.3d 277 (3d Cir. 2018) ("District courts have inherent power to award attorneys' fees in certain situations, including when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.") (cleaned up).

## II.   DISCUSSION

Plaintiff categorizes his grievances against Mr. Rajan into eight categories.  Plaintiff seeks attorneys' fees totaling $150,783.00[1] based on 303.2 hours of legal work.

### 1)   Fees Incurred in Relation to Defendants' Motion to Dismiss or Stay.

Plaintiff alleges that Mr. Rajan's motion to dismiss this case or stay it indefinitely pending the conclusion of Stream TV's Pennsylvania bankruptcy case, *In re Stream TV Networks, Inc.*, BR 23-10763, was a bad faith delay tactic.  ECF No. 139-1 at 7 [hereinafter Omnibus Mot.].  Plaintiff contends that arguments for dismissal were meritless.  Furthermore, Mr. Rajan "misleadingly depicted this lawsuit as somehow dependent on the outcome [of] Stream TV's complex bankruptcy proceeding."  *Id*.  Mr. Rajan also filed a supplement without leave of Court, moved for reconsideration when the Court denied his motion to dismiss or alternatively stay, and moved for interlocutory appeal.  Plaintiff responded to all and incurred $30,715 in fees.

Although Mr. Rajan's argument that this litigation was somehow dependent on Stream TV's bankruptcy was meritless, it was not so clear that Mr. Rajan made this argument in bad faith

---

[1] By the Court's calculations, the total amount sought is actually $149,073.50.  There is a $1,709.50 discrepancy between Plaintiff's stated total amount and the aggregate fees across all eight categories in Plaintiff's brief.  The Court uses the $149,073.50 amount as the total fees requested.

or to intentionally stall the proceedings.  Moreover, the Court finds that Mr. Rajan's supplement, motion for reconsideration, and motion for interlocutory appeal were likewise meritless.  Each filing demonstrated only a loose grasp of the applicable legal standards.  Still, this Court cannot distinguish whether Mr. Rajan's motion to dismiss is bad faith or bad lawyering.  Plaintiff contends that Mr. Rajan's alleged bad faith in filing Defendants' motion to dismiss must be assessed in the context of his entire representation.  ECF No. 174 at 73-74 [hereinafter August 27, 2025 Hearing].  But when conduct occurs so soon in the litigation, such as moving to dismiss, the Court is not willing to impute Mr. Rajan's bad conduct later in the litigation onto his earlier conduct.  Therefore, the Court determines that there is insufficient evidence of Mr. Rajan's bad faith in this category.

**2)  Fees Incurred in Relation to Defendants' Assertion of Counterclaims.**

Plaintiff argues that Defendants' answer contained "patently frivolous and scandalous counterclaims."  Omnibus Mot. at 8.  The counterclaims sought $500 million in damages—an amount lacking evidentiary support even with further discovery, contends Plaintiff.  ECF No. 33 at 23; Omnibus Mot. at 10.  Mr. Rajan claims the damages amount was based on the value of Visual Technology Innovations, Inc. ("VTI").  August 27, 2025 Hearing at 89.  He claimed that Plaintiff's lawsuit against Defendants was referenced frequently in the separate Stream TV bankruptcy proceeding, which jeopardized the value of VTI.  *Id*. at 95.  Mr. Rajan counterclaimed at his clients' behest for the purpose, he argues, of protecting VTI's value.  *Id*. at 100.  But upon further research, Mr. Rajan retracted the $500 million counterclaim from Defendants' second amended complaint.  *Id*.

Plaintiff incurred $38,543 in fees responding to the counterclaims, the amended counterclaims, and the second amended counterclaims (which Mr. Rajan filed without leave).  The

3

Court ultimately denied the motion to file the second amended counterclaims (ECF Nos. 86 and 95), struck from the first amended counterclaims the $500 million allegations (ECF No. 96), and granted Plaintiff's motion to dismiss Defendants' counterclaims (ECF Nos. 86, 96).

Mr. Rajan's counterclaim argument is nonsensical and does little to provide a legal basis for the outsized and unsupported $500 million counterclaim. Given the absurdity of the counterclaim, the Court finds that Mr. Rajan vexatiously intended to harass Plaintiff and awards fees in this category.

### 3) Fees Incurred in Relation to Defendants' Motions for Protective Order and to Compel Without Meeting and Conferring.

