**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MARK L. BUNCE,

   *Plaintiff*,

  v.

VISUAL TECHNOLOGY
INNOVATIONS, INC.,

-and-

MATHU G. RAJAN,

   *Defendants*.

C.A. No. 2:23-cv-01740 KNS

## [PROPOSED] ORDER GRANTING DEFENDANT MATHU RAJAN'S MOTION FOR STAY OF JUDGMENT PENDING APPEAL

Upon consideration of Defendants' Motion to Stay, and the arguments made in support and in response thereto (if any);

IT IS HEREBY ORDERED, this ____ day of _____, 2026, that:

1.  The Motion is granted; and

2.  Any actions seeking enforcement of the Judgment against Mathu Rajan are Stayed until June 9, 2026, at which time a status conference shall be scheduled by the Court.

_____
   The Honorable Kai N. Scott

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MARK L. BUNCE,

   *Plaintiff*,

  v.

VISUAL TECHNOLOGY
INNOVATIONS, INC.,

-and-

MATHU G. RAJAN,

   *Defendants*.

C.A. No. 2:23-cv-01740 KNS

**<u>DEFENDANT, MATHU RAJAN'S MOTION FOR STAY OF JUDGMENT
PENDING APPEAL</u>**

Defendant Mathu G. Rajan ("<u>Mr. Rajan</u>"), by and through his undersigned counsel, hereby moves this Honorable Court for an Order Staying Judgment pending Appeal pursuant to Rule 8 of the Federal Rules of Appellate Procedure due to Mr. Rajan's serious and ongoing medical condition and based on the Appeal filed today on his behalf (ECF No. 228). As is further addressed below, Mr. Rajan recently underwent a bone marrow transplant at the City of Hope Medical Center in Los Angeles, California on March 4, 2026 and is presently receiving ongoing and continuous treatment to provide him the best opportunity for a successful transplant. Mr. Rajan remains severely immunocompromised and at risk for rejection of the

transplant. Following a hearing on January 5, 2026 in relation to Defendant's Supplemental Motion to Stay based on Mr. Rajan's serious medical condition (ECF No. 197), this Honorable Court entered an Order on January 6, 2026    granting Defendant's Supplemental Motion to Stay and Vacated the previously set Pre Trial deadlines and Trial date (ECF No. 204). On that same date, January 6, 2026, this Honorable Court also scheduled a case Status Conference for February 4, 2026 to address Mr. Rajan's updated medical condition and the need for an ongoing Stay (ECF No. 203). Following the case Status Conference and the updated information provided to the Court at the time regarding Mr. Rajan's updated medical condition, this Honorable Court left the previously Ordered Stay in effect and scheduled another Status Conference for June 9, 2026 in order to address Mr. Rajan's medical condition at that time and to determine whether the Stay would remain in place (ECF No. 207). As referenced above, Mr. Rajan underwent a bone marrow transplant secondary to acute myeloid leukemia ("AML") on March 4, 2026 which has and will currently continue to impact his ability to participate in this matter. In support thereof, Defendants state as follows:

## I.    BACKGROUND

1.    On May 5, 2023, Plaintiff Mark L. Bunce ("Plaintiff") filed his Complaint, *see* ECF No. 1 (the "Complaint"), in the above-referenced action against Defendants.

2.      On December 15, 2025, Defendants filed their Motion to Stay (the "Motion"). *See* ECF No. 189.  During a status conference addressing the Motion, the Court directed Defendants to provide certain medical documentation of Mr. Rajan supporting their position to stay this case. *See* ECF. No. 191.

3.      On December 31, 2025, the undersigned counsel filed Defendant's Supplemental Motion to Stay based on Mr. Rajan's serious medical condition (ECF No. 197) and as addressed in the Supplemental Motion due to the recent and upcoming holiday, Mr. Rajan had difficulty obtaining his entire file. Notwithstanding, Defendants were able to obtain the relevant documents which were attached to the Supplemental Motion.

4.      Following a hearing before this Honorable Court on January 5, 2026, this Honorable Court granted Defendant's Motion to Stay and Vacated the Pre Trial and Trial scheduling Order by Order dated January 6, 2026.  (ECF No. 204).

5.      On January 6, 2026, this Honorable Court also scheduled a Status Conference for February 4, 2026 to obtain updated information regarding the status of Mr. Rajan's medical treatment and whether the Stay should remain in place (ECF No. 203).

