**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARK L. BUNCE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: |
| vs. | : | 2:23-cv-01740 |
| | : | |
| VISUAL TECHNOLOGY INNOVATIONS, | : | District Judge Scott |
| INC., | : | |
| | : | |
| and | : | |
| | : | |
| MATHU G. RAJAN, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT MATHU RAJAN'S
MOTION FOR STAY OF JUDGMENT PENDING APPEAL**

Tomorrow will be the three year anniversary of the filing of this action. *See* ECF 180 at 1. Seven months ago, this Court granted Bunce's motion for summary judgment on his claims of breach of contract and fraudulent inducement. *See id.* Since that time, and due in large part to the defendants' numerous requests to indefinitely delay a trial in this already prolonged litigation, Bunce voluntarily dropped his remaining claim for unjust enrichment and his request for punitive damages, clearing the way for the entry of final judgment. ECF 216; 219. On March 19, 2026, the Court entered final judgment against the defendants, awarding Bunce $1,020,00 in damages, plus pre-judgment interest in the amount of $366,597.32. ECF 219.

Defendant Mathu Rajan has now once again asked this Court to delay a final resolution of this dispute—and to delay in taking any measures to protect Bunce's interest in the sizeable judgment awarded him. ECF 229. Specifically, he asks the Court to stay enforcement of judgment pending appeal, and he implicitly asks the Court to waive the bond requirement for

- 1 -

such a stay. *Id*. at 1, 8–9 Because Rajan's "Motion for Stay of Judgment Pending Appeal," articulates no valid basis for a stay of enforcement pending appeal and no facts supporting any exception to the bond requirement, this Court should deny the Motion.

**The Law & Argument**

**1.      This Court's previous stay is irrelevant.**

Rajan's Motion relies almost exclusively on the fact that this Court previously granted him a stay based upon his medical condition, and based on that stay—and the January 28, 2026 letter from Dr. Monzr Al Malki that supported the previous stay—the Court should grant him a stay pending appeal too. He argues that, because the Court scheduled a status conference for June 9, 2026 at the time of that stay, this Court should convene that conference as planned and stay the execution of judgment until that time.

What Rajan does not acknowledge, however, is that the previous stay was entered when the parties were preparing for a trial on Bunce's remaining claims. But now, there are no claims remaining before this Court: it has entered a final judgment against Rajan (and VTI) and in favor of Bunce. There will be no trial and, as Rajan readily concedes, he has already filed his notice of appeal. The January 2026 stay of litigation was effectively terminated by the entry of judgment. There is simply no need for this Court to convene the previously scheduled status conference, as there is absolutely nothing for the parties to discuss or the Court to resolve at such a conference. This Court should accordingly reject any efforts by Rajan to rely upon this Court's earlier stay of *pre-trial and trial proceedings* as a basis upon which to conclude that he should be granted a stay of execution of judgment pending appeal.

**2.      Rajan has not shown he is entitled to an unsecured stay pending appeal.**

Rajan relies solely on Federal Rule of Appellate Procedure 8—which provides that the district court has authority to review in the first instance a motion to stay judgment pending appeal—as the legal basis for his stay request. Fed. R. App. P. 8(a)(1)(A). But Rajan has not simply requested a stay pending appeal: he has asked this Court to stay *enforcement* of a monetary judgment. ECF 229 at 1, 8–9. Because a stay of enforcement of a money judgment is not evaluated under the same standard as a stay under Rule 8 or a request to stay litigation in the district court pursuant to the court's inherent authority, the cases Rajan has cited in his motion are irrelevant to this Court's consideration of his Motion.[1]

A motion to stay enforcement of a monetary judgment is instead governed by Federal Rule of Civil Procedure 62.[2] Rule 62 provides for an automatic 30-day stay on execution of judgment, after which a party seeking to stay enforcement proceedings to recover a money judgment can obtain a stay "by providing a bond or other security."[3] Fed. R. Civ. P. 62(a)–(b).