Plaintiff states that Mr. Rajan moved for an overbroad protective order without a good faith meet and confer as required by Rule 26(c)(1). Omnibus Mot. at 12. Moreover, Mr. Rajan filed a motion to compel answers to interrogatories against Plaintiff, failing again to certify that he met and conferred with Plaintiff in good faith as required by Rule 37(a)(1). *See* ECF No. 55. He withdrew this motion, but Plaintiff claims to have nonetheless incurred $4,102 in fees for reviewing the motion and communicating with Mr. Rajan. *See* ECF No. 56; Omnibus Mot. at 13. Mr. Rajan argues, amazingly, that sending Plaintiff his proposed motions and filing such motions with the Court before Plaintiff could respond satisfied the meet and confer requirements. August 27, 2025 Hearing at 103. The Court finds that Mr. Rajan's failure to meet and confer was done in bad faith and attorneys' fees are awarded to Plaintiff for this category.

### 4) Fees Incurred in Relation to Defendants' Discovery Requests.

Plaintiff asserts that Mr. Rajan submitted several overbroad discovery requests via Mr. Rajan's second set of requests for admission, fourth set of interrogatories, and demand to depose Mr. Bunce in-person in the United States even though he resides on the island of Guernsey.

4

Omnibus Mot. at 13-14.  Mr. Rajan's fourth set of interrogatories, for example, requested that Mr. Bunce provide every investment he had made over the last forty years and his growth in net worth over the last forty years.  ECF No. 139-7 at 23.  Plaintiff's attorneys claim to have incurred $7,307 in fees in this category.  The Court is most troubled by Mr. Rajan's demand that Mr. Bunce appear in Philadelphia for a deposition, only to unilaterally cancel Mr. Bunce's deposition after he already traveled to Philadelphia (as discussed in more detail in the section below).  Under this Court's inherent sanctioning power, the Court requires Mr. Rajan to pay Mr. Bunce's reasonable travel costs for the deposition.  Mr. Rajan is not required to pay for luxury travel accommodations (e.g., first-class plane ticket, luxury hotel); rather, he is only required to pay up to a reasonable amount that reflects the cost of standard economy flights and non-luxury hotels.  Plaintiff has not included such costs in its Omnibus Motion and shall provide these expenses, with receipts, to Mr. Rajan.  If Mr. Bunce had luxury accommodations, then Plaintiff counsel may approximate Mr. Bunce's reasonable costs by comparison.

**5) Fees Incurred in Relation to Defendants' Motion to Enforce Settlement and Unilateral Cancellation of Plaintiff's Deposition.**

Plaintiff also claims that Mr. Rajan improperly sought to enforce a proposed settlement and vexatiously cancelled Plaintiff's deposition after he had already traveled internationally to Philadelphia.  First, as to the settlement discussions, Mr. Rajan exhibited a bad faith intent to expand the time and costs of this litigation, writing to the Plaintiff "[i]t may be expensive to collect your money back unless your lawyers are dirt cheap. I request you consider this proposal before depositions commence."  ECF No. 73-7.  Plaintiff wrote to Mr. Rajan that any settlement offer would require an upfront payment of $100,000.  ECF No. 73-9 at 6.  Mr. Rajan offered an upfront payment of $75,000, which Plaintiff rejected on June 24, 2024.  *Id*. at 5-6.

On June 25, 2024, the day Mr. Bunce had arranged to travel to Philadelphia, Mr. Rajan emailed the Plaintiff to accept their "counteroffer" for an "upfront payment of at least $100,000" and to cancel unilaterally Mr. Bunce's deposition. *Id*. at 2. Plaintiff counsel alerted Mr. Rajan that no settlement had been reached, and that Mr. Bunce's deposition would proceed. *Id*. Mr. Rajan did not show up to that scheduled deposition. A few days later, Mr. Rajan filed a motion to enforce the settlement, requesting a thirty day stay to work out the details of the settlement. *See* ECF No. 71. The Court referred the parties to the Magistrate Judge for a settlement conference, but no settlement was reached. Attorneys' fees totaled $26,266 in responding to Mr. Rajan's motion to enforce a settlement.