6.      On February 4, 2026 the Status Conference took place.

7.      At the conference and prior thereto, the undersigned counsel presented extensive medical records as well the January 28, 2026 report of Plaintiff's

physician, Dr. Monzr Al Malki, as well as the testimony of Mr. Rajan via video conference technology to address his updated medical condition and the status of his upcoming stem cell transplant surgery.   (A true and correct copy of Dr. Al Malki's January 28 2026 report is attached hereto as Exhibit "A").   (A true and correct copy of Dr. Al Malki's Curriculum Vitae which was presented at the Status Conference is also attached here as Exhibit "B").

8.       As provided in Dr. Al Malki's report, in part, Mr. Rajan was preparing to undergo an allogenic hematopoietic stem cell transplant for treatment of his "AML."   The report further provides that "his treatment will remain continuous and medically intensive through the end of May, with transplant-related care extending into June and beyond.  "Based on the expected course of therapy, Mr. Rajan will not be medically able to engage in work, travel, legal proceedings or any activity." The report requiring sustained cognitive, emotional or physical exertion for several months.   Dr. Al Malki's report further provides given his current condition, Mr. Rajan: is not medically capable of working in any professional capacity, is not medically able to participate in business, executive or legal matters, must avoid stress, prolonged obligations travel and all non-essential activities and faces direct and substantial medical risk if he attempts to engage in such activities, including jeopardizing his transplant… treatment success and overall survival."

175354210.1                              5

9.      Dr. Al Malki's report further provided "it is therefore my medical recommendation that all non-essential activities, including legal proceedings, must cease immediately so he may focus entirely on treatment and recovery.   This restriction is medically required, not discretionary."  See Exhibit "A."

10.      Based on the medical records, response of Mr. Rajan to questions asked by this Honorable Court, the report and opinions of Dr. Al Malki as well as the presentation at the Status Conference, it is respectfully submitted this Honorable Court determined that a Stay of all Proceedings was warranted until June 9, 2026 due to Mr. Rajan's serious medical condition consistent with Dr. Al Malki's opinions to help ensure Mr. Rajan's hopeful successful recovery from the impending stem cell transplant.

11.      Following this Honorable Court's decision to leave the Stay in place following the February 4, 2026 Status Conference,  counsel for Mr. Bunce withdrew the  remaining claim and pursuit of any additional damages.

12.      Thereafter, this Honorable Court entered Judgment in favor of Mr. Bunce on March 19, 2026.

13.      Given the seriousness of Mr. Rajan's condition, any delay, stress, or interference with treatment places Mr. Rajan's health and life at significant risk. Based on all of the above, having now undergone the stem cell transplant,  Mr. Rajan respectfully requests this Honorable Court Grant an immediate Stay of Judgment

175354210.1                                    6

and suspend any further proceedings until Mr. Rajan is medically cleared to participate and leave the status conference scheduled for June 9, 2026 to address Mr. Rajan's medical condition consistent with the prior Order of this Honorable Court.

## II.   ARGUMENT

14.   "A stay is 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.' 'The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'" *Da Silva v. Temple Univ. Hosp., Inc.*, 506 F. Supp. 3d 318, 322 (E.D. Pa. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 433–34 (2009)) (internal citations omitted) (alterations in original); *see  Molina v. Kauffman*, 2021 WL 12143104, at *1 (M.D. Pa. July 23, 2021) ("'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants.'" (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (alterations in original)).

15.   "'How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Crumble v. United States*, 2024 WL 4173791, at *7 (M.D. Pa. Sept. 12, 2024) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

> Federal courts within the Third Circuit generally evaluate four factors
> in determining whether to grant a stay of proceedings: "(1) the length

of the requested stay; (2) the hardship that the moving party would face in going forward with the litigation; (3) the injury that a stay would cause the non-moving party; (4) and whether a stay will simplify issues and promote judicial economy."

*Molina v. Kauffman*, 2021 WL 12143104, at *1 (M.D. Pa. July 23, 2021) (quoting

*Scicchitano v. Cnty. of Northumberland*, 2015 WL 7568357, at *2 (M.D. Pa. Nov.

25, 2015)).