---

[1] The cases and standards he relies on apply to motions to stay *district court litigation*—standards which simply do not apply to motions to stay *enforcement of monetary judgments pending appeal*. *CKC Props., LLC v. Town of Mount Pleasant, S.C.*, No. 2:23-CV-04489-DCN, 2024 WL 39067, at *5 n.7 (D.S.C. Jan. 3, 2024) (noting that the test applicable to stays pending appeal is different from the test used by district courts to stay their own proceedings); *see Da Silva v. Temple Univ. Hosp., Inc.*, 506 F. Supp. 3d 318, 322 (E.D. Pa. 2020) (utilizing inherent authority to grant stay of answer deadline pending exhaustion of administrative remedies); *Molina v. Kauffman*, No. 4:21-CV-00038, 2021 WL 12143104 (M.D. Pa. July 23, 2021) (finding that stay of answer deadline until resolution of motion to certify class was warranted under court's inherent authority and to serve judicial economy); *Crumble v. United States*, No. 1:23-CV-01342, 2024 WL 4173791 (M.D. Pa. Sept. 12, 2024) (denying motion to stay response to and resolution of motions to dismiss and for summary judgment because movant's medical issues were not a compelling reason to stay and because he failed to demonstrate that a stay would simplify issues or promote judicial economy); *see also Scicchitano v. Cnty. of Northumberland*, No. 4:15-CV-00852, 2015 WL 7568357 (M.D. Pa. Nov. 25, 2015) (denying motion to reconsider 90-day stay of discovery because of changed circumstances that could render the case moot or, at a minimum, simplify the issues to litigate).

[2] Rule 62 was reorganized and revised in 2018. The supersedeas bond provisions were moved from 62(d) to 62(b); accordingly, cases prior to the effective date of the amendments will refer to Rule 62(d).

[3] Federal Rule of Appellate Procedure 8 is implicated in this procedure, as it provides that a party must move the district court for approval of the bond or security in order to obtain a stay pursuant to Federal Rule of Civil Procedure 62(b). If a party is unsuccessful in obtaining a stay from the district court, they may seek a stay from the court of appeals, which may also require the party to post a bond or security before the case is stayed pending appeal. Fed. R. App. P. 8(a)(2)(e).

Critically, this Court has concluded that the four-factor test applicable to other requests to stay pending appeal does not apply to motions to stay enforcement of a monetary judgment because "the four-factor test does not take into account the Rule 62[(b)] requirement of a supersedeas bond."[4] *Air Prods. & Chems., Inc. v. Inter-Chem., Ltd.*, No. 03-CV-6140, 2006 WL 8458842, at *2 n.4 (E.D. Pa. May 17, 2006) (citing *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, No. CIV. 86-5763, 1992 WL 114953, at *1 (E.D. Pa. May 18, 1992)); *see also, e.g.*, *Edmo v. Idaho Dep't of Corr.*, No. 1:17-CV-00151-BLW, 2022 WL 17975984, at *4 n.6 (D. Idaho Dec. 28, 2022) (four-factor test applicable to injunction requests applies to Rule 62(c) motions, but not to motions to stay money judgments under Rule 62(b)); *Acosta v. Timberline S. LLC*, No. 16-CV-11552, 2018 WL 3839380, at *2 (E.D. Mich. Aug. 13, 2018); *Klingenberg v. Vulcan Ladder USA, LLC*, No. 15-CV-4012-KEM, 2017 WL 4836313, at *1 n.1 (N.D. Iowa Oct. 25, 2017); *Am. Underground Eng'g, Inc. v. City of Syracuse*, No. 5:00-CV-278 FJS/DEP, 2012 WL 3202853, at *1 n.1 (N.D.N.Y. Aug. 2, 2012).

Instead, a party may obtain a stay of execution of a monetary judgment by posting a supersedeas bond or other adequate security. *Air Prods.*, 2006 WL 8458842, at *1. This Court has emphasized that a party who won in district court "should be able to obtain *immediate* protection for the full amount" of the judgment, and "should not have to undertake the risk that the appellant's financial situation will deteriorate" during the pendency of appeal. *N. River Ins. Co. v. Greater N.Y. Mut. Ins. Co.*, 895 F. Supp. 83, 84 (E.D. Pa. 1995) (emphasis added); *see also Air Prods.*, 2006 WL 8458842, at *1 (bond requirement preserves the status quo and

---

[4] Again, the four-part test cited by Rajan does not apply to requests to stay pending appeal, but only to district court litigation. The four-factor test referenced in *Air Products*, which applies to motions to stay enforcement of *injunctive* relief under Rule 62(c), is distinct from that standard. Regardless, *neither* of these tests applies to a Rule 62(b) motion to stay enforcement of a money judgment pending appeal or to a request for a waiver of the bond requirement.