Under these facts, the Court agrees with Plaintiff that Mr. Rajan's conduct exhibited a bad faith attempt to expand litigation unreasonably. Plaintiff counsel unambiguously rejected Mr. Rajan's settlement offer. There was no meeting of the minds. Yet, Mr. Rajan unreasonably and unfairly cancelled Mr. Bunce's deposition based on a disingenuous claim that the parties had mutually agreed upon a settlement. This is made worse by the fact that Mr. Rajan demanded Mr. Bunce travel internationally to attend his deposition in person. Therefore, Plaintiff is awarded $26,266 in attorneys' fees for this category.

### 6) Fees Incurred in Relation to Defendants' Third-Party Claim.

Plaintiff asserts that Defendants' third-party claim against Mr. McCarthy and delays in service of process were tactics to impede and expand litigation. Omnibus Mot. at 16. Plaintiff avers that Defendants' third-party claim against Timothy McCarthy was substantively detached from Defendants' liability to Plaintiff. *Id*. at 8. The third-party claim argued that Mr. McCarthy is a necessary party because he misleadingly communicated to Plaintiff and Defendants that he

would invest a substantial amount in VTI, and therefore Mr. McCarthy, not Defendants, was liable to Plaintiff. *See* ECF No. 62 at 29.

In addition, Mr. Rajan struggled to make service upon Mr. McCarthy. Plaintiff moved to dismiss, strike, or sever the third-party claim, after which Mr. Rajan moved to serve Mr. McCarthy under the Hague Convention. The Court, finding that Mr. Rajan had not served within a reasonable time, dismissed the claim without prejudice on September 19, 2024. ECF No. 100. Mr. Rajan moved to reinstate the third-party claim, which this Court denied. ECF Nos. 104 & 105. Then on November 13, 2024, Mr. Rajan claimed that he just learned that Mr. McCarthy had already been served. ECF No. 110. Plaintiff's counsel responded, and the Court ultimately denied the motion to reinstate. ECF No. 127. Plaintiff incurred fees totaling $6,903.50. Omnibus Mot. at 18.

The Court must once again draw a line in the sand: Did Mr. Rajan's third-party claim and failure to serve constitute a vexatious delay, or rather a lack of intimacy with the procedural niceties of federal litigation? The legal underpinnings of the third-party claim were unclear, but the Court hesitates to sanction an attorney for bringing a claim where it is at least as likely the result of attorney misfeasance as of malfeasance. The same can be said for Mr. Rajan's inability to serve Mr. McCarthy in a timely manner. Therefore, no attorneys' fees are granted in this category.

### 7)  Fees Incurred in Relation to Defendants' Motion for Summary Judgment.

Plaintiff contends that Defendants' motion for summary judgment was meritless and frivolous. Omnibus Mot. at 18. The motion relied on facts that were not present in the record and made arguments under the Convertible Note Agreement (a non-controlling agreement). Plaintiff counsel's fees were $16,686.

Like Mr. Rajan's motion to dismiss, the Court cannot say whether Mr. Rajan's motion for summary judgment lacking citation to the record was bad faith or bad lawyering. The federal rules grant parties the right to file a motion for summary judgment, and this Court declines to extrapolate bad faith from a lackluster dispositive motion in the absence of strong evidence of intent. Plaintiff again argues that Mr. Rajan's bad faith should be assessed against the totality of his representation, but the totality of Mr. Rajan's representation contains instances of both bad faith and unintentional bad lawyering. Which was it in this category? The Court cannot say it was clearly bad faith.

**8)   Fees Incurred in Relation to Plaintiff's Preparation of this Motion.**

Last, Plaintiff requests fees incurred in preparing this present Omnibus Motion, which amounts to $18,551. "[T]he award for preparing and litigating the fee petition must be based on time that was reasonably necessary to obtaining a reasonable fee award." *Maria C. ex rel. Camacho v. Sch. Dist. of Philadelphia*, 142 F. App'x 78, 83 (3d Cir. 2005) (cleaned up). Moreover, sanctions must be limited to costs stemming from misconduct. *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002). Because Plaintiff was not awarded attorneys' fees in every category, the Court will not award all of Plaintiff's $18,551 preparation fees. The Court reduces the award of preparation fees by the percentage of attorneys' fees not awarded in this case. Putting aside the $18,551 amount in preparation fees, Plaintiff seeks a total of $130,522.50 in attorneys' fees. Of this amount, the Court granted $68,911 in attorneys' fees. This percentage of awarded fees (excluding preparation fees) is multiplied by the requested preparation fees, resulting in $9,794.23 in preparation fees.