16.    Here, the factors weigh heavily in favor of stay.

17.    First, the length of the stay is likely only a few months—i.e., until June 9th. As stated above, it is expected that Mr. Rajan will be able to resume normal activities following his transplant and subsequent recovery period, including meaningful participation in the above-referenced action.

18.    Second, the hardship that the moving party (Mr. Rajan) would face in going forward with any aspect of the litigation is not only high, it's life and death. Mr. Rajan has been undergoing treatment at the City of Hope following his Stem Cell Transplant. Mr. Rajan's immune system is compromised and he remains at risk for rejection of the transplant, host v. graft disease and unfortunately potentially death.

19.    The process to even attempt to obtain a bond or engage in other non-essential activities is the specific type of activity which should be avoided based on Dr. Al Malki's opinions as provided above including his opinion that "it is therefore my medical recommendation that all non-essential activities, including legal

175354210.1                                         8

proceedings, must cease immediately so he may focus entirely on treatment and recovery. This restriction is medically required, not discretionary." Given the seriousness of Mr. Rajan's condition, Defendants respectfully request this Honorable Court grant an immediate stay and suspend any proceedings until Mr. Rajan is medically cleared to participate.

20. Furthermore, Defendants have filed an Appeal with the Third Circuit Court of Appeals primarily to preserve the Defendant's rights to seek to address whether this Honorable Court's finding that Mr. Rajan was the alter ego of Visual Technology Innovations, Inc. constituted an error of law or such finding and the associated sanction constituted an abuse of discretion.

21. For all of the above stated reasons and consistent with this Honorable Court's prior grant of Stay, the undersigned counsel on behalf of Mathan Rajan respectfully requests this Honorable Court grant this Motion for Stay of Judgment pending Appeal or at least until June 9, 2026 while Mr. Rajan's then existing medical condition can be further addressed as the impact to Mr. Rajan's health and ultimately his life is at risk if the Stay is not granted.

## III.  CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant, Mathu Rajan, respectfully requests this Honorable Court to grant this Motion for Stay of Judgment

175354210.1

9

pending Appeal to provide him with the best chances of being successful with his

recovery from the Stem Cell Transplant in his fight against AML.

DATED: April 20, 2026            LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ *Lee J. Janiczek*

Lee J. Janiczek (PA#68433)
Patrick C. Campbell (PA #53350)
Rafael X. Zahralddin-Aravena (PA #71510)
Andrew A. Ralli (PA #329921)[1]
575 E. Swedesford Road, Suite 102
Wayne, PA 19087
(215) 977-4100
Lee.Janiczek@LewisBrisbois.com
Patrick.Campbell@LewisBrisbois.com
Rafael.Zahralddin@LewisBrisbois.com
Andrew.Ralli@LewisBrisbois.com

*Counsel for Defendants Visual Technology Innovations, Inc. and Mathu G. Rajan*

**Certification of Service**

I, Lee J. Janiczek, Esquire hereby certify that on April 20, 2026, I served a copy of the Defendant Mathu Rajan's Motion for Stay of Judgment pending Appeal and a Certificate of Service on the persons listed below by electronic means through the Court's Electronic notification system:

| | |
|---|---|
| MICHAEL D. HOMANS<br>Homans Peck, LLC<br>230 Sugartown Road<br>Ste. 218<br>Wayne, PA 19087<br>215-419-7477<br>Fax: 215-754-5032<br>Email: mhomans@homanspeck.com | MICHAEL P. KOHLER<br>Miller & Martin PLLC<br>1180 W. Peachtree St., N.W.<br>Suite 2100<br>Atlanta, GA 30309-3407<br>404-962-6403<br>Fax: 404-962-6300<br>Email:<br>michaelkohler@millermartin.com |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiffs* |
| | |

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ *Lee J. Janiczek, Esquire*
Lee J. Janiczek (PA#68433)
Patrick C. Campbell (PA #53350)
Rafael X. Zahralddin-Aravena (PA #71510)
565 E. Swedesford Road, Suite 303
Wayne, PA 19087
(215) 977-4100
Lee.Janiczek@LewisBrisbois.com
Patrick.Campbell@LewisBrisbois.com
Rafael.Zahralddin@LewisBrisbois.com
*Counsel for Defendants Visual Technology*
*Innovations, Inc. and Mathu G. Rajan*

DATED: April 20, 2026