"protects[] the winning party from the possibility of loss *resulting from the delay of execution*") (emphasis added); *C.J. Hughes Constr. Co. Inc. v. EQM Gathering OPCO, LLC,* No. CV 18-00168-WSS, 2023 WL 11957191, at *1 (W.D. Pa. Jan. 11, 2023) (noting the well-established rule that the amount required for a Rule 62(b) bond is "the full amount of judgment").

Perhaps because of this strong policy and purpose for the bond requirement, district courts "rarely authorize[]" waivers of the supersedeas bond requirement and authorize unsecured stays. *See, e.g.*, *Leaman v. Wolfe*, No. 2:13-CV-00975, 2017 WL 1508969, at *1 (E.D. Pa. Apr. 27, 2017) (denying motion for unsecured stay where movant did not propose a plan to secure the judgment, instead simply making "a bald request for waiver of the bond requirement"). Such relief may be granted "only in extraordinary circumstances, and only where alternative means of securing the judgment creditor's interest are available." *Air Prods*, 2006 WL 8458842, at *1 (citation modified); *cf. Gallatin Fuels v. Westchester Fire Ins. Co*., No. CIV.A. 02CV2116, 2006 WL 952203, at *2 (W.D. Pa. Apr. 12, 2006) (in assessing request for unsecured stay pending appeal, court must also consider movant's justification for the request). The movant bears the "burden to demonstrate *objectively* that posting a full bond is impossible or impractical," and "to propose a plan that will provide adequate . . . security for the appellee." *Air Prods.*, 2006 WL 8458842, at *2 (citation omitted; emphasis added); *see also, e.g.*, *Cuker v. Berezofsky*, No. CV 24-0471, 2025 WL 1270734, at *1 (E.D. Pa. May 1, 2025) (if a party seeks to secure a judgment by means other than a bond, the security "must still provide assurances that the judgment will be paid in full") (citation modified). Stated plainly, "in the ordinary case[,] execution on a judgment for money should not be stayed *unless the party that prevailed in the district court is secured from loss*." *Air Prods.*, 2006 WL 8458842, at *1 (quoting *United States v. Kurtz*, 528 F. Supp. 1113, 1114 (E.D. Pa. 1981) (emphasis added)).

Here, Rajan has failed to satisfy his burden to demonstrate that an unsecured stay is warranted. His argument is apparently that his medical condition alone constitutes "extraordinary circumstances" excusing him from the security requirement—a requirement that Rajan apparently believes is "non-essential"—stating that "[t]he process to even attempt to obtain a bond . . . should be avoided" while he is undergoing treatment. *See* ECF 229 at 8–9. But he fails to set forth any reason, let alone a logical one, as to how obtaining the required supersedeas bond would "delay, stress, or interfere[] with treatment." *Id*. at 6. He simply concludes that even *attempting* to obtain a bond is a matter of "life and death." *Id*. at 8.

Unlike trial proceedings, which may have required direct and sustained participation by Rajan and frequent communication with his counsel and which could have required him to travel for trial and/or give live testimony, the early stages of appeal are not arduous or demanding upon the client; indeed, the appeals court has yet to enter a briefing schedule in this case. The same is true for the process of obtaining a bond: in today's digital landscape, the process can easily be completed entirely online, with an application and quote available from reputable surety companies in just minutes. Such a task is administrative and ministerial, not one that requires "sustained cognitive, emotional, or physical exertion." *See id.* at 5.

Furthermore, Rajan is represented by counsel; he is jointly and severally liable for the judgment with his co-defendant; and papers filed in this action show that Rajan has family members assisting with his care and affairs during his treatments. Even if Rajan is somehow incapable of placing a phone call to a surety company or completing an online application himself, there are individuals involved in this litigation and in Rajan's personal life who could assist in his efforts to secure a bond (or potentially even post a bond on his behalf).[5] *See, e.g., Air*

---

[5] Rajan's brother, for example, is familiar with this process, having posted his own bond in this case to secure the amount of the sanctions ordered against him pending his own appeal. ECF 220. Additionally, Rajan's Motion

*Prods.*, 2006 WL 8458842, at *2; *cf. In re Short*, 669 B.R. 81 (Bankr. D. Utah 2025) (supersedeas bond that debtor's father paid on his behalf deemed legally enforceable and valid).