In addition, Mr. Rajan requests to immediately appeal this Court's Order granting attorneys' fees. He requests leave to appeal through the collateral-order doctrine or interlocutory appeal. This Court finds immediate appeal inappropriate under *Cunningham v. Hamilton Cnty.,*

8

*Ohio* and *Comuso v. Nat'l R.R. Passenger Corp.* 527 U.S. 198, 200 (1999) (an order imposing sanctions on an attorney under Rule 37 is not immediately appealable even when the attorney no longer represents a party in the case); 261 F.3d 331, 338-39 (3rd Cir. 2001) (confirming no right of immediate appeal of a sanctions order imposed under Rule 11 against the plaintiff attorney in light of *Cunningham*); *see also Stanley v. Woodford*, 449 F.3d 1060, 1065 (9th Cir. 2006) ("expressly interpret[ing] *Cunningham* as extending to sanctions under § 1927 and a district court's inherent power"). Mr. Rajan also requests a stay of enforcement, but he has not given satisfactory reasons in support. Thus, the Court also declines his request to stay enforcement.

## III.   CONCLUSION

As discussed above, the Court awards attorneys' fees for categories two ($38,543), three ($4,102), four (with respect to Mr. Bunce's reasonable travel expenses), five ($26,266), and eight ($9,794.23). These costs total $78,705.23, plus Mr. Bunce's reasonable travel expenses.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK L. BUNCE,                                          :
                *Plaintiff,*                          :
                                        :
        v.                                        :  CIVIL ACTION
                                          :  NO. 23-1740
VISUAL TECHNOLOGY INNOVATIONS,    :
INC., and MATHU RAJAN,                          :
                *Defendants.*                      :

## ORDER

**AND NOW**, this **13th** day of **March 2025**, upon consideration of this Court's January 8, 2025 Order (ECF No. 130), Plaintiff's Accounting of Fees and Expenses for Sanctions (ECF No. 133), Defendants' Counsel Opposition (ECF No. 137), and Plaintiff's Reply (ECF No. 146), it is hereby **ORDERED** that pursuant to Fed. R. Civ. P. 37(b)(2)(C), Defendants' counsel Mr. Raja Rajan shall, on or before **April 3, 2025**, pay Plaintiff's attorneys fees and expenses in the amount of $16,270.47 by delivering a cashier's check or money order to Plaintiff.

BY THE COURT:

_____
HON. KAI N. SCOTT
**United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK L. BUNCE, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | **CIVIL ACTION** |
| | : | **NO. 23-1740** |
| VISUAL TECHNOLOGY INNOVATIONS, | : | |
| INC., and MATHU RAJAN, | : | |
| *Defendants.* | : | |

## ORDER

**AND NOW**, this **8th** day of **January 2025**, upon consideration of Plaintiff's Motion for

Discovery Sanctions and for an Award of Attorneys' Fees (ECF No. 89), Defendants' Response

(ECF No. 103), Plaintiff's Reply (ECF No. 106), and the parties' representations made at the

hearing on January 7, 2025, it is hereby **ORDERED** as follows:

1. Defense Attorney Raja Rajan did not comply, in part, with this Court's August

   13, 2024 Order.[1]

---

[1] This Court's August 13, 2024 Order required, among other things, the following:

> No later than August 26, 2024, defendants shall serve on plaintiff an answer, under
> oath, to Plaintiff's Interrogatory No. 16, explaining how VTI used and spent the
> $1,050,000 that plaintiff provided to VTI, or in the alternative, explaining how VTI
> used and spent all of its money, identifying all dates, recipients, amounts and
> documentation as to each transfer or transaction involving any portion of such
> funds. To the extent defendants are unable to answer this interrogatory, they must
> explain, under oath, the reasons why they cannot answer it.

ECF No. 87. Plaintiff argued in his briefing and at the January 7, 2025 hearing that defense attorney, Raja
Rajan, did not comply with the Order. ECF No. 89 at 9-10.

Mr. Rajan responded that Suby Joseph, who submitted a declaration in this matter, "maintained and
reviewed the bank statements of VTI in the 2021 time frame and performed services to estimate how
[Plaintiff's] investments may have been spent though his funds were commingled with other investors."
ECF No. 103 at 8. Mr. Joseph provided "a full spreadsheet listing as to how he estimates the money from
[Plaintiff] may have been used by VTI." Id. at 9, 41-42 (Exhibit C – Declaration of Suby Joseph). The
spreadsheet organizes information under seven separate columns: Date, Description in Bank Statement,
Category, Bank Account, WF 5235, Bunce funds – remaining balance, and Comments. Id. at 43-58.