Rajan simply has not shown that his medical situation alone is so extraordinary as to warrant the extremely rare relief he is requesting or that posting the required security is objectively impossible or impractical. Rajan has also offered no alternative means of securing and protecting Bunce's interest in the sizeable judgment he was awarded. Having failed to satisfy the correct legal standard applicable to his request, his Motion should be denied.

### 3.      Bunce will be prejudiced if an unsecured stay is granted.

Every day of delay in Bunce's ability to execute upon the judgment granted to him—or, at minimum, in having his judgment properly and adequately secured from loss—results in prejudice. Bunce has waited over three years to be made whole; he has been forced to expend time and money defending against egregious and unethical conduct by the defendants and their prior counsel, who was sanctioned by this Court on four separate occasions for discovery abuses and ethics violations. ECF Nos. 154 (sanctioning Rajan $2,500 and ordering him to attend a legal ethics CLE), 156 (sanctioning Rajan $16,270.47 for discovery abuse), 205 (sanctioning Rajan $78,705.23 plus certain travel expenses for various litigation misconduct), 226 (sanctioning Rajan $5,000.00 and ordering him to attend artificial intelligence and legal ethics CLE).

The fact that Rajan casts his request as being for a limited duration is irrelevant: Bunce is entitled to "immediate" protection of the full amount of the judgment. *See N. River Ins.*, 895 F. Supp. at 84. Nonetheless, Rajan's Motion hedges as to the length of the stay requested, stating that it should "*likely* [be] only a few months," and that the stay should be granted "*at least until*

---

indicates that he intends to appeal the Court's finding that Visual Technology and Rajan are alter ego; given that Rajan and VTI were held jointly and severally liable, and that VTI has other directors and officers, there is no reason that VTI could not secure a supersedeas bond without Rajan's participation. *See* ECF 229 at 9.

June 9, 2026." ECF 229 at 8–9. This equivocation, Rajan's request for a status conference on June 9, 2026, and Defendants' pattern of delay throughout this litigation, suggests that it is highly likely that if Rajan is granted a stay of enforcement for a limited duration, he will simply move the Court for extension after extension after extension, all the while Bunce would be solely bearing the burden of financial risk and loss pending appeal. Ultimately, the length of the stay requested doesn't matter because Rajan has presented no valid argument that would warrant this Court granting him an unsecured stay of judgment for any length of time.

If Rajan posts a bond, he is still not automatically entitled to a stay pending appeal. Rather, this Court must approve of the bond. Fed. R. Civ. P. 62(b); Fed. R. App. P. (8)(a)(2). In considering whether to approve the bond, the Court must ensure that the bond is in a sufficient amount—generally, the full amount of judgment—and that it is issued by a reliable corporate surety registered to do business in Pennsylvania and listed in Treasury Circular 570, maintained by the U.S. Department of Treasury. A bond that satisfies these standards ensures that Bunce is protected against loss for the amount awarded to him, and avoids Bunce—the prevailing party— from bearing the burden of financial risk during the appellate proceedings initiated by Defendants. *See N. River Ins*., 895 F. Supp. at 84; *Air Prods.*, 2006 WL 8458842, at \*1.

But unless and until Rajan posts bond, and this Court approves it under these standards, he should not be permitted to stay enforcement or execution of the money judgment against him.

### **Conclusion**

Rajan does not want to pay Bunce what he is owed. Accordingly, he has pulled a page from the playbook he has used for the duration of this litigation: he has concocted a reason to seek yet another delay from this Court. But he has presented no valid factual or legal basis that

would justify this Court granting him the rare and extraordinary relief of an unsecured stay.

Accordingly, Bunce respectfully requests that this Court deny the Motion.

This 4th day of May, 2026.

By:    /s/ Michael P. Kohler
Michael P. Kohler, *admitted pro hac vice*
**MILLER & MARTIN PLLC**
Regions Plaza Suite 2100
1180 West Peachtree Street, NW
Atlanta, Georgia 30309-3407
(404) 962-6100
Michael.Kohler@millermartin.com

-and-

Michael D. Homans
ID No. 76624
**HOMANSPECK, LLC**
230 Sugartown Road
Suite 218
Wayne, PA 19087
(215) 419-7463
mhomans@homanspeck.com

*Attorneys for Plaintiff Mark L. Bunce*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing document was filed using the Court's electronic filing system on May 4, 2026, which will notify all counsel of record via ECF notification.


This 4th day of May, 2026.


/s/ Michael P. Kohler
Michael P. Kohler, *admitted pro hac vice*