1

2. Under Fed. R. Civ. P. 37(b)(2)(C), Raja Rajan is **ORDERED** to compensate

Plaintiff counsel for reasonable expenses, including attorneys' fees, incurred in

preparing the discovery-sanction portion of Plaintiff's motion and associated with

the hearing on January 7, 2025. Plaintiff counsel shall submit **by January 17,**

**2025** an accounting of expenses, and the Court will then decide the

reasonableness of Plaintiff's submitted expenses.

BY THE COURT:

**HON. KAI N. SCOTT**
**United States District Court Judge**

---

However, Mr. Rajan submitted to Plaintiff a redacted version of the spreadsheet, with only the "Date" and "Category" columns visible. Id. Mr. Rajan attempted to justify the redactions by claiming the redacted information was "sensitive." But rather than seeking to file the spreadsheet under seal, for instance, Mr. Rajan instead chose to defy this Court's Order and redact all meaningful portions of the spreadsheet.

In addition, Mr. Rajan argued that Plaintiff could have cross-referenced VTI's bank statements with the provided dates listed in the spreadsheet. However, the Order clearly mandated that *Defendants*, not Plaintiff, explain "how VTI used and spent the $1,050,000 that plaintiff provided to VTI, or in the alternative, [explain] how VTI used and spent all of its money, identifying all dates, recipients, amounts and documentation as to each transfer or transaction involving any portion of such funds." ECF No. 87. It was not Plaintiff's responsibility to engage in Defendant's proposed cross-referencing exercise, but rather, it was Defendant's *court ordered* responsibility to submit information regarding how VTI had spent Plaintiff's loaned $1,050,000.

Therefore, this Court finds Mr. Rajan did not comply, in part, with the August 13, 2024 Order. *See, e.g., McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 249 (3d Cir. 2014) (affirming sanctions of reasonable expenses against defendant for failing to provide invoices related to debt, as set out in the district court's discovery order).

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARK L. BUNCE, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | **CIVIL ACTION** |
| | : | **NO. 23-1740** |
| VISUAL TECHNOLOGY INNOVATIONS, | : | |
| INC., and MATHU RAJAN, | : | |
| *Defendants.* | : | |

## ORDER

**AND NOW,** this **13th** day of **August, 2024**, upon consideration of Plaintiff's Motion to Compel, With Rule 26.1 Certification (ECF No. 63), Defendants' Opposition to Motion to Compel (ECF No. 67), and Reply in Support of Plaintiff's Motion to Compel (ECF No. 69), and after consideration of the representations made by counsel at the Status Conference held on August 8, 2024, it is hereby **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** as follows:

1. Defendants shall make good faith efforts to obtain authentic copies of all exhibits to deposition transcripts and evidentiary hearing transcripts from other lawsuits involving Mathu Rajan and/or VTI, and affidavits/declarations given by Mathu Rajan or on behalf of VTI in the other legal proceedings. These efforts shall include, but are not limited to, contacting their prior counsel and employees of predecessor companies to request these items. Defendants shall promptly produce any documents they obtain to the plaintiff. With respect to any documents they are unable to obtain, Defendants shall provide plaintiff with a written explanation describing the efforts they took to obtain them.

2. No later than **August 26, 2024**, defendants shall serve on plaintiff an answer, under oath, to Plaintiff's Interrogatory No. 16, explaining how VTI used and spent the $1,050,000 that

plaintiff provided to VTI, or, in the alternative, explaining how VTI used and spent all of its money, identifying all dates, recipients, amounts and documentation as to each transfer or transaction involving any portion of such funds.  To the extent the defendants are unable to answer this interrogatory, they must explain, under oath, the reasons why they cannot answer it.

3.      No later than **August 26, 2024**, defendants shall serve on plaintiff a supplemental answer to Plaintiff's Interrogatory No. 4, identifying the names and contact information of VTI's investors.  In accordance with the terms of the Protective Order entered on this date, the plaintiff shall not share the information contained in this supplemental interrogatory answer with any party outside of this civil action.

4.      Plaintiff's request for an order directing the defendants to verify their interrogatory responses is **DENIED AS MOOT**.

**BY THE COURT:**

_____
**HON. KAI N. SCOTT**
**United States District Court Judge**